Electronically Filed 10/20/2015 03:42:09 PM ET

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
### IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

     Plaintiff,                           CASE NO. _____

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

     Defendants.
_____/

### COMPLAINT

COMES NOW Plaintiff ASI HOLDING COMPANY, INC., d/b/a/ Amenity Services, Inc., ("ASI") by and through its undersigned counsel, and sue Defendants DON ABREU and ANDREW MANIOS, and allege as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this dispute because this Complaint seeks damages in excess of $15,000.00 dollars, exclusive of interest and attorneys' fees.

2.     Venue is proper in Okaloosa County, Florida because the wrongful acts giving rise to this lawsuit occurred in Okaloosa County, Florida.

3.     ASI is a Florida corporation whose principal place of business is in Destin, Florida.

4.     Upon information and belief, Don Abreu is a resident of Phoenix, Arizona, who worked for ASI in Okaloosa County, Florida.

5.     Upon information and belief, Andrew Manios is a resident of Myrtle Beach, South Carolina, who negotiated with ASI for a potential business relationship, pursuant to a Non-Disclosure Agreement.

6.     All conditions precedent to the filing of this action have been satisfied, waived, or excused.

## GENERAL ALLEGATIONS

7.     ASI developed a confidential, proprietary guest amenity program, which it deems a trade secret.  ASI prepares packages of complimentary vacation activities for vacation rental properties to provide to their guest, including rounds of golf, deep sea fishing, amusements, water parks, dolphin cruises, wildlife tours, white water rafting, ski lift access, and unlimited DVD rentals, among other benefits.

8.     The pricing structure and profit formula for this program are highly confidential, trade secrets of ASI.

9.     ASI markets this guest amenity program to  vacation rental properties and management companies throughout the United States.

10.     At all times material hereto, ASI contracted with Don Abreu to provide marketing and other services to ASI, under an exclusive duty of loyalty and confidentiality with ASI.

11.     On or about April 1, 2008, ASI and Don Abreu entered into a services contract ("2008 Contract"). The 2008 Contract provided that Don Abreu's job title was to be ASI's Director of Operations.  Abreu's duties included, but not were limited to: (1) managing the day-to-day operations of the ASI call center; (2) identifying and working with a training company to develop, standardize, and implement an ongoing training

program for all ASI call center employees; and (3) develop and implement training program for all property management companies and service providers. A copy of the 2008 Contract is attached hereto as Exhibit "A."

12. In the Fall of 2009, ASI promoted Abreu to Vice President of Sales and Marketing.

13. ASI has extensive experience in tourism and has through this experience, developed a wealth of confidential and proprietary information relating to customer contracts, marketing, research, strategies, and internal business forms. This confidential and proprietary information includes, but is not limited to:

    a. ASI's internal business forms, policies, handbook, and agreements;

    b. ASI's Service provider price worksheets and proposals;

    c. ASI's activities, pricing schemes, profit margins, services, products, formulas;

    d. ASI's client list and customer lists;

    e. ASI's research and confidential company literature;

    f. ASI's client and customer preferences and records;

    g. ASI's data and experience relating to the concept for a Resort/Hotel Amenity Program, including a hardware and software system for computerized tracking (the "Concept and Business Plan");

    h. All information, data, and experience of the type referred to above as constituting the Concept and Business Plan, including technical, operational, marketing plans, or information of an economic nature.

     i.   ASI's financial information, including general and administrative expenses, overhead, and other fees;

     j.   ASI's payroll information and employee information; and

     k.   Business methods, concepts, and operational procedures.

The above described information is hereinafter identified as "ASI's Trade Secrets." ASI has expended a considerable amount of time, effort, and expense in compiling and maintaining the confidentiality of ASI's Trade Secrets.

14.    The most valuable assets a company such as ASI has are its Trade Secrets.

15.    ASI protected its Trade Secrets by requiring employees to execute Non-Disclosure Agreements.

16.    On or about August 10, 1996, ASI and Don Abreu entered into a Non-Disclosure Agreement ("1996 NDA").  A copy of the 1996 NDA is attached hereto as Exhibit "B."

17.    At the start of Don Abreu's  2008 Contract with ASI, Don Abreu entered into another Non-Disclosure Agreement ("2008 NDA") with ASI.  ASI is not in current possession of the fully executed NDA, which was last located in a filing cabinet to which Abreu had access at ASI. A true and accurate copy of the same NDA executed by Abreu is attached here to as Exhibit "C."

18.    At the time that Andrew Manios entered into negotiations with ASI, Manios also entered into a Non-Disclosure Agreement with ASI.  ASI is not in current possession of the fully executed NDA, which last located in a filing cabinet to which

Abreu had access at ASI. A true and accurate copy of the same NDA executed by Manios is attached here to as Exhibit "C."

19. ASI also protected its Trade Secrets by having formal policies on confidentiality, proprietary information, and trade secrets in its Staff Employee Handbook and Information Systems Policy, which were in effect at the time of Don Abreu's services to ASI.

20. While working under a duty of confidentiality and loyalty to ASI, Don Abreu, in furtherance of a conspiracy with Andrew Manios, used ASI company computers and resources, including access to the ASI's server and a laptop computer with ASI hardware, software, files, documents, and other ASI property on it.

21. Don Abreu and Andrews Manios had access to ASI's Trade Secrets subject to known obligations to maintain the confidentiality of ASI's Trade Secrets and the limited authority to use ASI's Trade Secrets for ASI's commercial competitive advantage.

22. On or about July 13, 2013, ASI notified Don Abreu that it would terminate the 2008 Contract ("Termination Notice"). A copy of the Termination Notice is attached hereto as Exhibit "D."

23. The Termination Notice directed Don Abreu to ship to ASI all company property, including, but not limited to, laptop, iPad, and files.

24. In violation of ASI's Information Systems Policy, Don Abreu instructed Data Doctors, Inc. to delete all of ASI software, files, and other property from the laptop.

25. On information and belief, Don Abreu also deleted files and documents from ASI's server, including the 2008 NDA.

26.    Because of Don Abreu's deletion of ASI software, files, and other property, ASI has lost files, documents, information, emails, and other ASI property.

27.    On information and belief, Don Abreu and Andrew Manios conspired to misappropriate ASI's trade secrets and to unlawfully use those trade secrets in competition with ASI.

28.    In an over act in furtherance of the Defendants' conspiracy, Don Abreu wrongfully accessed ASI computers and transferred ASI trade secrets and proprietary information to his personal computer files, which he intended to use in competition with ASI.

29.    In violation of his obligation to ASI, Don Abreu used ASI computers and resources to misappropriate ASI Trade Secrets and proprietary information, which he Abreu intentionally and maliciously used to his competitive advantage in soliciting ASI's customers and business opportunities for his own benefit.

30.    Don Abreu and Andrew Manios, as co-conspirators, acted unlawfully and in violation of their duties to ASI by:

    a. Using ASI's confidential information and ASI's trade secrets, including ASI's pricing sheet and information regarding its customers and clients.

    b. Engaging in disloyal acts in anticipation of future competition for the purpose of obtaining an improper and unfair competitive completion advantage over ASI by misappropriating ASI's Trade Secrets, ASI's confidential and proprietary information, including, but not limited to, ASI's Service provider price worksheets and proposals, pricing schemes, profit

margins, services, products, formulas, client list, customer lists, customer records, and client records.

31.     While purporting to work with ASI, Don Abreu and Andrews Manios secretly intended to use ASI's resources and ASI's Trade Secrets for the sole benefit of Don Abreu and Andrew Manios and to compete with ASI.

## COUNT I
## BREACH OF NON-DISCLOSURE AGREEMENTS

32.     Plaintiff hereby incorporates the allegations of paragraphs 1 – 31 of this Complaint as if specifically set forth herein.

33.     Pursuant to "Non-Disclosure Agreements", Don Abreu and Andrew Manios agreed to not disclose confidential information obtained as part of their services for ASI.

34.     Don Abreu and Andrew Manios breached the Non-Disclosure Agreements by using ASI's confidential information for their own benefit and by disclosing confidential information to third parties, including but not limited to, ASI customers and clients, and potential customers and clients.

35.      Defendants' breach of the NDAs caused damages to ASI, including but not limited to, loss of business, lost profits, and damage to goodwill.

36.     Because of Defendants' unlawful actions, ASI has retained the law firm of Keefe, Anchors & Gordon, P .A., to represent it in this action and is obligated to pay the undersigned attorneys a reasonable fee for its services.

37.     Plaintiff is entitled to recover their attorney fees and costs, pursuant to the Non-Disclosure Agreements.

WHEREFORE, Plaintiff requests that this Court enter an order against Defendants for damages, attorney fees and costs, and other such relief as the Court deems just and proper.

## COUNT II
## THEFT OF TRADE SECRETS

38.     Plaintiff hereby incorporates the allegations of paragraphs 1 - 31 of this Complaint as if specifically set forth herein.

39.     This is an action for violation of the Uniform Trade Secrets Act, as codified in sections 688.001 - 688.009, *Florida Statutes.*

40.     Since its inception, ASI has developed a wealth of confidential and proprietary information relating to its customers, pricing, internal business operations, contracts, marketing, research, and business strategies. ASI is the owner of its unique compilation of this confidential and proprietary information described above. This information, previously defined as ASI's Trade Secrets, provides ASI with an advantage over its competitors.

41.     ASI has expended significant time and money to develop ASI's Trade Secrets. It would be difficult for another company to duplicate ASI's information, or such duplication would require competitors to make a substantial investment of time and money.

42.     ASI protected its Trade Secrets by requiring employees to execute Non-Disclosure Agreements.

43.     ASI also protected its Trade Secrets by having formal policies on confidentiality, proprietary information, and trade secrets in its Staff Employee

Handbook and Information Systems Policy, which were in effect during Don Abreu's employment.

44.    Don Abreu knew the Trade Secrets are proprietary and confidential information and his obligations to maintain its secrecy and to limit the use of the information to benefit ASI.

45.    Don Abreu through improper and illegal means, acquired and misappropriated ASI's Trade Secrets for his own use and benefit, for use in unlawful competition with ASI and in an effort to damage ASI.

46.    Andrew Manios knew or had reason to know that Don Abreu knew the Trade Secrets are proprietary and confidential information and his obligations to maintain its secrecy and to limit the use of the information to benefit ASI.

47.    Andrew Manios knew or had reason to know that Don Abreu, through improper and illegal means, acquired and misappropriated ASI's Trade Secrets for his own use and benefit, for use in unlawful competition with ASI and in an effort to damage ASI.

48.    Andrew Manios, in conspiracy with Don Abreu, misappropriated with ASI's Trade Secrets for their own use and benefit, for use in unlawful competition with ASI and in an effort to damage ASI.

49.    ASI's Trade Secrets derive independent economic value, are not generally known to third persons, are not readily ascertainable by proper means by other persons who can gain economic value from their disclosure and use, and are subject to reasonable efforts by ASI to maintain secrecy.

50.     The acts and conduct of Defendants in misappropriating and encouraging and causing others to commit material misappropriation of ASI's Trade Secrets are the proximate cause of damage to ASI that would not have otherwise occurred but for the conduct of Defendants.

51.     Defendants' wrongful conduct is the direct, proximate, natural and necessary cause of ASI's general and special damages, including but not limited to lost profits and/or loss of business value.

52.     Because of Defendants' unlawful actions, ASI has retained the law firm of Keefe, Anchors & Gordon, P .A., to represent it in this action and is obligated to pay the undersigned attorneys a reasonable fee for its services.

53.     ASI is entitled to recover its attorneys' fees and costs pursuant to section 668.05, *Florida Statutes.*

WHEREFORE, Plaintiff demands judgment pursuant to section 688.004, *Florida Statutes*, for damages against Defendants, including:

  a.  Actual general and special damages as a result of the theft of trade secrets, including but not limited to special damages in the form of lost profits and/or loss of business value;

  b.  Disgorgement of profits obtained by Defendants' related business on account of their misappropriation;

  c.  Disgorgement of additional foreseeable profits for future years from Defendants' related business on account of his misappropriation in an amount to be proven at the time of trial;

d. Because Defendants' misappropriation was willful, malicious, and in reckless disregard of ASI's rights, ASI is entitled to an award of exemplary damages against Defendants in an amount equal to two times the amount of damages, pursuant to section 688.004(2), *Florida Statutes*;

e. Attorneys' fees and costs pursuant to section 688.005, *Florida Statutes*; and

f. Such other relief as the Court deems just and proper.

Dated this _20th_ day of September, 2013.

A. Benjamin Gordon
Florida Bar No.: 528617
**Carin Brown**
Florida Bar No.: 78088
Keefe, Anchors, & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Fort Walton Beach, Florida 32547
Telephone:  (850) 863-1974
Fax:  (850) 863-1591
E-mail: bgordon@kaglaw.com
        cbrown@kaglawfirm.com
        mbaughn@kaglawfirm.com

Attorneys for Plaintiff

ASI Holding Company, Inc.
Employment offer for Don Abreu

- Title: Director of Operations
- Anticipated start date of April 1, 2008
- 4 year employment contract
- $90,000 base salary (semi-monthly payroll schedule with pay days being the 15th and last day of the month) with the following benefits:
  - Health Insurance (ASI pays 100% for employee)
  - Short and Long Term Disability (paid for by ASI)
  - Simple IRA (ASI matches up to 3% a month)
  - Dental – elective
  - Aflac – elective

- Incentive based bonus plan – this is in the works, but will need to be discussed upon your arrival.
- Stock/Ownership in the company – Darrell is currently working with the attorney's and CPA's to develop a stock owner and/or profit sharing program.
- Job description:
  - Initially you will be managing the day to day operations of the call center with the objective of consistently providing exemplary levels of customer service.
  - Identify and work with a training company to develop, standardize and implement an ongoing training program for all call center employees.
  - Develop and implement training program for all property management companies and service providers, both new and for current clients.
  - You would report to Darrell and Adrienne.
  - Will work/train with Adrienne.
  - Additional aspects of job duties beyond the ones outlined above will be discussed later on.

AGREED:

_____
Don Abreu
DTS, Inc.

_____
Darrell Blanton
ASI Holding Company, Inc.

_13 March 2008_
_____
Date

_3/18/08_
_____
Date

EXHIBIT "A"

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between DARRELL E. BLANTON, (hereinafter referred to as "DISCLOSER"), and _Don Abreu_, having a business address at _2407 E. Goldenrod St., Phoenix, Az, 85048_ (hereinafter referred to as "DISCLOSEE").

WHEREAS, DISCLOSER possesses information, data and experience relating to GOLF/RANGE BALL AMENITY PROGRAM, (the "BUSINESS PLAN"); and

WHEREAS, said BUSINESS PLAN is considered by DISCLOSER to be secret and confidential and constitute a valuable commercial asset to DISCLOSER; and

WHEREAS, DISCLOSER is willing, subject to the terms and conditions hereof, to disclose so much of BUSINESS PLAN to DISCLOSEE as may be necessary for the purposes of enabling DISCLOSEE to evaluate said BUSINESS PLAN.

NOW THEREFORE, DISCLOSEE and DISCLOSER agree as follows:

1. The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above constituting the BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by DISCLOSEE in writing, by oral disclosure, or otherwise from DISCLOSER, except:

A. Information which at the time of disclosure by DISCLOSER to DISCLOSEE, is in the public domain.

B. Information which after disclosure by DISCLOSER to DISCLOSEE enters the public domain where such entry is not the

performed by DISCLOSEE, either for itself, or for any other person, firm or corporation.

B.   Confidential Information to third parties shall only be disclosed by DISCLOSEE by written consent of DISCLOSER, and subsequent to the execution of Disclosure Agreements between DISCLOSEE and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, DISCLOSEE will not supply any such Confidential Information to any other customer or potential customer of DISCLOSER.

C.   To keep all such Confidential Information secret, and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes, and all copies, reproductions, reprints and translations to be plainly marked to indicate the secret and confidential nature thereof and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

D.   DISCLOSEE will use the same degree of care in protecting DISCLOSER'S Confidential Information as it uses in protecting its own; but in no event shall DISCLOSEE fail to maintain the minimum standards set out in C above.

E.   To surrender to DISCLOSER all written materials received from DISCLOSER, upon DISCLOSER'S request and to refrain from any reproduction of DISCLOSER'S written materials.

5.   This Agreement represents the sole Agreement between the

result of a breach of this Agreement.

C.    Information which, prior to disclosure by DISCLOSER to DISCLOSEE was already in DISCLOSEE'S possession, as evidenced by written records, and not subject to an obligation of confidence imposed by another Agreement or in another relationship.

D.    Information which, subsequent to disclosure by DISCLOSER to DISCLOSEE, is obtained by DISCLOSEE from a third party who is lawfully in possession of such information and not subject to a contractual or fiduciary relationship to DISCLOSER with respect to non-disclosure of said information, and who does not require DISCLOSEE to undertake a confidential commitment with respect to such information.

2.    There shall be no obligation of confidentiality on the part of the DISCLOSEE with respect to any information supplied or divulged to DISCLOSEE after the expiration of five (5) years from the date of this Agreement.

3.    In the event that DISCLOSER obtains United States Patents covering the disclosed Confidentiality Information, or portions thereof, DISCLOSER shall thereafter rely solely on the rights under said Patents with respect to that subject matter disclosed, or made publicly available.

4.    In consideration of DISCLOSER'S willingness to disclose Confidential Information, DISCLOSEE agrees:

A.    Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work

parties as of the date of this Agreement.

6.  This Agreement will be governed and construed in accordance with the Laws of the State of Florida.

7.  The persons signing below represent and warrant their authority to bind the parties in this Agreement.

DISCLOSEE:

FOR: _Dynamic Training Systems, Inc._

BY: _Don Abrams_

TITLE: _President_

DATE: _19 July '96_

DISCLOSER:

_Darrell C. Blanton_

DARRELL BLANTON

DATE: _8-10-96_

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between AMENITY SERVICES, INC., (hereinafter referred to as "ASI"), and _____, having a business address at: Street Address: _____

City, State, Zip: _____, (hereinafter referred to as "Second Party").

WHEREAS, ASI possesses confidential information, data and experience relating to the concept for a RESORT/HOTEL AMENITY PROGRAM, including a hardware and software system for computerized tracking (the "CONCEPT AND BUSINESS PLAN"); and

WHEREAS, said CONCEPT AND BUSINESS PLAN is considered by ASI to be secret and confidential and constitute a valuable commercial asset; and

WHEREAS, ASI is willing, subject to the terms and conditions hereof, to disclose so much of the CONCEPT AND BUSINESS PLAN to Second Party as may be necessary for the purpose of enabling Second Party to evaluate the current business proposal;

NOW THEREFORE, ASI and Second Party agree as follows:

1.      The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above as constituting the CONCEPT AND BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by Second Party in writing, by oral disclosure, or otherwise from ASI.

2.      In consideration of ASI's willingness to disclose Confidential Information, Second Party agrees from the execution hereof for itself, affiliates, subsidiaries, its agents, employees, representatives, successors and assigns (without regard to the continued relationship between Second Party and such affiliates, subsidiaries, agents, employees, or representatives, or the lack thereof):

A.      Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work performed by Second Party, either for itself, or for any other person, firm, or corporation, nor to participate with any third party in any program which is the same as or substantially similar to that disclosed.

B.      Confidential Information shall only be disclosed to third parties upon Second Party's receipt of the written consent of ASI, and subsequent to the execution of non-disclosure agreements between Second Party and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, Second Party will not supply any such Confidential Information to any other customer or potential customer of ASI.

C.      To keep all such Confidential Information secret and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes,

and all copies, reproductions, reprints, and translations to be plainly marked to indicate the secret and confidential nature thereof, and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

        D.    Second Party will use no less care in protecting ASI'S Confidential Information than it uses in protecting its own; but in no event shall Second Party fail to maintain the minimum standards set out in C above.

        E.    Upon ASI'S request, to surrender all written materials and to refrain from any reproduction of ASI'S written materials.

3.    This Agreement shall not be merged into any subsequent agreement which may be executed between the parties hereto but shall survive unabated.

4.    The invalidity of any portion of this Agreement shall not affect the validity of the remainder hereof, but the remainder shall be construed as though the invalid portion were not a part hereof.

5.    This Agreement will be governed by and construed in accordance with the Laws of the State of Florida and the parties hereto by their signatures below consent that in any dispute arising out of this Agreement, venue shall lie in the state courts of Okaloosa County, Florida.

6.    The parties' rights and obligations under this Agreement shall inure to the benefit of and shall be binding upon the parties' successors and assigns.

7.    Non-waiver.  No delay or failure by a party to exercise any right under this Agreement, and no partial or single exercise of that right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.

8.    Attorney's Fees.  In the event of any litigation arising out of or related to this Agreement the parties agree that the prevailing party will be entitled to payment of his reasonable attorney's fees and costs, including fees and costs incurred on appeal.

Second Party:

_____
Print Name

_____
Signature

TITLE:_____

DATE:_____

Revised 5/15/06

AMENITY SERVICES, INC.

July 13, 2013

Don Abreu
Dynamic Training Systems, Inc.
2407 E Goldenrod St.
Phoenix, AZ 85048

RE: Consulting Contract

Dear Don,

This letter is to serve as ASI's thirty day notification to terminate our contract with Dynamic Training Systems, Inc. The original contract expired on 4/1/12 and has been renewing on a monthly basis. Per our verbal agreement ASI will pay Dynamic Training Systems through August 10th, 2012. You will receive a consulting fee on Friday, July 27th and on Friday, August 10th.

If you have any unpaid expense reports, please submit them to Joy Wamble for payment.

All company property including but not limited to, laptop, iPad, and files, should be shipped back to ASI via UPS. Shipments can be made under the company UPS account number of 8AF930.

It has been a pleasure working with you and wish you much success in your future endeavors.

Sincerely,

Darrell E. Blanton
President

Corporate Office
297 Azalea Drive    Destin, Florida 32541    850.654.9889    Fax. 850.654.2057
Exhibit "D"

ASI Holding Company, Inc.
Employment offer for Don Abreu

- Title:  Director of Operations
- Anticipated start date of April 1, 2008
- 4 year employment contract
- $90,000 base salary (semi-monthly payroll schedule with pay days being the 15th and last day of the month) with the following benefits:
  - Health Insurance (ASI pays 100% for employee)
  - Short and Long Term Disability (paid for by ASI)
  - Simple IRA (ASI matches up to 3% a month)
  - Dental – elective
  - Aflac – elective

- Incentive based bonus plan – this is in the works, but will need to be discussed upon your arrival.
- Stock/Ownership in the company – Darrell is currently working with the attorney's and CPA's to develop a stock owner and/or profit sharing program.
- Job description:
  - Initially you will be managing the day to day operations of the call center with the objective of consistently providing exemplary levels of customer service.
  - Identify and work with a training company to develop, standardize and implement an ongoing training program for all call center employees.
  - Develop and implement training program for all property management companies and service providers, both new and for current clients.
  - You would report to Darrell and Adrienne.
  - Will work/train with Adrienne.
  - Additional aspects of job duties beyond the ones outlined above will be discussed later on.

AGREED:

_____
Don Abreu
DTS, Inc.

_____
Darrell Blanton
ASI Holding Company, Inc.

_13 March 2008_____
Date

_3/18/08_____
Date

Case 3:16-cv-00463-MCR-GRJ   Document 1-3   Filed 09/14/16   Page 21 of 127
Electronically Filed 09/20/2013 03:42:09 PM ET

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                         CASE NO. _____

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## SITUS DESIGNATION FORM

       Pursuant to Administrative Directive 2012-04, I hereby certify the situs of this action to be:

[ _____ ]       Courthouse – Crestview Situs ("North End")

[ __X__ ]       Okaloosa County Courthouse Annex Extension – Fort Walton Beach Situs ("South End")

[ _____ ]       Either Courthouse (Crestview) or Okaloosa County Courthouse Annex Extension (Fort Walton Beach)

Dated this _20__ day of September, 2013.

                          _____
                          **A. Benjamin Gordon**
                          Florida Bar No.: 528617
                          **Carin Brown**
                          Florida Bar No.: 78088
                          Keefe, Anchors, & Gordon, P.A.
                          2113 Lewis Turner Boulevard, Suite 100
                          Fort Walton Beach, Florida 32547
                          Telephone:  (850) 863-1974
                          Fax:   (850) 863-1591
                          E-mail: bgordon@kaglaw.com
                                      cbrown@kaglawfirm.com
                                      mbaughn@kaglawfirm.com

                          Attorneys for Plaintiff

Electronically Filed 09/23/2013 03:42:09 PM ET

## I.   CASE STYLE

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                           CASE NO. _____

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/


## II.   TYPE OF CASE

(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

❑ Condominium
X Contracts and indebtedness
❑ Eminent domain
❑ Auto negligence
❑ Negligence—other
    ❑ Business governance
    ❑ Business torts
    ❑ Environmental/Toxic tort
    ❑ Third party indemnification
    ❑ Construction defect
    ❑ Mass tort
    ❑ Negligent security
    ❑ Nursing home negligence
    ❑ Premises liability—commercial
    ❑ Premises liability—residential
❑ Products liability
❑ Real property/Mortgage foreclosure
    ❑ Commercial foreclosure $0 - $50,000
    ❑ Commercial foreclosure $50,001 - $249,999

❑ Nonhomestead residential foreclosure $50,001 - $249,999
❑ Nonhomestead residential foreclosure $250,000 or more
❑ Other real property actions $0 - $50,000
❑ Other real property actions $50,001 - $249,999
❑ Other real property actions $250,000 or more
❑ Professional malpractice
    ❑ Malpractice—business
    ❑ Malpractice—medical
    ❑ Malpractice—other professional
❑ Other
    ❑ Antitrust/Trade regulation
    ❑ Business transactions
    ❑ Constitutional challenge—statute or ordinance
    ❑ Constitutional challenge— proposed amendment

❏ Commercial foreclosure $250,000 or more

❏ Homestead residential foreclosure $0 - $50,000

❏ Homestead residential foreclosure $50,001 - $249,999

❏ Homestead residential foreclosure $250,000 or more

❏ Nonhomestead residential foreclosure $0 - $50,000

❏ Discrimination—employment or other

❏ Insurance claims

❏ Intellectual property

❏ Libel/Slander

❏ Shareholder derivative action

❏ Securities litigation

❏ Trade secrets

❏ Trust litigation

❏ Other

**III.   REMEDIES SOUGHT** (check all that apply):

X monetary;

X nonmonetary declaratory or injunctive relief;

❏ punitive

**IV.   NUMBER OF CAUSES OF ACTION:** 2

1. Breach of Non-Disclosure Agreement
2. Theft of Trade Secret

**V.    IS THIS CASE A CLASS ACTION LAWSUIT?**

❏ Yes

X No

**VI.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

X No

❏ Yes – If "yes," list all related cases by name, case number, and court.

_____

**VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**

❏ Yes

X No

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Dated this _20_ day of September, 2013.

_____

**A. Benjamin Gordon**

Florida Bar No.: 528617

**Carin Brown**

Florida Bar No.: 78088

Keefe, Anchors, & Gordon, P.A.

2113 Lewis Turner Boulevard, Suite 100

Fort Walton Beach, Florida 32547
Telephone:  (850) 863-1974
Fax:   (850) 863-1591
E-mail: bgordon@kaglaw.com
          cbrown@kaglawfirm.com
          mbaughn@kaglawfirm.com

Attorneys for Plaintiff

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

CASE NO. *13CA 4103*

## SUMMONS
## PERSONAL SERVICE ON A NATURAL PERSON

STATE OF ARIZONA:

TO DEFENDANT:     Donald "Don" S. Abreu
                       2407 E. Goldenrod Street L35
                       Phoenix, AZ 85048-9560

## IMPORTANT

A lawsuit has been filed against you. **You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.** A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Attorney for the Plaintiff" named below.

1

## IMPORTANTE

Usted ha sido demandado legalmente.   Tiene 20 dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentaria ante este tribunal.   Una llamada telefonica no lo protegera.   Si usted desea que el tribunal considers su defensa, debe presenter su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.   Si usted no contesta la dernanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.   Existern ostros requisites regales.   Si lo desea, puede usted consulter a un abogado immediatemente.   Si no conoce a un abogado, puede llamar a una de ias oficians de asistencia legal que aparecen en la gula telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada aba jo como "Attorney for the Plaintiff" (Dernandate of Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.   Vous avez 20 jours consecutifs a partir de la date de l'assignatiion de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.   Un simple coup de telephone est insuffisanat pouor vous protegar.   Vous etes obilge de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaltez que le Tribunal entende votre cause.   Si vous ne deposez pas votre responses ecrite dans le relal requis, vous risquez de perdre la cause a insi que votre salaire, votre argent, et vos blens peuvent etre saisis par la suite, sans aucun preavis ulterleur du Tribunal. 11 y a d'autres obligations juricliques et vous pouvez requerir les services immediats d'un avocat.   Si vous ne connalssez pas d'avocat, vous pourrlez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-memo une reponse ecrite, il vous Faudra egalement, en meme temps qua cette formalite, faireparvenir ou expedier une copie de votre reponse ecrite au "Attorney for the Plaintiff" (Plaignant ou a son avocat) nomme ci-dessous.

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

**Court Administration, ADA Liaison**

2

**Okaloosa County**
**1940 Lewis Turner Blvd.**
**Fort Walton Beach, FL 32547**
**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.\*\***

**Attorney for the Plaintiff:**

A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, Florida 32547

THE STATE OF ARIZONA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

DATED:                    2013.                    Don Howard
                                                   CLERK OF CIRCUIT COURT

*9-20-13*

                                        BY: _____
                                            As Deputy Clerk

3

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

                                CASE NO. *13CA 4103*

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## SUMMONS
## PERSONAL SERVICE ON A NATURAL PERSON

STATE OF SOUTH CAROLINA:

TO DEFENDANT:     Andrew Manios
                         1002 N. Twenty Ninth Ave.
                         Myrtle Beach, SC 29577

## IMPORTANT

A lawsuit has been filed against you. **You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the Clerk of this Court.** A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Attorney for the Plaintiff" named below.

1

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 dias, contados a partir del recibo de esta notificacion, para contester la demanda adjunta, por escrito, y presentaria ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considers su defensa, debe presenter su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la dernanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existern ostros requisites regales.  Si lo desea, puede usted consulter a un abogado immediatemente.  Si no conoce a un abogado, puede llamar a una de ias oficians de asistencia legal que aparecen en la gula telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada aba jo como "Attorney for the Plaintiff" (Dernandate of Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignatiion de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisanat pouoir vous protegar.  Vous etes obilge de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaltez que le Tribunal entende votre cause.  Si vous ne deposez pas votre responses ecrite dans le relal requis, vous risquez de perdre la cause a insi que votre salaire, votre argent, et vos blens peuvent etre saisis par la suite, sans aucun preavis ulterleur du Tribunal. 11 y a d'autres obligations juricliques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connalssez pas d'avocat, vous pourrlez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-memo une reponse ecrite, il vous Faudra egalement, en meme temps qua cette formalite, faireparvenir ou expedier une copie de votre reponse ecrite au "Attorney for the Plaintiff" (Plaignant ou a son avocat) nomme ci-dessous.

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

### Court Administration, ADA Liaison

2

**Okaloosa County**
**1940 Lewis Turner Blvd.**
**Fort Walton Beach, FL 32547**
**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**Attorney for the Plaintiff:**

A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, Florida 32547

THE STATE OF SOUTH CAROLINA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

DATED:                    2013.

9-20-13

Don Howard
CLERK OF CIRCUIT COURT

BY: _____
As Deputy Clerk

3

# Okaloosa Clerk of Circuit Court
## Okaloosa County Receipt of Transaction
### Receipt # 2013048099

Don W. Howard
Clerk of Court
Okaloosa County, Florida

Created by: VJACKSON
Cashiered by:  ESAEZ
On: 09/24/2013   3:30 pm
Transaction # 1281547

GORDON, A BENJAMIN
2113 LEWIS TURNER BLVD
SUITE 100
FT WALTON BEACH, FL 32547-1379

| CaseNumber   2013 CA 004103 F |
|---|

**Action:**

**Judge:** BROWN, JOHN T

**Received From:** GORDON, A BENJAMIN
2113 LEWIS TURNER BLVD
SUITE 100
FT WALTON BEACH, FL 32547-1379

**On Behalf Of:** ASI HOLDING COMPANY INC
2113 LEWIS TURNER BLVD.
SUITE 100
FT WALTON BEACH, FL 32547

| Fee Description | | Fee | Prior Paid | Due | Paid | Balance |
|---|---|---|---|---|---|---|
| CIRCUIT CIVIL FILING FEE | | 400.00 | 0.00 | 400.00 | 400.00 | 0.00 |
| SUMMONS SERVICE FEE | | 20.00 | 0.00 | 20.00 | 20.00 | 0.00 |
| | **Total** | **420.00** | **0.00** | **420.00** | **420.00** | **0.00** |
| | **Grand Total** | **420.00** | **0.00** | **420.00** | **420.00** | **0.00** |

| PAYMENTS |
|---|

| Payment Type | Reference | | Amount | Refund | Overage | Change | Net Amount |
|---|---|---|---|---|---|---|---|
| PORTAL | 8771286 | OK | 420.00 | 0.00 | 0.00 | 0.00 | 420.00 |
| | | | **420.00** | **0.00** | **0.00** | **0.00** | **420.00** |

# AFFIDAVIT OF SERVICE

| ASI Holding Company, Inc. | **Case No.** | 13CA4103 |
| d/b/a Amenity Services, Inc | **Court** | In the Court of the Judicial Court |
| A Florida Corporation | | State of Florida |
| **VS          (PLAINTIFF)** | | County of Okaloosa |
| DON ABREU, an individual | | |
| And ANDREW MANIOS, an individual | | |

**(DEFENDANT)**

Personally appeared before me the undersigned, who being duly sworn, deposes and states that he/she served a copy of:

Summons, Complaint.

Upon Andrew Manios by delivering to him/her a copy of the same at 804 Encampment Ct, Myrtle Beach SC 29579

on the 27th   Day of September , 2013  at  10:45 a.m. and that the above papers were served in compliance with all state and local laws.

Manner of Service:

[X] Personal Service: By personally delivering papers to the person being served.

[ ] Substituted at Residence:  By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household of suitable age and explaining the general nature of the documents.

[ ] Substituted at Business: By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.

[ ] In compliance with SC Rules of Civil Procedure.

[ ] Non- Service: After due search, carful inquiry and diligent attempts at the address(es) listed below, I have been unable to effect service upon the person/entity being served because of the following reasons:

Other Comments:

Sworn to before me this

30th day of September 2013

*Jenny Anderson Powers*

Notary Public for South Carolina

My Commission Exp: 9-14-2019

I, Susan A. Jayjock , being first duly sworn , depose and say that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where said service was effected, I was authorized by law to perform said service.

*Susan A. Jayjock*

(Process Server)

Valley-Wide Process Server
14215 N. 20th Way
Phoenix, Az 85022
(602) 262-2555

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC. dba )  Case No.: 13CA4103
AMENITY SERVICES, INC., )

   Plaintiff, )  DECLARATION OF DELIVERY BY
vs. )  PRIVATE PROCESS SERVER

DON ABREU & ANDREW MANIOS, )

   Defendant. )

Jack Cox upon his oath and personal knowledge states as follows:

1. I am over twenty one years of age, suffer no legal disabilities and I am licensed in Maricopa County as a private process server;

2. On October 13, 2013 at 12:40 p.m. I delivered to DONALD "DON" S. ABREU at 2407 E. Goldenrod St. L35 in Phoenix, Arizona the Summons and Complaint filed with/issued by this Honorable Court in this matter by leaving same with wife/roomate Laurie Abreu of suitable age and discretion then co-residing therein with defendant;

3. Laurie Abreu: C, F, 5'7", blonde, 140, 40's, and big white female fluffy dog;

4. The fee for this service was $65.00.

I swear under penalty of perjury pursuant to the laws of the state of Florida this 14th day of October, 2013 that the foregoing is true and correct.

         _____
         Jack Cox

Notary: _____



CYNDI A. BALE
Notary Public—Arizona
Maricopa County
Expires 08/15/2015

*IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA*

*ASI HOLDING COMPANY, INC.,*
*d/b/a Amenity Services, Inc.*
*a Florida corporation,*

     *Plaintiff,*

*vs.*                            *CASE NO.: 13 CA 4103*

*DON ABREU, an individual, and*
*ANDREW MANIOS, an individual,*

     *Defendants.*

_____/

*MOTION TO DISMISS*

     Defendants, *DON ABREU and ANDREW MANIOS*, by and through the undersigned

attorney and pursuant to Rules 1.140, Fla.R.Civ.P., and 1.130, Fla.R.Civ.P., move this Court to

dismiss Plaintiff's, *ASI HOLDING COMPANY, INC.'s* Complaint in its entirety and state:

1.     Plaintiff's Count I is for Breach of "Non Disclosure Agreements" allegedly

     between Plaintiffs and Defendants.

2.     In support of Count I, Breach of Contract, Plaintiff includes as Exhibit "B" a Non-

     Disclosure Agreement between Darrell Blanton and Defendant, *ABREU*.  Exhibit

     "B" makes no mention of Plaintiff, *ASI*.  In fact, *ASI* is not a party to Exhibit "B"

     Non-Disclosure Agreement.

3.     Plaintiff's Exhibit "C" is also attached in support of Plaintiff's Count I.  While

     Plaintiff, *ASI* is a party to this Non Disclosure Agreement, Defendant *MANIOS'*

     name is excluded from Exhibit "C" and, Exhibit "C" is not executed by Defendant

     *MANIOS*.

4.    Plaintiff's Count II, Theft of Trade Services, is dependent upon executed Non-Disclosure Agreements as well as "Formal Policies in its (Plaintiff's) Staff Employee Handbook and Information Systems Policy".   However, Plaintiff has failed to attach this material document as an exhibit to its Complaint.

*WHEREFORE,* Defendants respectfully request this Court dismiss Plaintiff's Complaint for failure to state a cause of action and for failure to attach material exhibits to Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing instrument has been furnished via electronic mail to *bgordon@kaglaw.com; cbrown@kaglawfirm.com and mbaughn@kaglawfirm.com* this ___4___ day of November, 2013.

_____

*JOSEPH M. SCHEYD, JR., ESQUIRE*
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
*Attorney for Defendants*
Jay@jscheyd.com
Tiffany@jscheyd.com

Electronically Filed 11/26/2013 07:07:18 PM ET

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                             CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

### PLAINTIFF'S NOTICE OF HEARING ON DEFENDANTS' MOTION TO DISMISS[1]

        **PLEASE TAKE NOTICE** that a hearing regarding Defendants' Motion to Dismiss

has been set as follows**:**

        Judge:        Honorable John T. Brown

        Place:        Judge Brown's Chambers
                        Okaloosa County Courthouse, Fort Walton Beach,  Annex

        Time:        11:00 a.m. CST (15 minutes have been reserved)

        Date:        December 9, 2013

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

<div align="center">

**Court Administration, ADA Liaison**
**Okaloosa County**
**1940 Lewis Turner Blvd.**
**Fort Walton Beach, FL 32547**
**Phone (850) 609-4700 Fax (850) 652-7725**
ADA.Okaloosa@flcourts1.gov

</div>

---

[1] Defendants' Motion to Dismiss was electronically filed with the Okaloosa County Clerk of Court on November 4, 2013.

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.\*\***

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:          bgordon@kaglawfirm.com
                   cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 12th day of November, 2013.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:          bgordon@kaglawfirm.com
                   cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

Electronically Filed 12/23/2013 07:49:00 PM ET

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### PLAINTIFF'S NOTICE CANCELLATION OF HEARING ON
### DEFENDANTS' MOTION TO DISMISS

      **PLEASE TAKE NOTICE** that the hearing regarding Defendants' Motion to

Dismiss scheduled for December 9, 2013 starting at 11:00 a.m. CST, before Judge

Brown, has been cancelled.

                                  /s/ A. Benjamin Gordon
                                  A. Benjamin Gordon
                                  Florida Bar No.: 528617
                                  Carin Brown
                                  Florida Bar No.: 78088
                                  Keefe, Anchors & Gordon, P.A.
                                  2113 Lewis Turner Boulevard, Suite 100
                                  Ft. Walton Beach, FL   32547
                                  Telephone:   (850) 863-1974
                                  Facsimile:   (850) 863-1591
                                  Email:        bgordon@kaglawfirm.com
                                                  cbrown@kaglawfirm.com

                                  *Attorneys for ASI Holding Company, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 5th day of December, 2013.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

Cc:   Donna Fought, Judicial Assistant to Honorable John T. Brown
      Trawick Reporting & Video

2

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

     Plaintiff,                                CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

     Defendants.
_____/

### PLAINTIFF'S AMENDED NOTICE OF HEARING ON DEFENDANTS' MOTION TO DISMISS[1]

     **PLEASE TAKE NOTICE** that a hearing regarding Defendants' Motion to Dismiss

has been set as follows**:**

     Judge:          Honorable John T. Brown

     Place:          Judge Brown's Chambers
                      Okaloosa County Courthouse, Fort Walton Beach,  Annex

     Time:          9:00 a.m. CST (15 minutes have been reserved)

     Date:          January 9, 2013

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

**Court Administration, ADA Liaison
Okaloosa County
1940 Lewis Turner Blvd.
Fort Walton Beach, FL 32547
Phone (850) 609-4700 Fax (850) 652-7725
ADA.Okaloosa@flcourts1.gov**

---

[1] Defendants' Motion to Dismiss was electronically filed with the Okaloosa County Clerk of Court on November 4, 2013.

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.\*\***

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:  (850) 863-1974
Facsimile:  (850) 863-1591
Email:       bgordon@kaglawfirm.com
              cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 13th day of December, 2013.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:  (850) 863-1974
Facsimile:  (850) 863-1591
Email:       bgordon@kaglawfirm.com
              cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

*IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA*

*ASI HOLDING COMPANY, INC.,*
*d/b/a Amenity Services, Inc.*
*a Florida corporation,*

     *Plaintiff,*

*vs.*                                   *CASE NO.: 13 CA 4103*

*DON ABREU, an individual, and*
*ANDREW MANIOS, an individual,*

     *Defendants.*

_____/

*ANSWER*

     Defendants, *DON ABREU and ANDREW MANIOS*, by and through the undersigned

attorney, answer the Complaint filed herein as follows:

*JURISDICTION AND VENUE*

1.     Admitted for jurisdictional purposes.

2.     Admitted that venue is proper in Okaloosa County.  The rest of the allegation is

     denied.

3.     Admitted.

4.     Admitted.

5.     Admitted Manios is a resident of South Carolina.  The documents relating to any

     business relationship with Plaintiff speak for themselves.

6.     Without knowledge.

## GENERAL ALLEGATIONS

7.    Admitted as to ASI development of a guest amenity program, denied as to confidentiality.

8.    Denied.

9.    It is admitted ASI markets its guest amenity program.

10.    Denied.

11.    Admitted Abreu signed Exhibit "A" which speaks for itself.

12.    Admitted.

13.    Without knowledge as to what is proprietary and confidential.  Therefore, the allegation is denied.

14.    Without knowledge.

15.    Denied as to the requirement of executing Non-Disclosure Agreements.

16.    Admitted.

17.    Denied.  There was no obligation of confidentiality after Exhibit "B" expired pursuant to its terms.

18.    Denied that Manios entered into or executed the Exhibit "C" Agreement.

19.    Without knowledge.

20.    Denied.

21.    Admitted Defendants had access to ASI company information as required by their employment.  All obligations required by Defendants were satisfied.

22.    Admitted the Notice speaks for itself.

23.    Admitted the Notice speaks for itself.

24.    Denied.

25.   Denied.

26.   Denied.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Denied.

31.   Denied.

## COUNT I

### BREACH OF NON-DISCLOSURE AGREEMENTS

32.   See responses to allegations 1 through 31.

33.   The Agreements between ASI and Defendants speak for themselves.

34.   Denied.

35.   Denied.

36.   Denied as to any alleged unlawful actions.  Without knowledge as to the rest of
      this allegation.

37.   Denied as Non-Disclosure Agreement expired by its own terms and provisions.

### AFFIRMATIVE DEFENSES

1.   Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure
     Agreement as the only valid agreement attached as Exhibit "B" to Plaintiff's
     Complaint has expired by its own terms.  Even the names of the Defendants are
     not included on Exhibit "C".

2.   Violation of the Statute of Limitations.

## COUNT II

### THEFT OF TRADE SECRETS

38.    See responses to allegations 1 through 31.

39.    Admitted.

40.    Without knowledge as to the extent of any ASI developments.

41.    Denied.

42.    Denied.

43.    Without knowledge.

44.    Any obligations of Defendant Abreu's employment were satisfied.  Therefore, denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied as to alleged acts of misappropriation by Defendants and damages to Plaintiff.

51.    Denied.

52.    Without knowledge.

53.    Denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's information as described does not qualify as a trade secret.

2.    Plaintiff has failed to describe the misappropriated trade secrets with specificity.

3.    Information claimed to be trade secrets by Plaintiff are generally known as readily ascertainable by proper means.

4.    Violation of the Statute of Limitations.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing instrument has been furnished via electronic mail to *bgordon@kaglaw.com; cbrown@kaglawfirm.com and mbaughn@kaglawfirm.com* this 24th day of January, 2014.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
*Attorney for Defendants*
Jay@jscheyd.com
Tiffany@jscheyd.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                                CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

### PLAINTIFF'S REPLY AND MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, files this Reply and Motion to Strike Defendants Don Abreu and Andrew Manios' ("Defendants") Affirmative Defenses as follows:

### AFFIRMATIVE DEFENSES

### COUNT I – FIRST AFFIRMATIVE DEFENSE

ASI denies this First Affirmative Defense.

### COUNT I – SECOND AFFIRMATIVE DEFENSE

Defendants' Second Affirmative Defense should be stricken because the asserted defense is conclusory and fails to plead ultimate facts that would establish a defense. *See Zito v. Washington Fed. Savings Loan Ass'n*, 318 So. 2d 175, 176 (Fla. 3d DCA 1975) ("The certainty required is that the pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved

1

in order to provide the latter with a fair opportunity to meet it and prepare his evidence."); *Cady v. Chevy Chase Sav. & Loan, Inc.*, 528 So. 2d 136, 138 (Fla. 4th DCA 1988) ("Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate facts is legally insufficient."). The Second Affirmative Defense states in whole, "Violation of the Statute of Limitations." Defendants have not pled any ultimate facts to support this defense, and this Affirmative Defense should be stricken.  ASI otherwise denies this Second Affirmative Defense.

## COUNT II - FIRST AFFIRMATIVE DEFENSE

Defendants' First Affirmative Defense should be stricken because the asserted defense is conclusory and fails to plead ultimate facts that would establish a defense. *See Zito,* 318 So. 2d at 176 ("The certainty required is that the pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare his evidence."); *Cade*, 528 So. 2d at 138 ("Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate facts is legally insufficient."). The First Affirmative Defense states in whole, "Plaintiff's information as described does not qualify as a trade secret."  Defendants have not pled any ultimate facts to support this defense, and this Affirmative Defense should be stricken.  ASI otherwise denies this First Affirmative Defense.

## COUNT II - SECOND AFFIRMATIVE DEFENSE

ASI denies this Second Affirmative Defense.

2

## COUNT II - THIRD AFFIRMATIVE DEFENSE

Defendants' Third Affirmative Defense should be stricken because the asserted defense is conclusory and fails to plead ultimate facts that would establish a defense. *See Zito,* 318 So. 2d at 176 ("The certainty required is that the pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare his evidence."); *Cady*, 528 So. 2d at 138 ("Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate facts is legally insufficient."). The Third Affirmative Defense states in whole, "[i]nformation claimed to be trade secrets by Plaintiff are generally known as readily ascertainable by proper means."  Defendants have not pled any ultimate facts to support this defense, and this Affirmative Defense should be stricken.  ASI otherwise denies this Third Affirmative Defense.

## COUNT II - FOURTH AFFIRMATIVE DEFENSE

Defendants' Fourth Affirmative Defense should be stricken because the asserted defense is conclusory and fails to plead ultimate facts that would establish a defense. *See Zito,* 318 So. 2d at 176 ("The certainty required is that the pleader must set forth the facts in such a manner as to reasonably inform his adversary of what is proposed to be proved in order to provide the latter with a fair opportunity to meet it and prepare his evidence."); *Cady*, 528 So. 2d at 138 ("Certainty is required when pleading defenses, and pleading conclusions of law unsupported by allegations of ultimate facts is legally

insufficient."). The Fourth Affirmative Defense states in whole, "Violation of the Statute of Limitations."  Defendants have not pled any ultimate facts to support this defense, and this Affirmative Defense should be stricken.  ASI otherwise denies this Fourth Affirmative Defense.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:      bgordon@kaglawfirm.com
             cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 3rd day of February, 2014.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:      bgordon@kaglawfirm.com
             cbrown@kaglawfirm.com
*Attorneys for ASI Holding Company, Inc.*

4

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
# IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## NOTICE OF HEARING ON PLAINTIFF'S MOTION TO
## STRIKE AFFIRMATIVE DEFENSES[1]

    **PLEASE TAKE NOTICE** that a hearing regarding Plaintiff's Motion to Strike

Affirmative Defenses has been set as follows**:**

        Judge:        Honorable John T. Brown

        Place:        Judge Brown's Chambers
                       Okaloosa County Courthouse, Fort Walton Beach, Annex

        Time:        2:30 p.m. (15 minutes have been reserved)

        Date:        April 14, 2014

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

<div align="center">

**Court Administration, ADA Liaison**
**Okaloosa County**
**1940 Lewis Turner Blvd.**
**Fort Walton Beach, FL 32547**
**Phone (850) 609-4700 Fax (850) 652-7725**
ADA.Okaloosa@flcourts1.gov

</div>

---

[1] Plaintiff's Reply and Motion to Strike Affirmative Defense was electronically filed with the clerk on February 3, 2014.

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.\*\***

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:  (850) 863-1974
Facsimile:  (850) 863-1591
Email:       bgordon@kaglawfirm.com
              cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 4th day of March, 2014.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:  (850) 863-1974
Facsimile:  (850) 863-1591
Email:       bgordon@kaglawfirm.com
              cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                                   CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

## NOTICE OF SERVICE OF DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF

On the ~~2nd~~ day of ~~March,~~ April 2014, the undersigned mailed the original and one (1) copy

of Defendants' First Interrogatories to Plaintiff to *A. Benjamin, Gordon, Esquire*, 2113 Lewis

Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, by regular U.S. Mail.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing instrument has been

furnished to *A. Benjamin Gordon, Esquire*, 2113 Lewis Turner Boulevard, Suite 100, Fort

Walton Beach, Florida 32547, by regular U.S. Mail and via electronic mail this ~~2nd~~ day of

~~March,~~ April 2014.

                                                   _____

                           *JOSEPH M. SCHEYD, JR., ESQUIRE*
                           1221 Airport Road, Suite 209
                           Destin, Florida 32541
                           (850) 837-1171
                           Fla. Bar No.:  995304

                           *ATTORNEY FOR DEFENDANTS*

*IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA*

*ASI HOLDING COMPANY, INC.,*
*d/b/a Amenity Services, Inc.*
*a Florida corporation,*

     *Plaintiff,*

*vs.*                                  *CASE NO.: 13 CA 4103*

*DON ABREU, an individual, and*
*ANDREW MANIOS, an individual,*

     *Defendants.*
_____/

## *DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS*

Defendants, *DON ABREU and ANDREW MANIOS*, by and through the undersigned

attorney, request that Plaintiff, *ASI HOLDING COMPANY, INC., d/b/a Amenity Services, Inc.* ,

produce for discovery and inspection the documents and other material or data listed below

which is in your possession, custody or control, for use by the undersigned attorney pursuant to

Rule 1.280(b)(3), Florida Rules of Civil Procedure. All items shall be produced at the *Law*

*Office of Joseph M. Scheyd, Jr., 1221 Airport Road, Suite 209, Destin, Florida 32541:*

1.    Please provide copies of any documents in your possession which you believe

        support your claims against Defendant, Don Abreu, for breach of Non-Disclosure

        Agreements.

2.    Please provide copies of any documents in your possession which you believe

        support your claims against Defendant, Andrew Manios, for breach of Non-

        Disclosure Agreements.

3.     Please provide copies of any documents in your possession which you believe support your claims against Defendant, Don Abreu, for theft of Trade Secrets.

4.     Please provide copies of any documents in your possession which you believe support your claims against Defendant, Andrew Manios, for theft of Trade Secrets.

5.     Please provide copies of any formal policies on confidentiality, proprietary information and trade secrets in the Staff Employee Handbook and Information Systems Policy.

*CERTIFICATE OF SERVICE*

*I HEREBY CERTIFY* that a true and correct copy of the foregoing instrument has been furnished via electronic mail to *bgordon@kaglawfirm.com; cbrown@kaglawfirm.com* and *mbaughn@kaglawfirm.com* this ⟍2nd⟋ day of ~~March~~ April, 2014.

*JOSEPH M. SCHEYD, JR., ESQUIRE*
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
*Attorney for Defendants*
Jay@jscheyd.com
Tiffany@jscheyd.com

Filing # 10760758 Electronically Filed 02/28/2014 04:15:14 PM

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                                  CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### NOTICE OF CANCELLATION OF HEARING ON PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES[1]

      **PLEASE TAKE NOTICE** that a hearing regarding Plaintiff's Motion to Strike Affirmative Defenses scheduled for April 14, 2014 starting at 2:30 p.m., before Judge Brown, has been cancelled.

                            /s/ A. Benjamin Gordon
                            A. Benjamin Gordon
                            Florida Bar No.: 528617
                            Carin Brown
                            Florida Bar No.: 78088
                            Keefe, Anchors & Gordon, P.A.
                            2113 Lewis Turner Boulevard, Suite 100
                            Ft. Walton Beach, FL 32547
                            Telephone: (850) 863-1974
                            Facsimile: (850) 863-1591
                            Email: bgordon@kaglawfirm.com
                                            cbrown@kaglawfirm.com

                            *Attorneys for ASI Holding Company, Inc.*

---

[1] Plaintiff's Reply and Motion to Strike Affirmative Defense was electronically filed with the clerk on February 3, 2014.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 14th day of April, 2014.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

## STIPULATED ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES[1]

    THIS MATTER came before the Court on Plaintiff's Motion to Strike Affirmative Defenses. The Court, having reviewed the Motion, being advised that the parties have stipulated to the entry of this Order, and otherwise fully advised in the premises, ORDERS as follows:

    1.    Plaintiff's Motion to Strike Affirmative Defenses is GRANTED.

    2.    The Defendants shall have twenty (20) days from the date of this Order to file Amended Affirmative Defenses.

    DONE AND ORDERED in Okaloosa County, Florida this _17th_ day of _April_, 2014.

                                                   _____
                                                   John T. Brown
                                                   Circuit Court Judge

---

[1] Plaintiff's Reply and Motion to Strike Affirmative Defenses was electronically filed with the Clerk on February 3, 2014.

## CLERK'S CERTIFICATE OF MAILING

I HEREBY CERTIFY that a truce and correct copy of the foregoing has been furnished to all counsel of record and/or parties via regular U.S. Mail on this __22__ day of __April__, 2014 as follows:

A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541

DON HOWARD
CLERK OF COURT

By: _Diane Watkins_
Deputy Clerk

*IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA*

*ASI HOLDING COMPANY, INC.,*
*d/b/a Amenity Services, Inc.*
*a Florida corporation,*

      *Plaintiff,*

*vs.*                                   *CASE NO.: 13 CA 4103*

*DON ABREU, an individual, and*
*ANDREW MANIOS, an individual,*

      *Defendants.*
_____/

*FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES*

Defendants, *DON ABREU and ANDREW MANIOS*, by and through the undersigned

attorney, answer the Complaint filed herein as follows:

*JURISDICTION AND VENUE*

1.     Admitted for jurisdictional purposes.

2.     Admitted that venue is proper in Okaloosa County.  The rest of the allegation is

        denied.

3.     Admitted.

4.     Admitted.

5.     Admitted Manios is a resident of South Carolina.  The documents relating to any

        business relationship with Plaintiff speak for themselves.

6.     Without knowledge.

## GENERAL ALLEGATIONS

7.     Admitted as to ASI development of a guest amenity program, denied as to confidentiality.

8.     Denied.

9.     It is admitted ASI markets its guest amenity program.

10.    Denied.

11.    Admitted Abreu signed Exhibit "A" which speaks for itself.

12.    Admitted.

13.    Without knowledge as to what is proprietary and confidential.  Therefore, the allegation is denied.

14.    Without knowledge.

15.    Denied as to the requirement of executing Non-Disclosure Agreements.

16.    Admitted.

17.    Denied.  There was no obligation of confidentiality after Exhibit "B" expired pursuant to its terms.

18.    Denied that Manios entered into or executed the Exhibit "C" Agreement.

19.    Without knowledge.

20.    Denied.

21.    Admitted Defendants had access to ASI company information as required by their employment.  All obligations required by Defendants were satisfied.

22.    Admitted the Notice speaks for itself.

23.    Admitted the Notice speaks for itself.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

## COUNT I

### BREACH OF NON-DISCLOSURE AGREEMENTS

32.    See responses to allegations 1 through 31.

33.    The Agreements between ASI and Defendants speak for themselves.

34.    Denied.

35.    Denied.

36.    Denied as to any alleged unlawful actions.  Without knowledge as to the rest of this allegation.

37.    Denied as Non-Disclosure Agreement expired by its own terms and provisions.

### AFFIRMATIVE DEFENSES

1.    Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Defendants as the only valid agreement attached as Exhibit "B" to Plaintiff's Complaint has expired by its own terms.  Even the names of the Defendants are not included on Exhibit "C".

2.    Violation of the Statute of Limitations.  The only Non Disclosure Agreement attached to Plaintiff's Complaint is Exhibit "B" which expired by its own terms in

2011.  Plaintiff was not a party to the contract.  No subsequent written contract exists.

## COUNT II

### THEFT OF TRADE SECRETS

38.   See responses to allegations 1 through 31.

39.   Admitted.

40.   Without knowledge as to the extent of any ASI developments.

41.   Denied.

42.   Denied.

43.   Without knowledge.

44.   Any obligations of Defendant Abreu's employment were satisfied.  Therefore, denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   Denied.

50.   Denied as to alleged acts of misappropriation by Defendants and damages to Plaintiff.

51.   Denied.

52.   Without knowledge.

53.   Denied.

## AFFIRMATIVE DEFENSES

1.  Plaintiff has failed to describe the misappropriated trade secrets with specificity.

2.  Violation of the Statute of Limitations.  Plaintiff provides no time frame in which

    the misappropriation was alleged to have taken place and when it was discovered.

3.  Plaintiff has not disclosed its trade secrets which it alleges have been

    misappropriated by Defendants.  Therefore, Defendants reserve the right to amend

    its Affirmative Defenses upon receipt of Plaintiff's "Trade Secrets" through

    discovery.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing instrument has been

furnished via electronic mail to *bgordon@kaglaw.com; cbrown@kaglawfirm.com and*

*mbaughn@kaglawfirm.com* this 29ᵗ day of April, 2014.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No. 995304
*Attorney for Defendants*
Jay@jscheyd.com
Tiffany@jscheyd.com

Filing # 15756 E-Filed 06/16/2014 03:00:00 PM

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

### PLAINTIFF'S REPLY TO FIRST AMENDED AFFIRMATIVE DEFENSES

      Plaintiff ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, files this Reply to Defendants Don Abreu and Andrew Manios ("Defendants") First Amended Affirmative Defenses as follows:

### AFFIRMATIVE DEFENSES

### COUNT I – FIRST AFFIRMATIVE DEFENSE

      ASI denies this Affirmative Defense.

### COUNT I – SECOND AFFIRMATIVE DEFENSE

      ASI denies this Affirmative Defense.

### COUNT II - FIRST AFFIRMATIVE DEFENSE

      ASI denies this Affirmative Defense.

## COUNT II - SECOND AFFIRMATIVE DEFENSE

ASI denies this Affirmative Defense.


## COUNT II - THIRD AFFIRMATIVE DEFENSE

ASI denies this Affirmative Defense.

*/s/ Carin Brown*
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:        bgordon@kaglawfirm.com
              cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 6th day of May, 2014.

*/s/ Carin Brown*
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:        bgordon@kaglawfirm.com
              cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

Filing # 13516 Electronically Filed 05/07/2014 03:11:07 PM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                                CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

**NOTICE OF SERVICE OF PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

      Notice is hereby given that Plaintiff's Responses to Defendants' First Set of Interrogatories to Plaintiff ASI Holding Company, Inc. d/b/a Amenity Services, Inc. have been furnished to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 via electronic mail to jay@jscheyd.com and tiffany@jscheyd.com.

      Dated this 7th day of May, 2014.

                               */s/ Carin Brown*
                               **A. Benjamin Gordon**
                               Florida Bar No.: 528617
                               **Carin Brown**
                               Florida Bar No.: 78088
                               Keefe, Anchors, & Gordon, P.A.
                               2113 Lewis Turner Boulevard, Suite 100
                               Fort Walton Beach, Florida 32547
                               Telephone:  (850) 863-1974
                               Fax:  (850) 863-1591
                               E-mail: bgordon@kaglaw.com
                                          cbrown@kaglawfirm.com

                               *Attorneys for Plaintiff*

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
### IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.,
a Florida corporation,

        Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

### PLAINTIFF'S  RESPONSES TO DEFENDANTS' FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS

      Comes now the Plaintiff, ASI Holding Company, Inc., d/b/a Amenity Services, Inc. ("ASI"), a Florida corporation, and responds to Defendants' First Request for Production as follows:

### GENERAL OBJECTIONS

      A.      Plaintiff makes these responses subject to reservation of the right to object to introduction into evidence, in this or any other action, of any of the information or material contained or referenced herein or produced hereunder on any ground, including, but not limited to, relevancy, materiality, hearsay and authenticity.  Plaintiff makes these responses subject to the further reservation that such answers shall not waive its rights to object to additional discovery in the case.

      B.      Plaintiff does not intend by these responses (or by the production of documents hereunder) to waive any claim of privilege, including work product.  If any response is made (or documents are produced) for which any claim of privilege is

applicable, such response (or production) shall be deemed inadvertent, and not a waiver of any claim of privilege.

C.      Plaintiff makes no representation of authenticity concerning any documents produced hereunder or of the accuracy of the contents of any such documents.   Plaintiff's responses herein (or production hereunder) shall not be interpreted as supplying the complete foundation or all facts upon which it may rely in this case.

D.      Plaintiff objects to these Requests to the extent that the Requests require the production of documents protected by the attorney-client, work product or other applicable privileges.

E.      Plaintiff objects to these Requests to the extent that the Requests require the production of documents containing confidential and/or proprietary information and/or trade secrets.

F.      Plaintiff objects to the scope of the Requests presented to the extent the Requests are outside the scope of discovery, irrelevant and immaterial.

G.      Only those documents/records in the possession, custody or control of Plaintiff or those which are required to be produced by Rule 1.350, *Florida Rules of Civil Procedure* will be so produced.

H.      Plaintiff would also note that discovery is ongoing and additional documents and/or information relevant to its defense of this action may be discovered as the litigation progresses.

I.      To the extent any instructions contained in the First Request for Production of Documents requires Plaintiff to go beyond what is required by the Florida Rules of Civil Procedure, then, and in that event, Plaintiff objects to all such instructions.

J.      Plaintiff reserves the right to amend all responses.

K.      Plaintiff objects to these Requests to the extent that the Requests require supplementation because under Rule 1.280(e), *Florida Rules of Civil Procedure*, a "party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired."

## RESPONSES

1.      Please provide copies of any documents in your possession which you believe support your claims against Defendant, Don Abreu, for breach of Non-Disclosure Agreements.

**RESPONSE:**

ASI objects to this Request because it requires the production of documents with confidential, proprietary information and trade secrets.  Plaintiff will produce such documents, if any, after the Court issues an Order on the Motion for Order of Confidentiality Regarding Trade Secrets or Confidential, Proprietary, Commercial Information.  Subject to and without waiving the foregoing objections, ASI states that all non-privileged, non-confidential, non-trade secret, responsive documents known to be in its possession, custody and/or control are attached hereto.

2.      Please provide copies of any documents in your possession which you believe support your claims against Defendant, Andrew Manios, for breach of Non-Disclosure Agreements.

**RESPONSE:**

ASI objects to this Request because it requires the production of documents with confidential, proprietary information and trade secrets.   Plaintiff will produce such documents, if any, after the Court issues an Order on the Motion for Order of Confidentiality Regarding Trade Secrets or Confidential, Proprietary, Commercial Information.  Subject to and without waiving the foregoing objections, ASI states that all non-privileged, non-confidential, non-trade secret, responsive documents known to be in its possession, custody and/or control are attached hereto.

3.      Please provide copies of any documents in your possession which you believe support your claims against Defendant, Don Abreu, for theft of Trade Secrets.

**RESPONSE:**

ASI objects to this Request because it requires the production of documents with confidential, proprietary information and trade secrets.   Plaintiff will produce such documents, if any, after the Court issues an Order on the Motion for Order of Confidentiality Regarding Trade Secrets or Confidential, Proprietary, Commercial Information.  Subject to and without waiving the foregoing objections, ASI states that all non-privileged, non-confidential, non-trade secret, responsive documents known to be in its possession, custody and/or control are attached hereto.

4.      Please provide copies of any documents in your possession which you believe support your claims against Defendant, Andrew Manios, for theft of Trade

Secrets.

**RESPONSE:**

ASI objects to this Request because it requires the production of documents with confidential, proprietary information and trade secrets.   Plaintiff will produce such documents, if any, after the Court issues an Order on the Motion for Order of Confidentiality Regarding Trade Secrets or Confidential, Proprietary, Commercial Information.  Subject to and without waiving the foregoing objections, ASI states that all non-privileged, non-confidential, non-trade secret, responsive documents known to be in its possession, custody and/or control are attached hereto.

5.      Please provide copies of any formal policies on confidentiality, proprietary information and trade secrets in the Staff Employee Handbook and Information Systems Policy.

**RESPONSE:**

ASI objects to this Request because it requires the production of documents with confidential, proprietary information and trade secrets.   Plaintiff will produce such documents, if any, after the Court issues an Order on the Motion for Order of Confidentiality Regarding Trade Secrets or Confidential, Proprietary, Commercial Information.  Additionally, Plaintiff objects to this Request because it is overbroad as it does not limit the time period for the information requested.  Subject to and without waiving the foregoing objections, ASI states that all non-privileged, non-confidential, non-trade secret, responsive documents known to be in its possession, custody and/or control are attached hereto.

/s/ Carin Brown
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 7th day of May, 2014.

/s/ Carin Brown
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

Filing # 9340-Electronically Filed 06/09/2014 09:28:04 AM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.,
a Florida corporation,

      Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

## MOTION FOR ENTRY OF CONFIDENTIALITY ORDER REGARDING TRADE SECRETS OR CONFIDENTIAL, PROPRIETARY, COMMERCIAL INFORMATION

Comes now the Plaintiff, ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel and pursuant to Rule 1.280(c), *Florida Rules of Civil Procedure*, and files this motion seeking entry of a protective order in the form attached hereto as Exhibit "1" (the "Proposed Order") regarding certain documents and information, including deposition testimony, that is produced or provided by the Parties and non-parties in connection with the above-captioned action. In support of this motion, the Plaintiff states:

1.      On September 20, 2013, ASI filed this action alleging that Defendants misappropriated ASI's trade secrets and unlawfully used those trade secrets while engaging in competition with ASI.

2.      In this litigation, discovery by both Parties and non-parties may require responses or production of documents that constitute and/or include information that is a trade secret(s) or confidential, proprietary, commercial information. Plaintiff conducts

business in a competitive industry, and disclosure of confidential and proprietary information in the public record could unfairly harm Plaintiff.

3. Defendants served their First Request for Production of Documents and First Set of Interrogatories on Plaintiff requesting documents and information regarding Plaintiff's claims for breach of Non-Disclosure Agreements and for theft of trade secrets. Defendants also requested copies of Plaintiff's policies on confidentiality, proprietary information, and trade secrets in the Staff Employee Handbook and Information Systems Policy.

4. Responding to these Requests will require ASI to provide responses and/or documents that include trade secrets or confidential, proprietary, commercial information.

5. Plaintiff requests a confidentiality order be entered to allow full discovery into this matter with the Parties' knowledge that documents and responses can be classified as confidential and not reflected in the public record.

6. Pursuant to Rule 1.280(c), Florida Rules of Civil Procedure, the Court may enter a confidentiality order to protect proprietary information from disclosure to third parties.

7. Such an order would allow for the parties to conduct discovery, without the burden of arguing the confidentiality of each item requested or produced.


WHEREFORE, and for the foregoing reasons, Plaintiff respectfully requests that this Court enter the Confidentiality Order (Exhibit 1) in this action and provide such other relief as the Court deems just and proper.

/s/ Carin Brown
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
             cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 7th day of May, 2014.

/s/ Carin Brown
A. Benjamin Gordon
Florida Bar No.: 528617
Carin Brown
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
             cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                      CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## ORDER GRANTING MOTION FOR ENTRY OF CONFIDENTIALITY ORDER[1]

THIS MATTER came before the Court in Chambers in Okaloosa County, Florida upon Plaintiff's Motion for Entry of Confidentiality Order (the "Motion"). The Court, having reviewed the Motion and Court file, and otherwise being fully advised in the premises, it is

**ORDERED** as follows:

1.     The Motion is **GRANTED**.

2.     The following terms, are **REQUIRED**:

**I.**     **Scope of Protective Order**

A.    All information produced in discovery by any party or non-party shall be used solely for the purposes of this litigation, other than information that is or becomes publicly available or is available to the requesting party from another source. Further, the Parties may produce "confidential" or "highly confidential" information, which shall be marked and treated in the manner set forth herein.

---

[1] Plaintiff's Motion for Entry of Confidentiality Order regarding Trade Secrets or Confidential, Proprietary, Commercial Information was electronically filed with the Okaloosa County Clerk of Court on May 7, 2014.

Exhibit 1

B.     The protection of this Protective Order may be invoked with respect to any documents, testimony, information, and things (collectively "materials") produced or created in this action that contain trade secrets or confidential financial, customer, or commercial information of any party or non-party witness, or that the producing party is otherwise required or entitled by law to maintain in confidence, and with respect to any deposition, court filing, correspondence, exhibits or discovery request or response containing or referring to such materials. Said materials may be designated "Confidential" or "Highly Confidential." Such designations may be made by any party or by any non-party producing materials in this action, and the terms "producing party" or "designating party" as used herein shall be deemed to include a non-party that produces materials in this action.

## II.     Disclosure of "Confidential Materials"

A.     All Materials produced shall be used solely in the preparation for trial and/or trial of this action, and shall not be used at any time for any other purpose whatsoever, except to the extent such information becomes publicly available (other than through filing in this action) or is available to the requesting party from another source. Materials designated "Confidential," as well as summaries, excerpts and compilations of such materials, shall not be disclosed to or made accessible to any person except as specifically permitted by this Order.

B.     Material designated as "Confidential" by any producing party may be disclosed only to:

1.     The Court, its secretaries, clerks and law clerks and jury members;

2.      Attorneys in a law firm actively involved in the representation of a party in this action, and their secretaries, paralegals, legal assistants and other staff;

3.      In-house attorneys employed by any party to the litigation and working on this litigation, and their secretaries, paralegals and legal assistants;

4.      The parties and officers and employees of the parties assisting counsel in the preparation of the case for trial, for the purpose of trying this proceeding or engaging in appellate proceedings; provided that materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

5.      Any expert or consultant who is retained by any of the parties in this action or their counsel of record to assist counsel in this litigation, and any employee of such an expert assisting in this litigation (this category hereinafter referred to as "Experts");

6.      Any person called to testify as a witness either at a deposition or court proceeding in this action, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order and are required not to disclose information contained in the materials which is designated as "Confidential;"

7.      Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

8.      Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling, or computerization of documents, but only to the extent necessary to provide such services in connection with this litigation and only after being informed of the provisions of this Order and agreeing to abide by its terms; and

9.      Any person who was either an original author or recipient of a document.

C.      With respect to individuals identified in II.B.5 above, a party intending to utilize such an individual shall notify all other parties in writing of the individual's name, address, and professional qualifications, and allow five (5) days for any party to object prior to disclosing to the individual any supplying party's Confidential Information. If any party objects to the individual, no party may disclose Confidential Information to the individual unless the objection is overruled by the Court upon motion by any party. Each person to whom "Confidential" material is disclosed (other than persons described in Section II.B.1, 6, and 9) shall execute a non-disclosure agreement in the form annexed hereto as Exhibit "A" prior to disclosure, and shall agree to be bound by this Order and to be subject to the jurisdiction of this Court for the purpose of enforcement of the terms of this Order, except that individuals identified in Section II.B.2 and 3 shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advise them of the terms of this Order and they agree to be bound thereby. With respect to the individuals/entities identified in Section II.B.7 and 8, it shall be sufficient for a corporate representative for each entity so employed to execute the nondisclosure agreement (Exhibit "A") on one occasion. Counsel disclosing

"Confidential" material to persons required to execute non-disclosure agreements shall retain all such executed agreements. Copies of the executed agreements shall be preserved by counsel and shall be provided to the producing party if the Court so orders upon a showing of good cause.

### III.   Designation of Materials as "Confidential"

A.   "Confidential" materials shall include only such information as the designating party in good faith contends should be protected pursuant to this Order on the grounds that the information constitutes trade secrets or confidential financial, customer, or commercial information, the disclosure of which, other than under the terms of this Order, may cause harm to the public or to the commercial and business interests of the party or non-party witness making the designation.

B.   All materials produced by any party shall be treated by all parties as "Confidential" for a period of twenty (20) days from the date of disclosure. During said period, any non-producing party may designate such materials or any part thereof as "Confidential" if not already designated as such by the producing party, by written notice to all parties, identifying with particularity the designated material.

C.   In making designations of materials pursuant to this Protective Order, the designating party shall give due consideration to whether the information contained in the materials: (1) has been produced, disclosed or made available to the public; (2) has been published, communicated or disseminated to others not obligated or desiring to maintain the confidentiality of the information contained therein; (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality; or (4) is

available from a third party or commercial source that is not obligated or desiring to maintain its confidentiality. The designating party shall also give due consideration to the age of the materials. As used herein, the phrase "designating party" includes third party witnesses who are not parties to the litigation but who wish to invoke the procedures set forth herein to protect the confidentiality and privacy of documents or testimony.

D.    The protection of this Protective Order may be invoked with respect to any covered material in the following manner:

1.    With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential" on each page of the document that is confidential. If the first page of a document containing "Confidential" information is not itself "Confidential," the first page of the document shall bear a legend substantially stating that "This document contains confidential material.";

2.    With respect to discovery requests or the responses thereto, the pages of such requests or responses containing "Confidential" materials shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Confidential Material;"

3.    With respect to any deposition, "Confidential" treatment may be invoked by: (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, or (2) designating specific pages as "Confidential" and serving such designation within thirty (30) days of receipt of the transcript of the deposition in which the designation is made. All deposition testimony and transcripts shall be treated as "Confidential" from the time of the deposition to the

conclusion of the said thirty (30) day period, unless otherwise agreed in writing or on the record by the parties. If such a large bulk of a deposition is deemed "Confidential" by a designating party as to render the remaining transcript relatively minor, the designating party may designate the entire transcript "Confidential" rather than only a portion thereof.

E.     Any party believing material designated as "Confidential" by another is public or is otherwise not entitled to such designation may advise the designating party of that belief in writing, provide a brief statement of the basis for that belief with service on all other parties, and allow ten (10) days for the designating party to respond. If the designating party does not modify its designation of the material, the provisions of this Protective Order shall continue to apply unless modified by the Court upon motion by any party.

F.     If any producing party inadvertently produces or discloses any "Confidential" information without marking it with the appropriate legend, the producing party may give notice to the receiving party that the information should be treated in accordance with the terms of this Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, the receiving party shall destroy or return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

G.     Inadvertent production of any document which a party or non-party later claims in good faith should not have been produced because of a privilege, including

but not limited to the attorney-client privilege or work-product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to have waived any privilege.  A party or non-party may request the return of any Inadvertently Produced Privileged Document.  A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production.  If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party, such document (and all copies thereof) shall be returned to the requesting party or non-party within 10 days.  The party returning such material may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

## IV.    Designation of Materials as "Highly Confidential"

A.      It is possible that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in Part II.B. above, may compromise and/or jeopardize the supplying party's business interests ("Highly Confidential Information") such that the supplying party may deem such Highly Confidential Information to require greater limitations on disclosure than are set forth in Parts I, II and III above. "Highly Confidential Information" should be marked as such, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Highly Confidential Material."

B.     All the provisions set forth in Parts I, II and III applicable to Confidential Information shall apply equally to Highly Confidential Information, except that disclosure of Highly Confidential Information by the receiving party shall be limited to the following persons:

1.     outside counsel; the attorneys, paralegals, assistants and stenographic and clerical employees in the respective firms engaged as outside counsel; the personnel supplied by any litigation support companies with whom outside counsel may work in connection with the Proceeding;

2.     any outside consultant or expert who is assisting outside counsel to whom it is necessary to disclose Highly Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding;

3.     the Court and any members of its staff to whom it is necessary to disclose Highly Confidential Information for the purpose of assisting the Court with respect to the Proceeding; and

4.     stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding.

C.     With respect to individuals identified in Section IV.B.2 above, a party intending to utilize such an individual shall notify all other parties in writing of the individual's name, address, and professional qualifications, and allow five (5) days for any party to object prior to disclosing to the individual any supplying party's Highly Confidential Information. If any party objects to the individual, no party may disclose Highly Confidential Information to the individual unless the objection is overruled by the Court upon motion by a party.

## V.      Filing and Serving of Court Papers

A.      Except as agreed in writing by counsel of record, to the extent that any Confidential Information or Highly Confidential Information is, in whole or in part, quoted, contained in, incorporated in, reflected in, described in, or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information or Highly Confidential Information shall be subject to the terms of this Order, and if filed with the Court, such portion containing Confidential Information or Highly Confidential Information shall be filed as a Sealed Document. All Sealed Documents, filed under seal pursuant to this Order, shall be filed pursuant to Florida Judicial Administration Rules 2.420 and First Judicial Circuit of Florida Administrative Order No. 2007-21, and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise.

B.      All pleadings and other Court filings that contain "Confidential" or "Highly Confidential" materials shall include on the first page of such document, and all copies thereof, a statement substantially to the effect that "This Document Contains Confidential Materials."

## VI.     Use in Court Proceedings

A.      Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or in any open hearing before the Court any "Confidential" or "Highly Confidential" material, provided that reasonable notice of the intended use of such

material shall be given to all counsel of record and any affected designating non-party in order to enable the parties to arrange for appropriate safeguards.

## VII.   Handling and Disposition of Materials at Conclusion of Case

A.   All material designated "Confidential" or "Highly Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such material to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Section II, and copies may be submitted to the Court as provided in Section V hereof as necessary. Within sixty (60) days after such time as this action is concluded, whether by a final adjudication on the merits from which there is no right of review by appeal or petition for certiorari or by other means, each party to whom "Confidential" or "Highly Confidential" material was produced shall, upon the request of the designating party and at the election of the party receiving the materials, either: (1) return all documents and copies containing "Confidential" materials (including but not limited to copies in the possession or control of any Expert or employee) to the party who produced them, or (2) promptly destroy all such materials, and shall provide written certification under oath to the producing party to that effect.

## VIII.   Reservation of Rights

A.   By designating any material "Confidential" or "Highly Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. This Order shall not constitute a waiver of any right to seek discovery of, or

alternatively to resist discovery of, any material in this action. Designation of material as "Confidential" or "Highly Confidential" pursuant to this Order does not in any way restrict or adversely affect the designating party's use or disclosure of such documents. If, after production of materials designated "Confidential" or "Highly Confidential," it comes to the attention of counsel for the designating party that the designating party has since distributed such materials in the public domain, the designating party shall notify the other parties to the action and withdraw its designation.

## IX.    Challenge to Designation

A.    A party or witness (or aggrieved entity permitted by the Court to intervene for such purposes) may apply to the Court for a ruling that any material (or category of material) or testimony designated as "Confidential" or "Highly Confidential" is not entitled to such status and protection. The party or other person that designated the material or testimony as "Confidential" or "Highly Confidential" shall be given notice of the application and an opportunity to respond. To maintain "Confidential" or "Highly Confidential" status, the burden is on the proponent of confidentiality to show by a preponderance of the evidence that there is good cause for the material or testimony to have such protection.

## X.    Modification

A.    Nothing in this Order shall preclude any party from applying to the Court to modify this Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Order for good cause shown.

## XI.   Retention of Jurisdiction

A.    The Court shall retain jurisdiction over all persons to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Protective Order.


DONE AND ORDERED in Okaloosa County, Florida this _____ day of _____, 2014.


_____
John T. Brown
Circuit Court Judge


### CLERK'S CERTIFICATE OF MAILING

I HEREBY CERTIFY that a truce and correct copy of the foregoing has been furnished to all counsel of record and/or parties via regular U.S. Mail on this _____ day of _____, 2014 as follows:

A. Benjamin Gordon
Carin Brown
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541


DON HOWARD
CLERK OF COURT

By: _____
Deputy Clerk

**Exhibit "A"**

**<u>NON-DISCLOSURE AGREEMENT</u>**

I do solemnly swear that I have read and am fully familiar with the terms of the Order Granting Motion for Entry of Confidentiality entered in the action styled *ASI Holding Company, Inc., d/b/a/ Amenity Services, Inc. v. Don Abreu and Andrew Manios*, Case No. 2013-CA-0004103, in the Circuit Court in and for Okaloosa County, Florida. I hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by further Order of that Court.

I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this_____ day of _____ , 201_____, at _____,

Signed Name:      _____

Printed Name:      _____

Employer:      _____

Business Address:      _____

_____

_____

_____

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, DON ABREU

        Plaintiff, by and through its undersigned counsel, gives Notice of Service of

Plaintiff's First Set of Interrogatories to Defendant, Don Abreu, together with a copy of

this Notice.

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this
Court, and a true and correct copy of hereof has been furnished by electronic mail to
Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 22nd day of
May, 2014.

                    */s/ Benjamin Gordon*_____
                    **A. Benjamin Gordon**
                    Florida Bar No.: 528617
                    **Carin Brown**
                    Florida Bar No.: 78088
                    Keefe, Anchors & Gordon, P.A.
                    2113 Lewis Turner Boulevard, Suite 100
                    Ft. Walton Beach, FL  32547
                    Telephone:  (850) 863-1974
                    Facsimile:  (850) 863-1591
                    Email:      bgordon@kaglawfirm.com
                                  cbrown@kaglawfirm.com
                    *Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

### NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT, ANDREW MANIOS

        Plaintiff, by and through its undersigned counsel, gives Notice of Service of Plaintiff's First Set of Interrogatories to Defendant, Andrew Manios, together with a copy of this Notice.

### CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 22nd day of May, 2014.

                                  */s/ Benjamin Gordon*_____
                                  **A. Benjamin Gordon**
                                  Florida Bar No.: 528617
                                  **Carin Brown**
                                  Florida Bar No.: 78088
                                  Keefe, Anchors & Gordon, P.A.
                                  2113 Lewis Turner Boulevard, Suite 100
                                  Ft. Walton Beach, FL  32547
                                  Telephone:  (850) 863-1974
                                  Facsimile:  (850) 863-1591
                                  Email:       bgordon@kaglawfirm.com
                                                cbrown@kaglawfirm.com
                                *Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT DON ABREU

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Don Abreu, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.    The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.      The terms "DEFENDANT," "YOU," "YOUR," "ABREU,"  refer to Defendant, Don Abreu and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Abreu.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.      The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph

records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.  The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

## INSTRUCTIONS

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)     Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.      If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.       Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.      Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.      For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.      In your First Affirmative Defense to Count 1, you contend that "Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Defendants."  Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your

contention that "Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Defendants."

2. In your Second Affirmative Defense to Count 1, you contend that there was a "[v]iolation of the Statute of Limitations," "Plaintiff was not a party to the contract" and that "[n]o subsequent written contract exists." Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your contention that there was a "[v]iolation of the Statute of Limitations," "Plaintiff was not a party to the contract" and that "[n]o subsequent written contract exists."

3. In your First Affirmative Defense to Count 2, you contend that "Plaintiff has failed to describe the misappropriated trade secrets with specificity." Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your contention that "Plaintiff has failed to describe the misappropriated trade secrets with specificity."

4. In your Second Affirmative Defense to Count 2, you contend that there was a "[v]iolation of the Statute of Limitations." Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your contention that there was a "[v]iolation of the Statute of Limitations."

5. Any and all documents that relate to any and all communications between Plaintiff and Defendants.

6. Any and all documents that relate to any and all communications between you and non-parties regarding the subject matter of this case.

7.      Any and all documents, including electronically stored information and emails, that you obtained from ASI at any time.

8.      Any and all documents, including electronically stored information and emails, that evidence, describe, refer, and/or relate to any communication between you, or anyone acting on your behalf, and anyone known by you at the time to have been a current or former client or vender of ASI.


Dated this 22nd day of May, 2014.


/s/ Carin Brown
**A. Benjamin Gordon**
Florida Bar No.: 528617
**Carin Brown**
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:          bgordon@kaglawfirm.com
                      cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 22nd day of May, 2014.

<div style="margin-left: 50%;">

*/s/ Carin Brown* _____
**A. Benjamin Gordon**
Florida Bar No.: 528617
**Carin Brown**
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:          bgordon@kaglawfirm.com
                    cbrown@kaglawfirm.com


*Attorneys for ASI Holding Company, Inc.*

</div>

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

  Plaintiff,         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

  Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT ANDREW MANIOS

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Andrew Manios, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A. The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.     The terms "DEFENDANT," "YOU," "YOUR," "MANIOS,"   refer to Defendant, Andrew Manios and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Manios.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph

records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.  The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios.

I.     The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.     The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

### INSTRUCTIONS

A.     If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)     Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.      If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)      The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)      The circumstances surrounding such disposition, including any authorization therefore; and

(3)      Where applicable, the person currently in possession, custody or control of such document or item.

C.       Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.      Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.      For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.      In your First Affirmative Defense to Count 1, you contend that "Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Defendants."  Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your

contention that "Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Defendants."

2.     In your Second Affirmative Defense to Count 1, you contend that there was a "[v]iolation of the Statute of Limitations," "Plaintiff was not a party to the contract" and that "[n]o subsequent written contract exists."   Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your contention that there was a "[v]iolation of the Statute of Limitations," "Plaintiff was not a party to the contract" and that "[n]o subsequent written contract exists."

3.     In your First Affirmative Defense to Count 2, you contend that "Plaintiff has failed to describe the misappropriated trade secrets with specificity."   Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your contention that "Plaintiff has failed to describe the misappropriated trade secrets with specificity."

4.     In your Second Affirmative Defense to Count 2, you contend that there was a "[v]iolation of the Statute of Limitations."   Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your contention that there was a "[v]iolation of the Statute of Limitations."

5.     Any and all documents that relate to any and all communications between Plaintiff and Defendants.

6.     Any and all documents that relate to any and all communications between Plaintiff and non-parties regarding the subject matter of this case.

7.      Any and all documents, including electronically stored information and emails, that you obtained from ASI at any time.

8.      Any and all documents, including electronically stored information and emails, that evidence, describe, refer, and/or relate to any communication between you, or anyone acting on your behalf, and anyone known by you at the time to have been a current or former client or vender of ASI.

Dated this 22nd day of May, 2014.

/s/ Carin Brown
**A. Benjamin Gordon**
Florida Bar No.: 528617
**Carin Brown**
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 22nd day of May, 2014.

/s/ Carin Brown
**A. Benjamin Gordon**
Florida Bar No.: 528617
**Carin Brown**
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:          bgordon@kaglawfirm.com
                    cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

CASE NO. 2013 CA 4103

## ORDER GRANTING MOTION FOR ENTRY OF CONFIDENTIALITY ORDER[1]

    THIS MATTER came before the Court in Chambers in Okaloosa County, Florida upon Plaintiff's Motion for Entry of Confidentiality Order (the "Motion"). The Court having reviewed the Motion and Court file, and otherwise being fully advised in the premises, it is

    **ORDERED** as follows:

1.     The Motion is **GRANTED**.

2.     The following terms, are **REQUIRED**:

**I.**     **Scope of Protective Order**

    A.     All information produced in discovery by any party or non-party shall be used solely for the purposes of this litigation, other than information that is or becomes publicly available or is available to the requesting party from another source. Further, the Parties may produce "confidential" or "highly confidential" information, which shall be marked and treated in the manner set forth herein.

---

[1] Plaintiff's Motion for Entry of Confidentiality Order regarding Trade Secrets or Confidential, Proprietary, Commercial Information was electronically filed with the Okaloosa County Clerk of Court on May 7, 2014.

Exhibit 1

B.     The protection of this Protective Order may be invoked with respect to any documents, testimony, information, and things (collectively "materials") produced or created in this action that contain trade secrets or confidential financial, customer, or commercial information of any party or non-party witness, or that the producing party is otherwise required or entitled by law to maintain in confidence, and with respect to any deposition, court filing, correspondence, exhibits or discovery request or response containing or referring to such materials. Said materials may be designated "Confidential" or "Highly Confidential." Such designations may be made by any party or by any non-party producing materials in this action, and the terms "producing party" or "designating party" as used herein shall be deemed to include a non-party that produces materials in this action.

## II.     **Disclosure of "Confidential Materials"**

A.     All Materials produced shall be used solely in the preparation for trial and/or trial of this action, and shall not be used at any time for any other purpose whatsoever, except to the extent such information becomes publicly available (other than through filing in this action) or is available to the requesting party from another source. Materials designated "Confidential," as well as summaries, excerpts and compilations of such materials, shall not be disclosed to or made accessible to any person except as specifically permitted by this Order.

B.     Material designated as "Confidential" by any producing party may be disclosed only to:

1.     The Court, its secretaries, clerks and law clerks and jury members;

2.      Attorneys in a law firm actively involved in the representation of a party in this action, and their secretaries, paralegals, legal assistants and other staff;

3.      In-house attorneys employed by any party to the litigation and working on this litigation, and their secretaries, paralegals and legal assistants;

4.      The parties and officers and employees of the parties assisting counsel in the preparation of the case for trial, for the purpose of trying this proceeding or engaging in appellate proceedings; provided that materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

5.      Any expert or consultant who is retained by any of the parties in this action or their counsel of record to assist counsel in this litigation, and any employee of such an expert assisting in this litigation (this category hereinafter referred to as "Experts");

6.      Any person called to testify as a witness either at a deposition or court proceeding in this action, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order and are required not to disclose information contained in the materials which is designated as "Confidential;"

7.      Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

8.     Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling, or computerization of documents, but only to the extent necessary to provide such services in connection with this litigation and only after being informed of the provisions of this Order and agreeing to abide by its terms; and

9.     Any person who was either an original author or recipient of a document.

C.     With respect to individuals identified in II.B.5 above, a party intending to utilize such an individual shall notify all other parties in writing of the individual's name, address, and professional qualifications, and allow five (5) days for any party to object prior to disclosing to the individual any supplying party's Confidential Information. If any party objects to the individual, no party may disclose Confidential Information to the individual unless the objection is overruled by the Court upon motion by any party. Each person to whom "Confidential" material is disclosed (other than persons described in Section II.B.1, 6, and 9) shall execute a non-disclosure agreement in the form annexed hereto as Exhibit "A" prior to disclosure, and shall agree to be bound by this Order and to be subject to the jurisdiction of this Court for the purpose of enforcement of the terms of this Order, except that individuals identified in Section II.B.2 and 3 shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advise them of the terms of this Order and they agree to be bound thereby. With respect to the individuals/entities identified in Section II.B.7 and 8, it shall be sufficient for a corporate representative for each entity so employed to execute the nondisclosure agreement (Exhibit "A") on one occasion. Counsel disclosing

"Confidential" material to persons required to execute non-disclosure agreements shall retain all such executed agreements. Copies of the executed agreements shall be preserved by counsel and shall be provided to the producing party if the Court so orders upon a showing of good cause.

### III.   Designation of Materials as "Confidential"

A.    "Confidential" materials shall include only such information as the designating party in good faith contends should be protected pursuant to this Order on the grounds that the information constitutes trade secrets or confidential financial, customer, or commercial information, the disclosure of which, other than under the terms of this Order, may cause harm to the public or to the commercial and business interests of the party or non-party witness making the designation.

B.    All materials produced by any party shall be treated by all parties as "Confidential" for a period of twenty (20) days from the date of disclosure. During said period, any non-producing party may designate such materials or any part thereof as "Confidential" if not already designated as such by the producing party, by written notice to all parties, identifying with particularity the designated material.

C.    In making designations of materials pursuant to this Protective Order, the designating party shall give due consideration to whether the information contained in the materials: (1) has been produced, disclosed or made available to the public; (2) has been published, communicated or disseminated to others not obligated or desiring to maintain the confidentiality of the information contained therein; (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality; or (4) is

available from a third party or commercial source that is not obligated or desiring to maintain its confidentiality. The designating party shall also give due consideration to the age of the materials. As used herein, the phrase "designating party" includes third party witnesses who are not parties to the litigation but who wish to invoke the procedures set forth herein to protect the confidentiality and privacy of documents or testimony.

D.      The protection of this Protective Order may be invoked with respect to any covered material in the following manner:

1.      With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential" on each page of the document that is confidential. If the first page of a document containing "Confidential" information is not itself "Confidential," the first page of the document shall bear a legend substantially stating that "This document contains confidential material.";

2.      With respect to discovery requests or the responses thereto, the pages of such requests or responses containing "Confidential" materials shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Confidential Material;"

3.      With respect to any deposition, "Confidential" treatment may be invoked by: (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, or (2) designating specific pages as "Confidential" and serving such designation within thirty (30) days of receipt of the transcript of the deposition in which the designation is made. All deposition testimony and transcripts shall be treated as "Confidential" from the time of the deposition to the

conclusion of the said thirty (30) day period, unless otherwise agreed in writing or on the record by the parties. If such a large bulk of a deposition is deemed "Confidential" by a designating party as to render the remaining transcript relatively minor, the designating party may designate the entire transcript "Confidential" rather than only a portion thereof.

E.     Any party believing material designated as "Confidential" by another is public or is otherwise not entitled to such designation may advise the designating party of that belief in writing, provide a brief statement of the basis for that belief with service on all other parties, and allow ten (10) days for the designating party to respond. If the designating party does not modify its designation of the material, the provisions of this Protective Order shall continue to apply unless modified by the Court upon motion by any party.

F.     If any producing party inadvertently produces or discloses any "Confidential" information without marking it with the appropriate legend, the producing party may give notice to the receiving party that the information should be treated in accordance with the terms of this Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, the receiving party shall destroy or return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

G.     Inadvertent production of any document which a party or non-party later claims in good faith should not have been produced because of a privilege, including

but not limited to the attorney-client privilege or work-product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to have waived any privilege. A party or non-party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party, such document (and all copies thereof) shall be returned to the requesting party or non-party within 10 days. The party returning such material may then move the Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

## IV.    Designation of Materials as "Highly Confidential"

A.    It is possible that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in Part II.B. above, may compromise and/or jeopardize the supplying party's business interests ("Highly Confidential Information") such that the supplying party may deem such Highly Confidential Information to require greater limitations on disclosure than are set forth in Parts I, II and III above. "Highly Confidential Information" should be marked as such, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Highly Confidential Material."

B.      All the provisions set forth in Parts I, II and III applicable to Confidential Information shall apply equally to Highly Confidential Information, except that disclosure of Highly Confidential Information by the receiving party shall be limited to the following persons:

1.      outside counsel; the attorneys, paralegals, assistants and stenographic and clerical employees in the respective firms engaged as outside counsel; the personnel supplied by any litigation support companies with whom outside counsel may work in connection with the Proceeding;

2.      any outside consultant or expert who is assisting outside counsel to whom it is necessary to disclose Highly Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding;

3.      the Court and any members of its staff to whom it is necessary to disclose Highly Confidential Information for the purpose of assisting the Court with respect to the Proceeding; and

4.      stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding.

C.      With respect to individuals identified in Section IV.B.2 above, a party intending to utilize such an individual shall notify all other parties in writing of the individual's name, address, and professional qualifications, and allow five (5) days for any party to object prior to disclosing to the individual any supplying party's Highly Confidential Information. If any party objects to the individual, no party may disclose Highly Confidential Information to the individual unless the objection is overruled by the Court upon motion by a party.

## V.    **Filing and Serving of Court Papers**

A.      Except as agreed in writing by counsel of record, to the extent that any

Confidential Information or Highly Confidential Information is, in whole or in part, quoted,

contained in, incorporated in, reflected in, described in, or attached to any pleading,

motion, memorandum, appendix or other judicial filing, counsel shall file that submission

under seal and that document shall be designated and treated as a "Sealed Document."

Disclosure of any portion of the transcript of a deposition which reflects or contains

Confidential Information or Highly Confidential Information shall be subject to the terms

of this Order, and if filed with the Court, such portion containing Confidential Information

or Highly Confidential Information shall be filed as a Sealed Document. All Sealed

Documents, filed under seal pursuant to this Order, shall be filed pursuant to Florida

Judicial Administration Rules 2.420 and First Judicial Circuit of Florida Administrative

Order No. 2007-21, and shall remain under seal until such time as this Court, or any

court of competent jurisdiction, orders otherwise.

B.      All pleadings and other Court filings that contain "Confidential" or "Highly

Confidential" materials shall include on the first page of such document, and all copies

thereof, a statement substantially to the effect that "This Document Contains

Confidential Materials."

## VI.    **Use in Court Proceedings**

A.      Nothing contained in this Order shall be construed to prejudice any party's

right to use at trial or in any open hearing before the Court any "Confidential" or "Highly

Confidential" material, provided that reasonable notice of the intended use of such

material shall be given to all counsel of record and any affected designating non-party in order to enable the parties to arrange for appropriate safeguards.

## VII.    Handling and Disposition of Materials at Conclusion of Case

A.     All material designated "Confidential" or "Highly Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such material to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Section II, and copies may be submitted to the Court as provided in Section V hereof as necessary. Within sixty (60) days after such time as this action is concluded, whether by a final adjudication on the merits from which there is no right of review by appeal or petition for certiorari or by other means, each party to whom "Confidential" or "Highly Confidential" material was produced shall, upon the request of the designating party and at the election of the party receiving the materials, either: (1) return all documents and copies containing "Confidential" materials (including but not limited to copies in the possession or control of any Expert or employee) to the party who produced them, or (2) promptly destroy all such materials, and shall provide written certification under oath to the producing party to that effect.

## VIII.    Reservation of Rights

A.     By designating any material "Confidential" or "Highly Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. This Order shall not constitute a waiver of any right to seek discovery of, or

alternatively to resist discovery of, any material in this action. Designation of material as "Confidential" or "Highly Confidential" pursuant to this Order does not in any way restrict or adversely affect the designating party's use or disclosure of such documents. If, after production of materials designated "Confidential" or "Highly Confidential," it comes to the attention of counsel for the designating party that the designating party has since distributed such materials in the public domain, the designating party shall notify the other parties to the action and withdraw its designation.

## IX.   Challenge to Designation

A.      A party or witness (or aggrieved entity permitted by the Court to intervene for such purposes) may apply to the Court for a ruling that any material (or category of material) or testimony designated as "Confidential" or "Highly Confidential" is not entitled to such status and protection. The party or other person that designated the material or testimony as "Confidential" or "Highly Confidential" shall be given notice of the application and an opportunity to respond. To maintain "Confidential" or "Highly Confidential" status, the burden is on the proponent of confidentiality to show by a preponderance of the evidence that there is good cause for the material or testimony to have such protection.

## X.   Modification

A.      Nothing in this Order shall preclude any party from applying to the Court to modify this Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Order for good cause shown.

**XI.** **Retention of Jurisdiction**

A. The Court shall retain jurisdiction over all persons to be bound by the terms of this Order, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Protective Order.

DONE AND ORDERED in Okaloosa County, Florida this 2nd day of _June_, 2014.

John T. Brown
Circuit Court Judge

**CLERK'S CERTIFICATE OF MAILING**

I HEREBY CERTIFY that a truce and correct copy of the foregoing has been furnished to all counsel of record and/or parties via regular U.S. Mail on this __3__ day of __June__, 2014 as follows:

A. Benjamin Gordon
Carin Brown
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541

DON HOWARD
CLERK OF COURT

By: _Diane Watt_
Deputy Clerk

**Exhibit "A"**

## <u>NON-DISCLOSURE AGREEMENT</u>

I do solemnly swear that I have read and am fully familiar with the terms of the Order Granting Motion for Entry of Confidentiality entered in the action styled *ASI Holding Company, Inc., d/b/a/ Amenity Services, Inc. v. Don Abreu and Andrew Manios*, Case No. 2013-CA-0004103, in the Circuit Court in and for Okaloosa County, Florida. I hereby agree to comply with and be bound by the terms and conditions of that Order unless and until modified by further Order of that Court.

I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this_____ day of _____ , 201_____, at _____,

Signed Name: _____

Printed Name: _____

Employer: _____

Business Address: _____

_____

_____

_____

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## NOTICE OF SERVICE OF PLAINTIFF'S CONFIDENTIAL DOCUMENTS

Plaintiff, by and through its undersigned counsel, gives Notice of Service of Plaintiff's Confidential Documents pursuant to the Court's Confidentiality Order filed June 3, 2014, to Defendants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 20th day of June, 2014.

              */s/ Carin Brown*_____
              **A. Benjamin Gordon**
              Florida Bar No.: 528617
              **Carin Brown**
              Florida Bar No.: 78088
              Keefe, Anchors & Gordon, P.A.
              2113 Lewis Turner Boulevard, Suite 100
              Ft. Walton Beach, FL  32547
              Telephone:  (850) 863-1974
              Facsimile:  (850) 863-1591
              Email:     bgordon@kaglawfirm.com
                           cbrown@kaglawfirm.com

              *Attorneys for ASI Holding Company, Inc.*

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

     Plaintiff,

vs.                             CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

     Defendants.

_____/

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that Defendant, *DON ABREU's Answers to Plaintiff's First Set of Interrogatories to Don Abreu*, have been furnished to *A. Benjamin Gordon, Esquire*, 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, by regular U.S. Mail this 25th day of June, 2014.

*JOSEPH M. SCHEYD, JR., ESQUIRE*
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
*Attorney for Defendants*
Jay@jscheyd.com
Tiffany@jscheyd.com

*IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA*

ASI HOLDING COMPANY, INC.,
*d/b/a Amenity Services, Inc.*
*a Florida corporation,*

     *Plaintiff,*

*vs.*                              *CASE NO.: 13 CA 4103*

DON ABREU, *an individual, and*
ANDREW MANIOS, *an individual,*

     *Defendants.*

_____/

*RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION*
*TO DEFENDANT, DON ABREU*

Defendant, *DON ABREU*, by and through the undersigned attorney, hereby responds to Plaintiff's First Request for Production to Defendant, *DON ABREU*, as follows:

1.    Plaintiff has not provided a valid and fully executed Non-Disclosure Agreement. Abreu has no such document.  Abreu reserves the right to amend this response during the course of discovery.

2.    See attached Non-Disclosure Agreement between Don Abreu and Darrell Blanton dated July 19, 1996.

3.    There are no documents in Plaintiff's Complaint that describe trade secrets of any kind.  Abreu reserves the right to amend this response during the course of discovery.

4.    The only document applicable to the Statute of Limitations is the Non-Disclosure Agreement between Don Abreu and Darrell Blanton as referenced in Request for Production #2.

5.      See all documents attached that relate to any communications between Plaintiff and Defendant, Abreu.

6.      There are no documents related to any communications to non-parties regarding this case.

7.      All documents obtained from ASI at any time include the following:

a.      ASI Employee Handbook provided to me by ASI during the first day of employment;

b.      The Information Systems Policy provided to me by ASI during the first day of employment;

c.      The Master Baseline Property Management Agreement (PMC) Agreement;

d.      The Master Baseline Amenity Provider Agreement.

All of the above documents are in the possession of Plaintiff.  There are no other e-mails or documents either sourced or retained from ASI.

8.      See correspondence between Abreu and ASI employees and clients attached.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that Defendant, *DON ABREU's Responses to Plaintiff's First Request for Production to Defendant, Don Abreu,* have been furnished to *A. Benjamin Gordon, Esquire,* 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, by regular

U.S. Mail this _25th_ day of June, 2014.

_____

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
ATTORNEY FOR DEFENDANTS
Jay@jscheyd.com
Tiffany@jscheyd.com