## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## NOTICE OF VIDEOTAPED DEPOSITION
## OF ANDREW MANIOS

To:    Joseph M. Scheyd
        1221 Airport Road, Suite 209
        Destin, FL  32541

      You are hereby notified that, on **Thursday, August 28, 2014 at 9:00 a.m. CST**, the undersigned will take the video deposition[1] of Andrew Manios, upon oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court reporter at the office of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, FL 32547.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 27th day of June, 2014.

_____

[1]The deposition will be videotaped by a representative of Trawick Reporting & Video, 126 Eglin Parkway NE, Fort Walton Beach, FL  32548.

*/s/ Carin Brown*                         
**A. Benjamin Gordon**
Florida Bar No.: 528617
**Carin Brown**
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

Filing # 13151 Electronically Filed 06/27/2014 02:23:50 PM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

**NOTICE OF VIDEOTAPED DEPOSITION
OF DON ABREU**

To:    Joseph M. Scheyd
       1221 Airport Road, Suite 209
       Destin, FL 32541

You are hereby notified that, on **Wednesday, August 27, 2014 at 9:00 a.m. CST**, the undersigned will take the video deposition[1] of Don Abreu, upon oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court reporter at the office of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, FL 32547.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 27th day of June, 2014.

_____

[1]The deposition will be videotaped by a representative of Trawick Reporting & Video, 126 Eglin Parkway NE, Fort Walton Beach, FL 32548

*/s/ Carin Brown* _____
**A. Benjamin Gordon**
Florida Bar No.: 528617
**Carin Brown**
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:         bgordon@kaglawfirm.com
                  cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

     Plaintiff,

vs.                                CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

     Defendants.

_____/

## NOTICE OF FILING

Defendant, *ANDREW MANIOS*, by and through the undersigned attorney, hereby files the

Notice of Bankruptcy filed on behalf of George Andrew Manios dated February 1, 2014.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing instrument has been

electronically filed using the E-Portal Filing System this _7th_ day of August, 2014.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
*Attorney for Defendants*
Jay@jscheyd.com
Tiffany@jscheyd.com

United States Bankruptcy Court
District of South Carolina

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 7 of the United States
Bankruptcy Code, entered on 02/01/2014 at 12:18 PM
and filed on 02/01/2014.



FILED
02/01/2014
12:18 PM

**George Andrew Manios**
804 Encampment Court
Myrtle Beach, SC 29579
SSN / ITIN: ■■■■■■■

The case was filed by the debtor's attorney:         The bankruptcy trustee is:

**Robert A. Pohl**                                   **Kevin Campbell**
POHL, P.A.                                           PO Box 684
PO Box 27290                                         Mount Pleasant, SC 29465
Greenville, SC 29616
864-361-4827                                         (843) 884-6874

The case was assigned case number 14-00648-dd to Judge David R. Duncan.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.scb.uscourts.gov or at the Clerk's Office, J. Bratton Davis
United States, Bankruptcy Courthouse, 1100 Laurel Street, Columbia, SC 29201-2423.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

                                                    **Laura A. Austin**
                                                    **Clerk, United States**
                                                    **Bankruptcy Court**

| PACER Service Center |
|---|

| Transaction Receipt | | | |
|---|---|---|---|
| 02/01/2014 13:02:14 | | | |
| PACER Login: | po1208 | Client Code: | Manios, George Andrew |
| Description: | Notice of Filing | Search Criteria: | 14-00648-dd |
| Billable Pages: | 1 | Cost: | 0.10 |

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                               CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

### NOTICE OF POSTPONEMENT OF DEPOSITION OF ANDREW MANIOS

To:    Joseph M. Scheyd
       1221 Airport Road, Suite 209
       Destin, FL  32541

       YOU ARE HEREBY NOTIFIED that the deposition of Andrew Manios scheduled

to occur on August 28, 2014 starting at 9:00 a.m. CST, has been postponed. The

deposition will be rescheduled at a later date.

### CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this
Court, and a true and correct copy of hereof has been furnished by electronic mail to
Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 20th day of
August, 2014.

                               /s/ A. Benjamin Gordon
                               **A. Benjamin Gordon**
                               Florida Bar No.: 528617
                               **Carin Brown**
                               Florida Bar No.: 78088
                               Keefe, Anchors & Gordon, P.A.
                               2113 Lewis Turner Boulevard, Suite 100
                               Ft. Walton Beach, FL  32547
                               Telephone:   (850) 863-1974
                               Facsimile:     (850) 863-1591

Email:      bgordon@kaglawfirm.com
            cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                                      CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

### NOTICE OF POSTPONEMENT OF DEPOSITION OF DON ABREU

To:    Joseph M. Scheyd
       1221 Airport Road, Suite 209
       Destin, FL  32541

       YOU ARE HEREBY NOTIFIED that the deposition of Don Abreu scheduled to

occur on August 27, 2014 starting at 9:00 a.m. CST, has been postponed. The deposition

will be rescheduled at a later date.

### CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this
Court, and a true and correct copy of hereof has been furnished by electronic mail to
Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 20th day of
August, 2014.

                                   /s/ A. Benjamin Gordon_____
                                   **A. Benjamin Gordon**
                                   Florida Bar No.: 528617
                                   **Carin Brown**
                                   Florida Bar No.: 78088
                                   Keefe, Anchors & Gordon, P.A.
                                   2113 Lewis Turner Boulevard, Suite 100
                                   Ft. Walton Beach, FL  32547
                                   Telephone:  (850) 863-1974
                                   Facsimile:   (850) 863-1591

Email:     bgordon@kaglawfirm.com
           cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

*IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA*

*ASI HOLDING COMPANY, INC.,*
*d/b/a Amenity Services, Inc.*
*a Florida corporation,*

     *Plaintiff,*

*vs.*                                                                          *CASE NO.: 13 CA 4103*

*DON ABREU, an individual, and*
*ANDREW MANIOS, an individual,*

     *Defendants.*

_____/

## NOTICE OF FILING

Defendant, *DON ABREU*, by and through the undersigned attorney, hereby files the

*Affidavit in Support of Motion for Summary Judgment* dated September 29, 2014.

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing instrument has been

furnished via electronic mail to *bgordon@kaglaw.com; cbrown@kaglawfirm.com and*

*mbaughn@kaglawfirm.com* this _____ day of January, 2014.

*JOSEPH M. SCHEYD, JR., ESQUIRE*
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
*Attorney for Defendants*
Jay@jscheyd.com
Tiffany@jscheyd.com

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

     Plaintiff,

vs.                              CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

     Defendants.
_____/

**AFFIDAVIT IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT**

STATE OF _____A 2_____
COUNTY OF _mARy'copA_ .

**BEFORE ME**, the undersigned authority, personally appeared Affiant, *DON ABREU*, who

upon being duly sworn, deposes and states:

1.    Affiant is over the age of twenty-one (21) years.

2.    Affiant was employed by ASI Holding Company, Inc. on or about April 1, 2008.

3.    Prior to Affiant's employment, Affiant entered into a Non-Disclosure Agreement

with Darrell E. Blanton on or about July 19, 1996.  A copy of the Non-Disclosure

Agreement is attached hereto as Exhibit "A" and made a part hereof.

4.    To the best of Affiant's knowledge and belief, ASI Holding Company, Inc. was

not formed until March 26, 2002 or approximately six (6) years after the above-

referenced Non-Disclosure Agreement.  See Exhibit "B" attached hereto and

made a part hereof.

5.   To the best of Affiant's knowledge and belief, Exhibit "A" referenced above expired by its own terms on or about July 19, 2001.

6.   To the best of Affiant's knowledge and belief, Affiant never executed a Non-Disclosure Agreement of any kind with any company of Darrell Blanton including but not limited to ASI Holding Company, Inc.

7.   Affiant does not and has never held in his possession an executed original or copy of a Non-Disclosure Agreement between Affiant and ASI Holding Company, Inc.

8.   Affiant has never removed any record from ASI Holding Company, Inc., including but not limited to an executed original or copy of a Non-Disclosure Agreement between Affiant and ASI Holding Company, Inc.

*FURTHER, AFFIANT SAYETH NAUGHT.*

DON ABREU

The foregoing instrument was executed before me this _____ day of September, 2014 by *Don Abreu*, who is personally known to me or who has produced _DRIVERS LIC_ as identification and who did take an oath and acknowledged and declared that he executed the same for the uses and purposes therein set forth.

NOTARY PUBLIC
My Commission Expires: _05/31/15_

NOTARY PUBLIC
STATE OF ARIZONA
Maricopa County
RONALD KEITH CRAWFORD
My Commission Expires May 31, 2015

# NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between DARRELL E. BLANTON, (hereinafter referred to as "DISCLOSER"), and _Don Abreu_ , having a business address at 2407 E. Goldenrod St., Phoenx, Az 85048, (hereinafter referred to as "DISCLOSEE").

WHEREAS, DISCLOSER possesses information, data and experience relating to GOLF/RANGE BALL AMENITY PROGRAM, (the "BUSINESS PLAN"); and

WHEREAS, said BUSINESS PLAN is considered by DISCLOSER to be secret and confidential and constitute a valuable commercial asset to DISCLOSER; and

WHEREAS, DISCLOSER is willing, subject to the terms and conditions hereof, to disclose so much of BUSINESS PLAN to DISCLOSEE as may be necessary for the purposes of enabling DISCLOSEE to evaluate said BUSINESS PLAN.

NOW THEREFORE, DISCLOSEE and DISCLOSER agree as follows:

1. The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above constituting the BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by DISCLOSEE in writing, by oral disclosure, or otherwise from DISCLOSER, except:

A. Information which at the time of disclosure by DISCLOSER to DISCLOSEE, is in the public domain.

B. Information which after disclosure by DISCLOSER to DISCLOSEE enters the public domain where such entry is not the

_Exhibit "A"_

performed by DISCLOSEE, either for itself, or for any other person, firm or corporation.

B.   Confidential Information to third parties shall only be disclosed by DISCLOSEE by written consent of DISCLOSER, and subsequent to the execution of Disclosure Agreements between DISCLOSEE and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, DISCLOSEE will not supply any such Confidential Information to any other customer or potential customer of DISCLOSER.

C.   To keep all such Confidential Information secret, and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes, and all copies, reproductions, reprints and translations to be plainly marked to indicate the secret and confidential nature thereof and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

D.   DISCLOSEE will use the same degree of care in protecting DISCLOSER'S Confidential Information as it uses in protecting its own; but in no event shall DISCLOSEE fail to maintain the minimum standards set out in C above.

E.   To surrender to DISCLOSER all written materials received from DISCLOSER, upon DISCLOSER'S request and to refrain from any reproduction of DISCLOSER'S written materials.

5.   This Agreement represents the sole Agreement between the

result of a breach of this Agreement.

C.   Information which, prior to disclosure by DISCLOSER to DISCLOSEE was already in DISCLOSEE'S possession, as evidenced by written records, and not subject to an obligation of confidence imposed by another Agreement or in another relationship.

D.   Information which, subsequent to disclosure by DISCLOSER to DISCLOSEE, is obtained by DISCLOSEE from a third party who is lawfully in possession of such information and not subject to a contractual or fiduciary relationship to DISCLOSER with respect to non-disclosure of said information, and who does not require DISCLOSEE to undertake a confidential commitment with respect to such information.

2.   There shall be no obligation of confidentiality on the part of the DISCLOSEE with respect to any information supplied or divulged to DISCLOSEE after the expiration of five (5) years from the date of this Agreement.

3.   In the event that DISCLOSER obtains United States Patents covering the disclosed Confidentiality Information, or portions thereof, DISCLOSER shall thereafter rely solely on the rights under said Patents with respect to that subject matter disclosed, or made publicly available.

4.   In consideration of DISCLOSER'S willingness to disclose Confidential Information, DISCLOSEE agrees:

A.   Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work

parties as of the date of this Agreement.

6.   This Agreement will be governed and construed in accordance with the Laws of the State of Florida.

7.   The persons signing below represent and warrant their authority to bind the parties in this Agreement.

DISCLOSEE:

FOR: _Dynamic Training Systems, Inc_

BY: _Don Abreu_

TITLE: _President_

DATE: _19 July '96_


DISCLOSER:

_Darrell Blanton_

DARRELL BLANTON
DATE: _8-10-16_

TOTAL P.04

# PO2000032893

## Florida Department of State
### Division of Corporations
Public Access System
Katherine Harris, Secretary of State

---

### Electronic Filing Cover Sheet

---

Note: Please print this page and use it as a cover sheet. Type the fax audit
number (shown below) on the top and bottom of all pages of the document.

### (((H02000064599 2)))

Note: DO NOT hit the REFRESH/RELOAD button on your browser from this
page. Doing so will generate another cover sheet.

---

```
To:
    Division of Corporations
    Fax Number       : (850)205-0381

From:
    Account Name     : CLARK, PARTINGTON, HART - DESTIN
    Account Number   : I20000000040
    Phone            : (850)650-3304
    Fax Number       : (850)650-3305
```

SECRETARY OF STATE
TALLAHASSEE, FLORIDA
2002 MAR 26 PM 2: 26
FILED

---

# FLORIDA PROFIT CORPORATION OR P.A.

## ASI Holding Company, Inc.

| | |
|---|---|
| Certificate of Status | 1 |
| Certified Copy | 0 |
| Page Count | 04 |
| Estimated Charge | $78.75 |

T SMITH MAR 2 6 2002

3/25/02

Exhibit "B"

03/26/2002 08:40 FAX 850 650 3305          CPH DESTIN

FILED ☐002/005

2002 MAR 26  PM 12: 26
H02000064599 2 26
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

## ARTICLES OF INCORPORATION

### OF

### ASI HOLDING COMPANY, INC.

The undersigned incorporator, DARRELL E. BLANTON, an individual authorized to contract, hereby presents these Articles of Incorporation for the formation of a corporation under the provisions of Chapter 607, Florida Statutes.

### ARTICLE I - NAME

The name of this corporation is ASI Holding Company, Inc.

### ARTICLE II - PRINCIPAL OFFICE

The address of the principal office of the corporation is 35008 Emerald Coast Parkway, Suite 302, Destin, Florida 32541.

### ARTICLE III - PURPOSE

This corporation is organized for the purpose of transacting any and all lawful business under the laws of the State of Florida and the laws of the United States.

### ARTICLE IV - CAPITAL STOCK

This corporation is authorized to issue one thousand (1000) shares of $1.00 par value common stock.

H02000064599 2

H02000064599 2

## ARTICLE V – TERM OF EXISTENCE

This corporation shall have perpetual existence.

## ARTICLE VI – RESTRICTIONS ON TRANSFER OF STOCK

Unless waived by written agreement between this corporation and its shareholder(s), shares held by persons receiving shares in the initial issue of stock in this corporation may not be resold to other persons unless such shares are first offered to this corporation, and, if not so purchased, then to the other share-holders, if any, at the price and terms identical to the proposed sale to a third person.   The restrictions contained in this Article VI may be modified by a separate written agreement among the corporation and the shareholders receiving shares in the initial issuance of stock of the corporation.

## ARTICLE VII – INITIAL REGISTERED OFFICE AND AGENT

The address of the initial registered office of this corpora-tion shall be 35008 Emerald Coast Parkway, Suite 302, Destin, Florida 32541, and the name of the initial registered agent of this corporation at that address is Darrell E. Blanton.

2

H02000064599 2

H02000064599 2

## ARTICLE VIII - INITIAL BOARD OF DIRECTORS

This corporation shall have three (3) directors initially. The number of directors may be either increased or diminished from time to time by the bylaws of the corporation, but shall never be less than one (1).   The names and addresses of the initial directors of this corporation are:

> Darrell E. Blanton
> 35008 Emerald Coast Parkway, Suite 302
> Destin, Florida 32541
>
> Rupert E. Phillips
> 1217 Airport Road, #419
> Destin, Florida 32541
>
> Richard Olson
> 1234 Airport Road, Suite 215
> Destin, Florida 32541.

## ARTICLE IX - INCORPORATOR

The name and address of the person signing these Articles are:

> Darrell E. Blanton
> 35008 Emerald Coast Parkway, Suite 302
> Destin, Florida 32541.

## ARTICLE X - COMMENCEMENT OF CORPORATE EXISTENCE

The date for commencement of this corporation's existence shall be the date these Articles are filed with the Secretary of State.

## ARTICLE XI - AMENDMENT

This corporation reserves the right to amend or repeal any provisions contained in these Articles of Incorporation or any

H02000064599 2

H02000064599 2

amendment hereto, and any right conferred upon the shareholders is subject to this reservation.

IN WITNESS WHEREOF, the undersigned incorporator has executed these Articles of Incorporation on the 25th day of March, 2002.

INCORPORATOR:

_____
DARRELL E. BLANTON

REGISTERED AGENT ACCEPTANCE

I do hereby accept the foregoing designation as registered agent of ASI Holding Company, Inc. Further, I am familiar with and accept the duties and obligations of such designation.

_____
DARRELL E. BLANTON

Date: _____3/25/_____, 2002

FILED
2002 MAR 26  PM 12: 26
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

4                                    H02000064599 2

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                               CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

MOTION FOR PARTIAL SUMMARY JUDGMENT

      Defendant, *DON ABREU, (ABREU)*, by and through the undersigned attorney, moves this Court for partial summary judgment as to Count I Breach of Non-Disclosure Agreements, and states:

    1.     In Plaintiff's Complaint, Plaintiff alleges that *ABREU* entered into a Non-Disclosure Agreement with Plaintiff in 1996.  However, the attached Agreement is between Blanton and *ABREU* not Plaintiff and *ABREU*.  A copy of the Non-Disclosure Agreement is attached as Exhibit "B" to Plaintiff's Complaint.

    2.     The 1996 Non-Disclosure Agreement expired by its own terms 5 years from the date of the Agreement or on or about August of 2001.

    3.     Plaintiff's Complaint further alleges that at the start of *ABREU's* 2008 contract, *ABREU* entered into another Non-Disclosure Agreement with Plaintiff.

    4.     Plaintiff's cause of action in Count I is entirely based on a subsequent Non-Disclosure Agreement between the parties dated in 2008.  However, no such

document executed by the parties is attached to Plaintiff's Complaint.

5.    *ABREU* has never executed a Non-Disclosure Agreement subsequent to the 1996 Agreement.  Moreover, *ABREU* has never had in his possession <u>any</u> executed Non-Disclosure Agreement between Plaintiff and *ABREU*.  *ABREU* has never removed any record from Plaintiff's office or "filing cabinet", including but not limited to an original or copy of a Non-Disclosure Agreement between Plaintiff and *ABREU*.  A copy of *ABREU's* Affidavit in support of this Motion is attached hereto as Exhibit "A" and made a part hereof.

6.    Plaintiff has not provided any such document to support Plaintiff's claims in Count I.

7.    Summary Judgment on an Affirmative Defense to the Complaint is only appropriate if there is no material dispute regarding the facts in support of the defense. *<u>Bay & Gulf Laundry Equipment Company v Chateau Tower, Inc.</u>, 484 So.2d 613 (Fla. 2d DCA 1996)*.  *ABREU* has asserted in his first Affirmative Defense that no valid contract to enforce Plaintiff's claim for breach of a Non-Disclosure Agreement exists.  *ABREU* has requested through discovery any evidence in support of the breach of the Non-Disclosure Count.  No such evidence has been provided.  While Plaintiff has attached an unexecuted copy of a Non-Disclosure Agreement in support of Count I, it should not be considered in opposition to *ABREU's* Motion for Summary Judgment.  A Florida court may not consider an unauthorized document in ruling on a Motion for Summary Judgment, even if it appears that such document, if properly authenticated, may have been dispositive. *<u>Tunnell v Hicks</u>, 574 So.2d 264 (Fla. 1ˢᵗ DCA 1991)*.

As such, consistent with the requirements of a Motion for Summary Judgment, there is no question as to any material fact and, therefore, *ABREU* is entitled to Summary Judgment as a matter of law.

### CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing instrument has been furnished via electronic mail to *bgordon@kaglaw.com; cbrown@kaglawfirm.com* and *mbaughn@kaglawfirm.com* this 10th day of February, 2015..

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
*Attorney for Defendants*
Jay@jscheyd.com
Tiffany@jscheyd.com

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                             CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

### AFFIDAVIT IN SUPPORT OF MOTION
### FOR SUMMARY JUDGMENT

STATE OF _Az_
COUNTY OF _mAricopA_

BEFORE ME, the undersigned authority, personally appeared Affiant, DON ABREU, who upon being duly sworn, deposes and states:

1. Affiant is over the age of twenty-one (21) years.

2. Affiant was employed by ASI Holding Company, Inc. on or about April 1, 2008.

3. Prior to Affiant's employment, Affiant entered into a Non-Disclosure Agreement with Darrell E. Blanton on or about July 19, 1996. A copy of the Non-Disclosure Agreement is attached hereto as Exhibit "A" and made a part hereof.

4. To the best of Affiant's knowledge and belief, ASI Holding Company, Inc. was not formed until March 26, 2002 or approximately six (6) years after the above-referenced Non-Disclosure Agreement. See Exhibit "B" attached hereto and made a part hereof.



Exhibit "A"

5.    To the best of Affiant's knowledge and belief, Exhibit "A" referenced above expired by its own terms on or about July 19, 2001.

6.    To the best of Affiant's knowledge and belief, Affiant never executed a Non-Disclosure Agreement of any kind with any company of Darrell Blanton including but not limited to ASI Holding Company, Inc.

7.    Affiant does not and has never held in his possession an executed original or copy of a Non-Disclosure Agreement between Affiant and ASI Holding Company, Inc.

8.    Affiant has never removed any record from ASI Holding Company, Inc., including but not limited to an executed original or copy of a Non-Disclosure Agreement between Affiant and ASI Holding Company, Inc.

*FURTHER, AFFIANT SAYETH NAUGHT.*

*DON ABREU*

The foregoing instrument was executed before me this _____ day of September, 2014 by *Don Abreu,* who is personally known to me or who has produced DRIVERS LIC as identification and who did take an oath and acknowledged and declared that he executed the same for the uses and purposes therein set forth.

*NOTARY PUBLIC*
*My Commission Expires:* 05/31/15



NOTARY PUBLIC
STATE OF ARIZONA
Maricopa County
RONALD KEITH CRAWFORD
My Commission Expires May 31, 2015

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between DARRELL E. BLANTON, (hereinafter referred to as "DISCLOSER"), and ___Don Abbeu___, having a business address at 2407 E. Goldenrod St., Phoenix, Az. 85048 (hereinafter referred to as "DISCLOSEE").

WHEREAS, DISCLOSER possesses information, data and experience relating to GOLF/RANGE BALL AMENITY PROGRAM, (the "BUSINESS PLAN"); and

WHEREAS, said BUSINESS PLAN is considered by DISCLOSER to be secret and confidential and constitute a valuable commercial asset to DISCLOSER; and

WHEREAS, DISCLOSER is willing, subject to the terms and conditions hereof, to disclose so much of BUSINESS PLAN to DISCLOSEE as may be necessary for the purposes of enabling DISCLOSEE to evaluate said BUSINESS PLAN.

NOW THEREFORE, DISCLOSEE and DISCLOSER agree as follows:

1. The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above constituting the BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by DISCLOSEE in writing, by oral disclosure, or otherwise from DISCLOSER, except:

   A. Information which at the time of disclosure by DISCLOSER to DISCLOSEE, is in the public domain.

   B. Information which after disclosure by DISCLOSER to DISCLOSEE enters the public domain where such entry is not the

Exhibit "A"

performed by DISCLOSEE, either for itself, or for any other person, firm or corporation.

B.   Confidential Information to third parties shall only be disclosed by DISCLOSEE by written consent of DISCLOSER, and subsequent to the execution of Disclosure Agreements between DISCLOSEE and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, DISCLOSEE will not supply any such Confidential Information to any other customer or potential customer of DISCLOSER.

C.   To keep all such Confidential Information secret, and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes, and all copies, reproductions, reprints and translations to be plainly marked to indicate the secret and confidential nature thereof and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

D.   DISCLOSEE will use the same degree of care in protecting DISCLOSER'S Confidential Information as it uses in protecting its own; but in no event shall DISCLOSEE fail to maintain the minimum standards set out in C above.

E.   To surrender to DISCLOSER all written materials received from DISCLOSER, upon DISCLOSER'S request and to refrain from any reproduction of DISCLOSER'S written materials.

5.   This Agreement represents the sole Agreement between the

result of a breach of this Agreement.

        C.    Information which, prior to disclosure by DISCLOSER to DISCLOSEE was already in DISCLOSEE'S possession, as evidenced by written records, and not subject to an obligation of confidence imposed by another Agreement or in another relationship.

        D.    Information which, subsequent to disclosure by DISCLOSER to DISCLOSEE, is obtained by DISCLOSEE from a third party who is lawfully in possession of such information and not subject to a contractual or fiduciary relationship to DISCLOSER with respect to non-disclosure of said information, and who does not require DISCLOSEE to undertake a confidential commitment with respect to such information.

        2.    There shall be no obligation of confidentiality on the part of the DISCLOSEE with respect to any information supplied or divulged to DISCLOSEE after the expiration of five (5) years from the date of this Agreement. .

        3.    In the event that DISCLOSER obtains United States Patents covering the disclosed Confidentiality Information, or portions thereof, DISCLOSER shall thereafter rely solely on the rights under said Patents with respect to that subject matter disclosed, or made publicly available.

        4.    In consideration of DISCLOSER'S willingness to disclose Confidential Information, DISCLOSEE agrees:

        A.    Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work

parties as of the date of this Agreement.

6.  This Agreement will be governed and construed in accordance with the Laws of the State of Florida.

7.  The persons signing below represent and warrant their authority to bind the parties in this Agreement.

DISCLOSEE:

FOR: _Dynamic Training Systems, Inc_

BY: _Don Abbou_

TITLE: _President_

DATE: _19 July '96_

DISCLOSER:

_Darrell B. Blanton_

DARRELL BLANTON

DATE: _8-10-96_

TOTAL P.04

**PO2000032893**

# Florida Department of State
## Division of Corporations
### Public Access System
#### Katherine Harris, Secretary of State

### Electronic Filing Cover Sheet

**Note: Please print this page and use it as a cover sheet.** Type the fax audit number (shown below) on the top and bottom of all pages of the document.

### (((H02000064599 2)))

**Note:** DO NOT hit the REFRESH/RELOAD button on your browser from this page. Doing so will generate another cover sheet.

```
To:
     Division of Corporations
     Fax Number    : (850)205-0381

From:
     Account Name  : CLARK, PARTINGTON, HART - DESTIN
     Account Number : I20000000040
     Phone         : (850)650-3304
     Fax Number    : (850)650-3305
```

SECRETARY OF STATE
TALLAHASSEE, FLORIDA
2002 MAR 26 PM 12: 26
FILED

# FLORIDA PROFIT CORPORATION OR P.A.

## ASI Holding Company, Inc.

| Certificate of Status | 1 |
|---|---|
| Certified Copy | 0 |
| Page Count | 04 |
| Estimated Charge | $78.75 |

T SMITH MAR 26 2002

Exhibit "B"

FILED @002/005

2002 MAR 26  PM 12: 26
H02000064599 2
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

## ARTICLES OF INCORPORATION

## OF

## ASI HOLDING COMPANY, INC.

The undersigned incorporator, DARRELL E. BLANTON, an individual authorized to contract, hereby presents these Articles of Incorporation for the formation of a corporation under the provisions of Chapter 607, Florida Statutes.

### ARTICLE I - NAME

The name of this corporation is ASI Holding Company, Inc.

### ARTICLE II - PRINCIPAL OFFICE

The address of the principal office of the corporation is 35008 Emerald Coast Parkway, Suite 302, Destin, Florida 32541.

### ARTICLE III - PURPOSE

This corporation is organized for the purpose of transacting any and all lawful business under the laws of the State of Florida and the laws of the United States.

### ARTICLE IV - CAPITAL STOCK

This corporation is authorized to issue one thousand (1000) shares of $1.00 par value common stock.

H02000064599 2

H02000064599 2

## ARTICLE V – TERM OF EXISTENCE

This corporation shall have perpetual existence.

## ARTICLE VI – RESTRICTIONS ON TRANSFER OF STOCK

Unless waived by written agreement between this corporation and its shareholder(s), shares held by persons receiving shares in the initial issue of stock in this corporation may not be resold to other persons unless such shares are first offered to this corporation, and, if not so purchased, then to the other shareholders, if any, at the price and terms identical to the proposed sale to a third person. The restrictions contained in this Article VI may be modified by a separate written agreement among the corporation and the shareholders receiving shares in the initial issuance of stock of the corporation.

## ARTICLE VII – INITIAL REGISTERED OFFICE AND AGENT

The address of the initial registered office of this corporation shall be 35008 Emerald Coast Parkway, Suite 302, Destin, Florida 32541, and the name of the initial registered agent of this corporation at that address is Darrell E. Blanton.

2

H02000064599 2

H02000064599 2

### ARTICLE VIII - INITIAL BOARD OF DIRECTORS

This corporation shall have three (3) directors initially. The number of directors may be either increased or diminished from time to time by the bylaws of the corporation, but shall never be less than one (1).   The names and addresses of the initial directors of this corporation are:

> Darrell E. Blanton
> 35008 Emerald Coast Parkway, Suite 302
> Destin, Florida 32541
>
> Rupert E. Phillips
> 1217 Airport Road, #419
> Destin, Florida 32541
>
> Richard Olson
> 1234 Airport Road, Suite 215
> Destin, Florida 32541.

### ARTICLE IX - INCORPORATOR

The name and address of the person signing these Articles are:

> Darrell E. Blanton
> 35008 Emerald Coast Parkway, Suite 302
> Destin, Florida 32541.

### ARTICLE X - COMMENCEMENT OF CORPORATE EXISTENCE

The date for commencement of this corporation's existence shall be the date these Articles are filed with the Secretary of State.

### ARTICLE XI - AMENDMENT

This corporation reserves the right to amend or repeal any provisions contained in these Articles of Incorporation or any

H02000064599 2

H02000064599 2

amendment hereto, and any right conferred upon the shareholders is subject to this reservation.

IN WITNESS WHEREOF, the undersigned incorporator has executed these Articles of Incorporation on the 25th day of March, 2002.

INCORPORATOR:

DARRELL E. BLANTON

## REGISTERED AGENT ACCEPTANCE

I do hereby accept the foregoing designation as registered agent of ASI Holding Company, Inc.  Further, I am familiar with and accept the duties and obligations of such designation.

DARRELL E. BLANTON

Date: _3/25_ , 2002

2002 MAR 26  PM 12: 26
SECRETARY OF STATE
TALLAHASSEE, FLORIDA
FILED

H02000064599 2

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,

vs.                               CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

NOTICE OF HEARING

     PLEASE TAKE NOTICE that on *Tuesday, June 9, 2015 at 9:00 a.m.*, or as soon thereafter

as counsel can be heard, the undersigned will bring *Defendant's Motion for Partial Summary*

*Judgment* on for hearing before the *Honorable John T. Brown, Circuit Court Judge*, in the

courtroom usually occupied by him at the *Okaloosa County Courthouse Annex Extension, 1940*

*Lewis Turner Boulevard, Fort Walton Beach, Florida 32547. Thirty (30) minutes* have been

reserved for this proceeding. No court reporter has been requested.

     *PLEASE GOVERN YOURSELF ACCORDINGLY.*

CERTIFICATE OF SERVICE

     *I HEREBY CERTIFY* that a true and correct copy of the foregoing instrument has been

electronically filed using the E-Portal Filing System this 6th day of May, 2015 and a copy

furnished via electronic mail to *bgordon@kaglaw.com; cbrown@kaglawfirm.com* and

*mbaughn@kaglawfirm.com* .

*JOSEPH M. SCHEYD, JR., ESQUIRE*
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
*Attorney for Defendants*
Jay@jscheyd.com
Tiffany@jscheyd.com

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, Inc.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,

v.                                             CASE NO. 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Plaintiff ASI Holding Company, Inc., d/b/a/ Amenity Services, Inc.,

("ASI") by and through its undersigned counsel and files this Memorandum in Opposition

to Defendants Don Abreu's Motion for Partial Summary Judgment, pursuant to Rule

1.510, Florida Rules of Civil Procedure, and in support state as follows:

ASI filed this action against Defendants Don Abreu ("Abreu") and Andrew Manios

("Manios") for Theft of Trade Secrets and Breach of Non-disclosure Agreements with ASI.

Abreu brings this Motion for Partial Summary Judgment on ASI's claim for Breach of the

Non-disclosure Agreement solely on the absence of a copy of an executed written non-

disclosure agreement.  The Court should deny Abreu's Motion because a genuine issue

of material fact exists as to whether a Non-Disclosure Agreement existed between the

Parties, and ASI is not in possession of the signed Non-Disclosure Agreement and must

be given an opportunity to prove the existence of the Agreement through other means. In

the event that the Court is inclined to grant the Motion, the Court should continue the

hearing on Abreu's Motion for Partial Summary Judgment to permit ASI to complete discovery pending the resolution of bankruptcy proceedings against Defendant Manios.

## I.     Factual Background[1]

ASI is the developer of a guest amenity program which offers packages of complimentary vacation activities for vacation rental properties to provide to their guests. The pricing structure and profit formula for this program are highly confidential trade secrets of ASI. *See* D. Blanton Aff. para 5. ASI contracted with Abreu to provide marketing and other services to ASI under an exclusive duty of loyalty and confidentiality with ASI. *See* D. Blanton Aff. para 8. On or about April 1, 2008, ASI and Abreu entered into an employment contract ("2008 Employment Contract"), which provided that Abreu would become ASI's Director of Operations.

In order to protect its trade secrets, ASI requires all employees to sign a non-disclosure agreement. In accordance with that policy, ASI required Abreu to enter into a Non-Disclosure Agreement ("2008 NDA") at the start of his employment. *See* D. Blanton Aff. para 9. A copy of the 2008 NDA is attached hereto as Exhibit "A." ASI has developed a standard non-disclosure agreement that it has used to protect its trade secrets for over ten years. The material terms of this agreement have remained the same during this time. At all material times, ASI also maintained an employee policy manual that imposed the same non-disclosure obligations on Abreu.  Abreu was bound by such obligation. A copy of the employee policy manual is attached hereto as Exhibit "B." In fact, Abreu had also previously signed a non-disclosure agreement containing the same material terms as the 2008 NDA. *See* D. Blanton Aff. para 7. A copy of a non-disclosure signed by Abreu in

---

[1] Contemporaneously herewith, ASI files the Affidavit of Darrell Blanton, which creates genuine issues of material fact. This record evidence requires denial of the instant Motion.

2

1996 ("1996 NDA") is attached hereto as Exhibit "C." The 2008 NDA contained the same material terms as the 1996 NDA.

On or about July 13, 2013, ASI notified Abreu that it would terminate the 2008 Employment Contract ("Termination Notice"). A true and correct copy of the Termination Notice is attached hereto as Exhibit "D." On information and belief, Abreu removed files and documents from ASI's possession when his employment was terminated, including the 2008 NDA. Abreu breached the 2008 NDA by disclosing ASI's trade secrets and other confidential information to ASI's customers and potential customers. Abreu's breach of the 2008 NDA caused damages to ASI, including but not limited to, loss of business, lost profits, and damage to goodwill. *See* D. Blanton Aff. paras 13 and 14.

## II.   Argument

### A. Citation of Authorities

Abreu has failed to satisfy the burden required to sustain a Motion for Summary Judgment. Summary Judgment is only appropriate when there are no genuine issues of material fact to be determined and the court is only to rule on the applicability of law to the undisputed facts. *Moore v. Morris*, 475 So.2d 666 (Fla. 1985). The burden is on the moving party to prove there are no disputed issues of material fact and the only matters to be determined by the court are pure issues of law. *Id*. Abreu has not met this burden because he has not proven the non-existence of the contract at issue. Instead, Abreu erroneously bases his Motion for Partial Summary Judgment on the fact that the 2008 NDA is no longer in ASI's possession. The absence of a signed copy of the 2008 NDA is insufficient to refute the issues of material fact raised by ASI.

3

For Summary Judgment purposes, all facts must be construed in the light most favorable to the nonmoving party. *Stringfellow v. State Farm Fire & Ca. Co.*, 295 So.2d 686, 688 (Fla. 2d DCA 1974). Accordingly, in its Summary Judgment analysis, the Court must take as true ASI's factual assertions that the 2008 Non-Disclosure Agreement was signed by Abreu.

## B. Genuine Issues of Material Fact Prohibit Summary judgment

16.    The existence of a contract is a matter of fact to be proven at trial and is inappropriate for determination at the Summary Judgment stage. *See Helton v. Gunderson*, 802 So.2d 1152, 1152 (Fla. 3d DCA 2001) (holding that plaintiff's claim should not fail for its inability to produce a copy of the contract, because "the existence of the alleged contract is a matter to be proved at trial.") Where a plaintiff is not in possession of a contract on which an action is based, the plaintiff must be given an opportunity to establish the existence of the contract through discovery. *See Amiker v. Mid-Century Ins. Co.*, 398 So.2d 974, 975 (Fla. 1st DCA 1981). *See also Sachse v. Tampa Music Co.*, 262 So. 2d 17, 19 (Fla. 2d DCA 1972) (holding that, "the pleader should be given an opportunity, by means of discovery proceedings, to establish the existence of [an] instrument.") Here, ASI is not in possession of the 2008 NDA signed by Abreu. Discovery is being delayed due to Defendant Manios' ongoing bankruptcy proceedings. As a result, ASI has been unable to conduct discovery sufficient to locate the signed agreement. Nonetheless, ASI has submitted record evidence to establish a genuine issue of fact as to the existence of the Non-Disclosure Agreement.

Florida law expressly permits the introduction of parol evidence to prove the contents of a contract where the proponent provides a satisfactory explanation that the

original contract was lost or destroyed. *See* Section 90.954(3), *Florida Statutes*; *Insurance Co. of State of Pa. v. Genova Exp. Lines, Inc.*, 605 So.2d 941, 942-43 (Fla. 2d DCA 1992); *Action Fire Safety Equip., Inc. v. Biscayne Fire Equip. Co.*, 383 So. 2d 969 (Fla. 3d DCA 1980). In *Action Fire*, an employee denied the existence of an agreement not to compete with its employer. Although the employer had misplaced the agreement signed by the employee, the Court allowed the employer to establish, through the testimony of its owner, that the company had a longstanding practice of requiring its employees to sign an identical non-compete agreement. This case is analogous to *Action Fire*, because ASI has produced a copy of the 2008 NDA, which ASI required all employees to sign, including Abreu, although it is unable to locate a signed copy of the agreement. To further support its contention that Abreu was aware of ASI's longstanding policy and practice of requiring its employees to sign Non-Disclosure Agreements, ASI has produced an older version of its standard Non-Disclosure Agreement, which Abreu signed in 1996 during previous employment with ASI's owner, Darrell Blanton. The 1996 NDA contains material terms identical to those in the 2008 NDA.  Therefore, ASI has raised an issue of material fact as to the existence of a Non-Disclosure Agreement between ASI and Abreu. This Court should deny Abreu's Motion for Partial Summary Judgment and allow ASI to establish the existence of the 2008 NDA at trial.

Abreu improperly relies on *Tunnell v. Hicks*, 574 So.2d 264 (Fla. 1st DCA 1991), in arguing that this Court may consider only authenticated documents in ruling on a Motion for Summary Judgment. In that case, the Court held that the unauthenticated documents submitted to the Court "might have raised an issue of fact had they been properly submitted pursuant to Florida Rule of Civil Procedure 1.510." *Id*. at 266. The Court went

on to clarify that the nonmoving party failed to submit the unauthenticated documents prior to the Summary Judgment hearing, and also failed to submit affidavits with the documents that would have ensured their admissibility. *Id*.  Unlike *Tunnell*, ASI has fully complied with the terms of Rule 1.510*, Fla. R. Civ. P.*, by submitting the sworn affidavit of Darrell Blanton along with the 1996 NDA prior to the hearing on Defendants Motion for Partial Summary Judgment. Thus, applying the case law cited by Defendant, the Motion for Partial Summary Judgment must be denied.

WHEREFORE, Plaintiff, ASI, respectfully requests that this Court deny the Defendants' Motion for Partial Summary Judgment, continue the hearing on Abreu's Motion for Partial Summary Judgment to allow ASI to complete discovery, and grant such other and further relief as may be just and proper.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 2nd day of June, 2015.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617

6

Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:          bgordon@kaqlawfirm.com
                   dzamora@kaqlawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between AMENITY SERVICES, INC., (hereinafter referred to as "ASI"), and
_____, having a business address at:
Street Address: _____
City, State, Zip: _____, (hereinafter referred to as "Second Party").

WHEREAS, ASI possesses confidential information, data and experience relating to the concept for a RESORT/HOTEL AMENITY PROGRAM, including a hardware and software system for computerized tracking (the "CONCEPT AND BUSINESS PLAN"); and

WHEREAS, said CONCEPT AND BUSINESS PLAN is considered by ASI to be secret and confidential and constitute a valuable commercial asset; and

WHEREAS, ASI is willing, subject to the terms and conditions hereof, to disclose so much of the CONCEPT AND BUSINESS PLAN to Second Party as may be necessary for the purpose of enabling Second Party to evaluate the current business proposal;

NOW THEREFORE, ASI and Second Party agree as follows:

1.     The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above as constituting the CONCEPT AND BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by Second Party in writing, by oral disclosure, or otherwise from ASI.

2.     In consideration of ASI's willingness to disclose Confidential Information, Second Party agrees from the execution hereof for itself, affiliates, subsidiaries, its agents, employees, representatives, successors and assigns (without regard to the continued relationship between Second Party and such affiliates, subsidiaries, agents, employees, or representatives, or the lack thereof):

A.     Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work performed by Second Party, either for itself, or for any other person, firm, or corporation, nor to participate with any third party in any program which is the same as or substantially similar to that disclosed.

B.     Confidential Information shall only be disclosed to third parties upon Second Party's receipt of the written consent of ASI, and subsequent to the execution of non-disclosure agreements between Second Party and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, Second Party will not supply any such Confidential Information to any other customer or potential customer of ASI.

C.     To keep all such Confidential Information secret and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes,

Exhibit "A"

and all copies, reproductions, reprints, and translations to be plainly marked to indicate the secret and confidential nature thereof, and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

       D.    Second Party will use no less care in protecting ASI'S Confidential Information than it uses in protecting its own; but in no event shall Second Party fail to maintain the minimum standards set out in C above.

       E.    Upon ASI'S request, to surrender all written materials and to refrain from any reproduction of ASI'S written materials.

3.    This Agreement shall not be merged into any subsequent agreement which may be executed between the parties hereto but shall survive unabated.

4.    The invalidity of any portion of this Agreement shall not affect the validity of the remainder hereof, but the remainder shall be construed as though the invalid portion were not a part hereof.

5.    This Agreement will be governed by and construed in accordance with the Laws of the State of Florida and the parties hereto by their signatures below consent that in any dispute arising out of this Agreement, venue shall lie in the state courts of Okaloosa County, Florida.

6.    The parties' rights and obligations under this Agreement shall inure to the benefit of and shall be binding upon the parties' successors and assigns.

7.    Non-waiver.  No delay or failure by a party to exercise any right under this Agreement, and no partial or single exercise of that right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.

8.    Attorney's Fees.  In the event of any litigation arising out of or related to this Agreement the parties agree that the prevailing party will be entitled to payment of his reasonable attorney's fees and costs, including fees and costs incurred on appeal.

Second Party:

_____

Print Name

_____

Signature

TITLE:_____

DATE:_____

Revised 5/15/06

*ASI Holding Company, Inc.*
*Staff Employee Handbook*

## TABLE OF CONTENTS

NEW EMPLOYEE WELCOME ........................................................................... 3

STORY OF THE COMPANY ............................................................................ 4

COMPANY STATEMENT ................................................................................ 4

EMPLOYMENT POLICIES .............................................................................. 4

EQUAL EMPLOYMENT OPPORTUNITY ................................................................ 4
HARASSMENT PROHIBITED ............................................................................ 5
COMPLAINT RESOLUTION/OPEN DOOR POLICY ................................................ 6
EMPLOYMENT AT WILL ................................................................................. 7
IMMIGRATION REFORM ACT .......................................................................... 7
DRUG TESTING AND DRUG FREE WORKPLACE .................................................. 7
EMPLOYMENT OF FAMILY .............................................................................. 7
CONFIDENTIAL INFORMATION ........................................................................ 8

GENERAL EMPLOYMENT INFORMATION ............................................... 8

DEFINITION AND CLASSIFICATION OF AN EMPLOYEE .......................................... 8
PERSONNEL FILES, EMPLOYEE INFORMATION .................................................... 8
CHANGE IN EMPLOYEE'S STATUS .................................................................... 9

RESIGNATION AND TERMINATION ......................................................... 9

TERMINATION ............................................................................................. 9
RESIGNATION .............................................................................................. 9
DISMISSAL ................................................................................................ 10
REDUCTION OF STAFF (LAYOFF) .................................................................. 10
FINAL PAYCHECK ....................................................................................... 10

SALARY ADMINISTRATION ..................................................................... 10

PAY PROCEDURES ...................................................................................... 10
MEAL AND BREAK PERIODS ........................................................................ 10
TIME CARDS ............................................................................................. 11
OVERTIME ................................................................................................ 11
PAYROLL DEDUCTIONS ............................................................................... 11
ERROR IN PAY ........................................................................................... 12
GARNISHMENT .......................................................................................... 12
AUTHORIZED CHECK PICKUP ....................................................................... 12

EMPLOYEE TIME OFF ............................................................................... 12

VACATION ................................................................................................. 12
SICK LEAVE .............................................................................................. 13
HOLIDAYS ................................................................................................. 13
BEREAVEMENT ........................................................................................... 14
MILITARY LEAVE ....................................................................................... 14
JURY DUTY ............................................................................................... 15
FAMILY/MEDICAL LEAVE OF ABSENCE (FMLA) ............................................ 15
ABSENTEEISM AND TARDINESS .................................................................... 17

Exhibit "B"

---

**ASI Holding Company, Inc.**
**Staff Employee Handbook**

---

EXCUSED ABSENCE ......................................................................................... 17
UNEXCUSED ABSENCE ................................................................................... 17
FAILURE TO REPORT ..................................................................................... 17

## RULES AND CONDUCT STANDARDS ........................................ 18

SAFETY ......................................................................................................... 18
INJURY REPORTING ....................................................................................... 19
APPEARANCE AND DRESS .............................................................................. 19
CUSTOMER SERVICE ...................................................................................... 19
COMPANY PROPERTY ..................................................................................... 20
GAMBLING .................................................................................................... 20
HANDBILLS AND COLLECTIONS ..................................................................... 20
PERSONAL VEHICLES ..................................................................................... 21
EMPLOYEE PARKING ...................................................................................... 21
PERFORMANCE APPRAISAL ............................................................................ 21
PERSONAL TELEPHONE CALLS ...................................................................... 21
VISITORS AND VENDORS ............................................................................... 21
WORKPLACE VIOLENCE ................................................................................. 22
EMERGENCY CLOSINGS .................................................................................. 22
BUSINESS TRAVEL EXPENSES ........................................................................ 22
USE OF COMMUNICATION SYSTEMS .............................................................. 23
SMOKING ...................................................................................................... 24
DISCIPLINARY ACTION .................................................................................. 24

## DRUG AND ALCOHOL TESTING POLICY .............................. 26

*Section I - General Drug & Alcohol Testing Policy* .......................... 26
*Section II  -  General Drug and Alcohol Testing Procedures* ...................... 29

---

***ASI Holding Company, Inc.***
***Staff Employee Handbook***

---

# NEW EMPLOYEE WELCOME

ASI Holding Company, Inc. wishes to welcome you to our family of employees. We are excited that you have chosen to become an employee of ASI Holding Company. We feel that we offer all of our employees a challenging, interesting and rewarding employment opportunity.  We ask that all of our employees focus their attention and efforts on creating a safe, productive and friendly working environment.  The creation of this type of environment will help to ensure that you and your co-workers continue to thrive in your employment.

We have prepared this handbook to help you understand our policies, rules of conduct, expected levels of behavior, and to acquaint you with some of the benefits you are eligible for while working for our company. It should answer most questions that you have regarding your employment with ASI Holding Company, Inc. and it reflects the basic philosophy of the organization.  It is important for you to understand that the policies, procedures, and rules are intended not only to foster satisfactory employee performance, but also to create an environment that is free from any form of illegal discrimination and/or harassment against any of our employees. **The intent of this manual is to provide information on various subjects regarding your employment with our organization and does not imply or create, in any way, specific terms of a contract between any employee and ASI Holding Company, Inc.** If you have any questions regarding your employment that have not been addressed in this handbook, please feel free to contact your supervisor.

Welcome aboard!

# STORY OF THE COMPANY

Amenity Services, Inc. (ASI) began doing business in Destin, FL in 1996.  ASI provides "free to guest" services to numerous property management companies along the Emerald Coast.  We provide a variety of services to our clients' guests, which make the business both demanding and rewarding.  Our management philosophy is very simple.  The people that make up ASI are our most important asset.  Your goal is to exceed the guest's expectations while promoting a fun, professional working environment.  The people that make up the ASI family include our Property Management Companies, Service Providers and the guests we collectively serve.

# COMPANY STATEMENT

The matters pertaining to employment presented in this handbook are for informational purposes only, and may be unilaterally amended or withdrawn by ASI Holding Company, Inc. at any time without prior notice to employees.  **This handbook is not a contract or offer of a contract of employment terms, and cannot be relied upon as such. The information contained in this handbook are not statements of the terms and conditions of employment of you or any employee, and are not intended to give rise to any contractual or other rights, and do not constitute an employment contract. In addition, these policies contain no right to employment or continued employment, but reserve the right of ASI Holding Company, Inc. and you to terminate the employment relationship at will, with or without cause, at any time.**

By virtue of the execution of the acknowledgment statement pertaining to this handbook each employee agrees, as a condition of hire or continued employment, to the above purpose and limitations on the use of this handbook, and to be bound by any changes in terms and conditions of the employment relationship at any time, for any reason.  As a condition of employment, each employee acknowledges and agrees that ASI Holding Company, Inc. may make changes in his or her terms of at-will employment, and each agrees to be bound by any such changes.  The only effective objection an employee may make to any such change is to resign from employment.

# EMPLOYMENT POLICIES

## Equal Employment Opportunity

It is our policy to select the most qualified person for each position in the organization. No employee will discriminate against an applicant for employment or a fellow employee because of race, creed, color, religion, sex, national origin, ancestry, or age.  No employee will discriminate against any applicant or fellow employee because of disability or because of the person's veteran status. This policy applies to all employment practices and personnel actions.

*ASI Holding Company, Inc.*
*Staff Employee Handbook*

## Harassment Prohibited

It is the policy of ASI Holding Company, Inc. to promote a productive work environment. ASI Holding Company, Inc. does not tolerate verbal or physical conduct by any employee that harasses, disrupts, or interferes with another's work performance or that creates an intimidating, offensive, or hostile environment. No form of harassment will be tolerated.

Employees are expected to maintain a productive work environment that is free from harassing or disruptive activity.  No form of harassment will be tolerated, including harassment of individuals for the following reasons: race, national origin, religion, disability, pregnancy, age, military status, or sex.  Sexual harassment occurs when (a) submission to the sexual advances of a supervisor is a term or condition of hire, continued employment, or promotion (b) non-submission affects the employee's or applicant's hire, continued employment, or opportunity for promotion. *Other sexually harassing or offensive conduct in the workplace, whether committed by supervisors, managers, non-supervisory employees or non-employees, is also prohibited.*

Some examples of this are (a) unwanted physical contact or conduct of any kind, including sexual flirtations, touching, advances or propositions (b) verbal harassment of a sexual nature, such as lewd comments, sexual jokes or references, and offensive personal references (c) demeaning, insulting, intimidating, or sexually suggestive comments about an individual's personal appearance (d) the display of demeaning, insulting, intimidating, or sexually suggestive objects, pictures, sexually suggestive messages which are written, recorded, or transmitted electronically. Each supervisor and manager has the responsibility to keep the workplace free of any form of harassment.

**Any employee who believes that a supervisor's, manager's, co-worker's, or non-employee's actions or words constitute unwelcome harassment should communicate to that individual that such actions and/or words are offensive and unwelcome and should cease immediately. If you are uncomfortable in confronting the individual engaged in the inappropriate behavior, or if the harassing conduct continues after you have confronted the individual, the employee then must report the harassment to a member of management (verbally or in writing) as soon as possible.  The report must be made to the employee's supervisor or to the department head. If you should feel uncomfortable reporting the problem to your supervisor, or if the objectionable conduct continues after you have reported the harassment, you must notify the company President/Owner of ASI Holding Company, Inc.**

Complaints of harassment will be handled and investigated under the company's complaint resolution policy, unless special procedures are considered appropriate.  All complaints of harassment will be investigated promptly and in an impartial and confidential manner.  Employees are required to cooperate in any investigation.  A timely resolution of each complaint should be reached and communicated to the parties involved.

Any employee, supervisor, or manager who is found to have violated the harassment policy will be subject to appropriate disciplinary action, up to and including termination.

**ASI Holding Company, Inc. prohibits any form of retaliation against employees for bringing bona fide complaints or providing information about harassment.**  However, if an investigation of a complaint shows that the complaint or information was ***purposefully*** fabricated or ***intentionally*** misleading, the individual who provided the false information will be subject to disciplinary action, up to and including termination, when such purposeful fabrications are found to have been made with malicious intent.

---

***ASI Holding Company, Inc.***
***Staff Employee Handbook***

---

## Complaint Resolution/Open Door Policy

ASI Holding Company, Inc. is continuously striving to be the best place to work. It is the intention of all of our supervisors and managers to have an efficient operation with a minimum number of distractions and disturbances. Therefore, the following complaint resolution/open door policy has been adopted. The steps that follow will be used to ensure that a prompt and thorough response is issued for all complaints. Please remember, management personnel will handle complaints that are brought forward in strict confidence.

Step 1.   If an employee feels there is a need to bring to management's attention an issue of efficiency, improper or troubling employee relations, or some other concern related to the work environment then the employee should discuss the issue with his/her supervisor within 48 hours of the occurrence of the situation.

Step 2.   The supervisor will immediately respond to the complaint or schedule a time to meet with the employee to discuss the situation. The meeting will normally take place within 2 working days of receipt of the employee statement. The purpose of this meeting is so that the supervisor can gather all the necessary facts and if possible provide the employee with an immediate solution. If a solution cannot be given to the employee at this time the supervisor will inform the employee that he/she needs additional time to further research the matter. The employee will receive a solution or answer to the situation within 3 working days of his/her meeting with the supervisor.

Step 3.   If the supervisor cannot provide the employee with a satisfactory answer or solution, then the employee can request to meet with the Director of Operations (DRO) to further discuss the problem. The DRO will arrange a meeting within five (5) days of receiving the request from the employee. The DRO will review the facts and notify the employee and supervisor of his/her solution or answer within 5 working days of the meeting.

Step 4.   If the DRO cannot provide the employee with a satisfactory answer or solution then the employee and DRO may request to have the complaint, solutions or question reviewed by the President or Vice President of the company. At the meeting with the company President or Vice President the employee, supervisor and DRO will have the opportunity to discuss the matter with the President or Vice President, who will decide the issue. The President or Vice President of the company will normally provide a solution or answer to the complaint within 5 working days of the meeting. **All decisions made by the President are final.**

If a complaint involves the direct supervisor/manager, the employee is required to submit a written statement to the Owner/President.

If the complaint involves the President of the company the employee is required to submit a written statement to the DRO. The DRO will gather facts and forward all information to the applicable individual(s).

Furthermore, any employee who has an issue to be discussed may do so without fear of retaliation from any ASI Holding Company, Inc. employees, managers or officers. If you feel that you are being retaliated against, you should report the incident to the President/Owner of ASI Holding Company, Inc. immediately.

| ASI Holding Company, Inc.<br>Staff Employee Handbook |
| --- |

## Employment At Will

It is the policy of ASI Holding Company, Inc. that all personnel are employed at the will of the company for an indefinite period.

**This Handbook is not a contract that guarantees your employment for any specific duration. Although we hope that your employment relationship with us will be rewarding, either you, ASI Holding Company, Inc. may end this relationship at any time, for any lawful reason or no reason at all, with or without cause or notice. No supervisor, manager, or representative of the company, other than its President/CEO, has the authority to enter into any agreement with you for employment for any specified period of time or to make any promises or commitments contrary to this paragraph. Further, no employment agreement is enforceable unless it is in writing and signed by ASI Holding Company, Inc. President/Owner, and _specifically states_ that such agreement alters the at-will employment relationship.**

## Immigration Reform Act

ASI Holding Company, Inc. will not knowingly employ, recruit or refer any alien who is not authorized to work in the United States. Upon employment, you will be required to present verification of U.S. citizenship or lawful admittance to work in the United States as provided under the Immigration Reform and Control Act of 1986.

## Drug Testing and Drug Free Workplace

It is the purpose of ASI Holding Company, Inc. to help provide a drug free environment for our clients and our employees. This policy is put into place to protect you as well as your co-workers from potential harm or danger in the workplace. Being impaired or under the influence of legal or illegal drugs or alcohol on the company's or customer's premises will adversely affect the employee's work performance and could cause irreparable damage to the employer's reputation.

ASI Holding Company, Inc. prohibits the use, possession, solicitation, or sale of narcotics or other illegal drugs, alcohol, or prescription medication without a prescription on company or customer premises while performing an assignment.

If an employee is injured on the job, regardless of how minor the injury, the employee is to immediately report his/her injury to the supervisor/manager. If an employee is injured on the job, a mandatory drug test must be administered. If an employee refuses to be tested or tests positive for drugs or alcohol, then the employee will forfeit all eligibility for all Worker's Compensation Indemnity benefits, and will be terminated.

## Employment of Family

ASI Holding Company, Inc. realizes that the best recruitment efforts are usually done by word of mouth from employees. We make every effort to ensure that we employee individuals that are qualified for the positions that are vacant. Therefore, it is our policy to consider for employment, family members of current or former employees who are deemed qualified. It is also our policy not to place immediate family members in positions that gives supervision to or receives

---

***ASI Holding Company, Inc.***
***Staff Employee Handbook***

---

supervision from another family member.  If you have questions concerning this policy, please see your supervisor.

## Confidential Information

The protection of confidential business information and trade secrets is vital to the interests and the success of ASI and its employees. Confidential information and trade secrets include, but are not limited to, the following examples:

- Client list
- Client preferences
- Financial information
- Payroll information
- Business concepts & Operational procedures

**As a condition of employment with ASI, you will be required to sign a Non-Disclosure Agreement.**

# GENERAL EMPLOYMENT INFORMATION

## Definition and Classification of an Employee

You are classified as either hourly (non-exempt) or salaried (exempt).  Within each of these classifications there may be full-time and part-time employees.

*Full-time Employee:* A full-time employee is one who consistently works 32 hours or more per week as assigned by their supervisor, and is paid on an hourly or salary basis.

*Part-time Employee:* A part-time employee is one who consistently works less than 32 hours per week, and is paid on an hourly or salary basis.

## Personnel Files, Employee Information

You have the right to periodically inspect your personnel file.  It is required that you make an appointment with your supervisor. He/she will sit down with you as you look over your file. Copies of the contents of the personnel file are not provided or allowed as your personnel file is considered a confidential company record, not the property of the employee.

All information will remain strictly confidential.  **If someone inquires about your employment, ASI Holding Company, Inc. allows verification of position and dates of employment only.** For release of other information, a signed authorization from you must be submitted.

---

**ASI Holding Company, Inc.**
**Staff Employee Handbook**

---

## Change in Employee's Status

The company must keep your current address, telephone number and information about you and your family on file.  Report any changes in this information to your supervisor immediately.  This is very important to you in the event of an emergency and in connection with such things as your Social Security, withholding taxes, etc.  Please notify your supervisor whenever changes occur in the following areas:

- Change of home address and telephone number
- Change in marital status
- Legal change of name
- Change of citizenship status
- Beneficiary change (if participating)
- Telephone number of emergency contact

# RESIGNATION AND TERMINATION

## Termination

  All terminations are to be treated in a confidential and professional manner by all concerned. Inasmuch as you can terminate your employment with the company at any time and for any reason, the company has the right to terminate an employee at anytime, for any lawful reason or no reason, with or without cause or notice.  ASI Holding Company, Inc. subscribes to the policy of "employment at will."  Continued employment with the company is at the sole and exclusive option of company management. Permanent employment or employment for a specific term is not guaranteed, promised, or inferred.

  Employment with the company is normally terminated through one of the following actions:

- Resignation—voluntary termination by you

- Dismissal—involuntary termination by the company for any lawful reason or no reason at all, at any time, with or without cause or notice

- Layoff—termination due to job elimination, job consolidation or other business conditions that require staff level adjustments

## Resignation

We hope you will enjoy working with us. However, if you find it necessary to resign, you are requested to give advance notice in writing to your supervisor indicating the last day you will be working.  Ten working days notice is requested.  If you resign without notice, you may forfeit your eligibility to be rehired.

---

*ASI Holding Company, Inc.*
*Staff Employee Handbook*

---

Depending on your job responsibilities, the company may require you to vacate the premises immediately upon learning of your resignation rather than work out a notice.

## Dismissal

An employee may be dismissed at any time, for any lawful reason or no reason, with or without cause or notice, at the sole and absolute discretion of company management.

## Reduction of Staff (Layoff)

Economic slowdown or the financial reversal of ASI Holding Company, Inc. may make it necessary to reduce your paid working hours or even lay you off. The company will follow a policy of either staff reduction (layoff) or reduction of hours based on each employee's job performance, responsibilities, seniority and service record. When hiring is resumed after a layoff, the company may attempt to recall former employees who have a satisfactory performance history. However, there is no guarantee or inference that an employee will be rehired later.

## Final Paycheck

Before being issued your final paycheck, all company property issued to you such as keys, advances, records, documents, lap tops, cell phones, policy manuals, employee handbooks, and any other company-owned property must be turned in and accounted for.

You will be given your final paycheck, if one is forthcoming, from ASI Holding Company, Inc.

# SALARY ADMINISTRATION

## Pay Procedures

ASI Holding Company, Inc  will process your payroll and provide you with a check on the designated payday.  If it is "Electronically Funds Transferred" to your bank account, then the pay stub to your check will be provided to you on the company's designated payday by email.

## Meal and Break Periods

**Meal period—1 hour unpaid time**

**Break period—short breaks may be taken as allowed by management. Employees are not allowed to leave the premises during a paid break period.**

---

***ASI Holding Company, Inc.***
***Staff Employee Handbook***

---

Your prompt return to work after meal and break periods is an important part of your attendance record.

## Time Cards

It is the responsibility of hourly (non-exempt) employees to properly record hours worked by clocking in and out on the time clock. Employees are required to punch in when they report to work and punch out when they leave the premises. You should start to work no more than five minutes prior to your scheduled starting time and stay no more than five minutes after your scheduled work-day has ended unless otherwise approved by management.

**It is a violation of company policy for one employee to punch or sign another employee's time card, alter another employee's time card or alter his/her time card without permission.**

## Overtime

You are to work overtime only at the request and authorization of your supervisor.  Employees who are classified as exempt employees within the meaning of the state and federal wage and hour laws are exempt from overtime pay and are not subject to this policy.  Only hourly (non-exempt) employees qualify for overtime pay.

Overtime pay is based on hours worked per workweek in accordance with state and federal requirements.  Employees shall record all time worked, including time worked over their normal schedule.  Hourly employee's, who work in excess of forty (40) hours in a work-week, will be paid at one and one half times the base rate of pay per hour.  Hours worked means time actually spent on the job.  It does not include hours away from work due to vacation, sickness, or holidays even when these days are compensated.  Unpaid sick leave, personal leave or any other time away from work is also not considered hours worked.  **Working unauthorized overtime will be grounds or disciplinary action, up to and including termination.**

## Payroll Deductions

The following deductions ***by law*** will be made from your gross wages:

- Federal income tax
- Social security tax  (FICA)
- State tax where applicable
- Garnishments

Deductions authorized ***by the employee may*** include:

- 401(k)
- Group Medical/Dental
- Credit Union/Banks

| *ASI Holding Company, Inc.* |
| :-: |
| *Staff Employee Handbook* |

You must fill out and sign a federal withholding allowance form during your first week of employment in accordance with federal regulations. You may fill out a new W-4 anytime your circumstances change.

You will receive an annual wage and Tax Statement (IRS Form W-2) for the preceding year on or before January 31. If you feel that your deductions are incorrect for any pay period please check with your supervisor.

## Error in Pay

Every effort is made to avoid errors in you paycheck. If you believe an error has been made, tell your manager immediately. He or she will take the necessary steps to research the problem and to assure that any necessary correction is made properly and promptly. Unless it is an emergency situation, the correction will show up on your next paycheck.

## Garnishment

ASI Holding Company, Inc. is required by law to recognize certain court orders, liens, and wage assignments. When a garnishment is received, the payroll department will process the garnishment and begin to deduct the funds from your paycheck when the appropriate agency serves notice to do so.

## Authorized Check Pickup

An employee can designate someone else to pick up his/her paycheck in the event of being absent from work on a scheduled payday. The written consent should be signed, dated, and identify the party being designated to pick up the employee's paycheck. When possible, this consent form should be submitted prior to being absent. The person picking up the paycheck will be asked to show proper identification and sign for the check. Management has the right to refuse giving an employee's check to a third party if they question the legitimacy of the consent form.

# EMPLOYEE TIME OFF

## Vacation

Vacation time with pay is available for full time staff employees to provide opportunities for rest, relaxation, and personal pursuits. Vacation time will be granted on the anniversary date of each eligible employee based on the schedule below:

---

**ASI Holding Company, Inc.**
**Staff Employee Handbook**

---

| After completing | Time granted |
|---|---|
| 1 year of continuous employment | Five (5) days |
| 2-4 years of continuous employment | Ten (10) days |
| 5-9 years of continuous employment | Fifteen (15) days |
| 10 years or more of continuous employment | Twenty (20) days |

**Continuous is defined as having no break in service for any reason**

Employees hired between the 1st-15th of any given month will receive their vacation as detailed above on the 1st day of their anniversary month. Employees hired after the 15th of any given month will receive their vacation time on the first day of the following month. For example: An employee hired on March 15, 2008 will receive their vacation on March 1, 2009. An employee hired on March 16, 2008 will receive their vacation on April 1, 2009.

Vacation time must be scheduled in advance, typically with a minimum of two (2) weeks notice, and should only be scheduled for a maximum of five (5) days at a time. Certain unforeseen emergencies would modify the advance notice requirement. Vacation can be used in increments of no less than one-half days. **Unused Vacation will not be paid out upon terminations for cause or voluntary resignations.**

Employees will have one year (12 months) to use vacation time. In the event that available vacation time is not used within twelve months, employees may carry up to five (5) days forward to the next benefit year. Vacation days not used in excess of these five days will be lost each year.

## Sick Leave

After completing one year of continuous service, full time staff employees will receive up to five (5) days off with pay in the event of a personal or family illness. Sick leave time off will be granted on the same day that vacation time is granted for each employee. Sick leave not used within twelve (12) months will be lost. **Sick leave time off will not be awarded upon termination for cause or voluntary resignations.**

## Holidays

The company provides paid time off for certain holidays. After completing 90 days of continuous service, full-time staff employees are eligible for the following paid holidays:

**Employee Birthday**
**New Year's Day**
**Memorial Day**
**Independence Day (4th of July)**
**Labor Day**
**Day before Thanksgiving Day (closes at noon)**
**Thanksgiving Day**

---

**ASI Holding Company, Inc.**
**Staff Employee Handbook**

---

**Christmas Eve**
**Christmas Day**
**The day after Christmas Day**

Part-time staff employees are eligible for holiday pay on a pro-rated basis, provided that the holiday occurs on his/her regularly scheduled work day.

You must be present at work the scheduled workdays before and after the holiday in order to be paid for this time.

## Bereavement

ASI recognizes that in the event of the death of an immediate family member, an employee may need time off from work. Full time staff employees can receive up to three (3) excused days off with pay in the event of a death in the immediate family.  The immediate family is defined as:

| | |
|---|---|
| Spouse | Child, Grandchild, or Stepchild |
| Parents or step-parents | Grandparents |
| Brother or Sister | Parents-in-Law |
| Brother or Sister-in-Law | Son or Daughter-in-Law |

Any additional time off because of special circumstances must be approved in advance by your supervisor. Vacation time, if available, must be used to cover additional time. You may be asked to provide documentation, such as a copy of the newspaper obituary, to verify the death and your relationship to the deceased.

Bereavement pay will be calculated based on the base pay rate at the time of absence and will not include any special forms of compensation, such as incentives, commissions, bonuses, or shift differentials.

## Military Leave

Full-time employees who are called to short-term or active United States Armed Forces service will be granted a military leave of absence.  The Company complies with federal and state laws relating to military leave.

Eligibility for military encampment (summer camp) leave is extended to all full-time employees upon employment.  If you must go to summer camp, give your supervisor a copy of the official Notification Order to Report before starting the leave, and a copy of your pay record upon return. An employee ordered on extended active duty, with no return date specified, will not be considered to have a break in service if he or she returns to work within 30 days of release from military duty.

**ASI Holding Company, Inc.**
**Staff Employee Handbook**

## Jury Duty

The company will grant you time off for mandatory jury duty when you are summoned to serve. A copy of the subpoena must be supplied to your supervisor when requesting this time off. Hourly employees must bring written documentation of the time served to be excused for this time. Applicable state law will govern the handling of jury duty pay.

## Family/Medical Leave of Absence (FMLA)

We recognize that there are certain situations when employees may need extra time to balance their work and family life.  Under the Family and Medical Leave Act, employees with at least 12 months service who have worked at least 1250 hours during that 12 months may be entitled to up to 12 weeks unpaid leave for one of the following purposes:

- To care for your newborn, a newly adopted child or a newly placed foster child
- To care for your spouse, parent or child, who has a serious health condition
- On account of your inability to work due to your own serious health condition

The company's policy on family leave will be administered in accordance with the requirements of this Act.  If you are eligible for the Family Leave (as defined by the act and the courts), you will be allowed up to twelve (12) weeks of unpaid leave. You may be entitled to have your existing benefits continued during the leave period, but you must continue to pay your contribution toward those benefits.  On return from the leave period, you are entitled to be restored to the same or equivalent position as held when the leave period commenced and with the same benefits and other employment terms and conditions as you held when you left.  You are not, however, entitled to the accrual of any seniority, raises, promotions, bonuses or increase in employment benefits during the period of leave.

- **Available Family Leave-**your total eligibility for Family Leave equals the maximum of 12 weeks of Family Leave minus the amount of the Family Leave taken during the 12 months preceding the date when requested Family Leave begins.  Any paid leave which you have available must be used as part of your FMLA leave and will count against the 12 week Family Leave period. Reasons for incapacity may include:

  1. Any incapacity or treatment connected with inpatient care in a hospital, hospice, or residential medical care facility.
  2. A period of incapacity requiring absence of more than three days from work that also involves continuing treatment by a healthcare provider.
  3. Any period of incapacity due to the employees' pregnancy, or to care for the employees' newly born or newly adopted child.
  4. Any absences which receive multiple treatments including the period of recovery that follows such treatments (i.e. chemotherapy, dialysis, etc.) that would likely result in a period of incapacity for more than three consecutive days if left untreated.

Generally you must take Family Leave on an uninterrupted basis.  Under certain circumstances, you are allowed to take intermittent or reduced schedule leaves not to exceed 12 weeks in total.  Intermittent and reduced schedule leaves may be taken only whenever Family Leave is medically necessary because of your serious health condition or that of your

---

**ASI Holding Company, Inc.**
**Staff Employee Handbook**

---

spouse, your parent, or your child.  You may be transferred to a temporary alternative job (which carries equivalent pay and benefits for which you are qualified) which better accommodates the intermittent or reduced schedule Family Leave than your regular job.

- **Request and Approval-**If you feel Family Leave is necessary, notify the Office Manager.  You must request Family Leave at least 30 days in advance of the leave date.  When the need for Family Leave or its approximate time is not foreseeable, you must give the company notice of the need for Family Leave as soon as possible. Employees approved for qualified FMLA leave must use a minimum of 50% any available and unused vacation and/or personal time, where applicable, for portions of the leave period. Such time will be counted as part of the 12-week period. Employees may elect to use all their available but unused vacation and personal time as part of the 12 week leave period.

- **Certification of Illness-**If Family Leave is requested because of your own or an immediate family member's serious health condition, a medical certification must be provided by the health care provider to the company within 15 calendar days.  Periodic recertification may also be necessary.  Second or third medical opinions may be required at the company's expense. **Failure to timely provide a physicians statement justifying the need for leave will be grounds for considering the leave as unexcused, and may lead to disciplinary action, up to and including termination.**

- **Benefits-**During Family Leave, the company will continue to pay its portion of your benefit premium (if any) and you must continue to pay your portion of the premium.  If you fail to pay your portion of the premium, coverage may be lost.   **If you do not return to work at the end of the Family Leave for a reason other than: 1) the continuation, recurrence or onset of a serious health condition which would entitle you to FMLA leave or 2) other circumstances beyond your control, you will be required to reimburse us for our share of health insurance premiums paid on your behalf during your FMLA leave.**

- **Return to Work-**You must contact the Office Manager every 30 days during Family Leave regarding your status and intent to return to work.  The company will try to ensure that your position is available if you report to work at the end of your authorized Family Leave on the next business day or on the day on which you are scheduled to work.  If your former job position is no longer available, an equivalent position fro which you are qualified may be found for you with equivalent pay, benefits, and other employment terms and conditions; unless your job position and equivalent job positions have been affected by economic layoff or job elimination. If you are on leave of absence and do not return by the scheduled end of the leave, or are unable to return, your employment will be terminated.

- **"Fitness for Duty" Certification-**At the end of Family Leave that was granted because of a serious health condition to yourself, a doctor's certification must be presented to establish that you are able to return to work.

## Absenteeism and Tardiness

Unscheduled absences must be reported by 7:00 a.m. You must explain the reason for the absence and when you expect to return to work. If you arrive at work more than five minutes after the scheduled start time, you are considered tardy.

You are expected to be available for work each day by the designated start time. Being late for work or calling in sick places an unfair burden on the company, its supervisors and other employees. Your prompt return from lunch and break periods is an important part of your attendance record.

Repeated absenteeism and tardiness will result in disciplinary action, up to and including termination. (Refer to *Unexcused Absences* below.)

## Excused Absence

An absence may be recorded as excused for reasons of personal or family illness or for other legitimate reasons that would require you to miss all or part of a scheduled workday. **An absence will be recorded as excused if you ask your supervisor for the necessary time off in advance (and obtain approval) or, if not known in advance, called in to the Vice President of Operations within one (1) hour before your shift starts _and_ approved by your supervisor.**

## Unexcused Absence

A failure to request advance approval of a known absence or to report your unscheduled absence in a timely manner (and be granted permission by your Supervisor to be off) will result in the absence being recorded as unexcused. Disciplinary action for unexcused absences may be taken as follows:

|  |  |
|---|---|
| **First Absence** | **Verbal Warning** |
| **Second Absence** | **Written Warning** |
| **Third Absence** | **Final Written Warning** |
| **Fourth Absence** | **Discharge** |

## Failure to Report

Failure to call in for three (3) consecutive days to report your absence will result in dismissal. You will have been considered to have voluntarily terminated employment with the company

| *ASI Holding Company, Inc.* |
| :---: |
| *Staff Employee Handbook* |

# RULES AND CONDUCT STANDARDS

## Safety

The company strives to provide a safe work place for every employee.  You are required to exercise caution at all times while working, in order to minimize work-related accidents.

***You must report any accident/injury to your immediate supervisor as soon as possible.  Even a slight injury without proper care may lead to serious complications.  Supervision will then notify the appropriate person at ASI Holding Company, Inc (Refer to* Injury Reporting *in this section.)***

It is the policy of the company to:

1. Maintain a safe and healthful place of employment for all employees and to abide by all regulations as they pertain to the company's industry.

2. Require all employees to abide by the safety guidelines within the company and/or their respective departments.

3. Require all employees to abide by the procedures and provisions for the reporting and treatment of injuries.

4. In order to minimize accidents/injuries, all employees are expected to abide by the following rules:

   - Report any unsafe conditions to your supervisor as soon as possible.

   - Wear required back support when lifting items over 15 pounds.

   - Properly care for and be responsible for all personal protective equipment.

   - Do not leave obstacles in aisles, walkways, stairways, roads, or other points of entrance or exit.  Practice good housekeeping at all times.

   - When riding in company vehicles or moving equipment, securely fasten the seat belt.

   - Utilize hand-trucks when possible and/or request assistance from another employee when moving bulky or heavy items.

   - No smoking inside office or company vehicles. Never smoke near flammable materials or in other unauthorized areas. When working with flammable materials, ensure that a fire extinguisher is close at hand at all times.

   - The possession, use, or being under the influence of intoxicating beverages or illegal drugs while on the job is prohibited.

*ASI Holding Company, Inc.*
*Staff Employee Handbook*

- All posted safety rules must be obeyed and must not be removed except by management's authorization.

- Horseplay causes accidents and will not be tolerated.

- Never disengage, bypass, alter or otherwise modify any safety device, guard and/or mechanism.

## Injury Reporting

It is your responsibility to assure a safe working environment for yourself and your coworkers.  If the company determines an accident was due to negligence or carelessness by you, an Employee Warning will be issued to you and a copy placed in your personnel file. Repeated acts of negligence or failure to comply with safety rules will lead to termination.

All injuries, no matter how slight, must be reported immediately to your supervisor.

ASI Holding Company, Inc. provides coverage for all employees in the event of an injury on the job. Failure to report all work-related accidents/illnesses may be grounds for disciplinary action.

When you have received a RETURN TO WORK order by your treating physician after a work related injury, you must immediately report back to work or contact your supervisor by telephone. If you do not contact the company immediately, you will be subject to disciplinary action, up to and including termination.

## Appearance and Dress

All employees are expected to report at the beginning of the workday well groomed and in appropriate attire. Office personnel should observe business casual dress.  Head and facial hair must be neat and clean in appearance.

Dress standards will be established for specific areas/departments with consideration given to factors such as nature of work, safety, nature of employee's contact with the public, and preference of management.

Failure to comply with dress and appearance standards may be cause for being sent home to change or recommendation for termination with cause after the first warning. You are expected to make corrections and follow recommendations on your own time if necessary.

## Customer Service

As an employee of ASI you are a part of an organization that is dedicated to providing the highest quality service to our valued clients. Your personal conduct and work performance should be in keeping with the company's high standards and ideals.  Each employee, regardless of job assignment, must treat all customers/clients with respect and courtesy at all times. Any problems

---

**ASI Holding Company, Inc.**
**Staff Employee Handbook**

---

or complaints that you feel cannot be satisfactorily handled by you should be referred to your supervisor immediately.

## Company Property

You are expected to exercise care in your use of company property and to use such property only for authorized purposes.  Negligence in the care and use of company property may be considered cause for disciplinary action, up to and including termination.  Unauthorized removal of company property from the premises, its conversion to personal use and/or unauthorized copying of documents will be considered cause for prosecution by law and termination of employment. This includes, but is not limited to:

- Materials, equipment, tools
- Property owned by the Company or other employees
- Confidential Company literature, documents, records, customer lists, pricing information, and/or financial data
- Computer disks, tapes and other storage media

The company has the right to verify each employee's work files and how he/she spends work time. Computer users will be issued a company-assigned password to computer files in order to monitor computer usage.

To prevent theft, keep supplies and equipment stored in approved areas so that maximum security measures may be observed. Any employee who is aware of another employee stealing or abusing company property has an obligation to report the problem to management or risk being charged along with the offender.

Any company property issued to you must be returned at the time you are terminated from employment or when your supervisor requests its return.

## Gambling

The company takes the position that gambling among its employees can lead to bad morale, hard feelings, and financial hardships.  Therefore, gambling is prohibited on company premises and will be cause for disciplinary action.  Gambling includes card playing, dice, lotteries, betting on horses, or any other kind of wagering.  Any employee who is guilty of selling or attempting to sell cards or run betting pools will be subject to discipline.

## Handbills and Collections

Solicitation and/or distribution of literature of any kind by employees or visitors is strictly prohibited during working hours and at the work site, unless the company has given prior approval.

| ASI Holding Company, Inc. |
| :---: |
| Staff Employee Handbook |

## Personal Vehicles

All employees who are required to use their personal vehicles for company business must provide their supervisor with documentation of personal automobile insurance and valid driver's license. Under some job classifications, this may be required for employment.

Any change in the employee's insurance and/or license status must be immediately reported to the supervisor.  Failure to do so may be cause for termination of employment for those required to have insurance and a drivers' license.

Citations issued to the employee while using a personal vehicle for company business are the responsibility of the employee and not the company.  Continued employment might depend on the driving employee's insurability.  If, due to any traffic violations, irrespective of fault, the employee becomes uninsurable, the company may be forced to terminate them if their job duties require driving.

## Employee Parking

Employees are to park their personal vehicles in the designated employee parking area. You should lock your vehicle every day and not block other vehicles. The company is not responsible for the loss of personal items or damages to personal vehicles.

## Performance Appraisal

Your supervisor will discuss performance with you on an informal basis as needed.  A formal performance appraisal may be conducted following completion of 90 days continuous service. Thereafter, employees will normally be evaluated on an annual basis.

You should feel free to bring up any problems you are having on your job or suggestions on improving our operation at any time. (Refer to *Complaint Resolution* on page 10.)

## Personal Telephone Calls

Personal use of telephones and cell phones during working hours should be kept to minimum. Making long distance phone calls on company telephones is prohibited.  Company issued cell phones should be used for business purposes only.

## Visitors and Vendors

It is the policy of the company that, in order to avoid disruptions and possible security problems:

- Visitors to the company who are there on business must identify themselves and state their business.

- Visits by personal friends and family members of employees are discouraged.

| ASI Holding Company, Inc. |
| Staff Employee Handbook |

- No visitor is allowed to wander about the premises unescorted.

- No visitor is allowed to break company rules affecting safety and any employee seeing this happen should inform the supervisor.

## Workplace Violence

The Company has a **ZERO** tolerance level for workplace violence. Any employee who engages in any act of violence or physical assault, or uses any threats of violence or harm against others will be disciplined accordingly, up to and including discharge.

No firearms or other weapons are to be brought onto Company or Customer property.

## Emergency Closings

At times, emergencies such as sever weather, fires, power failures, or hurricanes, can disrupt company operations. In extreme cases, these circumstances may require the closing for a work facility. In the even that such an emergency occurs during non working hours, local radio and/or television stations will be asked to broadcast notification of the closing. Thereafter, employees will need to call the emergency number established for all ASI employees.

When the decision to close is made AFTER an employee has reported to work, time off from scheduled work for non-exempt staff employees will paid for the remainder of that day's scheduled shift. When the decision to close is made BEFORE the workday has begun, time off from scheduled work for non-exempt staff employees will not be paid. Exempt employees will be paid as otherwise scheduled before the closing.

## Business Travel Expenses

ASI will reimburse employees for certain reasonable business travel expenses while on assignments. The Department Manager must approve all business travel in advance. Once travel plans have been approved, travel arrangements should be made through the VP of Operations.

When approved, the actual cost of travel, meals, lodging, and other expenses directly related to accomplishing business travel objectives will be reimbursed by ASI. Expense reports should be submitted no later then 30 days after traveling.

Expenses that generally will be reimbursed include the following:

- Mileage costs for use of personal car, only when less expensive transportation is not available.
- Cost of standard accommodations in mid-priced hotels.
- Tips, not exceeding 15% of the total cost of a meal or 10% taxi fare.
- Charges for one personal telephone call each day of travel.
- Charges for laundry and valet services, only on trip of five or more days.
- Employee's meals not to exceed $35 per day for over night travel.

| ASI Holding Company, Inc. |
| Staff Employee Handbook |

- Employee's meals for (day) travel outside of a 25 mile radius from the Company (not to exceed $10.00 for breakfast; $10.00 for lunch; and $15.00 for dinner). Expenses will only be approved for the time period (time of day) that the employee is conducting day travel.

## Use of Communication Systems

*It is the policy of ASI Holding Company, Inc. to provide or contract for the communications services and equipment necessary to promote the efficient conduct of its business.*

Communications services and equipment include mail, electronic mail (e-mail), courier services, facsimiles, telephone systems, personal computers, computer networks, on-line services, Internet connections, Intranets, computer files, telex systems, video equipment and tapes, tape recorders and recordings, pagers, cellular phones, voice mail, and bulletin boards.  Supervisors are responsible for instructing employees on their proper use of the communications services and equipment used by the organization for both internal and external business communications.

Most communications services and equipment have toll charges or other usage-related expenses. Employees should be aware of these charges and should consider cost and efficiency needs when choosing the proper vehicle for each business communication. **Employees should consult their supervisor if there is a question about the proper mode of communication.**

All Company communications services and equipment, including the messages transmitted or stored by them, are the sole property of the Company. **Accordingly, the Company may access and monitor employee communications and files as it considered appropriate.** Employees whose communications may be monitored generally will be asked to sign a consent form authorizing the monitoring.

Only employees specifically authorized by the Company may access on-line services and the Internet. Employees' on-line use generally should be limited to work-related activities. Incidental personal use by employees of the Company communications services and equipment is allowed as long as the use does not interfere with the employee's work or Company's operations and does not violate any Company policies. Personal communications that incur user charges should be placed on a collect basis or charged directly to the employee's personal credit card or account but not to the Company.

Employees should not duplicate or download from the Internet or from an e-mail any software or materials that are copyrighted, patented, trademarked, or otherwise identified as intellectual property without express permission from the owner of the material. When appropriate Internet material or e-mail files are downloaded, they should be scanned using the Company's anti-virus software. **Company communications property or equipment may not be removed from the premises without written authorization from the employee's supervisor.**

Employees who do not have direct access to a Company telephone should make provision to have emergency or other necessary incoming calls routed to their supervisor or to the Human Resources Department, if the supervisor is not accessible. Although the Company will attempt to deliver personal messages to employees, it cannot and does not accept responsibility for the prompt or accurate relay of these messages.

Employees should ensure that no personal correspondence appears to be an official communication of the Company since employees may be perceived as representatives of the

---

**ASI Holding Company, Inc.**
**Staff Employee Handbook**

---

Company and therefore damage or create liability for the Company. All outgoing messages whether mail, facsimile, e-mail, internet transmission, or any other means, should be accurate, appropriate, and work-related. Employees may not use the Company's address for receiving personal mail or use Company stationery or postage for personal letters. In addition, only the Company may issue personalized Company stationery and business cards.

Improper use of Company communications services and equipment will result in discipline, up to and including termination. Improper use includes any misuse as described in this policy, any misuse that would result in violations of other Company policies, as well as any harassing, offensive, demeaning, insulting, defaming, intimidating, or sexually suggestive written, recorded, or electronically retrieved or transmitted communications.

## Smoking

The company's offices are considered smoke-free areas. Tobacco use, including use of e-cigarettes, hookahs and vapors, is prohibited other than in designated area.  ASI Holding Company, Inc. respects the rights of employees who choose to smoke, as long as their smoking does not interfere with job responsibilities and the rights of other workers who do not wish to be exposed to cigarette or cigar smoke. Please see your supervisor/manager to learn where the designated smoking area is located. Smoking outside of the designated area will result in disciplinary action up to and including termination.

## Disciplinary Action

It is our philosophy to encourage self-discipline and to gain commitment from our employees to work toward common goals acceptable to the group.  Certain rules are necessary to maintain an orderly work environment. The company's normal practice is to help you identify strengths and weaknesses, and to improve your performance and behavior.  The company reserves the right to take whatever disciplinary measures it feels are appropriate, including discharge

The company may administer discipline as a teaching or learning experience to correct misconduct or poor performance. The particular disciplinary action taken will be determined by the circumstances surrounding the problem. The levels of discipline that may be used are as follows:

<div align="center">

**Verbal Warning**
**Written Warning**
**Suspension**
**Dismissal**

</div>

Failure to observe established rules and practices could lead to disciplinary action including either verbal or written warnings, probation, suspension, and/or discharge.

**The company reserves the absolute right to begin at any disciplinary step, by-pass certain steps, or initiate immediate termination.  There is no guarantee or inference that a progressive disciplinary process will be used in any or all circumstances.**

The following is a *non-inclusive* list of misconduct that may lead to immediate adverse personnel action (e.g. discipline, suspension, and/or discharge):

| *ASI Holding Company, Inc.*<br>*Staff Employee Handbook* |
| --- |

- Theft

- Negligence or intentional destruction or unauthorized use of company property.

- Language or actions inappropriate to the workplace or that create a racially or sexually harassing environment.

- Intentional falsification of company records, including time and attendance records.

- Threatening, assaulting, or abusing any employee, client or visitor.

- Failure to follow company policies or procedures.

- Unauthorized use or possession of firearms, explosives or deadly weapon on company premises or during working hours.

- Intoxication or use of alcohol during working time or on company premises.

- Use, sale, possession, or functioning under the influence of unlawful drugs, or other controlled substances on company premises during working time.

- Refusal to submit to post accident, reasonable suspicion and/or random drug/alcohol tests.

- Excessive absences or tardiness (see Absenteeism and Tardiness policy).

- Failure to adhere to the scheduled or approved work hours.

- Sleeping during work time, neglecting duties, or disrupting the performance of other employees.

- Gambling

- Insubordination, including refusal to follow work direction

- Violations of company safety-regulations or the gross or intentional endangerment of the safety of self or coworkers.

- Violations of company security regulations, including acts of espionage or other subversive activities.

- Failure to deal ethically and honestly with other employees, clients, or company visitors.

- Making social contacts (dates) with guests or clients while on company premises.

- Smoking outside of designated area.

- Disruptive behavior or conduct deemed inappropriate, unprofessional and/or detrimental to the work environment.

*ASI Holding Company, Inc.*
*Staff Employee Handbook*

# Drug and Alcohol Testing Policy

## Section I - General Drug & Alcohol Testing Policy

**A.     PURPOSE**

Drug or alcohol abuse on the job is a serious offense and remaining drug free is a condition of employment with ASI Holding Company, Inc. Any employee who is tested and found to be under the influence of illegal drugs or alcohol will be terminated immediately.

The goal of this policy is to establish a drug-testing program for the employees of ASI Holding Company, Inc. Disciplinary actions taken shall be determined based on the findings as outlined in this policy.

**B.     STATEMENT OF NEED**

As employees who abuse drugs and alcohol have a problem which could lead to a safety risk to coworkers and to the public and which decreases productivity, ASI Holding Company, Inc. has developed these policies and procedures to test job applicants for drug use and current employees for drug and alcohol abuse.

**C.     POSITION STATEMENT**

It is the position of ASI Holding Company, Inc. that the following constitute a violation of a drug-free working environment, and any violation of this policy will be dealt with accordingly:

1.      A detectable quantity of illegal drug(s) in the urine as specified by Department of Transportation regulations, 49 CFR, Part 40. (Levels of testing, evaluation and reporting of results will follow the DOT standard specified in 49CFR, Part 40.)

2.      A detectable quantity of scheduled drugs without evidence of duly authorized prescription or in excess of prescribed levels as determined by medical or toxicological authority.

3.      A detectable quantity of alcohol as specified by Department of Transportation regulations in 49 CFR, Part 40.

Possession of illegal drugs and/or alcohol or associated paraphernalia in the workplace.

6/2/2015

---

**ASI Holding Company, Inc.**
**Staff Employee Handbook**

---

D.  **RESPONSIBILITIES**

It is the desire of ASI Holding Company, Inc. Appliance Center, Inc. to provide a drug-free working environment for its employees.  It is the employee's responsibility to follow all policies and procedures and avoid the use of illegal drugs and the abuse of alcohol.

E.  **AUTHORITY FOR TESTING**

Only the designated supervisors and/or administrative personnel may order a drug and/or alcohol test.  All such personnel will have undergone training for identification of "reasonable suspicion" situations.

F.  **CIRCUMSTANCES ALLOWING FOR TESTING**

**Reasonable Suspicion** - Employees may be subjected to drug testing if the supervisor, collaborated by a second credible observer, preferably another supervisor or manager, has a reasonable suspicion that the employee is using illegal drugs, or using prescription drugs without a prescription or in excess of the prescribed doses, or using or under the influence of alcohol during working hours.  When deemed to be reasonable, based on surrounding circumstances, the Company may request that the employee submit to a search of his/her person and/or property (including vehicles brought onto Company premises).

   a.  Written documentation - Written documentation stating the grounds for reasonable suspicion shall be provided by the supervisor prior to the collection of the specimen.

   b.  Definition - Reasonable suspicion shall mean suspicion based upon specific objective findings and reasonable inferences drawn. One or more of the following may exist as determined by the supervisor.

      (1)  Having more evidence for than against. (e.g.: slurred speech, smell of alcohol on breath, inability to walk a straight line, an accident involving property without reasonable explanation, physical altercation, verbal altercation, behavior which is so unusual that it warrants summoning a supervisor or anyone else with authority, or possession of alcohol or drugs).

      (2)  An apparent state of facts and/or circumstances which could lead a reasonable person to believe an individual was using drugs/narcotics or alcohol.

**Post-accident** - Post accident drug and alcohol testing will be done for all accidents requiring off-site medical treatment as well accidents resulting in property damage.

**Random Testing** – All employees may be subject to random testing with or without prior notification

---

***ASI Holding Company, Inc.***
***Staff Employee Handbook***

---

**G.        TESTING PROCEDURE GOALS**

Detailed testing procedures shall be developed by ASI Holding Company, Inc. to accomplish the following:

1.   Notification - Inform all individuals of the policies and procedures prior to testing.

2.   Identification - Positively identify individuals prior to testing.

3.   Confidentiality - Provide for employee privacy, security of specimens and confidentiality of Drug/Alcohol results.

**H.        TESTING AGENT**

Urine testing will be done by a SAMHSA certified lab according to the Department of Transportation standards for screening and confirmation.  Breath alcohol testing will be done by a certified Breath Alcohol Technician.

**I.    EMPLOYEE CONSEQUENCES**

1.   Test Refusal – Refusal to take the test shall be seen as a positive test result. An employee who refuses to submit immediately upon request to a search of his or her person or property or to a blood test, urinalysis, "breathalyzer" test or other diagnostic test, or who otherwise is in violation of this policy, is subject to immediate termination.  An employee who refuses to submit to or cooperate with a blood or urine test after an accident forfeits his or her rights to recover Workers' Compensation benefits under Alabama Code 25-5-51 and is subject to immediate termination.

2.   Test Positive - Employees who test positive for drugs and/or alcohol will be terminated. Any employee whose test sample is contaminated, tampered with or adulterated will be treated the same as a positive test. . Any unreasonable delays in reporting to a designated testing (specimen collection) facility will be viewed as a positive result.

**J.    INTERPRETATIONS**

1.   Neither this policy nor any related policies, practices or guidelines are employment contracts or parts of any employment contract.  Due to the nature of the Company's operations and the possible need to accommodate individual situations, the provisions of this policy or of any related policies, practices or guidelines may not apply to every employee in every situation.

---

***ASI Holding Company, Inc.***
***Staff Employee Handbook***

---

2. The Company reserves the right to rescind, modify or deviate from this or any other policy, practice or guideline as it considers necessary in its sole discretion, either in individual or Company-wide situations, with or without notice.


## *Section II - General Drug and Alcohol Testing Procedures*

**A.       GENERAL PROCEDURES**


1. **Reasonable Suspicion Testing** – ASI Holding Company, Inc. may schedule a drug/alcohol test when behavioral observations indicate to the supervisor that any employee may be involved in illegal use of a controlled substance, use of alcohol, or abuse of legal drugs. Before testing the employee, the employee's supervisor shall either (1) contact another supervisor or other credible observer to observe the employee's behavior and to concur with the decision to test the employee; (2) review the employee's behavior with another supervisor or other credible observer to obtain concurrence with the decision to test the employee. The Company may request that the employee under suspicion submit to a search by a Company representative of his/her person and/or property (including offices, lockers, desks, cabinets, closet and vehicles brought onto Company premises. The employee shall be promptly escorted to the collection site for testing by the employee's supervisor or designee.

2. **Post-accident Testing** - Post-accident drug and alcohol testing will be done for accidents requiring off-site medical treatment, or for accidents resulting in property damage.

3. **Random Testing** – All employees may be subject to random testing with or without notification. Employees selected by random method will be required to immediately report to the designated testing facility. Failure to do so, or any unreasonable delays in reporting for testing, will be considered a failed drug screen and will subject the employee to immediate termination.


**B.       TESTING PROCEDURES**

1. All drivers who hold a Commercial Driver's License will be tested in accordance with Federal Highway Administration requirements.

2. The employee must provide proof of identification via photo identification such as Driver's License.

3. The individual must sign a drug testing consent form to indicate his/her knowledge of the  procedure and to confirm that opportunity was granted to clarify any points of procedure.

4. All testing procedures, including collections, will be performed by technicians at certified  laboratories.

---

***ASI Holding Company, Inc.***
***Staff Employee Handbook***

---

The individual's urine specimen will be tested for temperature and evaluated for color before processing for transport to the testing laboratory.  If the specimen is suspicious, i.e., color or temperature, the collector will confer with a physician for approval to request the individual to provide a second urine specimen immediately, under witnessed conditions, by a person of the same gender.  The individual will be allowed to drink fluids under supervision until a second specimen is provided. If the employee is unable to provide a second specimen within a three-hour period, the individual can be sent for a medical evaluation.  If the individual is unable or unwilling to provide a second specimen, the individual will not be eligible for employment due to failure to complete required physical processing.

The Medical Review Officer shall notify the employee directly of the results of any positive drug test in order to give the employee an opportunity to discuss the findings, and provide evidence of a medical explanation.

Controlled substances urine tests must follow split sample procedures.  Under this provision, an employee whose urine sample has tested positive for a controlled substance has the option of having the other portion of the split sample tested at another Department of Health and Human Services certified laboratory.  The employee must notify the Medical Review Officer after notification of a positive sample that the employee wishes to test the split sample.  This must be done within three (3) days.  The employee shall be responsible for the cost of the analysis of the split sample.

## C.             POST ACCIDENT TESTING

1.   All Employees:

   a.   All employees shall notify their supervisor immediately after any accident which requires off-site treatment or results in property damage. The employee is required to submit to a post accident drug/alcohol test as soon as possible after an accident, as described below.

   b.   Any employee whose performance either contributed to the accident or cannot be completely discounted as a contributing factor to an accident shall provide a urine specimen to be tested for the use of controlled substances and/or alcohol as soon as possible after the accident, but in no case to exceed thirty-two (32) hours after an accident for drug testing and eight (8) hours after an accident for breath alcohol testing.

   c.   The supervisor or designee will schedule the employee for testing and assure that he/she is tested the same day as the reportable accident, if possible.

2.   Employees holding a Commercial Driver's License

   Definition of a post-accident test under the Federal Highway Administration include:

*ASI Holding Company, Inc.*
*Staff Employee Handbook*

- Covered employee involved in an accident which caused a fatality to another person when the driver was operating or about to operate a motor vehicle.  **Note:** If the driver is the fatality, drug or alcohol testing may not be required.  Also, if the driver is comatose or otherwise medically incapacitated, then no drug or alcohol test may need to be performed.

- Of which accident there is a personal injury to the driver, pedestrian or passenger and that person(s) is transported for medical treatment AND the driver is cited for a violation.

- Damage to vehicle requires either or all vehicles to be towed from the accident AND the driver is cited for a violation.

One of the above criteria must be met in order to require a covered employee to be tested for the Department of Transportation, but these circumstances do not prevent the company from requiring the employee to be drug and/or alcohol tested under the company policy.


**D.**                      **REHABILITATION**

1.  An employee who identifies himself to the Company's administrative representative of needing drug/alcohol rehabilitation, prior to positive findings on drug and/or alcohol test, will not be disciplined if he/she meets all of the following criteria:

    a.  Obtains counseling and successfully completes a drug and/or alcohol rehabilitation program, at the employee's expense.

    b.  Agrees to follow-up drug and alcohol testing for up to sixty months after the successful completion of a drug and alcohol rehabilitation program and return to work.  Costs associated with follow-up testing are the employee's responsibility.

---

**ASI Holding Company, Inc.**
**Staff Employee Handbook**

---

**\*\*DO NOT SIGN ACKNOWLEDGMENT PAGE UNTIL YOU HAVE READ
THE EMPLOYEE HANDBOOK\*\***

**EMPLOYEE'S ACKNOWLEDGMENT OF RECEIPT OF HANDBOOK**

I have received a copy of the EMPLOYEE HANDBOOK of ASI Holding Company, Inc.
(hereafter referred to as *the Company*) on the date indicated below.  I understand that I am charged
with knowledge of the contents of this Handbook.  I understand the following concerning this
Handbook and the policies of the Company:  This Handbook and other statements of policy are
prepared for informational purposes only. They are **not a contract** between the Company and its
employees, and should not be construed as such. The policies of the Company may be changed or
amended at any time, with or without notice.  Employment by the Company is not for a definite
term and just as I may terminate my employment with the company at any time, I acknowledge
and agree that the company may terminate my employment at any time, for any lawful reason or
no reason, with or without cause or notice. No supervisor or representative of the Company, other
than the President/CEO, has any authority to enter into any agreement for employment for any
specified period of time, or to make an agreement inconsistent with this acknowledgment; to be
**valid**, any such agreement must be **in writing, designated as an employment agreement**,
specifically stating that such agreement alters the at-will employment relationship and **signed** by
the Company's President/Owner.

I understand that the Company does not tolerate racial, sexual, or other harassment of its
employees. As a condition of my employment, I pledge to the Company that I will not put up with
harassment either. I will, without delay, report to the Company's corporate officers all instances of
harassment that I observe or that happen to me.


_____          _____
Typed or Printed Name of Employee          Typed or Printed Name of ASI Holding Company,
                                                              Inc. Representative


_____          _____
Signature of Employee          Signature of ASI Holding Company, Inc.
                                             Representative


_____          _____
Date          Date

---

***ASI Holding Company, Inc.***
***Staff Employee Handbook***

---

***\*\*DO NOT SIGN UNTIL YOU HAVE READ THE ENTIRE DRUG AND ALCOHOL POLICY\*\****

### EMPLOYEE ACKNOWLEDGMENT

I acknowledge that I have received a copy of the ASI Holding Company, Inc. (hereafter referred to as *the Company*) Drug and Alcohol Policy, and I have read and understand the information contained within.  I also acknowledge that the provisions of the Policy are part of the terms and conditions of my employment, and that I agree to abide by them. I also acknowledge that under certain conditions I may be required to submit to testing of blood, urine, breath, hair and/or saliva to determine drug or alcohol use or abuse as a condition of my continued employment with the Company.

I consent to the release to the Company all information regarding my work-related injury and subsequent treatment. I consent to release drug/alcohol screen results to authorized company representatives for appropriate review. I release and agree to hold harmless the Company, its employees and its agents from any liability and from any liability stemming from negligence to me based on the results of the drug screening.

I hereby give my consent to the company and the testing laboratory to release the test results to any Medical Review Officer designated by the Company.  I understand that if I refuse to submit to or cooperate with a blood or urine test and/or alcohol breathalyzer test after an accident, I forfeit any rights to recover Worker's Compensation benefits that I might have under State Drug Free Workplace Requirements.  I also understand that if I refuse to submit to or cooperate with a blood, urine and/or breathalyzer test after an accident, and/or am found to be in violation of the Company Drug & Alcohol Policy, I will be subject to immediate termination.

Under state law, workers who are injured at the workplace or in the course of employment may be tested for drugs and alcohol and, if impaired, may not be paid benefits under the State Worker's Compensation Law if the injury is a result of an accident caused by drug and/or alcohol impairment:

"A positive Drug Test conducted and evaluated pursuant to standards adopted for drug testing by the U.S. Department of Transportation in 49 C.F.R. Part 40 shall be a conclusive presumption of impairment resulting from the use of illegal drugs.  No compensation shall be allowed if the employee refuses to submit to or cooperate with a blood or urine test as set forth above after the accident after being warned in writing by the employer that such refusal would forfeit the employee's right to recover benefits under this chapter."

The Company now warns you that refusal to take a urine or blood drug test and/or alcohol breathalyzer test after an accident will forfeit your rights to recover benefits under the State Worker's Compensation Act.


Employee Signature_____

Name (Please Print)_____

Date_____

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below
written, by and between DARRELL E. BLANTON, (hereinafter referred
to as "DISCLOSER"), and ___Don Abreu_____,
having a business address at 2407 E. Goldenrod St., Phoenix, AZ 85048,
(hereinafter referred to as "DISCLOSEE").

WHEREAS, DISCLOSER possesses information, data and experience
relating to GOLF/RANGE BALL AMENITY PROGRAM, (the "BUSINESS PLAN");
and

WHEREAS, said BUSINESS PLAN is considered by DISCLOSER to be
secret and confidential and constitute a valuable commercial asset
to DISCLOSER; and

WHEREAS, DISCLOSER is willing, subject to the terms and
conditions hereof, to disclose so much of BUSINESS PLAN to
DISCLOSEE as may be necessary for the purposes of enabling
DISCLOSEE to evaluate said BUSINESS PLAN.

NOW THEREFORE, DISCLOSEE and DISCLOSER agree as follows:

1.    The term "CONFIDENTIAL INFORMATION" as used herein means
all information, data and experience of the type referred to above
constituting the BUSINESS PLAN, whether of a technical,
operational, marketing, or other economic nature, disclosed to or
obtained by DISCLOSEE in writing, by oral disclosure, or otherwise
from DISCLOSER, except:

A.    Information which at the time of disclosure by
DISCLOSER to DISCLOSEE, is in the public domain.

B.    Information which after disclosure by DISCLOSER to
DISCLOSEE enters the public domain where such entry is not the

performed by DISCLOSEE, either for itself, or for any other person, firm or corporation.

B.    Confidential Information to third parties shall only be disclosed by DISCLOSEE by written consent of DISCLOSER, and subsequent to the execution of Disclosure Agreements between DISCLOSEE and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, DISCLOSEE will not supply any such Confidential Information to any other customer or potential customer of DISCLOSER.

C.    To keep all such Confidential Information secret, and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes, and all copies, reproductions, reprints and translations to be plainly marked to indicate the secret and confidential nature thereof and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

D.    DISCLOSEE will use the same degree of care in protecting DISCLOSER'S Confidential Information as it uses in protecting its own; but in no event shall DISCLOSEE fail to maintain the minimum standards set out in C above.

E.    To surrender to DISCLOSER all written materials received from DISCLOSER, upon DISCLOSER'S request and to refrain from any reproduction of DISCLOSER'S written materials.

5.    This Agreement represents the sole Agreement between the

result of a breach of this Agreement.

    C.   Information which, prior to disclosure by DISCLOSER to DISCLOSEE was already in DISCLOSEE'S possession, as evidenced by written records, and not subject to an obligation of confidence imposed by another Agreement or in another relationship.

    D.   Information which, subsequent to disclosure by DISCLOSER to DISCLOSEE, is obtained by DISCLOSEE from a third party who is lawfully in possession of such information and not subject to a contractual or fiduciary relationship to DISCLOSER with respect to non-disclosure of said information, and who does not require DISCLOSEE to undertake a confidential commitment with respect to such information.

2.   There shall be no obligation of confidentiality on the part of the DISCLOSEE with respect to any information supplied or divulged to DISCLOSEE after the expiration of five (5) years from the date of this Agreement.

3.   In the event that DISCLOSER obtains United States Patents covering the disclosed Confidentiality Information, or portions thereof, DISCLOSER shall thereafter rely solely on the rights under said Patents with respect to that subject matter disclosed, or made publicly available.

4.   In consideration of DISCLOSER'S willingness to disclose Confidential Information, DISCLOSEE agrees:

    A.   Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work

parties as of the date of this Agreement.

6.    This  Agreement  will  be  governed  and  construed  in
accordance with the Laws of the State of Florida.

7.    The persons signing below represent and warrant their
authority to bind the parties in this Agreement.

DISCLOSEE:

FOR: _Dynamic Training Systems, Inc._

BY: _Don Abreu_

TITLE: _President_

DATE: _19 July '96_

DISCLOSER:

_Darrell Blanton_
DARRELL BLANTON
DATE: _8-10-96_

AMENITY SERVICES, INC.

July 13, 2013

Don Abreu
Dynamic Training Systems, Inc.
2407 E Goldenrod St.
Phoenix, AZ 85048

RE:  Consulting Contract

Dear Don,

This letter is to serve as ASI's thirty day notification to terminate our contract with Dynamic Training Systems, Inc.  The original contract expired on 4/1/12 and has been renewing on a monthly basis.  Per our verbal agreement ASI will pay Dynamic Training Systems through August 10th, 2012.  You will receive a consulting fee on Friday, July 27th and on Friday, August 10th.

If you have any unpaid expense reports, please submit them to Joy Wamble for payment.

All company property including but not limited to, laptop, iPad, and files, should be shipped back to ASI via UPS.  Shipments can be made under the company UPS account number of 8AF930.

It has been a pleasure working with you and wish you much success in your future endeavors.

Sincerely,

Darrell E. Blanton
President

Exhibit "D"

ASI Holding Company, Inc.
Employment offer for Don Abreu

- Title:  Director of Operations
- Anticipated start date of April 1, 2008
- 4 year employment contract
- $90,000 base salary (semi-monthly payroll schedule with pay days being the 15th and last day of the month) with the following benefits:
    - Health Insurance (ASI pays 100% for employee)
    - Short and Long Term Disability (paid for by ASI)
    - Simple IRA (ASI matches up to 3% a month)
    - Dental – elective
    - Aflac – elective

- Incentive based bonus plan – this is in the works, but will need to be discussed upon your arrival.
- Stock/Ownership in the company – Darrell is currently working with the attorney's and CPA's to develop a stock owner and/or profit sharing program.
- Job description:
    - Initially you will be managing the day to day operations of the call center with the objective of consistently providing exemplary levels of customer service.
    - Identify and work with a training company to develop, standardize and implement an ongoing training program for all call center employees.
    - Develop and implement training program for all property management companies and service providers, both new and for current clients.
    - You would report to Darrell and Adrienne.
    - Will work/train with Adrienne.
    - Additional aspects of job duties beyond the ones outlined above will be discussed later on.


AGREED:


_____            _____
Don Abreu                                   Darrell Blanton
DTS, Inc.                                   ASI Holding Company, Inc.


13 March 2008                               3/18/08
_____            _____
Date                                        Date

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, Inc.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

v.                                          CASE NO. 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

## NOTICE OF FILING AFFIDAVIT OF DARRELL BLANTON

      Plaintiff, ASI Holding Company, Inc., by and through undersigned counsel, files the

attached Affidavit of Darrell Blanton.

                             /s/ A. Benjamin Gordon_____
                             A. Benjamin Gordon
                             Florida Bar No.: 528617
                             Darian Zamora
                             Florida Bar No.: 114951
                             Keefe, Anchors & Gordon, P.A.
                             2113 Lewis Turner Boulevard, Suite 100
                             Ft. Walton Beach, FL   32547
                             Telephone:   (850) 863-1974
                             Facsimile:   (850) 863-1591
                             Email:      bgordon@kaglawfirm.com
                                          dzamora@kaglawfirm.com

                             *Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this
Court, and a true and correct copy of hereof has been furnished by electronic mail to
Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 2nd day of June,
2015.

                             /s/ A. Benjamin Gordon_____
                             A. Benjamin Gordon

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:         bgordon@kaglawfirm.com
                  dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, Inc.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

v.                                  CASE NO. 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## AFFIDAVIT OF DARRELL BLANTON

STATE OF FLORIDA
COUNTY OF OKALOOSA

      BEFORE ME, the undersigned authority, personally appeared Darrell Blanton who, after being duly sworn, deposes and says:

      1.     I am over 21 years of age, am of sound mind, competent to testify, and possess personal knowledge of the facts set forth herein.

      2.     My name is Darrell Blanton.

      3.     I am the founder, primary stockholder, and Chief Executive Officer of ASI Holding Company, Inc. ("ASI").

      4.     ASI is the developer of a guest amenity program which offers packages of complimentary vacation activities for vacation rental properties to provide their guests.

      5.     The pricing structure and profit formula for this program are highly confidential trade secrets of ASI.

      6.     In order to protect its trade secrets, ASI requires all employees at all levels of employment to sign a Non-Disclosure Agreement. ASI's policy of requiring all employees to sign a Non-Disclosure Agreement has been in place since the founding of ASI over twenty years ago, and the material terms of ASI's Non-Disclosure Agreement have remained the same during that time.

1

7.     In 1996, I began having discussions with Don Abreu ("Abreu") about the possibility of Abreu working for ASI at some time in the future.  In order to restrict Abreu from disclosing ASI's trade secrets, I personally entered into a Non-Disclosure Agreement with Abreu ("1996 NDA"). A copy of the 1996 NDA signed by Abreu is attached hereto as Exhibit "A."

8.     In 2008, ASI contracted with Abreu to provide marketing and other services to ASI. On or about April 1, 2008, ASI and Abreu entered into an employment contract which provided that Abreu would become ASI's Director of Operations.

9.     On or about the first day of Abreu's employment, I required Abreu to sign a Non-Disclosure Agreement ("2008 NDA") per ASI's company policy. Abreu signed the 2008 NDA in my presence. The 2008 NDA attached to ASI's Complaint, and also attached hereto as Exhibit "B," is an updated version of the 1996 NDA, which all employees were required to sign.

10.     Abreu remained employed by ASI until 2013.  At all times during Abreu's employment with ASI, Abreu had full and complete access to ASI's files, including but not limited to original copies, digital files and the network of the company, as well as the original 2008 NDA signed by Abreu.

11.     In May 2012, during the strategic planning session, in which Abreu returned from Arizona to attend, I personally witnessed Abreu in a secluded area of the office where the only items in that area were archive records such as previously executed NDAs and so forth.

12.     Thereafter, the signed 2008 NDA was no longer in ASI's possession, and is still not in ASI's possession.

13.     Abreu breached the 2008 NDA by disclosing ASI's trade secrets and other confidential information to third parties.

14.     Abreu's breach of the 2008 NDA caused damages to ASI, including but not limited to, loss of business, lost profits, and damage to goodwill.

**FURTHER AFFIANT SAYETH NAUGHT.**

Darrell Blanton

## VERIFICATION

BEFORE ME, the undersigned authority, on this day personal appeared Darrell Blanton,  (X) who is personally known to me or (__) has produced _____ as identification, who did/did not take an oath, who is known to

2

me to be the individual described by said name, and after being duly sworn, states that the foregoing is true and correct to the best of his knowledge.


Sworn to and subscribed before me this the _2ND_ day of _June_____, 2015.

By: _Julie Anne Pletz_
(Printed Name)

(SEAL)

Commission Number: _FFD26578_

My Commission Expires: _6/17_

JULIE ANNE PLETZ
MY COMMISSION #FF026578
EXPIRES June 11, 2017
(407) 398-0153    FloridaNotaryService.com

3

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between DARRELL E. BLANTON, (hereinafter referred to as "DISCLOSER"), and ___Don Abreu_____,
having a business address at 2407 E. Goldenrod St., Phoenix, Az 85048;
(hereinafter referred to as "DISCLOSEE").

WHEREAS, DISCLOSER possesses information, data and experience relating to GOLF/RANGE BALL AMENITY PROGRAM, (the "BUSINESS PLAN"); and

WHEREAS, said BUSINESS PLAN is considered by DISCLOSER to be secret and confidential and constitute a valuable commercial asset to DISCLOSER; and

WHEREAS, DISCLOSER is willing, subject to the terms and conditions hereof, to disclose so much of BUSINESS PLAN to DISCLOSEE as may be necessary for the purposes of enabling DISCLOSEE to evaluate said BUSINESS PLAN.

NOW THEREFORE, DISCLOSEE and DISCLOSER agree as follows:

1.    The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above constituting the BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by DISCLOSEE in writing, by oral disclosure, or otherwise from DISCLOSER, except:

A.    Information which at the time of disclosure by DISCLOSER to DISCLOSEE, is in the public domain.

B.    Information which after disclosure by DISCLOSER to DISCLOSEE enters the public domain where such entry is not the

performed by DISCLOSEE, either for itself, or for any other person, firm or corporation.

B.   Confidential Information to third parties shall only be disclosed by DISCLOSEE by written consent of DISCLOSER, and subsequent to the execution of Disclosure Agreements between DISCLOSEE and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, DISCLOSEE will not supply any such Confidential Information to any other customer or potential customer of DISCLOSER.

C.   To keep all such Confidential Information secret, and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes, and all copies, reproductions, reprints and translations to be plainly marked to indicate the secret and confidential nature thereof and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

D.   DISCLOSEE will use the same degree of care in protecting DISCLOSER'S Confidential Information as it uses in protecting its own; but in no event shall DISCLOSEE fail to maintain the minimum standards set out in C above.

E.   To surrender to DISCLOSER all written materials received from DISCLOSER, upon DISCLOSER'S request and to refrain from any reproduction of DISCLOSER'S written materials.

5.   This Agreement represents the sole Agreement between the

result of a breach of this Agreement.

C.    Information which, prior to disclosure by DISCLOSER
to DISCLOSEE was already in DISCLOSEE'S possession, as evidenced by
written records, and not subject to an obligation of confidence
imposed by another Agreement or in another relationship.

D.    Information which, subsequent to disclosure by
DISCLOSER to DISCLOSEE, is obtained by DISCLOSEE from a third party
who is lawfully in possession of such information and not subject
to a contractual or fiduciary relationship to DISCLOSER with
respect to non-disclosure of said information, and who does not
require DISCLOSEE to undertake a confidential commitment with
respect to such information.

2.    There shall be no obligation of confidentiality on the
part of the DISCLOSEE with respect to any information supplied or
divulged to DISCLOSEE after the expiration of five (5) years from
the date of this Agreement.

3.    In the event that DISCLOSER obtains United States Patents
covering the disclosed Confidentiality Information, or portions
thereof, DISCLOSER shall thereafter rely solely on the rights under
said Patents with respect to that subject matter disclosed, or made
publicly available.

4.    In consideration of DISCLOSER'S willingness to disclose
Confidential Information, DISCLOSEE agrees:

A.    Not to make any use whatsoever of the Confidential
Information, except for the purpose specified above, and
accordingly, without limiting the generality of the foregoing, not
to use such Confidential Information in connection with any work

parties as of the date of this Agreement.

6. This Agreement will be governed and construed in accordance with the Laws of the State of Florida.

7. The persons signing below represent and warrant their authority to bind the parties in this Agreement.

DISCLOSEE:

FOR: Dynamic Training Systems, Inc.

BY: Don Abreu

TITLE: President

DATE: 19 July '96

DISCLOSER:

DARRELL BLANTON
DATE: 8-10-96

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between AMENITY SERVICES, INC., (hereinafter referred to as "ASI"), and _____, having a business address at: _____

Street Address: _____

City, State, Zip: _____, (hereinafter referred to as "Second Party").

WHEREAS, ASI possesses confidential information, data and experience relating to the concept for a RESORT/HOTEL AMENITY PROGRAM, including a hardware and software system for computerized tracking (the "CONCEPT AND BUSINESS PLAN"); and

WHEREAS, said CONCEPT AND BUSINESS PLAN is considered by ASI to be secret and confidential and constitute a valuable commercial asset; and

WHEREAS, ASI is willing, subject to the terms and conditions hereof, to disclose so much of the CONCEPT AND BUSINESS PLAN to Second Party as may be necessary for the purpose of enabling Second Party to evaluate the current business proposal;

NOW THEREFORE, ASI and Second Party agree as follows:

1.     The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above as constituting the CONCEPT AND BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by Second Party in writing, by oral disclosure, or otherwise from ASI.

2.     In consideration of ASI's willingness to disclose Confidential Information, Second Party agrees from the execution hereof for itself, affiliates, subsidiaries, its agents, employees, representatives, successors and assigns (without regard to the continued relationship between Second Party and such affiliates, subsidiaries, agents, employees, or representatives, or the lack thereof):

A.     Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work performed by Second Party, either for itself, or for any other person, firm, or corporation, nor to participate with any third party in any program which is the same as or substantially similar to that disclosed.

B.     Confidential Information shall only be disclosed to third parties upon Second Party's receipt of the written consent of ASI, and subsequent to the execution of non-disclosure agreements between Second Party and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, Second Party will not supply any such Confidential Information to any other customer or potential customer of ASI.

C.     To keep all such Confidential Information secret and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes,

and all copies, reproductions, reprints, and translations to be plainly marked to indicate the secret and confidential nature thereof, and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

       D.    Second Party will use no less care in protecting ASI'S Confidential Information than it uses in protecting its own; but in no event shall Second Party fail to maintain the minimum standards set out in C above.

       E.    Upon ASI'S request, to surrender all written materials and to refrain from any reproduction of ASI'S written materials.

     3.    This Agreement shall not be merged into any subsequent agreement which may be executed between the parties hereto but shall survive unabated.

     4.    The invalidity of any portion of this Agreement shall not affect the validity of the remainder hereof, but the remainder shall be construed as though the invalid portion were not a part hereof.

     5.    This Agreement will be governed by and construed in accordance with the Laws of the State of Florida and the parties hereto by their signatures below consent that in any dispute arising out of this Agreement, venue shall lie in the state courts of Okaloosa County, Florida.

     6.    The parties' rights and obligations under this Agreement shall inure to the benefit of and shall be binding upon the parties' successors and assigns.

     7.    Non-waiver.   No delay or failure by a party to exercise any right under this Agreement, and no partial or single exercise of that right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.

     8.    Attorney's Fees.   In the event of any litigation arising out of or related to this Agreement the parties agree that the prevailing party will be entitled to payment of his reasonable attorney's fees and costs, including fees and costs incurred on appeal.

Second Party:

_____

Print Name

_____

Signature

TITLE:_____

DATE:_____

Revised 5/15/06

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

CASE NO. 2013 CA 4103

## ORDER DENYING DEFENDANT, DON ABRUE'S MOTION FOR PARTIAL SUMMARY JUDGMENT [1]

    This cause having come before the Court at a hearing on June 9, 2015, on Defendant, Don Abrue's Motion for Partial Summary Judgment, the Court having heard arguments of counsel, reviewed the file, and been otherwise fully advise, it is hereby ORDERED:

    1.    Defendant, Don Abrue's Motion for Partial Summary Judgment is DENIED.

    2.    A Case Management Conference has been scheduled for September 16, 2015, starting at 9:00 a.m. CST.

    DONE AND ORDERED in Okaloosa County, Florida this 7th day of July, 2014.

                                 John T. Brown
                                 Circuit Court Judge

---

[1] Defendant, Don Abrue's Motion for Partial Summary Judgment was electronically filed with the Okaloosa County Clerk of Court on February 10, 2015.

CASE NO. 2013 CA 4103
Order Denying Defendant, Don Abrue's Motion for
Partial Summary Judgment
Page 2 of 2

## CLERK'S CERTIFICATE OF MAILING

I HEREBY CERTIFY that a truce and correct copy of the foregoing has been furnished to all counsel of record and/or parties via regular U.S. Mail on this __8__ day of ~~June~~, 2015 as follows:
JULY

Darian L. Zamora
A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541

CLERK OF COURT

By: _Diane Watkins_
Deputy Clerk

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

                           CASE NO. 2013 CA 4105

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### ORDER SETTING CASE MANAGEMENT CONFERENCE

    This cause having come before the Court at a Case Management Conference on September 16, 2015, the Court having heard from counsel, reviewed the file, and been otherwise fully advise, it is hereby ORDERED:

    1.    A Case Management Conference has been scheduled for Monday, November 9, 2015, starting at 9:00 a.m. CST.

    DONE AND ORDERED in Okaloosa County, Florida this 28th day of Sept, 2015.

_____
John T. Brown
Circuit Court Judge

### CLERK'S CERTIFICATE OF MAILING

    I HEREBY CERTIFY that a truce and correct copy of the foregoing has been furnished to all counsel of record and/or parties via regular U.S. Mail on this 30 day of September , 2015 as follows:

Darian L. Zamora
A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.

2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541

JD Peacock, II
CLERK OF COURT

By: _Kathy Henley_
Deputy Clerk

2

Case 3:16-cv-00463-MCR-GRJ   Document 1-4   Filed 09/14/16   Page 103 of 173

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
# IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO
## DEFENDANT DON ABREU

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Don Abreu, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.      The terms "DEFENDANT," "YOU," "YOUR," "ABREU,"  refer to Defendant,
Don Abreu and include his successors or predecessors in interest and all officers,
attorneys, brokers, directors, employees, agents, servants and other persons acting or
purporting to act on behalf of Abreu.  When a document request is relevant to less than
all Defendants and/or you, the singular form of the word should be substituted as may be
necessary to bring within the scope hereof any documents which might otherwise be
construed to be outside the scope hereof.

C.      The terms "DOCUMENT" or "DOCUMENTS" mean the original and all
copies thereof which are different in any way from the original (whether by interpretation,
receipt stamps notation, indication of copies sent or received or otherwise) and all
attached or annexed materials to any typewritten, handwritten, printed, graphic,
photographic or recorded material as well as all computer data files, tapes, disks, input
or outputs, and other computer-readable records or programs, transcripts, and copies,
and reproductions thereof, however produced or reproduced, now or at any time in your
actual or constructive possession, custody or control.  The terms "DOCUMENT" or
"DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails,
instant messages, cellular telephone text messages, PDA messages, telegrams,
facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other
communications, pamphlets, books, notes, reports, studies, transcripts, indices,
accounting records of any kind, including bank examination reports whether state or
federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates,
minutes, (including board and loan committee meetings), tapes, photographs and
photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## **INSTRUCTIONS**

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

        (1)      Date;

        (2)      Author;

        (3)      Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.      If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.      Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.      For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.      Please produce any and all marketing materials used by you in connection with any amenity program, including but not limited to print materials, advertising, presentations, brochures, and images from websites.

2.      Please produce any and all contracts used to secure agreements with Lodging Providers in connection with any amenity program.

3.      Please produce any and all contracts used to secure Service Providers in connection with any amenity program.

4.      Please produce a list of current and past clients that have utilized your amenity program.

5.      Please produce a list of all Lodging Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Lodging Providers became involved with your amenity program.

6.      Please produce a list of all Service Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Service Providers became involved with your amenity program.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 6th day of November, 2015.

/s/ A. Benjamin Gordon
A. Benjamin Gordon

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:      bgordon@kaglawfirm.com
            dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

<u>**NOTICE OF CASE MANAGEMENT CONFERENCE**</u>

        **PLEASE TAKE NOTICE** that a Case Management Conference has been set as

follows**:**

        Judge:        Honorable John T. Brown

        Place:        Judge Brown's Chambers
                            Okaloosa County Courthouse, Fort Walton Beach, Annex

        Time:        9:00 a.m. CST

        Date:        Monday, January 11, 2016

**\*\*If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you to the provision
of certain assistance. Please contact:**

<div align="center">

**Court Administration, ADA Liaison
Okaloosa County
1940 Lewis Turner Blvd.
Fort Walton Beach, FL 32547
Phone (850) 609-4700 Fax (850) 652-7725
<u>ADA.Okaloosa@flcourts1.gov</u>**

</div>

**at least 7 days before your scheduled court appearance, or immediately upon
receiving this notification if the time before the scheduled appearance is less
than 7 days; if you are hearing or voice impaired, call 711.\*\***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, <u>Jay@jscheyd.com</u> and <u>Tiffany@jscheyd.com</u> on this 17th day of November, 2015.

<div style="margin-left: 50%">

<u>/s/ Darian Zamora</u>

A. Benjamin Gordon

Florida Bar No.: 528617

Darian Zamora

Florida Bar No.: 114951

Keefe, Anchors & Gordon, P.A.

2113 Lewis Turner Boulevard, Suite 100

Ft. Walton Beach, FL   32547

Telephone:   (850) 863-1974

Facsimile:   (850) 863-1591

Email:       <u>bgordon@kaglawfirm.com</u>
             <u>dzamora@kaglawfirm.com</u>

*Attorneys for ASI Holding Company, Inc.*

</div>

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                                CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

## AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF DON ABREU

To:    Joseph M. Scheyd
       1221 Airport Road, Suite 209
       Destin, FL 32541

You are hereby notified that, on **Thursday, January 28, 2016 at 9:00 a.m. MST / 10:00 a.m. CST**, the undersigned will take the video deposition[1] of Don Abreu, upon oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court reporter at the office of Coash & Coash, 1802 North 7th Street, Phoenix, Arizona 85006.

The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are being permitted under the rules of Court.

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

**Okaloosa County**
**1940 Lewis Turner Boulevard**
**Fort Walton Beach, FL 32547**

_____

[1] The deposition will be videotaped by a representative of Coash & Coash, 1802 North 7th Street, Phoenix, Arizona 85006

**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 22nd day of December, 2015.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:         bgordon@kaglawfirm.com
                 dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

### NOTICE OF POSTPONEMENT OF DEPOSITION OF DON ABREU

To:    Joseph M. Scheyd
        1221 Airport Road, Suite 209
        Destin, FL  32541

       YOU ARE HEREBY NOTIFIED that the deposition of Don Abreu scheduled to

occur on January 28, 2016 at 9:00 a.m. MST / 10:00 a.m. CST, has been postponed. The

deposition will be rescheduled at a later date.

### CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this
Court, and a true and correct copy of hereof has been furnished by electronic mail to
Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 12th day of
January, 2015.

                           /s/ Darian Zamora_____
                           A. Benjamin Gordon
                           Florida Bar No.: 528617
                           Darian Zamora
                           Florida Bar No.: 114951
                           Keefe, Anchors & Gordon, P.A.
                           2113 Lewis Turner Boulevard, Suite 100
                           Ft. Walton Beach, FL  32547
                           Telephone:   (850) 863-1974
                           Facsimile:    (850) 863-1591
                           Email:         bgordon@kaglawfirm.com

dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                             CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

### PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

       COMES NOW, Plaintiff, ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel pursuant to Florida Rule of Civil Procedure 1.380, and hereby requests that this Court enter an Order compelling Defendant, Don Abreu ("ABREU") to produce responses to discovery requests. In support of this Motion, ASI state as follows:

       1.     On November 6, 2015, ASI served the following discovery request upon Abreu (the "Discovery"):

              a.     Plaintiff's Second Request for Production to Defendant, Don Abreu.

                     A copy of which is attached hereto as Exhibit "A."

       2.     ASI has attempted in good faith to resolve this issue.

       3.     Abreu has failed to respond to ASI's good faith attempt.

       4.     Thus, ASI respectfully requests that the Court enter an order compelling Abreu to respond to the Discovery.

       5.     If the Court grants the relief requested herein and enters the requested order compelling Abreu to respond to the Discovery, ASI respectfully requests that the

Court award attorney's fees and costs incurred in obtaining said order. Fla. R. Civ. P. 1.380(a)(4).

WHEREFORE, ASI respectfully requests that the Court enter an order:

    a.    Compelling Abreu to respond to the Discovery within 10 days;

    b.    Awarding the ASI its attorney's fees and costs in obtaining the order compelling discovery; and

    c.    Providing such other relief as the Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 13ʰ day of January, 2015.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:   bgordon@kaglawfirm.com
        dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO
DEFENDANT DON ABREU**

        Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Don Abreu, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

**DEFINITIONS**

        A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

EXHIBIT "A"

B.      The terms "DEFENDANT," "YOU," "YOUR," "ABREU,"  refer to Defendant, Don Abreu and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Abreu.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.      The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.      The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.      The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.      The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

G.      "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.      The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios.

I.       The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.       When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.       The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.       The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.       The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## INSTRUCTIONS

A.       If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)      Date;

(2)      Author;

(3)      Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.      Please produce any and all marketing materials used by you in connection with any amenity program, including but not limited to print materials, advertising, presentations, brochures, and images from websites.

2.      Please produce any and all contracts used to secure agreements with Lodging Providers in connection with any amenity program.

3.      Please produce any and all contracts used to secure Service Providers in connection with any amenity program.

4.      Please produce a list of current and past clients that have utilized your amenity program.

5.      Please produce a list of all Lodging Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Lodging Providers became involved with your amenity program.

6.      Please produce a list of all Service Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Service Providers became involved with your amenity program.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 6th day of November, 2015.

/s/ A. Benjamin Gordon
A. Benjamin Gordon

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

CASE NO. 2013 CA 4103

### ORDER SETTING CASE MANAGEMENT CONFERENCE

This cause having come before the Court at a Case Management Conference on January 11, 2016, the Court having heard from counsel, reviewed the file, and been otherwise fully advise, it is hereby ORDERED:

      1. A Case Management Conference has been scheduled for Monday, March 14, 2016, starting at 9:00 a.m. CST.

DONE AND ORDERED in Okaloosa County, Florida this 15th day of _Jan_, 2016.

_____
John T. Brown
Circuit Court Judge

CASE NO. 2013 CA 4103
Order Setting Case Management Conference
Page 2 of 2

## CLERK'S CERTIFICATE OF MAILING

I HEREBY CERTIFY that a truce and correct copy of the foregoing has been furnished to all counsel of record and/or parties via regular U.S. Mail on this ___19___ day of January, 2016 as follows:

Darian L. Zamora
A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541

JD Peacock, II
CLERK OF COURT

By: _____
Deputy Clerk

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                       CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

**PLAINTIFF'S NOTICE OF HEARING ON PLAINTIFF'S MOTION TO COMPEL
RESPONSES TO DISCOVERY[1]**

        **PLEASE TAKE NOTICE** that a hearing regarding Plaintiff's Motion to Compel

Responses to Discovery has been set as follows**:**

        Judge:         Honorable John T. Brown

        Place:         Judge Brown's Chambers
                          Okaloosa County Courthouse, Fort Walton Beach, Annex

        Time:         2:15 p.m. CST (15 minutes have been reserved)

        Date:         February 4, 2016

**\*\*If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you to the provision
of certain assistance. Please contact:**

<div align="center">

**Court Administration, ADA Liaison
Okaloosa County
1940 Lewis Turner Blvd.
Fort Walton Beach, FL 32547
Phone (850) 609-4700 Fax (850) 652-7725
ADA.Okaloosa@flcourts1.gov**

</div>

_____

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the clerk on
January 13, 2016.  Filing # 36541705.

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.\*\***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com on this 20th day of January, 2015.

<div align="right">

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

</div>

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                      CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### PLAINTIFF'S AMENDED NOTICE OF HEARING ON PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY[1]

      **PLEASE TAKE NOTICE** that a hearing regarding Plaintiff's Motion to Compel Responses to Discovery has been set as follows:

      Judge:           Honorable John T. Brown

      Place:            Judge Brown's Chambers
                            Okaloosa County Courthouse, Fort Walton Beach, Annex

      Time:            10:30 a.m. CST (15 minutes have been reserved)

      Date:            February 4, 2016

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

<div align="center">

**Court Administration, ADA Liaison**
**Okaloosa County**
**1940 Lewis Turner Blvd.**
**Fort Walton Beach, FL 32547**
**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**

</div>

_____

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the clerk on January 13, 2016.  Filing # 36541705.

<div align="center">1</div>

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.\*\***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, <u>Jay@jscheyd.com</u> on this 26th day of January, 2015.

<div style="margin-left:40%">

<u>/s/ Darian Zamora</u>
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:   <u>bgordon@kaglawfirm.com</u>
   <u>dzamora@kaglawfirm.com</u>

*Attorneys for ASI Holding Company, Inc.*

</div>

*IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA*

*ASI HOLDING COMPANY, INC.,*
*d/b/a Amenity Services, Inc.*
*a Florida corporation,*

     *Plaintiff,*

*vs.*                                *CASE NO.: 13 CA 4103*

*DON ABREU, an individual, and*
*ANDREW MANIOS, an individual,*

     *Defendants.*

_____/

## ANSWER TO REQUEST FOR PRODUCTION

     Defendants, DON ABREU and ANDREW MANIOS, through their undersigned attorney, answers the Request for Production of Documents filed by Plaintiff as follows:

1.    Website can be found at www.vacationamenities.com. Enclosed is a brochure designed for resort/hotel clients to distribute to guests at check-in.

2.    Sample of template agreement used for lodging provides is enclosed.

3.    Enclosed is the executed contract with Hollywood Wax Museum.

4.    Objection, irrelevant.

5.    Objection, irrelevant.

6.    Objection, irrelevant.

## CERTIFICATE OF SERVICE

     *I HEREBY CERTIFY* that a true and correct copy of the foregoing instrument has been electronically filed using the E-Portal Filing System this 28th day of January, 2016 and a copy

furnished via electronic mail to *bgordon@kaglaw.com; cbrown@kaglawfirm.com* and

*mbaughn@kaglawfirm.com* .

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
*Attorney for Defendants*
Emeraldcoastlaw@cox.net
Tiffany@jscheyd.com

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
# IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                               CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

## JOINT MOTION FOR ORDER OF CONFIDENTIALITY

      Plaintiff, ASI HOLDING COMPANY, INC. d/b/a AMENITY SERVICES INC. ("ASI"),

and Defendant, DON ABREU ("Abreu"), individually (Plaintiff and Defendant shall

collectively be referred to herein as the "Parties"), by their respective undersigned

counsel, file this motion seeking entry of a Order of Confidentiality in the form attached

hereto as Exhibit "A" (the "Proposed Order") regarding certain documents and information

that is produced or provided by the Parties and non-parties in connection with the above-

captioned action.    In support of this motion, the Parties state:

      1.      Production by both Parties and non-parties may constitute and/or include

information that is a trade secret(s) or confidential commercial information.    The Parties

conduct business in a competitive industry, and disclosure of confidential and proprietary

information in the public record could unfairly harm the Parties.

      2.      The Parties have agreed to an Order of Confidentiality in the form of the

Proposed Order attached hereto as Exhibit "A."    In summary, the Proposed Order

provides for the designation, by the Parties and non-parties, of "confidential" or "highly

confidential" documents and/or information that is produced or otherwise provided and the procedures by which such documents and/or information is to be treated by all interested parties, including the Parties, Non-Parties and Court personnel, including the treatment of such documents and/or information in connection with Court proceedings.

3.      The Parties consent to the entry of the form of Proposed Order attached hereto as Exhibit "A."

WHEREFORE, for the foregoing reasons, the Parties respectfully request the Court enter the form of Proposed Order attached hereto as Exhibit "A," and grant such other and further relief as may be just and proper.

Respectfully submitted this 12th day of February, 2016,

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL    32547
Telephone:    (850) 863-1974
Facsimile:    (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

/s/ Joseph M. Scheyd
Joseph M. Scheyd
Florida Bar No.: 995304
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541
Telephone: (850) 837-1171
Email: Emeraldcoastlaw@cox.net

*Attorney for Don Abreu and Andrew Manios*

# Exhibit A

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

**STIPULATED ORDER OF CONFIDENTIALITY**

      The Parties having brought a Joint Motion for Order of Confidentiality, and the Court having reviewed the file and been otherwise fully advised, it is hereby ORDERED:

    1.  The Parties Joint Motion for Order of Confidentiality is hereby GRANTED on the following terms:

**I.**    **Scope of Order of Confidentiality**

      A.    All information produced in discovery by any party or non-party shall be used solely for the purposes of this litigation, other than information that is or becomes publicly available or is available to the requesting party from another source.   Further, the Parties may produce "confidential" or "highly confidential" information, which shall be marked and treated in the manner set forth herein.

      B.    The protection of this Order of Confidentiality may be invoked with respect to any documents, testimony, information, and things (collectively "materials") produced or created in this action that contain trade secrets or confidential financial, customer, or commercial information of any party or non-party witness, or that the producing party is

otherwise required or entitled by law to maintain in confidence, and with respect to any deposition, court filing, correspondence, exhibits or discovery request or response containing or referring to such materials.   Said materials may be designated "Confidential" or "Highly Confidential."   Such designations may be made by any party or by any non-party producing materials in this action, and the terms "producing party" or "designating party" as used herein shall be deemed to include a non-party that produces materials in this action.

II.   **Disclosure of "Confidential" Materials**

A.   All Materials produced shall be used solely in the preparation for trial and/or trial of this action, and shall not be used at any time for any other purpose whatsoever, except to the extent such information becomes publicly available (other than through filing in this action) or is available to the requesting party from another source.   Materials designated "Confidential," as well as summaries, excerpts and compilations of such materials, shall not be disclosed to or made accessible to any person except as specifically permitted by this Order of Confidentiality.

B.   Material designated as "Confidential" by any producing party may be disclosed only to:

1.   The Court, its secretaries, clerks and law clerks and jury members;

2.   Attorneys in a law firm actively involved in the representation of a party in this action, and their secretaries, paralegals, legal assistants and other staff;

3.   In-house attorneys employed by any party to the litigation and working on this litigation, and their secretaries, paralegals and legal assistants;

4.   The parties and officers and employees of the parties assisting counsel in the preparation of the case for trial, for the purpose of trying this proceeding or

engaging in appellate proceedings; provided that materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

       5.    Any expert or consultant who is retained by any of the parties in this action or their counsel of record to assist counsel in this litigation, and any employee of such an expert assisting in this litigation (this category hereinafter referred to as "Experts");

       6.    Any person called to testify as a witness either at a deposition or court proceeding in this action, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms of this Order of Confidentiality, provided with a copy of the Order of Confidentiality and agree, on the record, that they are bound by the terms of the Order of Confidentiality and are required not to disclose information contained in the materials which is designated as "Confidential;"

       7.    Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

       8.    Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling, or computerization of documents, but only to the extent necessary to provide such services in connection with this litigation and only after being informed of the provisions of this Order of Confidentiality and agreeing to abide by its terms; and

       9.    Any person who was either an original author or recipient of a document.

C.      **With respect to individuals identified in II.B.(5) above, a party intending to utilize such an individual shall notify all other parties in writing of the individual's name, address, and professional qualifications, and allow five (5) days for any party to object prior to disclosing to the individual any supplying party's Confidential Information.   If any party objects to the individual, no party may disclose Confidential Information to the individual unless the objection is overruled by the Court upon motion by any party.**   Each person to whom "Confidential" material is disclosed (other than persons described in Section II(B)(I), (6), and (9)) shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A prior to disclosure, and shall agree to be bound by this Order of Confidentiality and to be subject to the jurisdiction of this court for the purpose of enforcement of the terms of this order, except that individuals identified in Section II(B)(2) and (3) shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advise them of the terms of this Order of Confidentiality and they agree to be bound thereby.   With respect to the individuals/entities identified in Section II(B)(7) and (8), it shall be sufficient for a corporate representative for each entity so employed to execute the non-disclosure agreement (Exhibit A) on one occasion.   Counsel disclosing "Confidential" material to persons required to execute non-disclosure agreements shall retain all such executed agreements.   Copies of the executed agreements shall be preserved by counsel and shall be provided to the producing party if the Court so orders upon a showing of good cause.

III.     <u>**Designation of Materials as "Confidential"**</u>

A.      "Confidential" materials shall include only such information as the designating party in good faith contends should be protected pursuant to Order of

Confidentiality on the grounds that the information constitutes trade secrets or confidential financial, customer, or commercial information, the disclosure of which, other than under the terms of this Order of Confidentiality, may cause harm to the public or to the commercial and business interests of the party or non-party witness making the designation.

B.      All materials produced by any party shall be treated by all parties as "Confidential" for a period of twenty (20) days from the date of disclosure.   During said period, any non-producing party may designate such materials or any part thereof as "Confidential" if not already designated as such by the producing party, by written notice to all parties, identifying with particularity the designated material.

C.      In making designations of materials pursuant to this Order of Confidentiality, the designating party shall give due consideration to whether the information contained in the materials:   (1) has been produced, disclosed or made available to the public; (2) has been published, communicated or disseminated to others not obligated or desiring to maintain the confidentiality of the information contained therein; (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality; or (4) is available from a third party or commercial source that is not obligated or desiring to maintain its confidentiality.   The designating party shall also give due consideration to the age of the materials.   As used herein, the phrase "designating party" includes third party witnesses who are not parties to the litigation but who wish to invoke the procedures set forth herein to protect the confidentiality and privacy of documents or testimony.

D.      The protection of this Order of Confidentiality may be invoked with respect to any covered material in the following manner:

1.     With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential" on each page of the document that is confidential.   If the first page of a document containing "Confidential" information is not itself "Confidential," the first page of the document shall bear a legend substantially stating that "This document contains confidential material.";

2.     With respect to discovery requests or the responses thereto, the pages of such requests or responses containing "Confidential" materials shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Confidential Material;"

3.     With respect to any deposition, "Confidential" treatment may be invoked by:   (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, or (2) designating specific pages as "Confidential" and serving such designation within thirty (30) days of receipt of the transcript of the deposition in which the designation is made.   All deposition testimony and transcripts shall be treated as "Confidential" from the time of the deposition to the conclusion of the said thirty (30) day period, unless otherwise agreed in writing or on the record by the parties.   If such a large bulk of a deposition is deemed "Confidential" by a designating party as to render the remaining transcript relatively minor, the designating party may designate the entire transcript "Confidential" rather than only a portion thereof.

E.     Any party believing material designated as "Confidential" by another is public or is otherwise not entitled to such designation may advise the designating party of that belief in writing, provide a brief statement of the basis for that belief with service on all other parties, and allow ten (10) days for the designating party to respond.   If the

designating party does not modify its designation of the material, the provisions of this Order of Confidentiality shall continue to apply unless modified by the Court upon motion by any party.

F.     If any producing party inadvertently produces or discloses any "Confidential" information without marking it with the appropriate legend, the producing party may give notice to the receiving party that the information should be treated in accordance with the terms of this Order of Confidentiality, and shall forward appropriately stamped copies of the items in question.   Within five (5) days of the receipt of substitute copies, the receiving party shall destroy or return the previously unmarked items and all copies thereof.   The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

G.     Inadvertent production of any document which a party or non-party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work-product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to have waived any privilege.   A party or non-party may request the return of any Inadvertently Produced Privileged Document.   A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production.   If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party, such document (and all copies thereof) shall be returned to the requesting party or non-party within 10 days.   The party returning such material may then move the

Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

## IV.    Designation of Materials as "Highly Confidential"

A.    It is possible that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in Part II.B. above, may compromise and/or jeopardize the supplying party's business interests ("Highly Confidential Information") such that the supplying party may deem such Highly Confidential Information to require greater limitations on disclosure than are set forth in Parts I, II and III above.    "Highly Confidential Information" should be marked as such, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Confidential Material."

B.    All the provisions set forth in Parts I, II and III applicable to Confidential Information shall apply equally to Highly Confidential Information, except that disclosure of Highly Confidential Information by the receiving party shall be limited to the following persons:

(1)    outside counsel; the attorneys, paralegals, assistants and stenographic and clerical employees in the respective firms engaged as outside counsel; the personnel supplied by any litigation support companies with whom outside counsel may work in connection with the Proceeding;

(2)    any outside consultant or expert who is assisting outside counsel to whom it is necessary to disclose Highly Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding;

(3)     the Court and any members of its staff to whom it is necessary to disclose Highly Confidential Information for the purpose of assisting the Court with respect to the Proceeding; and

(4)     stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding.

C.     With respect to individuals identified in Section IV.B.(2) above, a party intending to utilize such an individual shall notify all other parties in writing of the individual's name, address, and professional qualifications, and allow five (5) days for any party to object prior to disclosing to the individual any supplying party's Highly Confidential Information.   If any party objects to the individual, no party may disclose Highly Confidential Information to the individual unless the objection is overruled by the Court upon motion by a party.

## V.     Filing and Serving of Court Papers

A.     Except as agreed in writing by counsel of record, to the extent that any Confidential Information or Highly Confidential Information is, in whole or in part, quoted, contained in, incorporated in, reflected in, described in, or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information or Highly Confidential Information shall be subject to the terms of this Order of Confidentiality, and if filed with the Court, such portion containing Confidential Information or Highly Confidential Information shall be filed as a Sealed Document.   All Sealed Documents, filed under seal pursuant to this Order of Confidentiality, shall be filed pursuant to Florida Judicial Administration Rules 2.420 and

First Judicial Circuit of Florida Administrative Order No. 2007-21, and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise.

B.      All pleadings and other Court filings that contain "Confidential" or "Highly Confidential" materials shall include on the first page of such document, and all copies thereof, a statement substantially to the effect that "This Document Contains Confidential Materials."

## VI.    Use in Court Proceedings

Nothing contained in this Order of Confidentiality shall be construed to prejudice any party's right to use at trial or in any open hearing before the Court any "Confidential" or "Highly Confidential" material, provided that reasonable notice of the intended use of such material shall be given to all counsel of record and any affected designating non-party in order to enable the parties to arrange for appropriate safeguards.

## VII.   Handling and Disposition of Materials at Conclusion of Case

All material designated "Confidential" or "Highly Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such material to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Section II, and copies may be submitted to the Court as provided in Section V hereof as necessary.   Within sixty (60) days after such time as this action is concluded, whether by a final adjudication on the merits from which there is no right of review by appeal or petition for certiorari or by other means, each party to whom "Confidential" or "Highly Confidential" material was produced shall, upon the request of the designating party and at the election of the party receiving the materials, either:   (1) return all documents and copies containing "Confidential" materials (including but not

limited to copies in the possession or control of any Expert or employee) to the party who produced them, or (2) promptly destroy all such materials, and shall provide written certification under oath to the producing party to that effect.

**VIII.** <u>**Reservation of Rights**</u>

By designating any material "Confidential" or "Highly Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action.   This Order of Confidentiality shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any material in this action.   Designation of material as "Confidential" or "Highly Confidential" pursuant to this Order of Confidentiality does not in any way restrict or adversely affect the designating party's use or disclosure of such documents.   If, after production of materials designated "Confidential" or "Highly Confidential," it comes to the attention of counsel for the designating party that the designating party has since distributed such materials in the public domain, the designating party shall notify the other parties to the action and withdraw its designation.

**IX.** <u>**Challenge to Designation**</u>

A party or witness (or aggrieved entity permitted by the Court to intervene for such purposes) may apply to the Court for a ruling that any material (or category of material) or testimony designated as "Confidential" or "Highly Confidential" is not entitled to such status and protection.   The party or other person that designated the material or testimony as "Confidential" or "Highly Confidential" shall be given notice of the application and an opportunity to respond.   To maintain "Confidential" or "Highly Confidential" status, the burden is on the proponent of confidentiality to show by a preponderance of the evidence that there is good cause for the material or testimony to have such protection.

**X.**   <u>**Modification**</u>

Nothing in this Order of Confidentiality shall preclude any party from applying to the Court to modify this Order of Confidentiality to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Order of Confidentiality for good cause shown.

**XI.**   <u>**Retention of Jurisdiction**</u>

The Court shall retain jurisdiction over all persons to be bound by the terms of this Order of Confidentiality, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Order of Confidentiality.

DONE AND ORDERED in Okaloosa County, Florida this _____ day of _____, 2016.

_____
John T. Brown
Circuit Court Judge

<u>**CLERK'S CERTIFICATE OF MAILING**</u>

I HEREBY CERTIFY that a truce and correct copy of the foregoing has been furnished to all counsel of record and/or parties via regular U.S. Mail on this _____ day of February, 2016 as follows:

Darian L. Zamora
A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541

JD Peacock, II
CLERK OF COURT

By: _____
Deputy Clerk

**Exhibit A**

**<u>NON-DISCLOSURE AGREEMENT</u>**

I do solemnly swear that I have read and am fully familiar with the terms of the Stipulated Confidentiality Order entered in the action styled *ASI Holding Company, Inc. d/b/a Amenity Services Inc. v. Don Abreu and Andrew Manios* Case No. 2013 CA 4103 in the Circuit Court in and for Okaloosa County, Florida.   I hereby agree to comply with and be bound by the terms and conditions of that Order of Confidentiality unless and until modified by further Order of that Court.

I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Order of Confidentiality.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ____ day of _____, 200_, at _____,

_____

Signed: _____

Employer: _____

Business Address: _____

_____

_____

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

CASE NO. 2013 CA 4103

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
## RESPONSES TO DISCOVERY

This cause having come before the Court at the February 4, 2016, hearing on

Plaintiff's Motion to Compel Responses to Discovery[1], the Court having heard from

counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

1.    Plaintiff's Motion to Compel Responses to Discovery is hereby GRANTED.

2.    Defendant Abreu shall have ten (10) days from the date of this Order to

produce all responsive documents.

3.    The Parties have agreed to a Stipulated Order of Confidentiality.

4.    Plaintiff is awarded Attorneys' Fees in the amount of $941.00, for bringing

forth the Motion to Compel Responses to Discovery.

5.    Defendant Abreu is ordered to pay $941.00, to counsel for Plaintiff. The

payment of the $941.00 shall be paid in certified funds made payable to the Trust Account

of Keefe, Anchors & Gordon, P.A. and delivered to Keefe, Anchors & Gordon, P.A.'s office

---

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the clerk on January 13, 2016. Filing # 36541705.

CASE NO. 2013 CA 4103
Order Granting Plaintiff's Motion to
Compel Responses to Discovery
Page 2 of 2

located at 2113 Lewis Turner Blvd., Suite 100, Fort Walton Beach, FL 32547, no later

than 4:00 p.m. CST, within ten (10) days of the date of this Order.

DONE AND ORDERED in Okaloosa County, Florida this 18th day of

Feb. , 2016.

John T. Brown
Circuit Court Judge

## CLERK'S CERTIFICATE OF MAILING

I HEREBY CERTIFY that a truce and correct copy of the foregoing has been furnished to all counsel of record and/or parties via regular U.S. Mail on this 29 day of February, 2016 as follows:

Darian L. Zamora
A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541

JD Peacock, II
CLERK OF COURT

By: _____
Deputy Clerk

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

**STIPULATED ORDER OF CONFIDENTIALITY**

      The Parties having brought a Joint Motion for Order of Confidentiality, and the

Court having reviewed the file and been otherwise fully advised, it is hereby ORDERED:

    1.  The Parties Joint Motion for Order of Confidentiality is hereby GRANTED on the

        following terms:

**I.**    **Scope of Order of Confidentiality**

      A.    All information produced in discovery by any party or non-party shall be

used solely for the purposes of this litigation, other than information that is or becomes

publicly available or is available to the requesting party from another source.   Further,

the Parties may produce "confidential" or "highly confidential" information, which shall be

marked and treated in the manner set forth herein.

      B.    The protection of this Order of Confidentiality may be invoked with respect

to any documents, testimony, information, and things (collectively "materials") produced

or created in this action that contain trade secrets or confidential financial, customer, or

commercial information of any party or non-party witness, or that the producing party is

otherwise required or entitled by law to maintain in confidence, and with respect to any deposition, court filing, correspondence, exhibits or discovery request or response containing or referring to such materials.    Said materials may be designated "Confidential" or "Highly Confidential."    Such designations may be made by any party or by any non-party producing materials in this action, and the terms "producing party" or "designating party" as used herein shall be deemed to include a non-party that produces materials in this action.

II.    **Disclosure of "Confidential" Materials**

A.    All Materials produced shall be used solely in the preparation for trial and/or trial of this action, and shall not be used at any time for any other purpose whatsoever, except to the extent such information becomes publicly available (other than through filing in this action) or is available to the requesting party from another source.    Materials designated "Confidential," as well as summaries, excerpts and compilations of such materials, shall not be disclosed to or made accessible to any person except as specifically permitted by this Order of Confidentiality.

B.    Material designated as "Confidential" by any producing party may be disclosed only to:

1.    The Court, its secretaries, clerks and law clerks and jury members;

2.    Attorneys in a law firm actively involved in the representation of a party in this action, and their secretaries, paralegals, legal assistants and other staff;

3.    In-house attorneys employed by any party to the litigation and working on this litigation, and their secretaries, paralegals and legal assistants;

4.    The parties and officers and employees of the parties assisting counsel in the preparation of the case for trial, for the purpose of trying this proceeding or

engaging in appellate proceedings; provided that materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

5.     Any expert or consultant who is retained by any of the parties in this action or their counsel of record to assist counsel in this litigation, and any employee of such an expert assisting in this litigation (this category hereinafter referred to as "Experts");

6.     Any person called to testify as a witness either at a deposition or court proceeding in this action, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms of this Order of Confidentiality, provided with a copy of the Order of Confidentiality and agree, on the record, that they are bound by the terms of the Order of Confidentiality and are required not to disclose information contained in the materials which is designated as "Confidential;"

7.     Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

8.     Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling, or computerization of documents, but only to the extent necessary to provide such services in connection with this litigation and only after being informed of the provisions of this Order of Confidentiality and agreeing to abide by its terms; and

9.     Any person who was either an original author or recipient of a document.

C.      **With respect to individuals identified in II.B.(5) above, a party intending to utilize such an individual shall notify all other parties in writing of the individual's name, address, and professional qualifications, and allow five (5) days for any party to object prior to disclosing to the individual any supplying party's Confidential Information.    If any party objects to the individual, no party may disclose Confidential Information to the individual unless the objection is overruled by the Court upon motion by any party.**    Each person to whom "Confidential" material is disclosed (other than persons described in Section II(B)(I), (6), and (9)) shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A prior to disclosure, and shall agree to be bound by this Order of Confidentiality and to be subject to the jurisdiction of this court for the purpose of enforcement of the terms of this order, except that individuals identified in Section II(B)(2) and (3) shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advise them of the terms of this Order of Confidentiality and they agree to be bound thereby.    With respect to the individuals/entities identified in Section II(B)(7) and (8), it shall be sufficient for a corporate representative for each entity so employed to execute the non-disclosure agreement (Exhibit A) on one occasion.    Counsel disclosing "Confidential" material to persons required to execute non-disclosure agreements shall retain all such executed agreements.    Copies of the executed agreements shall be preserved by counsel and shall be provided to the producing party if the Court so orders upon a showing of good cause.

III.    **Designation of Materials as "Confidential"**

A.      "Confidential" materials shall include only such information as the designating party in good faith contends should be protected pursuant to Order of

Confidentiality on the grounds that the information constitutes trade secrets or confidential financial, customer, or commercial information, the disclosure of which, other than under the terms of this Order of Confidentiality, may cause harm to the public or to the commercial and business interests of the party or non-party witness making the designation.

B.     All materials produced by any party shall be treated by all parties as "Confidential" for a period of twenty (20) days from the date of disclosure.   During said period, any non-producing party may designate such materials or any part thereof as "Confidential" if not already designated as such by the producing party, by written notice to all parties, identifying with particularity the designated material.

C.     In making designations of materials pursuant to this Order of Confidentiality, the designating party shall give due consideration to whether the information contained in the materials:   (1) has been produced, disclosed or made available to the public; (2) has been published, communicated or disseminated to others not obligated or desiring to maintain the confidentiality of the information contained therein; (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality; or (4) is available from a third party or commercial source that is not obligated or desiring to maintain its confidentiality.   The designating party shall also give due consideration to the age of the materials.   As used herein, the phrase "designating party" includes third party witnesses who are not parties to the litigation but who wish to invoke the procedures set forth herein to protect the confidentiality and privacy of documents or testimony.

D.     The protection of this Order of Confidentiality may be invoked with respect to any covered material in the following manner:

1.	With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential" on each page of the document that is confidential.   If the first page of a document containing "Confidential" information is not itself "Confidential," the first page of the document shall bear a legend substantially stating that "This document contains confidential material.";

2.	With respect to discovery requests or the responses thereto, the pages of such requests or responses containing "Confidential" materials shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Confidential Material;"

3.	With respect to any deposition, "Confidential" treatment may be invoked by:   (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, or (2) designating specific pages as "Confidential" and serving such designation within thirty (30) days of receipt of the transcript of the deposition in which the designation is made.   All deposition testimony and transcripts shall be treated as "Confidential" from the time of the deposition to the conclusion of the said thirty (30) day period, unless otherwise agreed in writing or on the record by the parties.   If such a large bulk of a deposition is deemed "Confidential" by a designating party as to render the remaining transcript relatively minor, the designating party may designate the entire transcript "Confidential" rather than only a portion thereof.

E.	Any party believing material designated as "Confidential" by another is public or is otherwise not entitled to such designation may advise the designating party of that belief in writing, provide a brief statement of the basis for that belief with service on all other parties, and allow ten (10) days for the designating party to respond.   If the

designating party does not modify its designation of the material, the provisions of this Order of Confidentiality shall continue to apply unless modified by the Court upon motion by any party.

F.     If any producing party inadvertently produces or discloses any "Confidential" information without marking it with the appropriate legend, the producing party may give notice to the receiving party that the information should be treated in accordance with the terms of this Order of Confidentiality, and shall forward appropriately stamped copies of the items in question.   Within five (5) days of the receipt of substitute copies, the receiving party shall destroy or return the previously unmarked items and all copies thereof.   The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation may be made as soon as possible after the discovery of the inadvertent production or disclosure.

G.     Inadvertent production of any document which a party or non-party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work-product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to have waived any privilege.   A party or non-party may request the return of any Inadvertently Produced Privileged Document.   A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production.   If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party, such document (and all copies thereof) shall be returned to the requesting party or non-party within 10 days.   The party returning such material may then move the

Court for an order compelling production of the material, but said party shall not assert as a ground for entering such an order the fact or circumstance of inadvertent production.

## IV.    Designation of Materials as "Highly Confidential"

A.    It is possible that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in Part II.B. above, may compromise and/or jeopardize the supplying party's business interests ("Highly Confidential Information") such that the supplying party may deem such Highly Confidential Information to require greater limitations on disclosure than are set forth in Parts I, II and III above.   "Highly Confidential Information" should be marked as such, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains Confidential Material."

B.    All the provisions set forth in Parts I, II and III applicable to Confidential Information shall apply equally to Highly Confidential Information, except that disclosure of Highly Confidential Information by the receiving party shall be limited to the following persons:

(1)    outside counsel; the attorneys, paralegals, assistants and stenographic and clerical employees in the respective firms engaged as outside counsel; the personnel supplied by any litigation support companies with whom outside counsel may work in connection with the Proceeding;

(2)    any outside consultant or expert who is assisting outside counsel to whom it is necessary to disclose Highly Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding;

(3)     the Court and any members of its staff to whom it is necessary to disclose Highly Confidential Information for the purpose of assisting the Court with respect to the Proceeding; and

(4)     stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding.

C.     With respect to individuals identified in Section IV.B.(2) above, a party intending to utilize such an individual shall notify all other parties in writing of the individual's name, address, and professional qualifications, and allow five (5) days for any party to object prior to disclosing to the individual any supplying party's Highly Confidential Information.     If any party objects to the individual, no party may disclose Highly Confidential Information to the individual unless the objection is overruled by the Court upon motion by a party.

## V.     Filing and Serving of Court Papers

A.     Except as agreed in writing by counsel of record, to the extent that any Confidential Information or Highly Confidential Information is, in whole or in part, quoted, contained in, incorporated in, reflected in, described in, or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information or Highly Confidential Information shall be subject to the terms of this Order of Confidentiality, and if filed with the Court, such portion containing Confidential Information or Highly Confidential Information shall be filed as a Sealed Document.     All Sealed Documents, filed under seal pursuant to this Order of Confidentiality, shall be filed pursuant to Florida Judicial Administration Rules 2.420 and

First Judicial Circuit of Florida Administrative Order No. 2007-21, and shall remain under seal until such time as this Court, or any court of competent jurisdiction, orders otherwise.

B.     All pleadings and other Court filings that contain "Confidential" or "Highly Confidential" materials shall include on the first page of such document, and all copies thereof, a statement substantially to the effect that "This Document Contains Confidential Materials."

## VI.     Use in Court Proceedings

Nothing contained in this Order of Confidentiality shall be construed to prejudice any party's right to use at trial or in any open hearing before the Court any "Confidential" or "Highly Confidential" material, provided that reasonable notice of the intended use of such material shall be given to all counsel of record and any affected designating non-party in order to enable the parties to arrange for appropriate safeguards.

## VII.     Handling and Disposition of Materials at Conclusion of Case

All material designated "Confidential" or "Highly Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such material to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under Section II, and copies may be submitted to the Court as provided in Section V hereof as necessary.   Within sixty (60) days after such time as this action is concluded, whether by a final adjudication on the merits from which there is no right of review by appeal or petition for certiorari or by other means, each party to whom "Confidential" or "Highly Confidential" material was produced shall, upon the request of the designating party and at the election of the party receiving the materials, either:   (1) return all documents and copies containing "Confidential" materials (including but not

limited to copies in the possession or control of any Expert or employee) to the party who produced them, or (2) promptly destroy all such materials, and shall provide written certification under oath to the producing party to that effect.

## VIII.   **Reservation of Rights**

By designating any material "Confidential" or "Highly Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action.    This Order of Confidentiality shall not constitute a waiver of any right to seek discovery of, or alternatively to resist discovery of, any material in this action.    Designation of material as "Confidential" or "Highly Confidential" pursuant to this Order of Confidentiality does not in any way restrict or adversely affect the designating party's use or disclosure of such documents.    If, after production of materials designated "Confidential" or "Highly Confidential," it comes to the attention of counsel for the designating party that the designating party has since distributed such materials in the public domain, the designating party shall notify the other parties to the action and withdraw its designation.

## IX.   **Challenge to Designation**

A party or witness (or aggrieved entity permitted by the Court to intervene for such purposes) may apply to the Court for a ruling that any material (or category of material) or testimony designated as "Confidential" or "Highly Confidential" is not entitled to such status and protection.    The party or other person that designated the material or testimony as "Confidential" or "Highly Confidential" shall be given notice of the application and an opportunity to respond.    To maintain "Confidential" or "Highly Confidential" status, the burden is on the proponent of confidentiality to show by a preponderance of the evidence that there is good cause for the material or testimony to have such protection.

## X.    **Modification**

Nothing in this Order of Confidentiality shall preclude any party from applying to the Court to modify this Order of Confidentiality to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Order of Confidentiality for good cause shown.

## XI.    **Retention of Jurisdiction**

The Court shall retain jurisdiction over all persons to be bound by the terms of this Order of Confidentiality, during the pendency of this action and for such time thereafter as is needed to carry out the terms of this Order of Confidentiality.

DONE AND ORDERED in Okaloosa County, Florida this 18th day of _Feb._ , 2016.

John T. Brown
Circuit Court Judge

### **CLERK'S CERTIFICATE OF MAILING**

I HEREBY CERTIFY that a truce and correct copy of the foregoing has been furnished to all counsel of record and/or parties via regular U.S. Mail on this _23_ day of February, 2016 as follows:

Darian L. Zamora
A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541

JD Peacock, II
CLERK OF COURT
By: _____
Deputy Clerk

## Exhibit A

## NON-DISCLOSURE AGREEMENT

I do solemnly swear that I have read and am fully familiar with the terms of the Stipulated Confidentiality Order entered in the action styled *ASI Holding Company, Inc. d/b/a Amenity Services Inc. v. Don Abreu and Andrew Manios* Case No. 2013 CA 4103 in the Circuit Court in and for Okaloosa County, Florida. I hereby agree to comply with and be bound by the terms and conditions of that Order of Confidentiality unless and until modified by further Order of that Court.

I hereby consent to the jurisdiction of that Court for the purposes of enforcing that Order of Confidentiality.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of _____, 200_, at _____,

_____

Signed: _____

Employer: _____

Business Address: _____

_____

_____

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

         Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

         Defendants.
_____/

### PLAINTIFFS' MOTION FOR CIVIL CONTEMPT AND ORDER TO SHOW CAUSE

       Plaintiff, ASI Holding Company, Inc., ("ASI"), by and through their undersigned counsel, hereby moves for entry of an Order of Contempt and entry of an Order to Show Cause, and in support thereof state as follows:

       1.      On February 18, 2016, this Court entered its Order Granting Plaintiff's Motion to Compel Responses to Discovery, a copy of which is attached hereto as Exhibit "A." The Order reads, in pertinent parts, as follows:

> Defendant Abreu shall have ten (10) days from the date of this Order to produce all responsive documents.
>
> …..
>
> Defendant Abreu is ordered to pay $941.00, to counsel for Plaintiff. The payment of the $941.00 shall be pain in certified funds made payable to the Trust Account of Keefe, Anchors & Gordon, P.A. and delivered to Keefe, Anchors & Gordon, P.A.'s office located at 2113 Lewis Turner Blvd., Suite 100, Fort Walton Beach, FL 32547, no later than 4:00 p.m. CST, within ten (10) days of the date of this Order.

2.     As of the date of filing of this motion, Defendant Abreu has failed to comply by failing to produce documents in response to Plaintiff's Request for Production and failing to pay Plaintiff's attorney's fees in the amount of $941.00.

3.     It has long been recognized that Courts have the authority to enforce an Order by the exercise of their contempt powers.  *See Johnson v. Bednar*, 573 So.2d 822, 824 (Fla. 1991), overruled on other grounds by *Parisi v. Broward County*, 769 So.2d 359 (Fla. 2000) (trial court is afforded broad discretion in fashioning remedy in contempt proceedings).  The purpose of a civil contempt sanction is remedial and for the benefit of the moving party to compel compliance with a Court Order.  *See Chetram v. Singh*, 937 So.2d 716 (Fla. 5th DCA 2006).

4.     Accordingly, Plaintiffs request that this Court find Defendant Abreu in contempt of court, issue an Order to Show Cause, and enter any other appropriate Order, sanctions, or other relief.

5.     Plaintiff's also request reimbursement of all attorney's fees and costs incurred in pursuing this Motion.

6.     This Motion is brought in good faith, is not for purposes of delay, and will not result in unfair prejudice.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court enter an appropriate Order of Contempt, Order to Show Cause, and any other relief as the Court deems just and proper, including attorney fees incurred.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.

2

2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com on this 1st day of March, 2015.

/s/ Darian Zamora                        
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

3

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

CASE NO. 2013 CA 4103

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
RESPONSES TO DISCOVERY**

This cause having come before the Court at the February 4, 2016, hearing on

Plaintiff's Motion to Compel Responses to Discovery[1], the Court having heard from

counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

    1.    Plaintiff's Motion to Compel Responses to Discovery is hereby GRANTED.

    2.    Defendant Abreu shall have ten (10) days from the date of this Order to

produce all responsive documents.

    3.    The Parties have agreed to a Stipulated Order of Confidentiality.

    4.    Plaintiff is awarded Attorneys' Fees in the amount of $941.00, for bringing

forth the Motion to Compel Responses to Discovery.

    5.    Defendant Abreu is ordered to pay $941.00, to counsel for Plaintiff. The

payment of the $941.00 shall be paid in certified funds made payable to the Trust Account

of Keefe, Anchors & Gordon, P.A. and delivered to Keefe, Anchors & Gordon, P.A.'s office

---

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the clerk on January
13, 2016. Filing # 36541705.

EXHIBIT "A"

located at 2113 Lewis Turner Blvd., Suite 100, Fort Walton Beach, FL 32547, no later

than 4:00 p.m. CST, within ten (10) days of the date of this Order.

DONE AND ORDERED in Okaloosa County, Florida this 18th day of _Feb._ , 2016.

John T. Brown
Circuit Court Judge

## CLERK'S CERTIFICATE OF MAILING

I HEREBY CERTIFY that a truce and correct copy of the foregoing has been furnished to all counsel of record and/or parties via regular U.S. Mail on this 23 day of February, 2016 as follows:

Darian L. Zamora
A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541

JD Peacock, II
CLERK OF COURT

By: _____
Deputy Clerk

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                            CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

## DEFENDANTS' NOTICE OF SERVING RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

      COMES NOW, the Defendants, by and through their undersigned attorney, and give

Notice of Serving Responses to Plaintiff, ASI HOLDING COMPANY, INC.'S Request for

Production.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been

electronically filed and copies furnished to bgordon@kaglaw.com; cbrown@kaglawfirm.com

and mbaughn@kaglawfirm.com using the E-Portal Filing System this _1ˢᵗ_ day of March, 2016.

                                       JOSEPH M. SCHEYD, JR., ESQUIRE
                                       1221 Airport Road, Suite 209
                                       Destin, Florida 32541
                                       (850) 837-1171
                                       Fla. Bar No.: 995304
                                       Attorney for Defendants
                                       Emeraldcoastlaw@cox.net
                                       Matt@jscheyd.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## ORDER SETTING CASE MANAGEMENT CONFERENCE AND DIRECTING THE PARTIES TO CONDUCT A MEDIATION CONFERENCE

This cause having come before the Court at a Case Management Conference on March 14, 2016, the Court having heard from counsel, reviewed the file, and been otherwise fully advise, it is hereby ORDERED:

1.     A Case Management Conference has been scheduled for Monday, June 13, 2016, starting at 9:00 a.m. CST.

2.     The parties shall conduct a mediation conference no later than June 12, 2016.

DONE AND ORDERED in Okaloosa County, Florida.



signed by CIRCUIT COURT JUDGE JOHN T BROWN   03/16/2016 06:03:52 o1wmXgU5

CASE NO. 2013 CA 4103
Order Setting Case Management Conference and
Directing the Parties to Conduct a Mediate Conference
Page 2 of 2

Service was provided via eService to the available email addresses on file at the ePortal. Service will be provided by U. S. Mail to parties unable to be served by e-mail.
I hereby certify that a copy of the foregoing Order has been furnished by Mail to parties unable to be served by e-mail.

signed by Donna Fought  03/21/2016 10:22:52 0ztX7hw5

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

     Plaintiff,

vs.                             CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

     Defendants.
_____/

## DEFENDANTS' NOTICE OF SERVING SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

     COMES NOW, the Defendants, by and through their undersigned attorney, and give

Notice of Serving Supplemental Responses to Plaintiff, ASI HOLDING COMPANY, INC.'S

Request for Production.

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been

electronically filed and copies furnished to bgordon@kaglaw.com; cbrown@kaglawfirm.com

and mbaughn@kaglawfirm.com using the E-Portal Filing System this 6th day of April, 2016.

                             JOSEPH M. SCHEYD, JR., ESQUIRE
                             1221 Airport Road, Suite 209
                             Destin, Florida 32541
                             (850) 837-1171
                             Fla. Bar No.: 995304
                             Attorney for Defendants
                             Emeraldcoastlaw@cox.net
                             Matt@jscheyd.com

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                        CASE NO.: 2013 CA 004103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

**NOTICE OF MEDIATION**

PLEASE TAKE NOTICE THAT a mediation session will be held on Wednesday, May 25, 2016, beginning at 9:00 a.m. CST, at the office of Keefe, Anchors & Gordon, 2113 Lewis Turner Blvd, Ste 100, Fort Walton Beach, FL 32547. The mediator is DAVID W. HIERS.

Dated this 12th day of April, 2016.

                                  *s/ David W. Hiers*
                                  DAVID W. HIERS
                                  hiers@davidsonhierslaw.com
                                  FL Bar No.: 749877
                                  Certified Mediator
                                  DAVIDSON & HIERS, P.A.
                                  1513 West Garden Street
                                  Pensacola, Florida 32501
                                  Telephone: (850) 287-0035

cc:    Joseph M. Scheyd, Esquire
        A. Benjamin Gordon, Esquire