## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ADD ADDITIONAL PARTIES

COMES NOW, Plaintiff, ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel pursuant to Florida Rule of Civil Procedure 1.190 and 1.250, and hereby requests that this Court grant ASI leave to file the attached Amended Complaint, and in support states as follows:

### I.     BACKGROUND

1.     ASI filed its original Complaint against Don Abreu and Andrew Manios (collectively, "Defendants") based on Defendants' theft of ASI's trade secrets and breach of a non-disclosure agreement. A copy of the original Complaint is attached hereto as Exhibit 1. ASI brings this Motion for Leave to Amend and to add new parties to the Complaint because, during the course of this litigation, ASI has discovered the involvement of Chris Manios and Global Amenities, LLC in the ongoing conspiracy against ASI.

2.     ASI developed a confidential, proprietary guest amenity program, which it deems a trade secret.

3. In 2008, Don Abreu entered into an employment contract with ASI, which provided that Abreu would be ASI's Director of Operations.

4. At the start of Don Abreu's contract with ASI, Don Abreu signed a non-disclosure agreement with ASI (the "NDA").

5. The NDA specifically prohibited Don Abreu from using or disclosing any of ASI's proprietary and confidential information outside of his employment with ASI.

6. In 2010, Andrew Manios and Chris Manios entered into negotiations with ASI. At that time, Andrew Manios and Chris Manios each signed an NDA with ASI identical to the NDA signed by Don Abreu.

7. Under the protection of the NDA, ASI disclosed trade secrets and proprietary information to Andrew Manios and Chris Manios.

8. While working under a duty of confidentiality and loyalty to ASI, Don Abreu, in furtherance of a conspiracy with Andrew Manios and Chris Manios, used ASI's Trade Secrets for the sole benefit of Don Abreu, Chris Manios, and Andrew Manios, and to compete with ASI.

9. In 2012, ASI discovered Defendants' theft of its trade secrets and breach of the NDA and subsequently filed its original Complaint against only Andrew Manios and Don Abreu.

10. Thereafter, during the course of this litigation ASI identified Chris Manios and Global Amenities, LLC as additional parties.

II.   **ARGUMENT**

**A. Standard for Granting Leave to Amend.**

11.     Rule 1.190, Florida Rule of Civil Procedure provides that leave to amend "shall be given freely when justice so requires." "This liberal policy of allowing parties freedom to amend their pleadings exists so that causes will be tried on their merits." *Hatcher v. Chandler*, 589 So.2d 428, 429 (Fla. 1st DCA 1991).

12.     The law is well settled in Florida that courts shall be liberal in granting leave to amend a pleading when justice so requires, as the law generally favors trial of cases on their merits. *Ohio Cas. Ins. Co. v. MRK Const., Inc.,* 602 So. 2d, 976 (Fla. 2d DCA 1992).

**B. Justice Requires that ASI be Permitted to Amend its Complaint.**

13.     Justice requires that ASI be permitted to amend its complaint to add Chris Manios and Global Amenities, LLC as defendants to this action. A copy of the proposed Amended Complaint is attached hereto as Exhibit 2.

14.     In 2010, Chris Manios also entered into a non-disclosure agreement with ASI.  This agreement is identical to the non-disclosure agreements signed by Don Abreu and Andrew Manios. A true and accurate copy of the NDA signed by Chris Manios is attached hereto as Exhibit 3.

15.     During the course of this litigation, ASI discovered that Chris Manios had also breached his non-disclosure agreement with ASI and stolen ASI's trade secrets. During the course of this litigation, ASI also became aware that Don Abreu, Andrew Manios, and Chris Manios, acting together in furtherance of a conspiracy, used ASI's trade secrets, in breach of the NDA, to form and operate Global Amenities, LLC, an

amenity services company.

16.     Chris Manios, Andrew Manios, Don Abreu, and Global Amenities, LLC, continue to use ASI's trade secrets to ASI's detriment.

17.     The requested amendments contain only matters that arose out of the conduct, transactions, and occurrences set forth in the original Complaint.

WHEREFORE, ASI hereby respectfully requests this Court exercise its power, as provided by the Florida Rules of Civil Procedure, to grant leave to amend its Complaint, and further, to provide an order granting the proposed Amended Complaint attached hereto as Exhibit 2.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 14th day of April, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                               CASE NO. _____

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## COMPLAINT

      COMES NOW Plaintiff ASI HOLDING COMPANY, INC., d/b/a/ Amenity Services,

Inc., ("ASI") by and through its undersigned counsel, and sue Defendants DON ABREU

and ANDREW MANIOS, and allege as follows:

### JURISDICTION AND VENUE

      1.     This Court has jurisdiction over this dispute because this Complaint seeks

damages in excess of $15,000.00 dollars, exclusive of interest and attorneys' fees.

      2.     Venue is proper in Okaloosa County, Florida because the wrongful acts

giving rise to this lawsuit occurred in Okaloosa County, Florida.

      3.     ASI is a Florida corporation whose principal place of business is in Destin,

Florida.

      4.     Upon information and belief, Don Abreu is a resident of Phoenix, Arizona,

who worked for ASI in Okaloosa County, Florida.

EXHIBIT 1

5.     Upon information and belief, Andrew Manios is a resident of Myrtle Beach, South Carolina, who negotiated with ASI for a potential business relationship, pursuant to a Non-Disclosure Agreement.

6.     All conditions precedent to the filing of this action have been satisfied, waived, or excused.

### GENERAL ALLEGATIONS

7.     ASI developed a confidential, proprietary guest amenity program, which it deems a trade secret.  ASI prepares packages of complimentary vacation activities for vacation rental properties to provide to their guest, including rounds of golf, deep sea fishing, amusements, water parks, dolphin cruises, wildlife tours, white water rafting, ski lift access, and unlimited DVD rentals, among other benefits.

8.     The pricing structure and profit formula for this program are highly confidential, trade secrets of ASI.

9.     ASI markets this guest amenity program to  vacation rental properties and management companies throughout the United States.

10.     At all times material hereto, ASI contracted with Don Abreu to provide marketing and other services to ASI, under an exclusive duty of loyalty and confidentiality with ASI.

11.     On or about April 1, 2008, ASI and Don Abreu entered into a services contract ("2008 Contract"). The 2008 Contract provided that Don Abreu's job title was to be ASI's Director of Operations.  Abreu's duties included, but not were limited to: (1) managing the day-to-day operations of the ASI call center; (2) identifying and working with a training company to develop, standardize, and implement an ongoing training

program for all ASI call center employees; and (3) develop and implement training program for all property management companies and service providers. A copy of the 2008 Contract is attached hereto as Exhibit "A."

12. In the Fall of 2009, ASI promoted Abreu to Vice President of Sales and Marketing.

13. ASI has extensive experience in tourism and has through this experience, developed a wealth of confidential and proprietary information relating to customer contracts, marketing, research, strategies, and internal business forms. This confidential and proprietary information includes, but is not limited to:

a. ASI's internal business forms, policies, handbook, and agreements;

b. ASI's Service provider price worksheets and proposals;

c. ASI's activities, pricing schemes, profit margins, services, products, formulas;

d. ASI's client list and customer lists;

e. ASI's research and confidential company literature;

f. ASI's client and customer preferences and records;

g. ASI's data and experience relating to the concept for a Resort/Hotel Amenity Program, including a hardware and software system for computerized tracking (the "Concept and Business Plan");

h. All information, data, and experience of the type referred to above as constituting the Concept and Business Plan, including technical, operational, marketing plans, or information of an economic nature.

     i.   ASI's financial information, including general and administrative expenses, overhead, and other fees;

     j.   ASI's payroll information and employee information; and

     k.   Business methods, concepts, and operational procedures.

The above described information is hereinafter identified as "ASI's Trade Secrets." ASI has expended a considerable amount of time, effort, and expense in compiling and maintaining the confidentiality of ASI's Trade Secrets.

     14.   The most valuable assets a company such as ASI has are its Trade Secrets.

     15.   ASI protected its Trade Secrets by requiring employees to execute Non-Disclosure Agreements.

     16.   On or about August 10, 1996, ASI and Don Abreu entered into a Non-Disclosure Agreement ("1996 NDA"). A copy of the 1996 NDA is attached hereto as Exhibit "B."

     17.   At the start of Don Abreu's 2008 Contract with ASI, Don Abreu entered into another Non-Disclosure Agreement ("2008 NDA") with ASI. ASI is not in current possession of the fully executed NDA, which was last located in a filing cabinet to which Abreu had access at ASI. A true and accurate copy of the same NDA executed by Abreu is attached here to as Exhibit "C."

     18.   At the time that Andrew Manios entered into negotiations with ASI, Manios also entered into a Non-Disclosure Agreement with ASI. ASI is not in current possession of the fully executed NDA, which last located in a filing cabinet to which

Abreu had access at ASI. A true and accurate copy of the same NDA executed by Manios is attached here to as Exhibit "C."

19.   ASI also protected its Trade Secrets by having formal policies on confidentiality, proprietary information, and trade secrets in its Staff Employee Handbook and Information Systems Policy, which were in effect at the time of Don Abreu's services to ASI.

20.   While working under a duty of confidentiality and loyalty to ASI, Don Abreu, in furtherance of a conspiracy with Andrew Manios, used ASI company computers and resources, including access to the ASI's server and a laptop computer with ASI hardware, software, files, documents, and other ASI property on it.

21.   Don Abreu and Andrews Manios had access to ASI's Trade Secrets subject to known obligations to maintain the confidentiality of ASI's Trade Secrets and the limited authority to use ASI's Trade Secrets for ASI's commercial competitive advantage.

22.   On or about July 13, 2013, ASI notified Don Abreu that it would terminate the 2008 Contract ("Termination Notice"). A copy of the Termination Notice is attached hereto as Exhibit "D."

23.   The Termination Notice directed Don Abreu to ship to ASI all company property, including, but not limited to, laptop, iPad, and files.

24.   In violation of ASI's Information Systems Policy, Don Abreu instructed Data Doctors, Inc. to delete all of ASI software, files, and other property from the laptop.

25.   On information and belief, Don Abreu also deleted files and documents from ASI's server, including the 2008 NDA.

26.     Because of Don Abreu's deletion of ASI software, files, and other property, ASI has lost files, documents, information, emails, and other ASI property.

27.     On information and belief, Don Abreu and Andrew Manios conspired to misappropriate ASI's trade secrets and to unlawfully use those trade secrets in competition with ASI.

28.     In an over act in furtherance of the Defendants' conspiracy, Don Abreu wrongfully accessed ASI computers and transferred ASI trade secrets and proprietary information to his personal computer files, which he intended to use in competition with ASI.

29.     In violation of his obligation to ASI, Don Abreu used ASI computers and resources to misappropriate ASI Trade Secrets and proprietary information, which he Abreu intentionally and maliciously used to his competitive advantage in soliciting ASI's customers and business opportunities for his own benefit.

30.     Don Abreu and Andrew Manios, as co-conspirators, acted unlawfully and in violation of their duties to ASI by:

    a. Using ASI's confidential information and ASI's trade secrets, including ASI's pricing sheet and information regarding its customers and clients.

    b. Engaging in disloyal acts in anticipation of future competition for the purpose of obtaining an improper and unfair competitive completion advantage over ASI by misappropriating ASI's Trade Secrets, ASI's confidential and proprietary information, including, but not limited to, ASI's Service provider price worksheets and proposals, pricing schemes, profit

6

margins, services, products, formulas, client list, customer lists, customer records, and client records.

31.     While purporting to work with ASI, Don Abreu and Andrews Manios secretly intended to use ASI's resources and ASI's Trade Secrets for the sole benefit of Don Abreu and Andrew Manios and to compete with ASI.

## COUNT I
## BREACH OF NON-DISCLOSURE AGREEMENTS

32.     Plaintiff hereby incorporates the allegations of paragraphs 1 – 31 of this Complaint as if specifically set forth herein.

33.     Pursuant to "Non-Disclosure Agreements", Don Abreu and Andrew Manios agreed to not disclose confidential information obtained as part of their services for ASI.

34.     Don Abreu and Andrew Manios breached the Non-Disclosure Agreements by using ASI's confidential information for their own benefit and by disclosing confidential information to third parties, including but not limited to, ASI customers and clients, and potential customers and clients.

35.     Defendants' breach of the NDAs caused damages to ASI, including but not limited to, loss of business, lost profits, and damage to goodwill.

36.     Because of Defendants' unlawful actions, ASI has retained the law firm of Keefe, Anchors & Gordon, P .A., to represent it in this action and is obligated to pay the undersigned attorneys a reasonable fee for its services.

37.     Plaintiff is entitled to recover their attorney fees and costs, pursuant to the Non-Disclosure Agreements.

WHEREFORE, Plaintiff requests that this Court enter an order against Defendants for damages, attorney fees and costs, and other such relief as the Court deems just and proper.

## COUNT II
## THEFT OF TRADE SECRETS

38.      Plaintiff hereby incorporates the allegations of paragraphs 1 - 31 of this Complaint as if specifically set forth herein.

39.      This is an action for violation of the Uniform Trade Secrets Act, as codified in sections 688.001 - 688.009, *Florida Statutes*.

40.      Since its inception, ASI has developed a wealth of confidential and proprietary information relating to its customers, pricing, internal business operations, contracts, marketing, research, and business strategies. ASI is the owner of its unique compilation of this confidential and proprietary information described above. This information, previously defined as ASI's Trade Secrets, provides ASI with an advantage over its competitors.

41.      ASI has expended significant time and money to develop ASI's Trade Secrets. It would be difficult for another company to duplicate ASI's information, or such duplication would require competitors to make a substantial investment of time and money.

42.      ASI protected its Trade Secrets by requiring employees to execute Non-Disclosure Agreements.

43.      ASI also protected its Trade Secrets by having formal policies on confidentiality, proprietary information, and trade secrets in its Staff Employee

Handbook and Information Systems Policy, which were in effect during Don Abreu's employment.

44.     Don Abreu knew the Trade Secrets are proprietary and confidential information and his obligations to maintain its secrecy and to limit the use of the information to benefit ASI.

45.     Don Abreu through improper and illegal means, acquired and misappropriated ASI's Trade Secrets for his own use and benefit, for use in unlawful competition with ASI and in an effort to damage ASI.

46.     Andrew Manios knew or had reason to know that Don Abreu knew the Trade Secrets are proprietary and confidential information and his obligations to maintain its secrecy and to limit the use of the information to benefit ASI.

47.     Andrew Manios knew or had reason to know that Don Abreu, through improper and illegal means, acquired and misappropriated ASI's Trade Secrets for his own use and benefit, for use in unlawful competition with ASI and in an effort to damage ASI.

48.     Andrew Manios, in conspiracy with Don Abreu, misappropriated with ASI's Trade Secrets for their own use and benefit, for use in unlawful competition with ASI and in an effort to damage ASI.

49.     ASI's Trade Secrets derive independent economic value, are not generally known to third persons, are not readily ascertainable by proper means by other persons who can gain economic value from their disclosure and use, and are subject to reasonable efforts by ASI to maintain secrecy.

50.     The acts and conduct of Defendants in misappropriating and encouraging and causing others to commit material misappropriation of ASI's Trade Secrets are the proximate cause of damage to ASI that would not have otherwise occurred but for the conduct of Defendants.

51.     Defendants' wrongful conduct is the direct, proximate, natural and necessary cause of ASI's general and special damages, including but not limited to lost profits and/or loss of business value.

52.     Because of Defendants' unlawful actions, ASI has retained the law firm of Keefe, Anchors & Gordon, P .A., to represent it in this action and is obligated to pay the undersigned attorneys a reasonable fee for its services.

53.     ASI is entitled to recover its attorneys' fees and costs pursuant to section 668.05, *Florida Statutes*.

WHEREFORE, Plaintiff demands judgment pursuant to section 688.004, *Florida Statutes*, for damages against Defendants, including:

   a. Actual general and special damages as a result of the theft of trade secrets, including but not limited to special damages in the form of lost profits and/or loss of business value;

   b. Disgorgement of profits obtained by Defendants' related business on account of their misappropriation;

   c. Disgorgement of additional foreseeable profits for future years from Defendants' related business on account of his misappropriation in an amount to be proven at the time of trial;

d. Because Defendants' misappropriation was willful, malicious, and in reckless disregard of ASI's rights, ASI is entitled to an award of exemplary damages against Defendants in an amount equal to two times the amount of damages, pursuant to section 688.004(2), *Florida Statutes*;

e. Attorneys' fees and costs pursuant to section 688.005, *Florida Statutes*; and

f. Such other relief as the Court deems just and proper.

Dated this _20th_ day of September, 2013.

A. Benjamin Gordon
Florida Bar No.: 528617
**Carin Brown**
Florida Bar No.: 78088
Keefe, Anchors, & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Fort Walton Beach, Florida 32547
Telephone:  (850) 863-1974
Fax:  (850) 863-1591
E-mail: bgordon@kaglaw.com
          cbrown@kaglawfirm.com
          mbaughn@kaglawfirm.com

Attorneys for Plaintiff

ASI Holding Company, Inc.
Employment offer for Don Abreu

- Title:  Director of Operations
- Anticipated start date of April 1, 2008
- 4 year employment contract
- $90,000 base salary (semi-monthly payroll schedule with pay days being the 15th and last day of the month) with the following benefits:
  - Health Insurance (ASI pays 100% for employee)
  - Short and Long Term Disability (paid for by ASI)
  - Simple IRA (ASI matches up to 3% a month)
  - Dental – elective
  - Aflac – elective

- Incentive based bonus plan – this is in the works, but will need to be discussed upon your arrival.
- Stock/Ownership in the company – Darrell is currently working with the attorney's and CPA's to develop a stock owner and/or profit sharing program.
- Job description:
  - Initially you will be managing the day to day operations of the call center with the objective of consistently providing exemplary levels of customer service.
  - Identify and work with a training company to develop, standardize and implement an ongoing training program for all call center employees.
  - Develop and implement training program for all property management companies and service providers, both new and for current clients.
  - You would report to Darrell and Adrienne.
  - Will work/train with Adrienne.
  - Additional aspects of job duties beyond the ones outlined above will be discussed later on.

AGREED:


_____
Don Abreu
DTS, Inc.

_____
Darrell Blanton
ASI Holding Company, Inc.


13 March 2008
_____
Date

3/18/08
_____
Date

EXHIBIT "A"

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between DARRELL E. BLANTON, (hereinafter referred to as "DISCLOSER"), and _Don Abreu_ , having a business address at _2407 E. Goldenrod St., Phoenix, Az, 85048_ (hereinafter referred to as "DISCLOSEE").

WHEREAS, DISCLOSER possesses information, data and experience relating to GOLF/RANGE BALL AMENITY PROGRAM, (the "BUSINESS PLAN"); and

WHEREAS, said BUSINESS PLAN is considered by DISCLOSER to be secret and confidential and constitute a valuable commercial asset to DISCLOSER; and

WHEREAS, DISCLOSER is willing, subject to the terms and conditions hereof, to disclose so much of BUSINESS PLAN to DISCLOSEE as may be necessary for the purposes of enabling DISCLOSEE to evaluate said BUSINESS PLAN.

NOW THEREFORE, DISCLOSEE and DISCLOSER agree as follows:

1.    The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above constituting the BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by DISCLOSEE in writing, by oral disclosure, or otherwise from DISCLOSER, except:

A.    Information which at the time of disclosure by DISCLOSER to DISCLOSEE, is in the public domain.

B.    Information which after disclosure by DISCLOSER to DISCLOSEE enters the public domain where such entry is not the

performed by DISCLOSEE, either for itself, or for any other person, firm or corporation.

B.   Confidential Information to third parties shall only be disclosed by DISCLOSEE by written consent of DISCLOSER, and subsequent to the execution of Disclosure Agreements between DISCLOSEE and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, DISCLOSEE will not supply any such Confidential Information to any other customer or potential customer of DISCLOSER.

C.   To keep all such Confidential Information secret, and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes, and all copies, reproductions, reprints and translations to be plainly marked to indicate the secret and confidential nature thereof and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

D.   DISCLOSEE will use the same degree of care in protecting DISCLOSER'S Confidential Information as it uses in protecting its own; but in no event shall DISCLOSEE fail to maintain the minimum standards set out in C above.

E.   To surrender to DISCLOSER all written materials received from DISCLOSER, upon DISCLOSER'S request and to refrain from any reproduction of DISCLOSER'S written materials.

5.   This Agreement represents the sole Agreement between the

result of a breach of this Agreement.

      C.   Information which, prior to disclosure by DISCLOSER to DISCLOSEE was already in DISCLOSEE'S possession, as evidenced by written records, and not subject to an obligation of confidence imposed by another Agreement or in another relationship.

      D.   Information which, subsequent to disclosure by DISCLOSER to DISCLOSEE, is obtained by DISCLOSEE from a third party who is lawfully in possession of such information and not subject to a contractual or fiduciary relationship to DISCLOSER with respect to non-disclosure of said information, and who does not require DISCLOSEE to undertake a confidential commitment with respect to such information.

2.   There shall be no obligation of confidentiality on the part of the DISCLOSEE with respect to any information supplied or divulged to DISCLOSEE after the expiration of five (5) years from the date of this Agreement.

3.   In the event that DISCLOSER obtains United States Patents covering the disclosed Confidentiality Information, or portions thereof, DISCLOSER shall thereafter rely solely on the rights under said Patents with respect to that subject matter disclosed, or made publicly available.

4.   In consideration of DISCLOSER'S willingness to disclose Confidential Information, DISCLOSEE agrees:

      A.   Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work

parties as of the date of this Agreement.

6.   This Agreement will be governed and construed in accordance with the Laws of the State of Florida.

7.   The persons signing below represent and warrant their authority to bind the parties in this Agreement.

DISCLOSEE:

FOR: _____

BY: _____

TITLE: _____

DATE: _____

DISCLOSER:

_____
DARRELL BLANTON
DATE: _____

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between AMENITY SERVICES, INC., (hereinafter referred to as "ASI"), and _____, having a business address at:
Street Address: _____
City, State, Zip: _____, (hereinafter referred to as "Second Party").

WHEREAS, ASI possesses confidential information, data and experience relating to the concept for a RESORT/HOTEL AMENITY PROGRAM, including a hardware and software system for computerized tracking (the "CONCEPT AND BUSINESS PLAN"); and

WHEREAS, said CONCEPT AND BUSINESS PLAN is considered by ASI to be secret and confidential and constitute a valuable commercial asset; and

WHEREAS, ASI is willing, subject to the terms and conditions hereof, to disclose so much of the CONCEPT AND BUSINESS PLAN to Second Party as may be necessary for the purpose of enabling Second Party to evaluate the current business proposal;

NOW THEREFORE, ASI and Second Party agree as follows:

1.      The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above as constituting the CONCEPT AND BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by Second Party in writing, by oral disclosure, or otherwise from ASI.

2.      In consideration of ASI's willingness to disclose Confidential Information, Second Party agrees from the execution hereof for itself, affiliates, subsidiaries, its agents, employees, representatives, successors and assigns (without regard to the continued relationship between Second Party and such affiliates, subsidiaries, agents, employees, or representatives, or the lack thereof):

A.      Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work performed by Second Party, either for itself, or for any other person, firm, or corporation, nor to participate with any third party in any program which is the same as or substantially similar to that disclosed.

B.      Confidential Information shall only be disclosed to third parties upon Second Party's receipt of the written consent of ASI, and subsequent to the execution of non-disclosure agreements between Second Party and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, Second Party will not supply any such Confidential Information to any other customer or potential customer of ASI.

C.      To keep all such Confidential Information secret and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes,

and all copies, reproductions, reprints, and translations to be plainly marked to indicate the secret and confidential nature thereof, and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

D.    Second Party will use no less care in protecting ASI'S Confidential Information than it uses in protecting its own; but in no event shall Second Party fail to maintain the minimum standards set out in C above.

E.    Upon ASI'S request, to surrender all written materials and to refrain from any reproduction of ASI'S written materials.

3.    This Agreement shall not be merged into any subsequent agreement which may be executed between the parties hereto but shall survive unabated.

4.    The invalidity of any portion of this Agreement shall not affect the validity of the remainder hereof, but the remainder shall be construed as though the invalid portion were not a part hereof.

5.    This Agreement will be governed by and construed in accordance with the Laws of the State of Florida and the parties hereto by their signatures below consent that in any dispute arising out of this Agreement, venue shall lie in the state courts of Okaloosa County, Florida.

6.    The parties' rights and obligations under this Agreement shall inure to the benefit of and shall be binding upon the parties' successors and assigns.

7.    Non-waiver.  No delay or failure by a party to exercise any right under this Agreement, and no partial or single exercise of that right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.

8.    Attorney's Fees.  In the event of any litigation arising out of or related to this Agreement the parties agree that the prevailing party will be entitled to payment of his reasonable attorney's fees and costs, including fees and costs incurred on appeal.

Second Party:

_____
Print Name

_____
Signature

TITLE:_____

DATE:_____

Revised 5/15/06

2

A M E N I T Y   S E R V I C E S ,   I N C .

July 13, 2013

Don Abreu
Dynamic Training Systems, Inc.
2407 E Goldenrod St.
Phoenix, AZ 85048

RE:  Consulting Contract

Dear Don,

This letter is to serve as ASI's thirty day notification to terminate our contract with Dynamic Training Systems, Inc.  The original contract expired on 4/1/12 and has been renewing on a monthly basis.  Per our verbal agreement ASI will pay Dynamic Training Systems through August 10th, 2012.  You will receive a consulting fee on Friday, July 27th and on Friday, August 10th.

If you have any unpaid expense reports, please submit them to Joy Wamble for payment.

All company property including but not limited to, laptop, iPad, and files, should be shipped back to ASI via UPS.  Shipments can be made under the company UPS account number of 8AF930.

It has been a pleasure working with you and wish you much success in your future endeavors.

Sincerely,

Darrell E. Blanton
President

Exhibit "D"

ASI Holding Company, Inc.
Employment offer for Don Abreu

- Title: Director of Operations
- Anticipated start date of April 1, 2008
- 4 year employment contract
- $90,000 base salary (semi-monthly payroll schedule with pay days being the 15th and last day of the month) with the following benefits:
    - Health Insurance (ASI pays 100% for employee)
    - Short and Long Term Disability (paid for by ASI)
    - Simple IRA (ASI matches up to 3% a month)
    - Dental – elective
    - Aflac – elective

- Incentive based bonus plan – this is in the works, but will need to be discussed upon your arrival.
- Stock/Ownership in the company – Darrell is currently working with the attorney's and CPA's to develop a stock owner and/or profit sharing program.
- Job description:
    - Initially you will be managing the day to day operations of the call center with the objective of consistently providing exemplary levels of customer service.
    - Identify and work with a training company to develop, standardize and implement an ongoing training program for all call center employees.
    - Develop and implement training program for all property management companies and service providers, both new and for current clients.
    - You would report to Darrell and Adrienne.
    - Will work/train with Adrienne.
    - Additional aspects of job duties beyond the ones outlined above will be discussed later on.


AGREED:


_____
Don Abreu
DTS, Inc.


_____
Darrell Blanton
ASI Holding Company, Inc.


13 March 2008
_____
Date


3/18/08
_____
Date

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC,
a South Carolina corporation.

        Defendants.
_____/

**AMENDED COMPLAINT**

COMES NOW Plaintiff ASI HOLDING COMPANY, INC., d/b/a/ Amenity Services,

Inc., ("ASI") by and through its undersigned counsel, and sues Defendants DON ABREU

d/b/a Amenities Consulting, LLC, ANDREW MANIOS, CHRIS MANIOS, and GLOBAL

AMENITIES, LLC and allege as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this dispute because this Complaint seeks

damages in excess of $15,000.00 dollars, exclusive of interest and attorneys' fees.

2.      Venue is proper in Okaloosa County, Florida because the wrongful acts

giving rise to this lawsuit occurred in Okaloosa County, Florida.

3.      ASI is a Florida corporation whose principal place of business is in Destin,

Florida.

4.      Upon information and belief, Don Abreu is a resident of Phoenix, Arizona.

EXHIBIT 2

5.     Upon information and belief, Andrew Manios is a resident of Myrtle Beach, South Carolina.

6.     Upon information and belief, Chris Manios is a resident of Pinellas Park, Florida.

7.     Upon information and belief, Global Amenities, LLC. is a South Carolina corporation with its headquarters in Myrtle Beach.

8.     All conditions precedent to the filing of this action have been satisfied, waived, or excused.

## GENERAL ALLEGATIONS

9.     ASI provides guest amenity programs at vacation rental properties. ASI prepares packages of complimentary vacation activities for vacation rental properties to provide to their guest, including golf rounds, deep sea fishing, amusements, water parks, dolphin cruises, wildlife tours, white water rafting, ski lift access, unlimited DVD rentals, etc.

10.    The pricing structure and profit formula for this program are confidential, trade secrets of ASI.

11.    ASI markets this guest amenity program to vacation rental program management companies throughout the United States.

12.    At all times material hereto, ASI contracted Don Abreu to provide marketing and other services to ASI, under an exclusive duty of loyalty and confidentiality with ASI.

13.    On or about April 1, 2008, ASI and Don Abreu entered into an employment contract ("2008 Employment Contract"). The 2008 Employment Contract provided that Don Abreu's job title was Director of Operations and his duties included, but not limited

to: (1) managing the day-to-day operations of the call center; (2) identifying and working with a training company to develop, standardize, and implement an ongoing training program for all call center employees; and (3) develop and implement training program for all property management companies and service providers. A copy of the 2008 Employment Contract is attached hereto as Exhibit "A."

14.     In the Fall of 2009, ASI promoted Don Abreu to Vice President of Marketing.

15.     ASI has extensive experience in tourism and has through this experience, developed a wealth of confidential and proprietary information relating to customer contracts, marketing, research, strategies, and internal business forms. This confidential and proprietary information includes, but is not limited to:

a.     ASI's internal business forms, policies, handbook, and agreements;

b.     ASI's Service provider price worksheets and proposals;

c.     ASI's activities, pricing schemes, profit margins, services, products, formulas;

d.     ASI's client list and customer lists;

e.     ASI's research and confidential company literature;

f.     ASI's client and customer preferences and records;

g.     ASI's data and experience relating to the concept for a Resort/Hotel Amenity Program, including a hardware and software system for computerized tracking (the "Concept and Business Plan");

h.     All information, data, and experience of the type referred to above as constituting the Concept and Business Plan, including technical, operational, marketing plans, or information of an economic nature.

i.      ASI's financial information, including general and administrative expenses, overhead, and other fees;

j.      ASI's payroll information and employee information;

k.      Business methods, concepts, and operational procedures.

The above described information is hereinafter identified as "ASI's Trade Secrets." ASI has expended a considerable amount of time, effort, and expense in compiling and maintaining the confidentiality of ADI's Trade Secrets.

16.     The most valuable assets a company such as ASI has are its Trade Secrets.

17.     ASI protected its Trade Secrets by requiring employees to execute Non-Disclosure Agreements.

18.     On or about August 10, 1996, ASI and Don Abreu entered into a Non-Disclosure Agreement ("1996 NDA").  A copy of the 1996 NDA is attached hereto as Exhibit "B."

19.     At the start of Don Abreu's employment in 2008, Don Abreu entered into another Non-Disclosure Agreement ("2008 NDA") with ASI. ASI is not in current possession of the fully executed NDA, which was last located in a filing cabinet to which Abreu had access at ASI. A true and accurate copy of the same NDA executed by Abreu is attached hereto as Exhibit "C."

20.     In 2010, Andrew Manios and Chris Manios entered into negotiations with ASI. Andrew Manios and Chris Manios also entered into an NDA with ASI (the "2010 NDA"). ASI is not in current possession of the NDA fully executed by Andrew Manios, which was last located in a filing cabinet to which Don Abreu had access at ASI.  A true and accurate copy of the same NDA executed by Manios is attached hereto as Exhibit

"C." A true and accurate copy of the NDA signed by Chris Manios is attached hereto as Exhibit "D."

21.      ASI also protected its Trade Secrets by having formal policies on confidentiality, proprietary information, and trade secrets in its Staff Employee Handbook and Information Systems Policy, which were in effect at the time of Don Abreu's services to ASI.

22.      While working under a duty of confidentiality and loyalty to ASI, Don Abreu, in furtherance of a conspiracy with Andrew Manios and Chris Manios, used ASI company computers and resources, including access to the ASI server and a laptop computer with ASI hardware, software, files, documents, and other ASI property on it.

23.      Don Abreu had access to ASI's Trade Secrets subject to known obligations to maintain the confidentiality of ASI's Trade Secrets and the limited authority to use ASI's Trade Secrets for ASI's commercial competitive advantage.

24.      On or about July 13, 2013, ASI notified Don Abreu that it would terminate the 2008 Employment Contract ("Termination Notice"). A copy of the Termination Notice is attached hereto as Exhibit "E."

25.      The Termination Notice directed Don Abreu to ship to ASI all company property, including, but not limited to, laptop, iPad, and files.

26.      In violation of ASI's Information Systems Policy, Don Abreu instructed Data Doctors, Inc. to delete all of ASI software, files, and other property from the laptop.

27.      On information and belief, Don Abreu also deleted files and documents from ASI's server, including the 2008 NDA.

28.     Because of Don Abreu's deletion of ASI software, files, and other property, ASI has lost files, documents, information, emails, and other ASI property.

29.     In violation of his obligation to ASI, Don Abreu used ASI computers and resources to steal information belonging to ASI, intentionally and maliciously used such information to ultimately obtain ASI's customers and business for his own benefit.

30.     Don Abreu, Andrew Manios, and Chris Manios acted unlawfully and in violation of their duty to ASI by:

        a.      Using ASI's confidential information and ASI's trade secrets, including ASI's pricing sheet and information regarding its customers and clients.

        b.      Engaging in disloyal acts in anticipation of future competition for the purpose of obtaining an improper and unfair competitive completion advantage over ASI by misappropriating ASI's Trade Secrets, ASI's confidential and proprietary information, including, but not limited to, ASI's Service provider price worksheets and proposals, pricing schemes, profit margins, services, products, formulas, client list, customer lists, customer records, and client records.

31.     Upon information and belief, Don Abreu, Andrew Manios, and Chris Manios used ASI's Trade Secrets to form and operate Global Amenities, LLC, an amenity services company.

32.     While purporting to work with ASI, Don Abreu, Andrew Manios and Chris Manios secretly intended to use ASI's resources and ASI's Trade Secrets for the sole benefit of Don Abreu and to compete with ASI.

## COUNT I
## BREACH OF NON-DISCLOSURE AGREEMENTS

33.    Plaintiff hereby incorporates the allegations of paragraphs 1 – 32 of this Complaint as if specifically set forth herein.

34.    Pursuant to the 1996 NDA, 2008 NDA, and 2010 NDA (collectively "Non-Disclosure Agreements"), Don Abreu, Andrew Manios, and Chris Manios agreed to not disclose confidential information as part of their services for ASI.

35.    Don Abreu breached the Non-Disclosure Agreements by disclosing confidential information to third parties, including but not limited to, Andrew Manios, Chris Manios, ASI customers and clients, and potential customers and clients.

36.    Defendants breach caused damages to ASI, including but not limited to, loss of business, lost profits, and damage to goodwill.

37.    Because of Don Abreu, Chris Manios, and Andrew Manios' unlawful actions, ASI has retained the law firm of Keefe, Anchors & Gordon, P .A., to represent it in this action and is obligated to pay the undersigned attorneys a reasonable fee for its services.

38.    Global Amenities, LLC is also bound by the terms of the NDAs as a successor of the signatories to the 2008 and 2010 NDAs.

39.    Global Amenities, LLC has breached the NDAs by using ASI's trade secrets to compete directly with ASI.

40.    Plaintiff is entitled to recover their attorney fees and costs, pursuant to the Non-Disclosure Agreements.

WHEREFORE, Plaintiff requests that this Court enter an order against Defendants for damages, attorney fees and costs, and other such relief as the Court deems just and proper.

## COUNT II
## THEFT OF TRADE SECRET

41. Plaintiff hereby incorporates the allegations of paragraphs 1 – 32 of this Complaint as if specifically set forth herein.

42. This is an action for violation of the Uniform Trade Secrets Act, as codified in sections 688.001 - 688.009, *Florida Statutes*.

43. Since its inception, ASI has developed a wealth of confidential and proprietary information relating to its customers, pricing, internal business operations, contracts, marketing, research, and business strategies. ASI is the owner of its unique compilation of this confidential and proprietary information described above. This information, previously defined as ASI's Trade Secrets, provides ASI with an advantage over its competitors.

44. ASI has expended significant time and money to develop ASI's Trade Secrets. It would be difficult for another company to duplicate ASI's information, or such duplication would require competitors to make a substantial investment of time and money.

45. ASI protected its Trade Secrets by requiring employees to execute Non-Disclosure Agreements.

46. ASI also protected its Trade Secrets by having formal policies on confidentiality, proprietary information, and trade secrets in its Staff Employee Handbook and Information Systems Policy, which were in effect during Don Abreu's employment.

8

47.    Don Abreu knew the Trade Secrets are proprietary and confidential information and his obligations to maintain its secrecy and to limit the use of the information to benefit ASI.

48.    Don Abreu through improper and illegal means, acquired and misappropriated ASI's Trade Secrets for his own use and benefit, for use in unlawful competition with ASI and in an effort to damage ASI.

49.    Don Abreu misappropriated ASI's Trade Secrets to third parties, including Andrew Manios.

50.    Andrew Manios and Chris Manios knew or had reason to know that Don Abreu knew the Trade Secrets are proprietary and confidential information and his obligations to maintain its secrecy and to limit the use of the information to benefit ASI.

51.    Andrew Manios and Chris Manios knew or had reason to know that Don Abreu, through improper and illegal means, acquired and misappropriated ASI's Trade Secrets for his own use and benefit, for use in unlawful competition with ASI and in an effort to damage ASI.

52.    Andrew Manios and Chris Manios misappropriated ASI's Trade Secrets for their own use and benefit, for use in unlawful competition with ASI and in an effort to damage ASI.

53.    Global Amenities, LLC has used and continues to use ASI's trade secrets for use in unlawful competition with ASI and in an effort to damage ASI.

54.    ASI's Trade Secrets derive independent economic value, are not generally known to third persons, are not readily ascertainable by proper means by other persons

who can gain economic value from their disclosure and use, and are subject to reasonable efforts by ASI to maintain secrecy.

55.     The acts and conduct of Defendants in misappropriating and encouraging and causing others to commit material misappropriation of ASI's Trade Secrets are the proximate cause of damage to ASI that would not have otherwise occurred but for the conduct of Defendants.

56.     Defendants' wrongful conduct is the direct, proximate, natural and necessary cause of ASI's general and special damages, including but not limited to lost profits and/or loss of business value.

57.     Because of Defendants' unlawful actions, ASI has retained the law firm of Keefe, Anchors & Gordon, P .A., to represent it in this action and is obligated to pay the undersigned attorneys a reasonable fee for its services.

58.     ASI is entitled to recover its attorneys' fees and costs pursuant to section 668.05, *Florida Statutes*.

59.     WHEREFORE, Plaintiff demands judgment pursuant to section 688.004, Florida Statutes, for damages against ASI in the following amounts:

> a.     Actual general and special damages as a result of the theft of trade secrets, including but not limited to special damages in the form of lost profits and/or loss of business value;
>
> b.     Disgorgement of profits obtained by Defendants' related business on account of their misappropriation;

c.     Disgorgement of additional foreseeable profits for future years from Defendants' related business on account of his misappropriation in an amount to be proven at the time of trial;

d.     Because Defendants' misappropriation was willful, malicious, and in reckless disregard of ASI's rights, ASI is entitled to an award of exemplary damages against Defendants in an amount equal to two times the amount of damages, pursuant to section 688.004(2), *Florida Statutes*;

e.     Attorneys' fees and costs pursuant to section 688.005, *Florida Statutes*; and

f.     Such other relief as the Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 14th day of April, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

ASI Holding Company, Inc.
Employment offer for Don Abreu

- Title:  Director of Operations
- Anticipated start date of April 1, 2008
- 4 year employment contract
- $90,000 base salary (semi-monthly payroll schedule with pay days being the 15th and last day of the month) with the following benefits:
    - Health Insurance (ASI pays 100% for employee)
    - Short and Long Term Disability (paid for by ASI)
    - Simple IRA (ASI matches up to 3% a month)
    - Dental – elective
    - Aflac – elective

- Incentive based bonus plan – this is in the works, but will need to be discussed upon your arrival.
- Stock/Ownership in the company – Darrell is currently working with the attorney's and CPA's to develop a stock owner and/or profit sharing program.
- Job description:
    - Initially you will be managing the day to day operations of the call center with the objective of consistently providing exemplary levels of customer service.
    - Identify and work with a training company to develop, standardize and implement an ongoing training program for all call center employees.
    - Develop and implement training program for all property management companies and service providers, both new and for current clients.
    - You would report to Darrell and Adrienne.
    - Will work/train with Adrienne.
    - Additional aspects of job duties beyond the ones outlined above will be discussed later on.

AGREED:

_____          _____
Don Abreu                                          Darrell Blanton
DTS, Inc.                                            ASI Holding Company, Inc.

_13 March 2008_                        _3/18/08_
Date                                                Date

EXHIBIT "A"

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between DARRELL E. BLANTON, (hereinafter referred to as "DISCLOSER"), and _Don Abreu_ , having a business address at _2407 E. Goldenrod St, Phoeny, Az, 85048_ (hereinafter referred to as "DISCLOSEE").

WHEREAS, DISCLOSER possesses information, data and experience relating to GOLF/RANGE BALL AMENITY PROGRAM, (the "BUSINESS PLAN"); and

WHEREAS, said BUSINESS PLAN is considered by DISCLOSER to be secret and confidential and constitute a valuable commercial asset to DISCLOSER; and

WHEREAS, DISCLOSER is willing, subject to the terms and conditions hereof, to disclose so much of BUSINESS PLAN to DISCLOSEE as may be necessary for the purposes of enabling DISCLOSEE to evaluate said BUSINESS PLAN.

NOW THEREFORE, DISCLOSEE and DISCLOSER agree as follows:

1.    The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above constituting the BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by DISCLOSEE in writing, by oral disclosure, or otherwise from DISCLOSER, except:

A.    Information which at the time of disclosure by DISCLOSER to DISCLOSEE, is in the public domain.

B.    Information which after disclosure by DISCLOSER to DISCLOSEE enters the public domain where such entry is not the

EXHIBIT "B"

performed by DISCLOSEE, either for itself, or for any other person, firm or corporation.

B.    Confidential Information to third parties shall only be disclosed by DISCLOSEE by written consent of DISCLOSER, and subsequent to the execution of Disclosure Agreements between DISCLOSEE and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, DISCLOSEE will not supply any such Confidential Information to any other customer or potential customer of DISCLOSER.

C.    To keep all such Confidential Information secret, and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes, and all copies, reproductions, reprints and translations to be plainly marked to indicate the secret and confidential nature thereof and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

D.    DISCLOSEE will use the same degree of care in protecting DISCLOSER'S Confidential Information as it uses in protecting its own; but in no event shall DISCLOSEE fail to maintain the minimum standards set out in C above.

E.    To surrender to DISCLOSER all written materials received from DISCLOSER, upon DISCLOSER'S request and to refrain from any reproduction of DISCLOSER'S written materials.

5.    This Agreement represents the sole Agreement between the

result of a breach of this Agreement.

      C.    Information which, prior to disclosure by DISCLOSER to DISCLOSEE was already in DISCLOSEE'S possession, as evidenced by written records, and not subject to an obligation of confidence imposed by another Agreement or in another relationship.

      D.    Information which, subsequent to disclosure by DISCLOSER to DISCLOSEE, is obtained by DISCLOSEE from a third party who is lawfully in possession of such information and not subject to a contractual or fiduciary relationship to DISCLOSER with respect to non-disclosure of said information, and who does not require DISCLOSEE to undertake a confidential commitment with respect to such information.

      2.    There shall be no obligation of confidentiality on the part of the DISCLOSEE with respect to any information supplied or divulged to DISCLOSEE after the expiration of five (5) years from the date of this Agreement.

      3.    In the event that DISCLOSER obtains United States Patents covering the disclosed Confidentiality Information, or portions thereof, DISCLOSER shall thereafter rely solely on the rights under said Patents with respect to that subject matter disclosed, or made publicly available.

      4.    In consideration of DISCLOSER'S willingness to disclose Confidential Information, DISCLOSEE agrees:

      A.    Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work

parties as of the date of this Agreement.

6.    This Agreement will be governed and construed in accordance with the Laws of the State of Florida.

7.    The persons signing below represent and warrant their authority to bind the parties in this Agreement.

DISCLOSEE:

FOR: _Dynamic Training Systems, Inc._

BY: _Don Abreu_

TITLE: _President_

DATE: _19 July '96_

DISCLOSER:

_Darrell Blanton_
DARRELL BLANTON
DATE: _8-10-96_

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between AMENITY SERVICES, INC., (hereinafter referred to as "ASI"), and
_____, having a business address at:
Street Address: _____
City, State, Zip: _____, (hereinafter referred to as "Second Party").

WHEREAS, ASI possesses confidential information, data and experience relating to the concept for a RESORT/HOTEL AMENITY PROGRAM, including a hardware and software system for computerized tracking (the "CONCEPT AND BUSINESS PLAN"); and

WHEREAS, said CONCEPT AND BUSINESS PLAN is considered by ASI to be secret and confidential and constitute a valuable commercial asset; and

WHEREAS, ASI is willing, subject to the terms and conditions hereof, to disclose so much of the CONCEPT AND BUSINESS PLAN to Second Party as may be necessary for the purpose of enabling Second Party to evaluate the current business proposal;

NOW THEREFORE, ASI and Second Party agree as follows:

1.     The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above as constituting the CONCEPT AND BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by Second Party in writing, by oral disclosure, or otherwise from ASI.

2.     In consideration of ASI's willingness to disclose Confidential Information, Second Party agrees from the execution hereof for itself, affiliates, subsidiaries,  its agents, employees, representatives, successors and assigns (without regard to the continued relationship between Second Party and such affiliates, subsidiaries, agents, employees, or representatives, or the lack thereof):

A.     Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work performed by Second Party, either for itself, or for any other person, firm, or corporation, nor to participate with any third party in any program which is the same as or substantially similar to that disclosed.

B.     Confidential Information shall only be disclosed to third parties upon Second Party's receipt of the written consent of ASI, and subsequent to the execution of non-disclosure agreements between Second Party and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, Second Party will not supply any such Confidential Information to any other customer or potential customer of ASI.

C.     To keep all such Confidential Information secret and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes,

EXHIBIT "C"

and all copies, reproductions, reprints, and translations to be plainly marked to indicate the secret and confidential nature thereof, and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

        D.    Second Party will use no less care in protecting ASI'S Confidential Information than it uses in protecting its own; but in no event shall Second Party fail to maintain the minimum standards set out in C above.

        E.    Upon ASI'S request, to surrender all written materials and to refrain from any reproduction of ASI'S written materials.

    3.    This Agreement shall not be merged into any subsequent agreement which may be executed between the parties hereto but shall survive unabated.

    4.    The invalidity of any portion of this Agreement shall not affect the validity of the remainder hereof, but the remainder shall be construed as though the invalid portion were not a part hereof.

    5.    This Agreement will be governed by and construed in accordance with the Laws of the State of Florida and the parties hereto by their signatures below consent that in any dispute arising out of this Agreement, venue shall lie in the state courts of Okaloosa County, Florida.

    6.    The parties' rights and obligations under this Agreement shall inure to the benefit of and shall be binding upon the parties' successors and assigns.

    7.    Non-waiver.  No delay or failure by a party to exercise any right under this Agreement, and no partial or single exercise of that right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.

    8.    Attorney's Fees.  In the event of any litigation arising out of or related to this Agreement the parties agree that the prevailing party will be entitled to payment of his reasonable attorney's fees and costs, including fees and costs incurred on appeal.


Second Party:

_____

Print Name

_____

Signature

TITLE:_____

DATE:_____


Revised 5/15/06

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between AMENITY SERVICES, INC., (hereinafter referred to as "ASI"), and
_BC Promotions / VIP Vacations_, having a business address at:
Street Address: _1437 Shoreline Drive_
City, State, Zip: _Myrtle Beach, SC 29572_, (hereinafter referred to as "Second Party").

WHEREAS, ASI possesses confidential information, data and experience relating to the concept for a RESORT/HOTEL AMENITY PROGRAM, including a hardware and software system for computerized tracking (the "CONCEPT AND BUSINESS PLAN"); and

WHEREAS, said CONCEPT AND BUSINESS PLAN is considered by ASI to be secret and confidential and constitute a valuable commercial asset; and

WHEREAS, ASI is willing, subject to the terms and conditions hereof, to disclose so much of the CONCEPT AND BUSINESS PLAN to Second Party as may be necessary for the purpose of enabling Second Party to evaluate the current business proposal;

NOW THEREFORE, ASI and Second Party agree as follows:

1.      The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above as constituting the CONCEPT AND BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by Second Party in writing, by oral disclosure, or otherwise from ASI.

2.      In consideration of ASI's willingness to disclose Confidential Information, Second Party agrees from the execution hereof for itself, affiliates, subsidiaries, its agents, employees, representatives, successors and assigns (without regard to the continued relationship between Second Party and such affiliates, subsidiaries, agents, employees, or representatives, or the lack thereof):

A.      Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work performed by Second Party, either for itself, or for any other person, firm, or corporation, nor to participate with any third party in any program which is the same as or substantially similar to that disclosed.

B.      Confidential Information shall only be disclosed to third parties upon Second Party's receipt of the written consent of ASI, and subsequent to the execution of non-disclosure agreements between Second Party and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, Second Party will not supply any such Confidential Information to any other customer or potential customer of ASI.

C.      To keep all such Confidential Information secret and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes,

and all copies, reproductions, reprints, and translations to be plainly marked to indicate the secret and confidential nature thereof, and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

D.      Second Party will use no less care in protecting ASI'S Confidential Information than it uses in protecting its own; but in no event shall Second Party fail to maintain the minimum standards set out in C above.

E.      Upon ASI'S request, to surrender all written materials and to refrain from any reproduction of ASI'S written materials.

3.      This Agreement shall not be merged into any subsequent agreement which may be executed between the parties hereto but shall survive unabated.

4.      The invalidity of any portion of this Agreement shall not affect the validity of the remainder hereof, but the remainder shall be construed as though the invalid portion were not a part hereof.

5.      This Agreement will be governed by and construed in accordance with the Laws of the State of Florida and the parties hereto by their signatures below consent that in any dispute arising out of this Agreement, venue shall lie in the state courts of Okaloosa County, Florida.

6.      The parties' rights and obligations under this Agreement shall inure to the benefit of and shall be binding upon the parties' successors and assigns.

7.      Non-waiver.   No delay or failure by a party to exercise any right under this Agreement, and no partial or single exercise of that right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.

8.      Attorney's Fees.   In the event of any litigation arising out of or related to this Agreement the parties agree that the prevailing party will be entitled to payment of his reasonable attorney's fees and costs, including fees and costs incurred on appeal.

Second Party:

_CHRIS MANIOS_
Print Name

Signature

TITLE: _Owner BC Promotions_

DATE: _6 / 8 / 10_

Revised 5/15/06

2

A M E N I T Y   S E R V I C E S ,   I N C .

July 13, 2013

Don Abreu
Dynamic Training Systems, Inc.
2407 E Goldenrod St.
Phoenix, AZ 85048

RE: Consulting Contract

Dear Don,

This letter is to serve as ASI's thirty day notification to terminate our contract with Dynamic Training Systems, Inc. The original contract expired on 4/1/12 and has been renewing on a monthly basis. Per our verbal agreement ASI will pay Dynamic Training Systems through August 10th, 2012. You will receive a consulting fee on Friday, July 27th and on Friday, August 10th.

If you have any unpaid expense reports, please submit them to Joy Wamble for payment.

All company property including but not limited to, laptop, iPad, and files, should be shipped back to ASI via UPS. Shipments can be made under the company UPS account number of 8AF930.

It has been a pleasure working with you and wish you much success in your future endeavors.

Sincerely,

Darrell E. Blanton
President

EXHIBIT "E"

ASI Holding Company, Inc.
Employment offer for Don Abreu

- Title: Director of Operations
- Anticipated start date of April 1, 2008
- 4 year employment contract
- $90,000 base salary (semi-monthly payroll schedule with pay days being the 15th and last day of the month) with the following benefits:
    - Health Insurance (ASI pays 100% for employee)
    - Short and Long Term Disability (paid for by ASI)
    - Simple IRA (ASI matches up to 3% a month)
    - Dental – elective
    - Aflac – elective

- Incentive based bonus plan – this is in the works, but will need to be discussed upon your arrival.
- Stock/Ownership in the company – Darrell is currently working with the attorney's and CPA's to develop a stock owner and/or profit sharing program.
- Job description:
    - Initially you will be managing the day to day operations of the call center with the objective of consistently providing exemplary levels of customer service.
    - Identify and work with a training company to develop, standardize and implement an ongoing training program for all call center employees.
    - Develop and implement training program for all property management companies and service providers, both new and for current clients.
    - You would report to Darrell and Adrienne.
    - Will work/train with Adrienne.
    - Additional aspects of job duties beyond the ones outlined above will be discussed later on.

AGREED:

_____
Don Abreu
DTS, Inc.

_____
Darrell Blanton
ASI Holding Company, Inc.

_____
23 March 2008
Date

_____
3/18/08
Date

## NON-DISCLOSURE AGREEMENT

THIS AGREEMENT, made and entered into on the date below written, by and between AMENITY SERVICES, INC., (hereinafter referred to as "ASI"), and
BC Promotions / VIP Vacations, having a business address at:
Street Address: 1437 Shoreline Drive
City, State, Zip: Myrtle Beach, SC 29577, (hereinafter referred to as "Second Party").

WHEREAS, ASI possesses confidential information, data and experience relating to the concept for a RESORT/HOTEL AMENITY PROGRAM, including a hardware and software system for computerized tracking (the "CONCEPT AND BUSINESS PLAN"); and

WHEREAS, said CONCEPT AND BUSINESS PLAN is considered by ASI to be secret and confidential and constitute a valuable commercial asset; and

WHEREAS, ASI is willing, subject to the terms and conditions hereof, to disclose so much of the CONCEPT AND BUSINESS PLAN to Second Party as may be necessary for the purpose of enabling Second Party to evaluate the current business proposal;

NOW THEREFORE, ASI and Second Party agree as follows:

1.      The term "CONFIDENTIAL INFORMATION" as used herein means all information, data and experience of the type referred to above as constituting the CONCEPT AND BUSINESS PLAN, whether of a technical, operational, marketing, or other economic nature, disclosed to or obtained by Second Party in writing, by oral disclosure, or otherwise from ASI.

2.      In consideration of ASI's willingness to disclose Confidential Information, Second Party agrees from the execution hereof for itself, affiliates, subsidiaries, its agents, employees, representatives, successors and assigns (without regard to the continued relationship between Second Party and such affiliates, subsidiaries, agents, employees, or representatives, or the lack thereof):

A.      Not to make any use whatsoever of the Confidential Information, except for the purpose specified above, and accordingly, without limiting the generality of the foregoing, not to use such Confidential Information in connection with any work performed by Second Party, either for itself, or for any other person, firm, or corporation, nor to participate with any third party in any program which is the same as or substantially similar to that disclosed.

B.      Confidential Information shall only be disclosed to third parties upon Second Party's receipt of the written consent of ASI, and subsequent to the execution of non-disclosure agreements between Second Party and such third parties, such Disclosure Agreements being in substantially the same form as this Non-Disclosure Agreement. Accordingly, without limiting the generality of the foregoing, Second Party will not supply any such Confidential Information to any other customer or potential customer of ASI.

C.      To keep all such Confidential Information secret and confidential, and to that end, without limiting the generality of the foregoing, to cause all written materials relating to or containing such information, including all agreements, sketches, drawings, reports and notes,

EXHIBIT 3

and all copies, reproductions, reprints, and translations to be plainly marked to indicate the secret and confidential nature thereof, and to maintain such information with sufficient security to prevent unauthorized disclosure, use or reproduction.

        D.    Second Party will use no less care in protecting ASI'S Confidential Information than it uses in protecting its own; but in no event shall Second Party fail to maintain the minimum standards set out in C above.

        E.    Upon ASI'S request, to surrender all written materials and to refrain from any reproduction of ASI'S written materials.

    3.    This Agreement shall not be merged into any subsequent agreement which may be executed between the parties hereto but shall survive unabated.

    4.    The invalidity of any portion of this Agreement shall not affect the validity of the remainder hereof, but the remainder shall be construed as though the invalid portion were not a part hereof.

    5.    This Agreement will be governed by and construed in accordance with the Laws of the State of Florida and the parties hereto by their signatures below consent that in any dispute arising out of this Agreement, venue shall lie in the state courts of Okaloosa County, Florida.

    6.    The parties' rights and obligations under this Agreement shall inure to the benefit of and shall be binding upon the parties' successors and assigns.

    7.    Non-waiver.  No delay or failure by a party to exercise any right under this Agreement, and no partial or single exercise of that right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.

    8.    Attorney's Fees.  In the event of any litigation arising out of or related to this Agreement the parties agree that the prevailing party will be entitled to payment of his reasonable attorney's fees and costs, including fees and costs incurred on appeal.

Second Party:

*CHRIS MANIOS*
Print Name

*[signature]*
Signature

TITLE: *OWNER BC PROMOTIONS*

DATE: *6 / 8 / 10*

Revised 5/15/06

2

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual,
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual and
GLOBAL AMENITIES, LLC,

        Defendants.
_____/

## STIPULATED ORDER GRANTING PLAINTIFF'S MOTION FOR
## LEAVE TO AMEND TO ADD ADDITIONAL PARTIES

THIS MATTER came before the Court on Plaintiff's Motion for Leave to Amend to Add Additional Parties.[1] The Court, having reviewed the Motion, being advised that the parties have stipulated to the entry of this Order, and otherwise fully advised in the premises, ORDERS as follows:

1.      Plaintiff's Motion for Leave to Amend to Add Additional Parties is GRANTED.

2.      The Amended Complaint, attached as Exhibit 2 to Plaintiff's Motion for Leave to Amend to Add Additional Parties, shall be deemed filed as the date of this Order.

3.      The Defendants shall have twenty (20) days from the date of this Order to file an Answer to the Amended Complaint.

_____

[1] Plaintiff's Motion for Leave to Amend to Add Additional Parties was electronically filed with the Court on April 14, 2016.

CASE NO. 2013 CA 4103
Stipulated Order Granting Plaintiff's Motion
for Leave to Amend to Add Additional Parties
Page 2 of 2

DONE AND ORDERED in Okaloosa County, Florida.

signed by CIRCUIT COURT JUDGE JOHN T BROWN   04/21/2016 01:54:30 OBf-a8zL

Service was provided via eService to the available email addresses on file at the ePortal. Service will be provided by U. S. Mail to parties unable to be served by e-mail.

I hereby certify that a copy of the foregoing Order has been furnished by Mail to parties unable to be served by e-mail.

signed by Donna Fought  04/21/2016 02:47:52 rulja524

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual,
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual and
GLOBAL AMENITIES, LLC,

        Defendants.
_____/

### ACCEPTANCE OF SERVICE FOR DEFENDANT, CHRIS MANIOS

The undersigned, Attorney, Jay Scheyd, hereby gives notice of his authority to accept service of process on behalf of Defendant, Chris Manios, accepts and acknowledges receipt of service of process for Defendant, Chris Manios waives formal service of process, and voluntarily submits Defendant, Chris Manios to the jurisdiction of this Court. The undersigned acknowledges receipt of the Amended Complaint in the above-styled case.

Dated this 21ˢᵗ day of _April_, 2016.

Joseph M. Scheyd
Florida Bar No.: 985304
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541
Telephone: (850) 837-1171
Email: Emeraldcoastlaw@cox.net

*Attorney for Defendants*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,

                                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual,
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual and
GLOBAL AMENITIES, LLC,

       Defendants.
_____/

### ACCEPTANCE OF SERVICE FOR DEFENDANT, GLOBAL AMENITIES, LLC

The undersigned, Attorney, Jay Scheyd, hereby gives notice of his authority to accept service of process on behalf of Defendant, Global Amenities, LLC, accepts and acknowledges receipt of service of process for Defendant, Global Amenities, LLC waives formal service of process, and voluntarily submits Defendant, Global Amenities, LLC to the jurisdiction of this Court. The undersigned acknowledges receipt of the Amended Complaint in the above-styled case.

Dated this 21 ˢᵗ day of _____April_____, 2016.

                        _____
                        Joseph M. Scheyd
                        Florida Bar No.: 995304
                        Joseph M. Scheyd, Esq.
                        1221 Airport Rd, Ste. 209
                        Destin, FL 32541
                        Telephone: (850) 837-1171
                        Email: Emeraldcoastlaw@cox.net

                        *Attorney for Defendants*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO
## DEFENDANT ANDREW MANIOS

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Andrew Manios, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.     The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.     The terms "DEFENDANT," "YOU," "YOUR," "MANIOS,"  refer to Defendant, Andrew Manios and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Manios. The term "Company" or "your Company" shall refer to any amenity services company(s) owned or operated by you, or any amenity services company(s) for whom you act as an employee, agent, contractor, or consultant.

C.      When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

D.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or

federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information. The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

E.    The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

F.    The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

G.    The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.    "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.    The term "Defendants" shall mean Don Abreu and Andrew Manios, and

include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios. The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## **INSTRUCTIONS**

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)     Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.     Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.    For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.    Please produce documents showing the number the nights rented per unit per year for all units for whom you or your company provided services from January 1, 2010 onward.

2.    Please provide monthly financial statements showing the collection and disbursement of fees collected in relation to your company's programs from January 1, 2010 onward.

3.    Please produce copies of and proof of payment for all revenues generated by your company.

4.    Please provide any all documents that evidence, refer, or relate to you or your company's gross revenues from January 1, 2010 to the present.

5.    Please produce any and all documents that evidence, refer, or relate to you or your company's net profits from January 1, 2010 to the present.

6.    Please produce any and all documents that evidence, refer, or relate to all costs incurred by your company in connection with your amenity services program(s).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail and facsimile to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 25th day of April, 2016.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617

Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

## PLAINTIFF'S THIRD REQUEST FOR PRODUCTION TO
## DEFENDANT DON ABREU

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Don Abreu, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.     The terms "DEFENDANT," "YOU," "YOUR," "ABREU,"  refer to Defendant, Don Abreu and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Abreu. The term "Company" or "your Company" shall refer to any amenity services company(s) owned or operated by you, or any amenity services company(s) for whom you act as an employee, agent, contractor, or consultant.

C.     When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

D.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or

federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

E.   The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

F.   The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

G.   The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.   "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.   The term "Defendants" shall mean Don Abreu and Andrew Manios, and

include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios. The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

      J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

      K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

      L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

      M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## INSTRUCTIONS

      A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

            (1)      Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.     Please produce documents showing the number the nights rented per unit per year for all units for whom you or your company provided services from January 1, 2010 onward.

2.     Please provide monthly financial statements showing the collection and disbursement of fees collected in relation to your company's programs from January 1, 2010 onward.

3.     Please produce copies of and proof of payment for all revenues generated by your company.

4.     Please provide any all documents that evidence, refer, or relate to you or your company's gross revenues from January 1, 2010 to the present.

5.     Please produce any and all documents that evidence, refer, or relate to you or your company's net profits from January 1, 2010 to the present.

6.     Please produce any and all documents that evidence, refer, or relate to all costs incurred by your company in connection with your amenity services program(s).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail and facsimile to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 25th day of April, 2016.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617

Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

### PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

COMES NOW, Plaintiff, ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel pursuant to Florida Rule of Civil Procedure 1.380, and hereby requests that this Court enter an Order compelling Defendant, Andrew Manios ("Manios") to produce responses to discovery requests. In support of this Motion, ASI state as follows:

    1.    On May 22, 2014  ASI served the following discovery requests upon Manios (the "Discovery"):

        a.    Plaintiff's First Request for Production to Defendant Andrew Manios. A copy of which is attached hereto as Exhibit "A."

        b.    Plaintiff's First Set of Interrogatories to Defendant Andrew Manios. A copy of which is attached hereto as Exhibit "B."

    2.    ASI has attempted in good faith to resolve this issue.

    3.    Manios has failed to respond to ASI's good faith attempt to resolve this issue.

4.      Thus, ASI respectfully requests that the Court enter an order compelling Manios to respond to the Discovery.

5.      If the Court grants the relief requested herein and enters the requested order compelling Manios to respond to the Discovery, ASI respectfully requests that the Court award attorney's fees and costs incurred in obtaining said order. Fla. R. Civ. P. 1.380(a)(4).

WHEREFORE, ASI respectfully requests that the Court enter an order:

a.      Compelling Manios to respond to the Discovery within 10 days;

b.      Awarding the ASI its attorney's fees and costs in obtaining the order compelling discovery; and

c.      Providing such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 26th day of April, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:      bgordon@kaglawfirm.com
            dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
### DEFENDANT ANDREW MANIOS

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Andrew Manios, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

### DEFINITIONS

A.     The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

Page **1** of **8**

EXHIBIT "A"

B.    The terms "DEFENDANT," "YOU," "YOUR," "MANIOS,"   refer to Defendant, Andrew Manios and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Manios.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.    The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph

records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information. The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

     D.    The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

     E.    The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

     F.    The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

     G.    "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

     H.    The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

## INSTRUCTIONS

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

      (1)     Date;

      (2)     Author;

      (3)     Addressee;

      (4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

      (5)     Statement of the basis upon which the privilege is claimed; and

      (6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.     Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.     In your First Affirmative Defense to Count 1, you contend that "Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Defendants." Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your

contention that "Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Defendants."

2.     In your Second Affirmative Defense to Count 1, you contend that there was a "[v]iolation of the Statute of Limitations," "Plaintiff was not a party to the contract" and that "[n]o subsequent written contract exists."   Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your contention that there was a "[v]iolation of the Statute of Limitations," "Plaintiff was not a party to the contract" and that "[n]o subsequent written contract exists."

3.     In your First Affirmative Defense to Count 2, you contend that "Plaintiff has failed to describe the misappropriated trade secrets with specificity."   Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your contention that "Plaintiff has failed to describe the misappropriated trade secrets with specificity."

4.     In your Second Affirmative Defense to Count 2, you contend that there was a "[v]iolation of the Statute of Limitations."   Please produce any and all documents, including electronically stored information and/or emails that evidence, describe, refer and/or relate to your contention that there was a "[v]iolation of the Statute of Limitations."

5.     Any and all documents that relate to any and all communications between Plaintiff and Defendants.

6.     Any and all documents that relate to any and all communications between Plaintiff and non-parties regarding the subject matter of this case.

7.    Any and all documents, including electronically stored information and emails, that you obtained from ASI at any time.

8.    Any and all documents, including electronically stored information and emails, that evidence, describe, refer, and/or relate to any communication between you, or anyone acting on your behalf, and anyone known by you at the time to have been a current or former client or vender of ASI.

Dated this 22nd day of May, 2014.

/s/ Carin Brown
**A. Benjamin Gordon**
Florida Bar No.: 528617
**Carin Brown**
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:         bgordon@kaglawfirm.com
                    cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 22nd day of May, 2014.

/s/ Carin Brown
**A. Benjamin Gordon**
Florida Bar No.: 528617
**Carin Brown**
Florida Bar No.: 78088
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              cbrown@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                       CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

## NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, ANDREW MANIOS

        Plaintiff, by and through its undersigned counsel, gives Notice of Service of Plaintiff's First Set of Interrogatories to Defendant, Andrew Manios, together with a copy of this Notice.

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 22nd day of May, 2014.

                          */s/ Benjamin Gordon*_____
                          **A. Benjamin Gordon**
                          Florida Bar No.: 528617
                          **Carin Brown**
                          Florida Bar No.: 78088
                          Keefe, Anchors & Gordon, P.A.
                          2113 Lewis Turner Boulevard, Suite 100
                          Ft. Walton Beach, FL  32547
                          Telephone:  (850) 863-1974
                          Facsimile:  (850) 863-1591
                          Email:       bgordon@kaglawfirm.com
                                         cbrown@kaglawfirm.com
                          *Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, ANDREW MANIOS

      Plaintiff, by and through its undersigned counsel and pursuant to Rule 1.340, Florida Rules of Civil Procedure, propound the following Interrogatories to Defendant, Andrew Manios, to be answered fully in writing, under oath, within thirty (30) days from the date of service hereof.

## DEFINITIONS

      A.    The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

      B.    The terms "DEFENDANT," "YOU," "YOUR," "MANIOS," refer to Defendant, Andrew Manios, and include his successors or predecessors in interest and

all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Manios. When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

      C.    The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies  thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data

processing equipment or magnetically stored information.  The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The term "IDENTIFY" means the following:

(1)     When used in reference to a natural person, the term "identify" means to state his or her full name; present or last known business address and telephone number; present or last known title, position or business affiliation; and current or last known job responsibilities.

(2)     When used with the reference to any entity other than a natural person, the term "identify" means to state the entity's full name and present or last known business addresses and telephone numbers, the nature of the entity (as, for example partnership, joint venture, corporation, etc.) and, if applicable, its place of incorporation.

(3)     When used with a reference to a document, the term "identify" means (i) to state its date, author, title, or type of document, (ii) to describe the contents thereof or to provide some other means of identifying it with particularity, (iii) to disclose its present location, and (iv) to identify its present custodian.

(4)    When used with reference to a tangible thing other than a document, the term "identify" means to describe it with particularity, to disclose its present location, and to identify its present custodian.

(5)    When used in reference to a Communication, the term "identify" means to state: the date and time of the communication, the method or means of the communication, the substance of the communication, the context of the communication, the person(s) making the communication, the person(s) to whom the communication was directed, all person(s) who were present for the communication, and all documents and tangible things that relate to the communication.

(6)    When used in reference to an action, event or deed, the term "Identify" means to state the date and time of the action, event or deed; to state the location of the action, event or deed; to describe the nature of the action, event or deed; to identify all person(s) who were involved in, witnessed, or were otherwise present for the action, event or deed.

(7)    When used with the reference to a representation, the term "identify" means to state the date and time of the representation; the method or means by which the representation was made; the substance of the representation; the context of the representation; the person(s) making the representation; the person(s) to whom the representation was directed; the person(s) present for the representations; and all documents and tangible things that relate to the representation.

F.      The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

G.      The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.      "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.      The term "DEFENDANTS" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios.

J.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

## **INSTRUCTIONS**

1.      Where information which is responsive to a specific request herein has been withheld on the basis of a claim of attorney-client privilege, attorney work product or statutory authority, identify each such document or communication by setting forth its date, its author or speaker, all recipients of the document or information, or other persons who have had access to it, its general subject matter, and the grounds upon which the information has been withheld.

2.     You shall answer each interrogatory separately and fully, unless you object to any interrogatory, in which event you shall answer to the extent the interrogatory is not objectionable.

3.     You shall provide your responses to each interrogatory in writing and under oath.  Answers shall be signed by you, and objections shall be signed by the attorney making them.

4.     In answering the following interrogatories, you shall furnish all available information. If a full and complete answer cannot be given after exercising reasonable diligence to secure the information to do so, you should so state and answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

5.     Unless otherwise indicated, these interrogatories seek information relating to the entire Period.

6.     Unless the context of any interrogatory requires otherwise, reference to the singular includes the plural, and vice versa.

7.     If, in answering these interrogatories you claim that such interrogatories involve an opinion or contention which cannot be answered until further discovery has been completed, you should explain in detail the basis for that claim and designate with particularity the discovery which you claim must be completed before you can answer.

8.     Absent any order from the court, you shall serve a copy of your answers and objections, if any, within thirty (30) days of the date of service of these interrogatories.

9.     Each interrogatory calls for not only information and knowledge available to you, but also for information and knowledge that is available upon reasonable inquiry.

## INTERROGATORIES

1.     In your First Affirmative Defense to Count 1, you contend that "Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Defendants."

a.     Please identify, including last known address, telephone number and email address, each and every individual that you have reason to believe possesses personal knowledge related to your contention that  "Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Defendants."

b.     Please identify, including last known address, telephone number and email address, each and every individual and/or entity, that you have reason to believe is in possession, custody or control of any documents, including electronically stored information and/or emails, the evidence, describe, refer and/or relate to your contention that "Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Defendants."

c.     Please describe in detail the factual basis for your contention that "Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Defendants."

**RESPONSE:**

2.     In your Second Affirmative Defense to Count 1, you contend that there was a "[v]iolation of the Statute of Limitations," "Plaintiff was not a party to the contract" and that "[n]o subsequent written contract exists."

a.     Please identify, including last known address, telephone number and email address, each and every individual that you have reason to believe possesses personal knowledge related to your contention that there was a "[v]iolation of the Statute of Limitations," "Plaintiff was not a party to the contract" and that "[n]o subsequent written contract exists."

b.     Please identify, including last known address, telephone number and email address, each and every individual and/or entity, that you have reason to believe is in possession, custody or control of any documents, including electronically stored information and/or emails, the evidence, describe, refer and/or relate to your contention that there was a "[v]iolation of the Statute of Limitations," "Plaintiff was not a party to the contract" and that "[n]o subsequent written contract exists."

c.     Please describe in detail the factual basis for your contention that that there was a "[v]iolation of the Statute of Limitations," "Plaintiff was not a party to the contract" and that "[n]o subsequent written contract exists."

**RESPONSE:**

3.      In your First Affirmative Defense to Count 2, you contend that "Plaintiff has failed to describe the misappropriated trade secrets with specificity."

a.      Please identify, including last known address, telephone number and email address, each and every individual that you have reason to believe possesses personal knowledge related to your contention that "Plaintiff has failed to describe the misappropriated trade secrets with specificity."

b.      Please identify, including last known address, telephone number and email address, each and every individual and/or entity, that you have reason to believe is in possession, custody or control of any documents, including electronically stored information and/or emails, the evidence, describe, refer and/or relate to your contention that "Plaintiff has failed to describe the misappropriated trade secrets with specificity."

**RESPONSE:**

4.      In your Second Affirmative Defense to Count 2, you contend that there was a "[v]iolation of the Statute of Limitations."

a.      Please identify, including last known address, telephone number and email address, each and every individual that you have reason to believe possesses personal knowledge related to your contention that there was a "[v]iolation of the Statute of Limitations."

b.      Please identify, including last known address, telephone number and email address, each and every individual and/or entity, that you have reason to believe is in possession, custody or control of any documents, including electronically stored information and/or emails, the evidence, describe, refer and/or relate to your contention that there was a "[v]iolation of the Statute of Limitations."

c.      Please describe in detail the factual basis for your contention that there was a "[v]iolation of the Statute of Limitations."

**RESPONSE:**

## VERIFICATION

Under penalties of perjury, I, Andrew Manios, declare that the facts stated in all of the foregoing interrogatory responses are true.

By: _____

As its: _____

_____

STATE OF <u>FLORIDA</u>
COUNTY OF <u>OKALOOSA</u>

BEFORE ME, the undersigned authority, on this day personal appeared Andrew Manios, who is personally known to me or has produced _____ as identification, and having been first duly sworn, stated that each and all of the foregoing answers to interrogatories are true.

Sworn to and subscribed before me this _____ day of _____, 2014.

_____
NOTARY PUBLIC

_____
(Printed Name)

(SEAL)

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                                   CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## DEFENDANTS' NOTICE OF SERVING RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT ANDREW MANIOS

      COMES NOW the Defendant, ANDREW MANIOS , by and through his undersigned attorney, and gives Notice of Serving Responses to Plaintiff, ASI HOLDING COMPANY, INC.'S First Interrogatories to Defendant ANDREW MANIOS.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com and mbaughn@kaglawfirm.com using the E-Portal Filing System this 26th day of April, 2016.

                              /s/ Joseph M. Scheyd, Jr.
                              JOSEPH M. SCHEYD, JR., ESQUIRE
                              1221 Airport Road, Suite 209
                              Destin, Florida 32541
                              (850) 837-1171
                              Fla. Bar No.: 995304
                              Attorney for Defendants
                              Emeraldcoastlaw@cox.net
                              Matt@jscheyd.com

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                                     CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### DEFENDANTS' NOTICE OF SERVING RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT ANDREW MANIOS

COMES NOW the Defendant, ANDREW MANIOS , by and through his undersigned

attorney, and gives Notice of Serving Responses to Plaintiff, ASI HOLDING COMPANY,

INC.'S First Request for Production to Defendant ANDREW MANIOS.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been

electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com

and mbaughn@kaglawfirm.com using the E-Portal Filing System this 26th day of April, 2016.

/s/ Joseph M. Scheyd, Jr.
JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                             CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

### PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

    COMES NOW, Plaintiff, ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel pursuant to Florida Rule of Civil Procedure 1.380, and hereby requests that this Court enter an Order compelling Defendant, Don Abreu ("Abreu") to produce responses to discovery requests. In support of this Motion, ASI state as follows:

    1.    On November 6, 2015, ASI served the following discovery request upon Abreu (the "Discovery"):

        a.    Plaintiff's Second Request for Production to Defendant Don Abreu.

            A copy of which is attached hereto as Exhibit "A."

    2.    On January 28, 2016, Defendant objected to three (3) of the six (6) requests on the basis of relevance.

    3.    Plaintiff filed a Motion to Compel responses, which was heard and granted on February 4, 2016.

    4.    Defendant provided Plaintiff with supplemental responses to the Discovery on March 1, 2016.

5.      Since that time, Plaintiff has made repeated written requests to Defendants to produce certain documents in native format.  Plaintiff has also made numerous verbal requests for said documents, and clearly explained the nature of the request.

6.      Specifically, Plaintiff has requested that Defendants provide documents responsive to requests number two and three (which asked Defendant to provide all contracts used to secure agreements with clients) in native format.

7.      Defendant has not objected to this request and has assured Plaintiff that such documents would be forthcoming.

8.      With the Court ordered mediation date approaching in less than one month, it is imperative that Plaintiff receive these documents promptly.

9.      ASI has attempted in good faith to resolve this issue.

10.     Thus, ASI respectfully requests that the Court enter an order compelling Abreu to respond to the Discovery and to produce the requested documents in native format.

11.     If the Court grants the relief requested herein and enters the requested order compelling Abreu to respond to the Discovery, ASI respectfully requests that the Court award attorney's fees and costs incurred in obtaining said order. Fla. R. Civ. P. 1.380(a)(4).

WHEREFORE, ASI respectfully requests that the Court enter an order:

a.      Compelling Abreu to respond to the Discovery within 10 days;

b.      Awarding the ASI its attorney's fees and costs in obtaining the order compelling discovery; and

c.      Providing such other relief as the Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 26th day of April, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO DEFENDANT DON ABREU

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Don Abreu, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.     The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

EXHIBIT "A"

B.     The terms "DEFENDANT," "YOU," "YOUR," "ABREU,"  refer to Defendant,
Don Abreu and include his successors or predecessors in interest and all officers,
attorneys, brokers, directors, employees, agents, servants and other persons acting or
purporting to act on behalf of Abreu.  When a document request is relevant to less than
all Defendants and/or you, the singular form of the word should be substituted as may be
necessary to bring within the scope hereof any documents which might otherwise be
construed to be outside the scope hereof.

C.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all
copies thereof which are different in any way from the original (whether by interpretation,
receipt stamps notation, indication of copies sent or received or otherwise) and all
attached or annexed materials to any typewritten, handwritten, printed, graphic,
photographic or recorded material as well as all computer data files, tapes, disks, input
or outputs, and other computer-readable records or programs, transcripts, and copies,
and reproductions thereof, however produced or reproduced, now or at any time in your
actual or constructive possession, custody or control.  The terms "DOCUMENT" or
"DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails,
instant messages, cellular telephone text messages, PDA messages, telegrams,
facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other
communications, pamphlets, books, notes, reports, studies, transcripts, indices,
accounting records of any kind, including bank examination reports whether state or
federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates,
minutes, (including board and loan committee meetings), tapes, photographs and
photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information. The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## INSTRUCTIONS

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

      (1)      Date;

      (2)      Author;

      (3)      Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.      Please produce any and all marketing materials used by you in connection with any amenity program, including but not limited to print materials, advertising, presentations, brochures, and images from websites.

2.      Please produce any and all contracts used to secure agreements with Lodging Providers in connection with any amenity program.

3.      Please produce any and all contracts used to secure Service Providers in connection with any amenity program.

4.      Please produce a list of current and past clients that have utilized your amenity program.

5.      Please produce a list of all Lodging Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Lodging Providers became involved with your amenity program.

6.      Please produce a list of all Service Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Service Providers became involved with your amenity program.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 6th day of November, 2015.

/s/ A. Benjamin Gordon
A. Benjamin Gordon

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                                CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

### NOTICE OF PRODUCTION FROM NON-PARTY

To:    Joseph M. Scheyd
        1221 Airport Road, Suite 209
        Destin, FL 32541

       **YOU ARE NOTIFIED** that after ten (10) days from the date of service, and if no objection is received from any party, the undersigned will issue the attached subpoena directed to Bar Harbor Resort, Inc., who is not a party and whose address is shown in the attached subpoena, to produce the items listed in Attachment "A" at the time and place specified in the subpoena.

### CERTIFICATE OF SERVICE

       I HEREBY certify that the original of the foregoing has been filed with the Clerk of Court and a true and correct copy has been furnished to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 via the Florida E-Portal and Facsimile on this 2nd day of May, 2016.

                                  /s/ A. Benjamin Gordon_____
                                  A. Benjamin Gordon
                                  Florida Bar No.: 528617
                                  Darian Zamora
                                  Florida Bar No.: 114951
                                  Keefe, Anchors & Gordon, P.A.

2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

**<u>SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NON-PARTY</u>**

THE STATE OF FLORIDA

To:    Bar Harbor Resort, Inc.
       c/o Dennis Lee Smith, Jr., Registered Agent
       100 North Ocean Blvd.
       Myrtle Beach, SC 29577

       **YOU ARE HEREBY COMMANDED** to appear at the office of KEEFE, ANCHORS

& GORDON, P.A. in Okaloosa County, Florida on May 24, 2016 at 9:00 a.m. CST and to

have with you at that time and place the following:

**All documents listed on Attachment "A"**

These items will be inspected and may be copied at that time.  You will not be required

to surrender the original items.  **You may comply with this subpoena by providing**

**legible copies of the items to be produced to the attorney whose name appears on**

**this subpoena on or before the scheduled date of production.**  You may condition

the preparation of the copies upon the payment in advance of the reasonable cost of

preparation.  You may mail or deliver the copies to the attorney whose name appears on

3

this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.  THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)     appear as specified; or

(2)     furnish the records instead of appearing as provided above; or,

(3)     object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

Dated this _____ day of May, 2016.

_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## ATTACHMENT "A"

## **DEFINITIONS**

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.      The terms "DEFENDANTS," refer to Defendants, Don Abreu, Andrew Manios, Chris Manios and Global Amenities, LLC and includes their successors or predecessors in interest and all officers attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of the Defendants.

C.      The terms "YOU" and "YOUR," refer to Bar Harbor Resort, Inc.,   and includes your successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants, and other persons acting or purporting to act on behalf of you.

D.      The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies  thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your

actual or constructive possession, custody or control.   The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

      E.    The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

      F.    The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

G.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.     The terms "PLAINTIFF" and "ASI" and shall refer to ASI Holding Company, Inc., and includes its successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of ASI Holding Company, Inc.

J.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.     The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

**INSTRUCTIONS**

A.     If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1) date;

(2) author;

(3) addressee;

(4) brief description of the subject matter and form of the document and attachments, including the number of pages;

(5) statement of the basis upon which the privilege is claimed; and

(6) the numbers of each specific request to which the document or thing would be responsive.

B. If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1) the date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2) the circumstances surrounding such disposition, including any authorization therefore; and

(3) where applicable, the person currently in possession, custody or control of such document or item.

C. Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D. Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.    For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## **DOCUMENTS TO BE PRODUCED**

1.    All documents relating to Bar Harbor Resort, Inc.'s  business relationship with Don Abreu, Andrew Manios, Chris Manios and/or Global Amenities, LLC, including but not limited to:

a.    Copy of any agreements, contracts and amendments to the same entered into with the Defendants.

b.    All advertising materials related to any Amenity Program offered by Defendants.

c.    Communications, electronic or otherwise, with the Defendants and/or their principals, agents or employees.

2.    All documents regarding revenues and expenses related to rentals arising from any amenity program offered by Don Abreu, Andrew Manios, Chris Manios and/or Global Amenities, LLC.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

**NOTICE OF PRODUCTION FROM NON-PARTY**

To:    Joseph M. Scheyd
        1221 Airport Road, Suite 209
        Destin, FL 32541

      **YOU ARE NOTIFIED** that after ten (10) days from the date of service, and if no

objection is received from any party, the undersigned will issue the attached subpoena

directed to Beach Vacations, LLC, who is not a party and whose address is shown in the

attached subpoena, to produce the items listed in Attachment "A" at the time and place

specified in the subpoena.

**CERTIFICATE OF SERVICE**

      I HEREBY certify that the original of the foregoing has been filed with the Clerk of
Court and a true and correct copy has been furnished to Joseph M. Scheyd, 1221 Airport
Road, Suite 209, Destin, FL 32541 via the Florida E-Portal and Facsimile on this 2nd day
of May, 2016.

                        /s/ A. Benjamin Gordon_____
                        A. Benjamin Gordon
                        Florida Bar No.: 528617
                        Darian Zamora
                        Florida Bar No.: 114951
                        Keefe, Anchors & Gordon, P.A.

2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

## <u>SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NON-PARTY</u>

THE STATE OF FLORIDA

To:    Beach Vacations, LLC
       c/o David Love, Registered Agent
       1016 2nd Ave. S. Ste, 101
       N. Myrtle Beach, SC 29582

    **YOU ARE HEREBY COMMANDED** to appear at the office of KEEFE, ANCHORS

& GORDON, P.A. in Okaloosa County, Florida on May 24, 2016 at 9:00 a.m. CST and to

have with you at that time and place the following:

### **All documents listed on Attachment "A"**

These items will be inspected and may be copied at that time.  You will not be required

to surrender the original items.  **You may comply with this subpoena by providing**

**legible copies of the items to be produced to the attorney whose name appears on**

**this subpoena on or before the scheduled date of production.**  You may condition

the preparation of the copies upon the payment in advance of the reasonable cost of

preparation.  You may mail or deliver the copies to the attorney whose name appears on

3

this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.  THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)     appear as specified; or

(2)     furnish the records instead of appearing as provided above; or,

(3)     object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

Dated this _____ day of May, 2016.

_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

4

**ATTACHMENT "A"**

**DEFINITIONS**

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.      The terms "DEFENDANTS," refer to Defendants, Don Abreu, Andrew Manios, Chris Manios and Global Amenities, LLC and includes their successors or predecessors in interest and all officers attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of the Defendants..

C.      The terms "YOU" and "YOUR," refer to Beach Vacations, LLC,  and includes your successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants, and other persons acting or purporting to act on behalf of you.

D.      The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies  thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your

actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.  The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

E.    The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

F.    The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

G.    The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.    "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.    The terms "PLAINTIFF" and "ASI" and shall refer to ASI Holding Company, Inc., and includes its successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of ASI Holding Company, Inc.

J.    When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.    The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

## **INSTRUCTIONS**

A.    If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

7

(1)    date;

(2)    author;

(3)    addressee;

(4)    brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)    statement of the basis upon which the privilege is claimed; and

(6)    the numbers of each specific request to which the document or thing would be responsive.

B.    If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)    the date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)    the circumstances surrounding such disposition, including any authorization therefore; and

(3)    where applicable, the person currently in possession, custody or control of such document or item.

C.     Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.    Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.    For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## **DOCUMENTS TO BE PRODUCED**

1.    All documents relating to Beach Vacations, LLC's  business relationship with Don Abreu, Andrew Manios, Chris Manios and/or Global Amenities, LLC, including but not limited to:

    a.    Copy of any agreements, contracts and amendments to the same entered into with the Defendants.

    b.    All advertising materials related to any Amenity Program offered by Defendants.

    c.    Communications, electronic or otherwise, with the Defendants and/or their principals, agents or employees.

2.    All documents regarding revenues and expenses related to rentals arising from any amenity program offered by Don Abreu, Andrew Manios, Chris Manios and/or Global Amenities, LLC.

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

**<u>NOTICE OF PRODUCTION FROM NON-PARTY</u>**

To:    Joseph M. Scheyd
       1221 Airport Road, Suite 209
       Destin, FL 32541

     **YOU ARE NOTIFIED** that after ten (10) days from the date of service, and if no

objection is received from any party, the undersigned will issue the attached subpoena

directed to Brittain Resorts & Hotels, LLC, who is not a party and whose address is shown

in the attached subpoena, to produce the items listed in Attachment "A" at the time and

place specified in the subpoena.

**<u>CERTIFICATE OF SERVICE</u>**

     I HEREBY certify that the original of the foregoing has been filed with the Clerk of
Court and a true and correct copy has been furnished to Joseph M. Scheyd, 1221 Airport
Road, Suite 209, Destin, FL 32541 via the Florida E-Portal and Facsimile on this 2nd day
of May, 2016.

                          /s/ A. Benjamin Gordon_____
                          A. Benjamin Gordon
                          Florida Bar No.: 528617
                          Darian Zamora
                          Florida Bar No.: 114951
                          Keefe, Anchors & Gordon, P.A.

2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NON-PARTY

THE STATE OF FLORIDA

To:    Brittain Resorts & Hotels, LLC
       c/o Clay D. Brittain, III
       1314 Professional Drive
       Myrtle Beach, SC 29577

     **YOU ARE HEREBY COMMANDED** to appear at the office of KEEFE, ANCHORS

& GORDON, P.A. in Okaloosa County, Florida on May 24, 2016 at 9:00 a.m. CST and to

have with you at that time and place the following:

### All documents listed on Attachment "A"

These items will be inspected and may be copied at that time.  You will not be required

to surrender the original items.  **You may comply with this subpoena by providing**

**legible copies of the items to be produced to the attorney whose name appears on**

**this subpoena on or before the scheduled date of production.**  You may condition

the preparation of the copies upon the payment in advance of the reasonable cost of

preparation.  You may mail or deliver the copies to the attorney whose name appears on

3

this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.  THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)     appear as specified; or

(2)     furnish the records instead of appearing as provided above; or,

(3)     object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

Dated this _____ day of May, 2016.

_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## ATTACHMENT "A"

## <u>DEFINITIONS</u>

A.     The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.     The terms "DEFENDANTS," refer to Defendants, Don Abreu, Andrew Manios, Chris Manios and Global Amenities, LLC and includes their successors or predecessors in interest and all officers attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of the Defendants.

C.     The terms "YOU" and "YOUR," refer to Brittain Resorts & Hotels, LLC,  and includes your successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants, and other persons acting or purporting to act on behalf of you.

D.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies  thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies,

and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.  The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

E.    The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

F.    The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

G.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.     The terms "PLAINTIFF" and "ASI" and shall refer to ASI Holding Company, Inc., and includes its successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of ASI Holding Company, Inc.

J.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.     The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

## INSTRUCTIONS

A.     If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

7

(1) date;

(2) author;

(3) addressee;

(4) brief description of the subject matter and form of the document and attachments, including the number of pages;

(5) statement of the basis upon which the privilege is claimed; and

(6) the numbers of each specific request to which the document or thing would be responsive.

B. If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1) the date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2) the circumstances surrounding such disposition, including any authorization therefore; and

(3) where applicable, the person currently in possession, custody or control of such document or item.

C. Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D. Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.      For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## **DOCUMENTS TO BE PRODUCED**

1.      All documents relating to Brittain Resorts & Hotels, LLC's  business relationship  with Don Abreu, Andrew Manios, Chris Manios and/or Global Amenities, LLC, including but not limited to:

   a.      Copy of any agreements, contracts and amendments to the same entered into with the Defendants.

   b.      All advertising materials related to any Amenity Program offered by Defendants.

   c.      Communications, electronic or otherwise, with the Defendants and/or their principals, agents or employees.

2.      All documents regarding revenues and expenses related to rentals arising from any amenity program offered by Don Abreu, Andrew Manios, Chris Manios and/or Global Amenities, LLC.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

## NOTICE OF PRODUCTION FROM NON-PARTY

To:    Joseph M. Scheyd
        1221 Airport Road, Suite 209
        Destin, FL 32541

**YOU ARE NOTIFIED** that after ten (10) days from the date of service, and if no objection is received from any party, the undersigned will issue the attached subpoena directed to Grand Atlantic Resort Management, LLC, who is not a party and whose address is shown in the attached subpoena, to produce the items listed in Attachment "A" at the time and place specified in the subpoena.

## CERTIFICATE OF SERVICE

I HEREBY certify that the original of the foregoing has been filed with the Clerk of Court and a true and correct copy has been furnished to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 via the Florida E-Portal and Facsimile on this 2nd day of May, 2016.

                         /s/ A. Benjamin Gordon_____
                         A. Benjamin Gordon
                         Florida Bar No.: 528617
                         Darian Zamora
                         Florida Bar No.: 114951
                         Keefe, Anchors & Gordon, P.A.

2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

**<u>SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NON-PARTY</u>**

THE STATE OF FLORIDA

To:    Grand Atlantic Resort Management, LLC
       c/o Wesley Cooper Wellons, Registered Agent
       391 Waccamaw Pines Drive
       Myrtle Beach, SC 32579

       **YOU ARE HEREBY COMMANDED** to appear at the office of KEEFE, ANCHORS

& GORDON, P.A. in Okaloosa County, Florida on May 24, 2016 at 9:00 a.m. CST and to

have with you at that time and place the following:

       **All documents listed on Attachment "A"**

These items will be inspected and may be copied at that time.  You will not be required

to surrender the original items.  **You may comply with this subpoena by providing**

**legible copies of the items to be produced to the attorney whose name appears on**

**this subpoena on or before the scheduled date of production.**  You may condition

the preparation of the copies upon the payment in advance of the reasonable cost of

preparation.  You may mail or deliver the copies to the attorney whose name appears on

3

this subpoena and thereby eliminate your appearance at the time and place specified above.  You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.  THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)     appear as specified; or

(2)     furnish the records instead of appearing as provided above; or,

(3)     object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

Dated this _____ day of May, 2016.

_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:          bgordon@kaglawfirm.com
                    dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

4

## ATTACHMENT "A"

## <u>DEFINITIONS</u>

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.      The terms "DEFENDANTS," refer to Defendants, Don Abreu, Andrew Manios, Chris Manios and Global Amenities, LLC and includes their successors or predecessors in interest and all officers attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of the Defendants.

C.      The terms "YOU" and "YOUR," refer to Grand Atlantic Resort Management, LLC,  and includes your successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants, and other persons acting or purporting to act on behalf of you.

D.      The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies  thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies,

and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control. The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information. The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

E.    The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

F.    The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

G.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.     The terms "PLAINTIFF" and "ASI" and shall refer to ASI Holding Company, Inc., and includes its successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of ASI Holding Company, Inc.

J.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.     The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

## INSTRUCTIONS

A.     If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)     date;

(2)     author;

(3)     addressee;

(4)     brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     statement of the basis upon which the privilege is claimed; and

(6)     the numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     the date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     the circumstances surrounding such disposition, including any authorization therefore; and

(3)     where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.      For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## **DOCUMENTS TO BE PRODUCED**

1.      All documents relating to Grand Atlantic Resort Management, LLC's business relationship  with Don Abreu, Andrew Manios, Chris Manios and/or Global Amenities, LLC, including but not limited to:

    a.      Copy of any agreements, contracts and amendments to the same entered into with the Defendants.

    b.      All advertising materials related to any Amenity Program offered by Defendants.

    c.      Communications, electronic or otherwise, with the Defendants and/or their principals, agents or employees.

2.      All documents regarding revenues and expenses related to rentals arising from any amenity program offered by Don Abreu, Andrew Manios, Chris Manios and/or Global Amenities, LLC.

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

    Plaintiff,

vs.    CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

    Defendants.

_____/

## DEFENDANTS' NOTICE OF SERVING SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

COME NOW, the Defendants, by and through their undersigned attorney, and give

Notice of Serving Supplemental Responses to Plaintiff, ASI HOLDING COMPANY, INC.'S

Request for Production.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been

electronically filed and copies furnished to bgordon@kaglaw.com; cbrown@kaglawfirm.com

and mbaughn@kaglawfirm.com using the E-Portal Filing System this 9th day of May, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                                CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## **OBJECTION TO NOTICE OF PRODUCTION FROM NON-PARTY**

Defendants, by and through the undersigned attorney, hereby file their objection to the

Notice of Production from Non-Party directed to the following: Grand Atlantic Resort

Management, LLC; Bar Harbor Resort, Inc.; Beach Vacations, LLC; and Brittain Resorts &

Hotels, LLC, all of which who are non-parties, and state:

1.     The documents requested are protected by the Trade Secret Privilege.

2.     The documents are not relevant to Plaintiff's claims.

3.     The Defendants will suffer irreparable harm.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been

electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com

and mbaughn@kaglawfirm.com using the E-Portal Filing System this 10th day of May, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                              CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, and individual, and
GLOBAL AMENITIES, LLC,
a South Carolina corporation.

      Defendants.

_____/

## **DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

COME NOW, the Defendants, by and through their undersigned attorney, and answer the

Plaintiff's Amended Complaint as follows:

## **JURISDICTION AND VENUE**

1.      Admitted for jurisdictional purposes.

2.      Admitted that venue is proper in Okaloosa County, the rest of the allegation is

      denied.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Without knowledge.

## **GENERAL ALLEGATIONS**

9.      Admitted ASI provides amenities.   Without knowledge as to extent of amenities.

10.     Admitted

11.     Denied.

12.     ASI's contract with Don Abreu speaks for itself.

13.     Admitted, employment contract speaks for itself.

14.     Admitted.

15.     Denied as to all information being confidential and proprietary.

16.     Without knowledge as to what the most available asset of ASI is.

17.     Without knowledge as to why ASI requires employees to sign the Non-Disclosure
        Agreement.

18.     It is admitted that a copy of the 1996 NDA is attached as Exhibit "B."

19.     Denied.

20.     Denied as to Andrew Manios.  Admitted, Exhibit "D" speaks for itself.

21.     The content of the information speaks for itself.  Without knowledge as to what
        ASI protected.

22.     Denied.

23.     Admitted Don Abreu had access to ASI information consistent with his
        employment.

24.     Denied.  The notification was sent regarding termination of the contract with
        Dynamic Training.

25.     Admitted.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT I
## BREACH OF NON-DISCLOSURE AGREEMENTS

33. See responses to allegations 1 through 32.

34. Denied.

35. Denied.

36. Denied.

37. Defendants are without knowledge as to who ASI has retained.

38. Denied.

39. Denied.

40. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has no valid contract to enforce any claim for breach of a Non-Disclosure Agreement against Don Abreu and Andrew Manios as the only valid agreement attached as Exhibit "B" to Plaintiff's Complaint has expired by its own terms. Even the names of the Defendants are not included on Exhibit "C".

2.     Violation of the Statute of Limitations as to Chris Manios.  The five (5) year

statute of limitations for a contractual claim has passed.

# COUNT II
# THEFT OF TRADE SECRET

41.     See responses to allegations 1 through 32.

42.     Admitted for jurisdictional purposes.

43.     It is admitted that ASI has developed information which it believes is unique.

Unknown as to what ASI's trade secrets specifically are.

44.     Without knowledge.

45.     Admitted that the terms of the Non-Disclosure Agreement speak for themselves.

46.     It is admitted that the documents referenced in allegation 46 speak for themselves.

47.     It is admitted Abreu was familiar with the terms of the information provided by

ASI.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Without knowledge.

58.     Denied.

59.     Denied as to 59(a)(b)(c)(d)(e) and (f).

## AFFIRMATIVE DEFENSES

1.      Plaintiff's information as described does not qualify as a trade secret.

2.      Plaintiff has failed to describe the misappropriated trade secrets with specificity.

3.      Information claimed to be trade secrets by Plaintiff are generally known as readily ascertainable by proper means.

4.      Violation of the Statute of Limitations.

60.     As to all counts, Defendants have hired the undersigned attorney and have agreed to pay him a reasonable fee.

WHEREFORE, Defendants demand judgment for attorney's fees from Plaintiffs.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com and mbaughn@kaglawfirm.com using the E-Portal Filing System this 10th day of May, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF HEARING ON PLAINTIFF'S
## MOTION TO COMPEL RESPONSES TO DISCOVERY AND
## DEFENDANTS' OBJECTION TO NOTICE OF PRODUCTION FROM NON-PARTY[1]

**PLEASE TAKE NOTICE** that a hearing regarding Plaintiff's Motion to Compel

Responses to Discovery and Defendants' Objection to Notice of Production from Non-

Party has been set as follows:

| | |
|---|---|
| Judge: | Honorable John T. Brown |
| Place: | Judge Brown's Chambers<br>Okaloosa County Courthouse, Fort Walton Beach, Annex |
| Time: | 11:00 a.m. CT (30 minutes have been reserved) |
| Date: | June 15, 2016 |

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

**Court Administration, ADA Liaison**
**Okaloosa County**
**1940 Lewis Turner Blvd.**

---

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the clerk on April 26, 2016.  Filing # 40756420. Defendants' Objection to Notice of Production from Non-Party was electronically filed with the clerk on May 9, 2016. Filing # 41260577.

**Fort Walton Beach, FL 32547**
**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**
**at least 7 days before your scheduled court appearance, or immediately upon**
**receiving this notification if the time before the scheduled appearance is less**
**than 7 days; if you are hearing or voice impaired, call 711.\*\***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com on this 16th day of May, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## <u>PLAINTIFF, ASI HOLDING COMPANY, INC.'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ANDREW MANIOS</u>

      Plaintiff, ASI Holding Company, Inc., by and through undersigned counsel and pursuant to Rule 1.370, *Florida Rules of Civil Procedure*, hereby requests Defendant, Don Abreu to admit or deny the truth of the following matters within thirty (30) days of the date of service of this First Request for Admissions:

## <u>INSTRUCTIONS</u>

      Please admit or deny the truth of the following matters pursuant to Rule 1.370 of the Florida Rules of Civil Procedure:

> A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

## REQUESTS FOR ADMISSION

1.      Please admit that you used ASI's Program Agreement in developing a program agreement for Global Amenities, LLC.

2.      Please admit that you did not seek independent legal advice in developing a program agreement for Global Amenities, LLC.

## CERTIFICATE OF SERVICE

I HEREBY certify that the original of the foregoing has been filed with the Clerk of Court and a true and correct copy has been furnished to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 via the Florida E-Portal on this 16th day of May, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
# IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                       CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## PLAINTIFF, ASI HOLDING COMPANY, INC.'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT CHRIS MANIOS

      Plaintiff, ASI Holding Company, Inc., by and through undersigned counsel and pursuant to Rule 1.370, *Florida Rules of Civil Procedure*, hereby requests Defendant, Don Abreu to admit or deny the truth of the following matters within thirty (30) days of the date of service of this First Request for Admissions:

## INSTRUCTIONS

      Please admit or deny the truth of the following matters pursuant to Rule 1.370 of the Florida Rules of Civil Procedure:

> A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

## REQUESTS FOR ADMISSION

1.      Please admit that you used ASI's Program Agreement in developing a program agreement for Global Amenities, LLC.

2.      Please admit that you did not seek independent legal advice in developing a program agreement for Global Amenities, LLC.

## CERTIFICATE OF SERVICE

I HEREBY certify that the original of the foregoing has been filed with the Clerk of Court and a true and correct copy has been furnished to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 via the Florida E-Portal on this 16th day of May, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

## PLAINTIFF, ASI HOLDING COMPANY, INC.'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DON ABREU

       Plaintiff, ASI Holding Company, Inc., by and through undersigned counsel and pursuant to Rule 1.370, *Florida Rules of Civil Procedure*, hereby requests Defendant, Don Abreu to admit or deny the truth of the following matters within thirty (30) days of the date of service of this First Request for Admissions:

### INSTRUCTIONS

       Please admit or deny the truth of the following matters pursuant to Rule 1.370 of the Florida Rules of Civil Procedure:

> A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

## REQUESTS FOR ADMISSION

1.      Please admit that you used ASI's Program Agreement in developing a program agreement for Global Amenities, LLC.

2.      Please admit that you did not seek independent legal advice in developing a program agreement for Global Amenities, LLC.

## CERTIFICATE OF SERVICE

I HEREBY certify that the original of the foregoing has been filed with the Clerk of Court and a true and correct copy has been furnished to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 via the Florida E-Portal on this 16th day of May, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                             CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## REQUEST FOR ADMISSIONS

      Defendants, by and through their undersigned attorney, pursuant to Rule 1.370, Florida

Rules of Civil Procedure, demand that Plaintiff, ASI HOLDING COMPANY, INC., answer their

request for admissions within 30 days from the date hereof:

      1.     ASI lists its clients and customers on its web site.

      2.     ASI does not list a-k of allegation 15 in its Amended Complaint as confidential
and proprietary information anywhere in ASI's publications provided to its employees.

      3.     ASI is not in possession of any Non-Disclosure Agreement between Don Abreu
and ASI purported to be executed in 2008.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been

electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com

and mbaughn@kaglawfirm.com using the E-Portal Filing System this _16th_ day of May, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209

Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                                                                    CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### NOTICE OF SERVICE OF DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF, ASI HOLDING COMPANY, INC.

Defendants, by and through their undersigned counsel, give Notice of Service of

Defendants' First Set of Interrogatories to Plaintiff, ASI HOLDING COMPANY, INC., together

with a copy of this Notice.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been

electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com

and mbaughn@kaglawfirm.com using the E-Portal Filing System this _16th_ day of May, 2016.


JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,

vs.                                           CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## **DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants, by and through the undersigned attorney, request that Plaintiff, **ASI**

**HOLDING COMPANY, INC., d/b/a Amenity Services, Inc. ("ASI")**, produce for discovery

and inspection the documents and other material or data listed below which is in your possession,

custody or control, for use by the undersigned attorney pursuant to Rule 1.280(b)(3), Florida

Rules of Civil Procedure.  All items shall be produced at the Law Office of Joseph M. Scheyd,

Jr., 1221 Airport Road, Suite 209, Destin, Florida 32541:

      1.      Please provide an executed copy of the 2008 Non-Disclosure Agreement between

Don Abreu and ASI.

      2.      Please provide any evidence as of the date of your response to this Request for

Production of any documents in ASI's possession in which ASI intends to use as evidence that

Don Abreu either removed or in any way tampered with the alleged 2008 Non-Disclosure

Agreement between Don Abreu and ASI.

      3.      Please provide evidence in any form which you intend to present to the court in

support of your claim that Don Abreu, Andrew Manios and/or Chris Manios used ASI company

computers and/or resources, including access to the ASI server and a lap top computer with ASI hardware, software, files, documents and other ASI property on it.

4.    Please provide any evidence in your possession which you believe supports your claim that Don Abreu instructed Data Doctors, Inc. to delete all of ASI's software, files and other property from a lap top computer.

5.    Please provide any evidence in your possession which you believe supports your claim that Don Abreau deleted files and documents from ASI's server, including the 2008 Non-Disclosure Agreement.

6.    Please provide any evidence in your possession which supports your claim that Don Abreu used ASI computers and resources to steal information belonging to ASI.

7.    Please provide any evidence in your possession which supports your claim that Don Abreu, Andrew Manios and Chris Manios used ASI's trade secrets, including ASI's pricing sheet and information regarding its customers and clients.

8.    Please provide any evidence in ASI's possession that supports the allegation that Don Abreu, Andrew Manios and Chris Manios secretly intended to use ASI's resources and ASI's trade secrets to compete with ASI.

9.    Please provide all final signed and countersigned agreements between ASI and all of its service/amenity providers.

10.    Please provide samples of the form or brochure (reservation or physical ticket, etc.) of how the guest receives their FREE ticket.

11.    Please provide all marketing materials distributed by ASI to lodging/resort/hotel prospects and clients.

12.   Provide exact samples of all ASI's marketing materials that contracted

lodging/resort/hotels issue to guests during the check in process at said lodging/resort/hotel.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been

electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com

and mbaughn@kaglawfirm.com using the E-Portal Filing System this 16th day of May, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

### SECOND AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF DON ABREU

To:    Joseph M. Scheyd
       1221 Airport Road, Suite 209
       Destin, FL  32541

You are hereby notified that, on **Thursday, May 26, 2016 at 11:30 a.m. CT / 12:30 a.m. ET**, the undersigned will take the video deposition[1] of Don Abreu, upon oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court reporter at the office of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Blvd., Suite 100, Fort Walton Beach, FL 32547.

The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are being permitted under the rules of Court.

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

**Okaloosa County**
**1940 Lewis Turner Boulevard**

---

[1]The deposition will be videotaped by a representative of Daniel & Rackard Reporting.

**Fort Walton Beach, FL 32547**
**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 19th day of May, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:         bgordon@kaglawfirm.com
                   dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

## IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,

vs.                                                    CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

### OBJECTION TO REQUESTS FOR PRODUCTION

Defendants, DON ABREU and ANDREW MANIOS, by and through the undersigned

attorney, hereby file their objection to Plaintiff's Third Request and Second Request for

Production respectively and state:

1.    The documents requested are irrelevant to Plaintiff's claim for breach of contract

      and theft of Trade Secrets.

2.    The documents requested are protected by Defendants assertion of its trade

secrets privilege.

3.    Plaintiff has no judgment which would give rise to discovery of financial

information.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been

electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com

and mbaughn@kaglawfirm.com using the E-Portal Filing System this 23ʳᵈ day of May, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                               CASE NO.: 2013 CA 004103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## NOTICE OF MEDIATION

      PLEASE TAKE NOTICE THAT a mediation session was held on Wednesday,

May 25, 2016, at the office of Keefe, Anchors & Gordon, 2113 Lewis Turner Blvd, Ste

100, Fort Walton Beach, FL 32547.  The result of mediation: **IMPASSE**.

      Dated this 31st day of May, 2016.

                              **s/ David W. Hiers**
                              DAVID W. HIERS
                              hiers@davidsonhierslaw.com
                              FL Bar No.: 749877
                              Certified Mediator
                              DAVIDSON & HIERS, P.A.
                              1513 West Garden Street
                              Pensacola, Florida 32501
                              Telephone: (850) 287-0035

cc:    Joseph M. Scheyd, Esquire
       A. Benjamin Gordon, Esquire

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

### PLAINTIFF'S REPLY TO DEFENDANTS' AFFIRMATIVE
### DEFENSES TO AMENDED COMPLAINT

    Plaintiff ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel, and pursuant to the Florida Rules of Civil Procedure, files this Reply to Defendants Don Abreu, Andrew Manios, Chris Manios, and Global Amenities, LLC's ("Defendants") Amended Affirmative Defenses to Amended Complaint as follows:

### AFFIRMATIVE DEFENSES

### COUNT I – FIRST AFFIRMATIVE DEFENSE

ASI denies this Affirmative Defense.

### COUNT II - FIRST AFFIRMATIVE DEFENSE

ASI denies this Affirmative Defense.

### COUNT II - SECOND AFFIRMATIVE DEFENSE

ASI denies this Affirmative Defense.

### COUNT II - THIRD AFFIRMATIVE DEFENSE

ASI denies this Affirmative Defense.

## COUNT II - FOURTH AFFIRMATIVE DEFENSE

ASI denies this Affirmative Defense.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 31st day of May, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                       CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

**PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION TO
DEFENDANT DON ABREU**

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Don Abreu, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

**DEFINITIONS**

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.    The terms "DEFENDANT," "YOU," "YOUR," "ABREU,"  refer to Defendant, Don Abreu and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Abreu.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.    The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.   The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from June 1, 2011 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios. The term "Company" or "your Company" shall

refer to any amenity services companies owned or operated by you, or any amenity services companies for whom you act as an employee, contractor, or consultant.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## <u>INSTRUCTIONS</u>

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)      Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.     Please produce all documents that evidence, describe, refer, or relate to the sale of admission tickets to any service or attraction by Global Amenities, LLC.

2.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Andrew Manios, relating to any of the following:

     a.     ASI

     b.     Global Amenities, LLC

     c.     This lawsuit

     d.     An Amenity Program

     e.     DVD Now

3.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Chris Manios, relating to any of the following:

     a.     ASI

     b.     Global Amenities, LLC

     c.     This lawsuit

     d.     An Amenity Program

     e.     DVD Now

4.    Please produce all documents that evidence, describe, refer or relate to Global Amenities, LLC's partnership with the following entities, as described in Exhibit "A."

      a.    Mariott

      b.    Hilton

      c.    Wyndham

      d.    Hyatt

      e.    Resort Quest

      f.    Brittain Resort Management

5.    Please produce any and all tax returns filed on behalf of Global Amenities, LLC from 2011 to the present.

6.    Please produce any and all monthly balance sheets and income statements for Global Amenities, LLC.

7.    Please produce, in native format, any and all documents obtained or received from ASI from January 1, 2008 to the present.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail and facsimile to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 31 day of May, 2016.

                    /s/ A. Benjamin Gordon
                    A. Benjamin Gordon
                    Florida Bar No.: 528617
                    Darian Zamora
                    Florida Bar No.: 114951
                    Keefe, Anchors & Gordon, P.A.
                    2113 Lewis Turner Boulevard, Suite 100
                    Ft. Walton Beach, FL   32547
                    Telephone:   (850) 863-1974

Facsimile:     (850) 863-1591
Email:         bgordon@kaglawfirm.com
               dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*





# Resort Quest

# Brittain Resort Management

HOME   ABOUT US   FEATURED AMENITIES   KEY PARTNERS   PRICING   CONTACT US

Address Global Amenities, LLC 3185 Grand avenue #304 Pinellas Park, FL 33782

Global Amenities 2016
All rights reserved.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

### PLAINTIFF'S THIRD REQUEST FOR PRODUCTION TO
### DEFENDANT ANDREW MANIOS

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Andrew Manios, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

### DEFINITIONS

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.      The terms "DEFENDANT," "YOU," "YOUR," "MANIOS,"  refer to Defendant, Andrew Manios and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Manios.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.      The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.   The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from June 1, 2011 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios. The term "Company" or "your Company" shall

refer to any amenity services companies owned or operated by you, or any amenity services companies for whom you act as an employee, contractor, or consultant.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## **INSTRUCTIONS**

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)      Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## **DOCUMENTS TO PRODUCE**

1.     Please produce all documents that evidence, describe, refer, or relate to the sale of admission tickets to any service or attraction by Global Amenities, LLC.

2.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Don Abreu, relating to any of the following:

      a.     ASI

      b.     Global Amenities, LLC

      c.     This lawsuit

      d.     An Amenity Program

      e.     DVD Now

3.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Chris Manios, relating to any of the following:

      a.     ASI

      b.     Global Amenities, LLC

      c.     This lawsuit

      d.     An Amenity Program

      e.     DVD Now

4.     Please produce all documents that evidence, describe, refer or relate to Global Amenities, LLC's partnership with the following entities, as described in Exhibit "A."

a.     Mariott

b.     Hilton

c.     Wyndham

d.     Hyatt

e.     Resort Quest

f.     Brittain Resort Management

5.     Please produce any and all tax returns filed on behalf of Global Amenities, LLC for 2011 to the present.

6.     Please produce any and all monthly balance sheets and income statements for Global Amenities, LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail and facsimile to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 31 day of May, 2016.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:          bgordon@kaglawfirm.com
                    dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*





# Resort Quest

# Brittain Resort Management

HOME    ABOUT US    FEATURED AMENITIES    KEY PARTNERS    PRICING    CONTACT US

Address Global Amenities, LLC 3185 Grand avenue #304 Pinellas Park, FL 33782

Global Amenities 2016
All rights reserved.

Case 3:16-cv-00463-MCR-GRJ   Document 1-5   Filed 09/14/16   Page 186 of 236

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT CHRIS MANIOS

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Chris Manios, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.    The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.     The terms "DEFENDANT," "YOU," "YOUR," "MANIOS,"  refer to Defendant, Chris Manios and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Manios.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.   The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from June 1, 2011 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios. The term "Company" or "your Company" shall

refer to any amenity services companies owned or operated by you, or any amenity services companies for whom you act as an employee, contractor, or consultant.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## INSTRUCTIONS

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)     Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.     Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## **DOCUMENTS TO PRODUCE**

1.     Please produce all documents that evidence, describe, refer, or relate to the sale of admission tickets to any service or attraction by Global Amenities, LLC.

2.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Don Abreu, relating to any of the following:

       a.     ASI

       b.     Global Amenities, LLC

       c.     This lawsuit

       d.     An Amenity Program

       e.     DVD Now

3.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Andrew Manios, relating to any of the following:

       a.     ASI

       b.     Global Amenities, LLC

       c.     This lawsuit

       d.     An Amenity Program

       e.     DVD Now

4.      Please produce all documents that evidence, describe, refer or relate to Global Amenities, LLC's partnership with the following entities, as described in Exhibit "A."

      a.      Mariott

      b.      Hilton

      c.      Wyndham

      d.      Hyatt

      e.      Resort Quest

      f.      Brittain Resort Management

5.      Please produce any and all tax returns filed on behalf of Global Amenities, LLC from 2011 to the present.

6.      Please produce any and all monthly balance sheets and income statements for Global Amenities, LLC.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail and facsimile to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 31 day of May, 2016.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:  (850) 863-1974
Facsimile:  (850) 863-1591
Email:       bgordon@kaglawfirm.com
            dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*





HOME    ABOUT US    FEATURED AMENITIES    KEY PARTNERS    PRICING    CONTACT US

Address Global Amenities, LLC 3185 Grand avenue #304 Pinellas Park, FL 33782

Global Amenities 2016
All rights reserved.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

### PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

COMES NOW, Plaintiff, ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel pursuant to Florida Rule of Civil Procedure 1.380, and hereby requests that this Court enter an Order compelling Defendant, Andrew Manios ("Manios") to produce responses to discovery requests. In support of this Motion, ASI state as follows:

    1.    On April 25, 2016   ASI served the following discovery requests upon Defendants (the "Discovery Requests"):

        a.    Plaintiff's Third Request for Production to Don Abreu. A true and correct copy of this Request is attached hereto as Exhibit "A."

        b.    Plaintiff's Second Request for Production to Andrew Manios. A true and correct copy of this Request is attached hereto as Exhibit "B."

    2.    Plaintiff's discovery requests sought relevant financial information related to the revenues generated by Defendants through the use of ASI's trade secrets.

3.      This information is not only relevant to Plaintiff's claims, but also essential to ASI's ability to prove its damages because, in a theft of trade secrets action, a successful Plaintiff is entitled to recover "the unjust enrichment caused by the misappropriation." Section 688.004, *Florida Statutes*.

4.      It is irrelevant whether the requested information is subject to the trade secrets privilege, as asserted by Defendant, because the Parties are subject to a Confidentiality Order[1] with respect to any document produced by the Parties in this action.

5.      Shortly thereafter, Defendants' counsel informed Plaintiff's counsel that he intended to object to each of the above referenced Discovery Requests.

6.      ASI has attempted in good faith to resolve this issue.

7.      Thus, ASI respectfully requests that the Court enter an order compelling Defendants to respond to the Discovery.

8.      If the Court grants the relief requested herein and enters the requested order compelling Manios to respond to the Discovery, ASI respectfully requests that the Court award attorney's fees and costs incurred in obtaining said order. Fla. R. Civ. P. 1.380(a)(4).

WHEREFORE, ASI respectfully requests that the Court enter an order:

a.      Compelling Defendants to respond to the Discovery Requests within 10 days;

b.      Awarding the ASI its attorney's fees and costs in obtaining the order compelling discovery; and

c.      Providing such other relief as the Court deems just and proper.

---

[1] The Confidentiality Order was Entered by Judge John T. Brown on February 18, 2016.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 10th day of June, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                      CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## PLAINTIFF'S THIRD REQUEST FOR PRODUCTION TO
## DEFENDANT DON ABREU

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Don Abreu, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.     The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

EXHIBIT "A"

B.     The terms "DEFENDANT," "YOU," "YOUR," "ABREU,"  refer to Defendant, Don Abreu and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Abreu. The term "Company" or "your Company" shall refer to any amenity services company(s) owned or operated by you, or any amenity services company(s) for whom you act as an employee, agent, contractor, or consultant.

C.      When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

D.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or

federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

E.    The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

F.    The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

G.    The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.    "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.    The term "Defendants" shall mean Don Abreu and Andrew Manios, and

include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios. The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## <u>INSTRUCTIONS</u>

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)      Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.     Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.      For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.      Please produce documents showing the number the nights rented per unit per year for all units for whom you or your company provided services from January 1, 2010 onward.

2.      Please provide monthly financial statements showing the collection and disbursement of fees collected in relation to your company's programs from January 1, 2010 onward.

3.      Please produce copies of and proof of payment for all revenues generated by your company.

4.      Please provide any all documents that evidence, refer, or relate to you or your company's gross revenues from January 1, 2010 to the present.

5.      Please produce any and all documents that evidence, refer, or relate to you or your company's net profits from January 1, 2010 to the present.

6.      Please produce any and all documents that evidence, refer, or relate to all costs incurred by your company in connection with your amenity services program(s).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail and facsimile to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 25th day of April, 2016.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617

Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

Case 3:16-cv-00463-MCR-GRJ Document 1-5 Filed 09/14/16 Page 206 of 236

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO
## DEFENDANT ANDREW MANIOS

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Andrew Manios, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

EXHIBIT "B"

B.      The terms "DEFENDANT," "YOU," "YOUR," "MANIOS,"  refer to Defendant, Andrew Manios and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Manios. The term "Company" or "your Company" shall refer to any amenity services company(s) owned or operated by you, or any amenity services company(s) for whom you act as an employee, agent, contractor, or consultant.

C.       When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

D.      The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or

federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

E.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

F.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

G.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and

include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios. The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

      J.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

      K.     The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

      L.     The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

      M.     The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## **INSTRUCTIONS**

      A.     If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

            (1)     Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.      For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.      Please produce documents showing the number the nights rented per unit per year for all units for whom you or your company provided services from January 1, 2010 onward.

2.      Please provide monthly financial statements showing the collection and disbursement of fees collected in relation to your company's programs from January 1, 2010 onward.

3.      Please produce copies of and proof of payment for all revenues generated by your company.

4.      Please provide any all documents that evidence, refer, or relate to you or your company's gross revenues from January 1, 2010 to the present.

5.      Please produce any and all documents that evidence, refer, or relate to you or your company's net profits from January 1, 2010 to the present.

6.      Please produce any and all documents that evidence, refer, or relate to all costs incurred by your company in connection with your amenity services program(s).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail and facsimile to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 25th day of April, 2016.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617

Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
      Plaintiff,

v                               CASE NO.: 13-CA-4103

DON ABREU, et al.,
      Defendants.

_____/

### ORDER SETTING NON-JURY TRIAL, PRETRIAL CONFERENCE
### AND DIRECTING MEDIATION

      Pursuant to Florida Rules of Civil Procedure 1.200(a)(2); 1.440©; and 1.200(b) the following is hereby **ORDERED**:

      **1.  SCHEDULE.  For the purposes of setting time periods, the Pretrial Conference date will be September 15, 2016.**

      The non-jury trial in this cause has been set for October 31, 2016 and November 1, 2016 **beginning at 9:00 a.m. for two days in the Judge's Chambers, in the Okaloosa County Courthouse Extension, Fort Walton Beach, Florida.**

      **2.  CONFLICTS.  _Within 10 days of this Order_**, counsel shall notify the Court in writing if (a) inadequate time has been allowed for trial,   (b) if a scheduling conflict exists, (c) if discovery cannot be completed by the Pretrial Conference as ordered in paragraph 7 below, or (d) if alternative deadlines or case management conference(s) are needed, whereupon a Case Management Conference may be set by order of the Court.   The Court recognizes that most scheduling conflicts will resolve themselves; however, if a conflict about which the Court has been notified persists, it could later be a valid ground for a continuance.

      **3.  CONTINUANCES.**   No continuance will be granted unless good cause is demonstrated in writing, signed by counsel and the parties he or she represents.  *See* Florida Rules of Judicial Administration, Rule 2.545(e).   Conflicts about which the Court has been notified pursuant to paragraph 2 above will be persuasive.   Conflicts arising after the expiration of the ten (10) days set forth in paragraph 2 above will not be persuasive.

      **4.  DISCLOSURE.  _If not otherwise ordered, or expressly set forth in this Order, at least 60 days before the Pre-Trial Conference_** , each party shall file directly with the Clerk and provide the other with:

              a.   A list including the names and addresses (sufficient for service of subpoena) of all proposed non-expert witnesses.   The subject matter about which the witness has knowledge is particularly important.   The purpose of this disclosure is to enable each party to accurately respond to the Court's inquiries found in *Florida Rules of Civil Procedure 1.200(b)(1)-(6).*

b.  At least 90 days before the Pretrial Conference, a list of all experts that will be called to testify at trial, together with those experts' reports so that expert discovery is completed by the time of the Pretrial Conference and the parties shall exchange the names and addresses of all experts, that will be called to testify at trial, along with the expert's specialty, the subject matter on which the expert is expected to testify, and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Please see (a) above.

c.  The designation of those witnesses whose testimony the party expects to present by deposition, with page and line designations of such testimony from the deposition transcript. If a video-recording of the deposition will be used at trial, the video portion of such testimony must be exchanged at this time.

d.  Demonstrative aids intended to be used at trial must be made available to all counsel for inspection ten (10) days before trial.

e.  (1.)  Plaintiff shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference.   Newly discovered exhibits shall be immediately provided to Defendant.

(2.)  Defendant shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference.   Newly discovered exhibits shall be immediately provided to Plaintiff.

Failure to timely comply with the above may result in the exclusion of said witness and/or use of said exhibit at trial.

**5.  CONSULTATION.  *At least 10 days before Pretrial Conference*,** Plaintiff's counsel shall conduct a consultation, by telephone or in person, with all counsel cooperating in order to:

a.  Discuss settlement

b.  Arrange to examine and mark for identification all trial exhibits and demonstrative aids.

c.  Review witness lists with the goal of identifying those witnesses each party reasonably anticipates will be called to testify at trial.

d.  Review the six (6) items found in Rule 1.200(b), Fla.R.Civ.P., in preparation for the Pretrial Conference.

e.  Prepare a mutual stipulation and a proposed Pretrial Order as required below.

f.

f.      To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto.

**6. MUTUAL STIPULATION AND PROPOSED PRETRIAL ORDER.** *At least three (3) working days before the Pretrial Conference*, a Stipulation (in one document) shall be submitted directly to the Court's Chambers (**not filed with the Clerk**) either by U.S. mail or by hand delivery, **not** by facsimile. Plaintiff's counsel shall have the responsibility for drafting the Stipulation which shall contain:

a.      A statement of the case agreed to by the parties containing:
1. Paragraph, agreed to by the parties, describing the overall case.
2. Paragraph from each party containing the contentions of that party.
3. Paragraph from the Plaintiff concerning the relief sought.
These paragraphs shall be brief and to the point. (Counsel may simply update the Statement of the Case provided for mediation if so desired.)

b.      A list of pleadings upon which the case will go to trial.

c.      A statement of
1. Facts admitted by the parties
2. Factual issues remaining to be litigated.

d.      A statement of
1. All matters requiring action by the Court
2. Legal and evidentiary issues likely to arise at trial and trial briefs or memoranda with citation of authorities and arguments in support of that side's position on all disputed issues of law or disputes regarding the rules of evidence or rules of procedure.

e.      A list of witnesses that each party reasonably anticipates will be called to testify at trial.

f.      A list of all exhibits (a copy of the bate stamped exhibits themselves being provided to the court at this time also) and demonstrative aids to be offered at trial, noting any objections thereto and grounds for each objection. Any objections not listed will be deemed waived. **Those exhibits and aids the parties agree are admissible or acceptable for use at trial shall be marked with an asterisk.**

g.      An indication of which party will be securing the court reporter, if any.

h.      A statement confirming and attesting that counsel have complied with paragraphs 4 (if applicable), 5 and 11 of this Order.

i.      A concise statement of any disagreement as to the application of rules of evidence or of the Florida Rules of Civil Procedure.

j.      A list of all motions or other matters which require
        action by the court.

k.      Counsel's respective estimates of the length of the trial

l.      The signatures of counsel for all parties.

Plaintiff's counsel, unless otherwise directed by the Court, will have responsibility for drafting the proposed Pretrial Order which shall contain:

a. The incorporated mutual Pretrial Stipulation.

b. The Court's rulings upon all matters requiring Court action.

**The Pretrial Order shall thereafter control the course of action.** Fla.R.Civ.P. 1.200(d).

    **7.   DISCOVERY.**   The Court directs that all discovery shall be completed before the Pre Trial Conference without prior written leave of Court.

    **8.   MOTIONS.**   Other than Motions in Limine, no Motions will be scheduled or heard after the Pretrial Conference absent compelling circumstances.

    **9.   ATTENDANCE.**   Each party shall be  represented at the Pretrial Conference by the person who will try the case. In addition to the items in the Pretrial Stipulation, each participant must be prepared to discuss the six (6) items of *Fla.R.Civ.P. 1.200(b)*.   *If the person attending the Pretrial Conference is not authorized to enter into binding stipulations concerning anticipated trial matters [i.e., needs to confer with the client before entering into any agreements concerning matters that will expedite the progress of the trial; See, Fla. R. Civ. P. 1.200(b)], then the party must also be present.*

    **10. SETTLEMENT.**   **In the event this case settles, Plaintiff's counsel shall immediately notify** the undersigned Judge by written fax memorandum  (850-609-3073), <u>and</u> by phone call (850-609-5416).

    **11.  MEDIATION:**

a.  This case shall be mediated no later than 90 days from the date of this Order.

b. Plaintiff's counsel shall seek agreement with all concerned as to a certified mediator and   their compensation.   If achieved, Plaintiff's counsel shall file a notice containing this information in the record.   If the parties cannot agree within ten (10) days of this Order, Plaintiff's counsel shall notify the Court which will enter an Order appointing the mediator and setting the compensation.

c. Plaintiff's attorney shall

(1) Schedule the mediation conference at a time agreeable to all concerned sufficiently in advance of the Pretrial conference, but in no event to be held later than 30 days prior to the Pretrial Conference.

(2) Confirm the date, time and place of the mediation conference by letter to all concerned.

d. Each party shall be represented at the mediation conference by the person who will try the case.  The parties **must** also be present. A corporate party **must** be represented by a managing agent.   An insured party **must** also have a representative present with **full** (not limited) authority to settle the case.   A participant who fails to attend, or leaves the mediation conference before the mediator declares the conference ended, or a party in attendance with limited authority, is subject to sanctions by the Court.  Sanctions may include taxing of fees and costs for the participants and the mediator.

e. The mediator shall provide the Court with a mediation report no later than five (5) days before the Pre-Trial Conference, unless otherwise ordered by the Court.

**DONE AND ORDERED** in Chambers at the Okaloosa County Courthouse Annex located in Fort Walton Beach, Okaloosa County, Florida.

.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 06/14/2016 13:25:14 AYri1Gak

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,

vs.                                   CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

## **OBJECTION TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, CHRIS MANIOS AND PLAINTIFF'S THIRD REQUEST FOR PRODUCTION TO DEFENDANT, ANDREW MANIOS AND PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION TO DEFENDANT, DON ABREU**

Defendants, DON ABREU, ANDREW MANIOS and CHRIS MANIOS ,by and through the undersigned attorney, hereby object to Plaintiff's First Request for Production to Defendant CHRIS MANIOS and Plaintiff's Thrid Request for Production to Defendant, ANDREW MANIOS and Plaintiff's Fourth Request for Production to Defendant, DON ABREU, Requests for Productions number five (5) and six (6) in each of the respective Requests for Production and states:

     1.     The information requested is irrelevant to Plaintiff's claims, which include breach of contract, breach of non-disclosure agreement and theft of trade secrets.

     2.     Plaintiff has no judgement that would give rise to discovery of financial information.

WHEREFORE, Defendants, DON ABRE, ANDREW MANIOS and CHRIS MANIOS respectfully objects to Plaintiff's aforementioned Requests for Production and requests attorney's fees and costs and any other further relief this court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com and mbaughn@kaglawfirm.com using the E-Portal Filing System this _14th_ day of June, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                      CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

### PLAINTIFF'S AMENDED NOTICE OF HEARING ON PLAINTIFF'S
### MOTION TO COMPEL RESPONSES TO DISCOVERY AND
### DEFENDANTS' OBJECTION TO NOTICE OF PRODUCTION FROM NON-PARTY[1]

**PLEASE TAKE NOTICE** that a hearing regarding Plaintiff's Motion to Compel

Responses to Discovery, Defendants' Objection to Notice of Production from Non-Party

and Defendants' Objection to Request for Production has been set as follows:

    Judge:        Honorable John T. Brown

    Place:        Judge Brown's Chambers
                Okaloosa County Courthouse, Fort Walton Beach, Annex

    Time:        11:00 a.m. CT (30 minutes have been reserved)

    Date:        June 15, 2016

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

### Court Administration, ADA Liaison
### Okaloosa County

---

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the clerk on April 26, 2016. Filing # 40756420. Defendants' Objection to Notice of Production from Non-Party was electronically filed with the clerk on May 9, 2016. Filing # 41260577. Defendants' Objection to Request for Production was electronically filed with the clerk on May 23, 2016. Filing # 41824511.

**1940 Lewis Turner Blvd.**
**Fort Walton Beach, FL 32547**
**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**
**at least 7 days before your scheduled court appearance, or immediately upon**
**receiving this notification if the time before the scheduled appearance is less**
**than 7 days; if you are hearing or voice impaired, call 711.\*\***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, <u>Jay@jscheyd.com</u> on this 14th day of June, 2016.

<u>/s/ Darian Zamora                    </u>
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        <u>bgordon@kaglawfirm.com</u>
              <u>dzamora@kaglawfirm.com</u>

*Attorneys for ASI Holding Company, Inc.*

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                       CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.
_____/

## JOINT MOTION FOR EXTENSION OF PRE-TRAIL DEADLINE REGARDING EXPERT DISCLOSURES

COMES NOW Plaintiff, ASI Holding Company, Inc., and Defendants, Don Abreu, Andrew Manios, Chris Manios, and Global Amenities, LLC by and through the undersigned counsel and, moves this Court for entry of an Order Extending the deadline for Expert Disclosures.

1.      This matter recently came before the Court on June 13, 2015 at a Case Management Conference.

2.      At the June 13, 2016 Case Management Conference, the case was set for a two day non-jury trial, starting on October 31, 2016.

3.      The following day, June 14, 2016, the Court filed an Order Setting Non-Jury Trial, Pretrial Conference and Directing Mediation ("Order Setting Non-Jury Trial").

4.      Section 4.b, of the Order Setting Non-Jury Trial, sets the deadline for disclosure of expert witness as June 17, 2016.

1

5.      The parties hereby request from the Court a thirty (30) day extension to file their respective Expert Disclosures.

6.      The Expert Disclosures would be due no later than Monday, July 18, 2016.

7.      All other deadlines as outlined in the Order Setting Non-Jury Trial would remain in place.

WHEREFORE, the Parties respectfully request the deadline for filing Expert Disclosures be extended to Monday, July 18, 2016.

Dated this 17th day of June, 2016.

/s/ Darian Zamora_____          /s/ Joseph M. Scheyd_____
A. Benjamin Gordon                                         Joseph M. Scheyd
Florida Bar No.: 528617                                   Florida Bar No.: 995304
Darian Zamora                                               1221 Airport Road, Suite 209
Florida Bar No.: 114951                                   Destin, FL 32541
Keefe, Anchors & Gordon, P.A.                         Telephone:   (850) 837-1171
2113 Lewis Turner Boulevard, Suite 100            Email:        emeraldcoastlaw@cox.net
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974                            *Attorney for Defendants, Don Abreu,*
Facsimile:    (850) 863-1591                            *Andrew Manios, Chris Manios, and Global*
Email:        bgordon@kaglawfirm.com              *Amenities, LLC*
                dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,

vs.                                CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

**NOTICE OF SERVICE OF DEFENDANTS' SECOND SET OF INTERROGATORIES
TO PLAINTIFF, ASI HOLDING COMPANY, INC.**

    Defendants, by and through their undersigned counsel, give Notice of Service of

Defendants' Second Set of Interrogatories to Plaintiff, ASI HOLDING COMPANY, INC.,

together with a copy of this Notice.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been

electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com

and mbaughn@kaglawfirm.com using the E-Portal Filing System this 20th day of June, 2016.

                                  JOSEPH M. SCHEYD, JR., ESQUIRE
                                  1221 Airport Road, Suite 209
                                  Destin, Florida 32541
                                  (850) 837-1171
                                  Fla. Bar No.: 995304
                                  Attorney for Defendants
                                  Emeraldcoastlaw@cox.net
                                  Matt@jscheyd.com

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

        This cause having come before the Court at the June 15, 2016, hearing on Plaintiff's Motion to Compel Responses to Discovery[1], Defendants' Objection to Requests for Production[2], and Defendants' Objection to Plaintiff's First Request for Production to Defendant, Chris Manios and Plaintiff's Third Request for Production to Defendant, Andrew Manios, and Plaintiff's Fourth Request for Production to Defendant, Don Abreu[3] (collectively, "Defendants' Objections"), the Court having heard from counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

        1.      Plaintiff's Motion to Compel Responses to Discovery is hereby GRANTED. Defendants' Objections are hereby DENIED.

---

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically file4d with the clerk on June 16, 2016. Filing # 42615031.

[2] Defendants' Objection to Requests for Production was electronically filed with the clerk on May 23, 2016. Filing # 41824511

[3] Defendants' Objection to Plaintiff's First Request for Production to Defendant, Chris Manios and Plaintiff's Third Request for Production to Defendant, Andrew Manios, and Plaintiff's Fourth Request for Production to Defendant, Don Abreu was electronically filed with the clerk on June 14, 2016. Filing # 42737911.

2.      Defendant Abreu shall have fifteen (15) days from the date of this Order to produce all responsive documents.

3.      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 06/21/2016 16:50:11 72sAKYWa

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
# IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.
_____/

## ORDER OVERRULING IN PART AND SUSTAINING IN PART DEFENDANT'S OBEJCTION TO NOTICE OF PRODUCTION FROM NON-PARTY

This cause having come before the Court at the June 15, 2016, hearing on Defendants' Objection to Notice of Production from Non-Party[1], the Court having heard from counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

1.    Defendants' Objection to Notice of Production from Non-Party is OVERRULED in part and SUSTAINED in part.

2.    Plaintiff may request non-party discovery from Defendants' clients regarding information not already produced in discovery, including, but not limited to, advertising materials and communications with the Defendants.

3.    All responsive documents will be sent directly to Defendants' counsel.

---

[1] Defendants' Notice of Production from Non-Party was electronically filed with the clerk on May 9, 2016. Filing # 41260577.

Case 3:16-cv-00463-MCR-GRJ  Document 1-5  Filed 09/14/16  Page 228 of 236

CASE NO. 2013 CA 4103
Order Overruling in Party and Sustaining in Part Defendant's
Objection to Notice of Production of Documents
Page 2 of 2

4.      Defendants' counsel will have ten (10) days from receipt of responsive documents to designate such documents according to the terms of the Stipulated Order of Confidentiality entered into between the parties on February 18, 2016, and to provide such documents to Plaintiff's counsel.

5.      Defendants will have ten (10) days from the entry of this Order to review the proposed Notices of Non-Party Production and respond with any objections.

6.      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 06/21/2016 16:49:11 aMBxdSvi

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
# IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                                   CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## ORDER GRANTING JOINT MOTION FOR EXTENSION OF PRE-TRIAL DEADLINE REGARDING EXPERT DISCLOSURES[1]

THIS MATTER came before the Court on the parties Joint Motion for Extension of Pre-Trial Deadline Regarding Expert Disclosure. The Court, having reviewed the Motion, being advised that the parties have stipulated to the entry of this Order, and otherwise fully advised in the premises, ORDERS as follows:

1.     The Joint Motion for Extension of Pre-Trial Deadline Regarding Expert Disclosure is GRANTED.

2.     The deadline for the parties to file their Expert Disclosures, is extended to Monday, July 18, 2016.

3.     In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this

---

[1] The Joint Motion for Extension of Pre-Trial Deadline Regarding Expert Disclosures was electronically filed with the Court on June 17, 2016. Filing # 42923111.

Order upon any *pro se* party who does not have access to nor is a registered user of the

Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 06/23/2016 16:15:08 04CGtgWI

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                                  CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

**NOTICE OF VIDEOTAPED DEPOSITION OF CHRIS MANIOS**

To:    Joseph M. Scheyd
       1221 Airport Road, Suite 209
       Destin, FL  32541

      You are hereby notified that, on **Friday, August 5, 2016 at 9:00 a.m. CT / 10:00 a.m. ET**, the undersigned will take the video deposition[1] of Chris Manios, upon oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court reporter at The Bleckley Inn, 151 East Church Street, Anderson, SC 29624.

      The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are being permitted under the rules of Court.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 24th day of June, 2016.

                                     /s/ Darian Zamora
                                       A. Benjamin Gordon

---

[1]The deposition will be videotaped by a representative of US Legal Support.

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## NOTICE OF VIDEOTAPED DEPOSITION OF ANDREW MANIOS

To:    Joseph M. Scheyd
       1221 Airport Road, Suite 209
       Destin, FL 32541

       You are hereby notified that, on **Monday, August 1, 2016 at 9:00 a.m. CT / 10:00 a.m. ET**, the undersigned will take the video deposition[1] of Andrew Manios, upon oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court reporter at the office of Jannus Executive Center, 2935 First Avenue North, First Floor, Saint Petersburg, FL 33713.

       The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are being permitted under the rules of Court.

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to

---

[1]The deposition will be videotaped by a representative of US Legal Support Jannus Executive Center, 2935 First Avenue North, First Floor, Saint Petersburg, FL 33713.

Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 24th day of June, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
# IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## NOTICE OF VIDEOTAPED DEPOSITION OF LOUIS MANIOS

To:    Joseph M. Scheyd
       1221 Airport Road, Suite 209
       Destin, FL 32541

      You are hereby notified that, on **Friday, July 29, 2016 at 9:00 a.m. CT / 10:00 a.m. ET**, the undersigned will take the video deposition[1] of Louis Manios, upon oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court reporter at the office of US Legal Support c/o A. William Roberts, Jr. & Associates, Parkway Business Center 1293 Professional Drive, Suite D, Myrtle Beach, SC 29577.

      The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are being permitted under the rules of Court.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to

---

[1]The deposition will be videotaped by a representative of US Legal Support c/o A. William Roberts, Jr. & Associates, Parkway Business Center 1293 Professional Drive, Suite D, Myrtle Beach, SC 29577.

Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 24th day of June, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*