IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

 Plaintiff,          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

 Defendants.
_____/

## NOTICE OF PRODUCTION FROM NON-PARTY

To: Joseph M. Scheyd
   1221 Airport Road, Suite 209
   Destin, FL 32541

**YOU ARE NOTIFIED** that after ten (10) days from the date of service, and if no objection is received from any party, the undersigned will issue the attached subpoena directed to Bar Harbor Resort, Inc., who is not a party and whose address is shown in the attached subpoena, to produce the items listed in Attachment "A" at the time and place specified in the subpoena.

## CERTIFICATE OF SERVICE

 I HEREBY certify that the original of the foregoing has been filed with the Clerk of Court and a true and correct copy has been furnished to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 via the Florida E-Portal and Facsimile on this 27th day of June, 2016.

                /s/ A. Benjamin Gordon
                A. Benjamin Gordon
                Florida Bar No.: 528617

Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

    Plaintiff,                                    CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

    Defendants.
_____/

## SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NON-PARTY

THE STATE OF FLORIDA

To:    Bar Harbor Resort, Inc.
        c/o Dennis Lee Smith, Jr., Registered Agent
        100 North Ocean Blvd.
        Myrtle Beach, SC 29577

**YOU ARE HEREBY COMMANDED** to appear at the office of JOSEPH M. SCHEYD, JR. P.A., 1234 Airport Rd, Suite #100, Destin, FL 32541 in Okaloosa County, Florida on August 11, 2016, at 9:00 a.m. CST and to have with you at that time and place the following:

<p align="center">All documents listed on Attachment "A"</p>

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.** You may condition

the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)     appear as specified; or

(2)     furnish the records instead of appearing as provided above; or,

(3)     object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

Dated this _____ day of _____, 2016.

_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:  (850) 863-1974
Facsimile:   (850) 863-1591
Email:         bgordon@kaglawfirm.com
                    dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

4

## ATTACHMENT "A"

### DEFINITIONS

A.     The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.     The terms "DEFENDANTS," refer to Defendants, Don Abreu, Andrew Manios, Chris Manios and Global Amenities, LLC and includes their successors or predecessors in interest and all officers attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of the Defendants.

C.     The terms "YOU" and "YOUR," refer to Bar Harbor Resort, Inc., and includes your successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants, and other persons acting or purporting to act on behalf of you.

D.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your

5

actual or constructive possession, custody or control. The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information. The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

  E. The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

  F. The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

6

G.  The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.  "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.  The terms "PLAINTIFF" and "ASI" and shall refer to ASI Holding Company, Inc., and includes its successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of ASI Holding Company, Inc.

J.  When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.  The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

## INSTRUCTIONS

A.  If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

7

      (1)    date;

      (2)    author;

      (3)    addressee;

      (4)    brief description of the subject matter and form of the document and attachments, including the number of pages;

      (5)    statement of the basis upon which the privilege is claimed; and

      (6)    the numbers of each specific request to which the document or thing would be responsive.

    B.    If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

      (1)    the date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

      (2)    the circumstances surrounding such disposition, including any authorization therefore; and

      (3)    where applicable, the person currently in possession, custody or control of such document or item.

    C.    Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

    D.    Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.   For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO BE PRODUCED

1.   All advertising materials related to any Amenity Program offered by Defendants, with the exception of the brochure attached hereto as Exhibit "A."

2.   All communications, electronic or otherwise, with the Defendants and/or their principals, agents or employees.



**EXHIBIT "A"**

ASI v. ABREU - ABREU'S RESP. TO RFP 000032

Case 3:16-cv-00463-MCR-GRJ    Document 1-6    Filed 09/14/16    Page 11 of 16



ASI v. ABREU - ABREU'S RESP. TO RFP 000033



Easy as 1-2-3

Receive DVDnow Card

Then Swipe the Card

Rent & Return

How Free In-Room Movies Work

ASI v. ABREU - ABREU'S RESP. TO RFP 000035



ASI v. ABREU - ABREU'S RESP. TO RFP 000036



ASI v. ABREU - ABREU'S RESP. TO RFP 000037

# DEVELOPING VALUABLE PARTNERSHIPS

"DVDNow's service is impeccable. Our guests love the ease and simplicity of accessing great entertainment. Plus it, it generates valuable revenue for our vacation rental property management companies, so they love it, too..."

    Lino Maldonado / Vice President
    Wyndham Vacation Rentals

"DVDNow has been a strong value added since we started with them in 2013. Our owners and guests love the DVDNow Kiosk as well as having access to newly released movies. The improvement in amenities have been noticed by owners, exchangers and transient guests. DVDnow is also an asset to include through Sales and Marketing."

    David Wong / GM
    Marriott's Maui Ocean Club

"Global Amenities programs have been a tremendous success for our properties. About 25% of our Tripadvisor comments and in-house surveys mention the program. It's also a great closing tool for our reservationists and an excellent customer service piece and marketing hook. Plus the guests love it."

    Patrick Norton / Director of Marketing
    Brittain Resort Management

   

ASI v. ABREU - ABREU'S RESP. TO RFP 000038