## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### <u>AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF ANDREW MANIOS</u>

To:    Joseph M. Scheyd
       1221 Airport Road, Suite 209
       Destin, FL  32541

You are hereby notified that, on **Wednesday, July 13, 2016 at 9:00 a.m. CT /**

**10:00 a.m. ET**, the undersigned will take the video deposition[1] of Andrew Manios, upon

oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official

court reporter at the office of Keefe, Anchors & Gordon, located at 2113 Lewis Turner

Blvd., Suite 100, Fort Walton Beach, Florida 32547.

The deposition is being taken for the purpose of discovery, for use at trial, or for

such other purposes as are being permitted under the rules of Court.

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, pursuant to Florida Rule of Judicial Administration

2.516(b)(1), a true and correct copy of the foregoing has been electronically filed and the

_____

[1]The deposition will be videotaped by a representative of Daniels and Rackard Reporting.

following attorney of record has been included in the Florida e-filing portal service list:

Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 30th day of June,

2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:      bgordon@kaglawfirm.com
            dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                               CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.
_____/

## JOINT MOTION FOR EXTENSION OF PRE-TRAIL DEADLINE REGARDING DEPOSITION DESIGNATIONS

COMES NOW Plaintiff, ASI Holding Company, Inc., and Defendants, Don Abreu, Andrew Manios, Chris Manios, and Global Amenities, LLC by and through the undersigned counsel and, moves this Court for entry of an Order Extending the deadline for Expert Disclosures.

1.      This matter recently came before the Court on June 13, 2015 at a Case Management Conference.

2.      At the June 13, 2016 Case Management Conference, the case was set for a two day non-jury trial, starting on October 31, 2016.

3.      The following day, June 14, 2016, the Court filed an Order Setting Non-Jury Trial, Pretrial Conference and Directing Mediation ("Order Setting Non-Jury Trial").

1

4.     Section 4(c) of the Order Setting Non-Jury Trial, sets the deadline for disclosure of designations of those witnesses whose testimony the parties expect to present by deposition of July 18, 2016.

5.     The parties have been unable to schedule the depositions of all witnesses prior to July 18, 2016.

6.     The parties hereby request from the Court a sixty (60) day extension to provide their deposition designations.

7.     The deposition designations would be due no later than September 16, 2016.

8.     All other deadlines as outlined in the Order Setting Non-Jury Trial would remain in place.

WHEREFORE, the Parties respectfully request the deadline to provide deposition designations to be changed to September 16, 2016.

Dated this 5th day of July, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:   bgordon@kaglawfirm.com
dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

/s/ Joseph M. Scheyd
Joseph M. Scheyd
Florida Bar No.: 995304
1221 Airport Road, Suite 209
Destin, FL 32541
Telephone:   (850) 837-1171
Email:   emeraldcoastlaw@cox.net

*Attorney for Defendants, Don Abreu, Andrew Manios, Chris Manios, and Global Amenities, LLC*

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                              CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation,

      Defendants.

_____/

## MOTION FOR EMERGENCY ORDER TO STAY
## NON-FINAL ORDER ALLOWING THIRD PARTY REQUESTS
## FOR PRODUCTION FROM DEFENDANTS' CUSTOMERS

Defendants, by and through the undersigned attorney, move this Court to stay its Order

Allowing Third Party Requests for Production From Defendants' Customers as stated in the Non-

Final Order attached hereto and states:

    1.      Defendants have filed a Petition for Writ of Certiorari to quash the Court's Order

referenced above.

    2.      Defendants request that the Court stay the Order allowing the above discovery

pending the outcome of Defendants' Petition.

    3.      Without the stay, once the discovery is granted, the complaining party is without

relief. And when material injury is caused, that is the loss of Defendants' customers, there is no

allowance of an adequate remedy on appeal. *Goodyear Tire & Rubber Co. v. Cooey,* 359 So2d

1200 (Fla. 1st DCA 1978). (*Emphasis Added).*

WHEREFORE, Defendants respectfully request this Court stay the non-final Order allowing third party requests for production from Defendants' customers until such time as the Petition for Writ of Certiorari has been resolved.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com and mbaughn@kaglawfirm.com using the E-Portal Filing System this **6**th day of July, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                      CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

      Defendants.
_____/

### ORDER OVERRULING IN PART AND SUSTAINING IN PART DEFENDANT'S OBEJCTION TO NOTICE OF PRODUCTION FROM NON-PARTY

    This cause having come before the Court at the June 15, 2016, hearing on Defendants' Objection to Notice of Production from Non-Party[1], the Court having heard from counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

    1.    Defendants' Objection to Notice of Production from Non-Party is OVERRULED in part and SUSTAINED in part.

    2.    Plaintiff may request non-party discovery from Defendants' clients regarding information not already produced in discovery, including, but not limited to, advertising materials and communications with the Defendants.

    3.    All responsive documents will be sent directly to Defendants' counsel.

---

[1] Defendants' Notice of Production from Non-Party was electronically filed with the clerk on May 9, 2016. Filing # 41260577.

Case 3:16-cv-00463-MCR-GRJ   Document 1-20   Filed 09/14/16   Page 8 of 269

CASE NO. 2013 CA 4103
Order Overruling in Party and Sustaining in Part Defendant's
Objection to Notice of Production of Documents
Page 2 of 2

4.      Defendants' counsel will have ten (10) days from receipt of responsive documents to designate such documents according to the terms of the Stipulated Order of Confidentiality entered into between the parties on February 18, 2016, and to provide such documents to Plaintiff's counsel.

5.      Defendants will have ten (10) days from the entry of this Order to review the proposed Notices of Non-Party Production and respond with any objections.

6.      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  In 01 JUDGE BROWN 06/21/2016 16:49:11 aMBxdSvl

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.,
a Florida corporation,

       Plaintiff,                       CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

**NOTICE OF SERVICE OF PLAINTIFF'S UNVERIFIED RESPONSES TO
DEFENDANTS' SECOND SET OF INTERROGATORIES**

Notice is hereby given that Plaintiff's Unverified Responses to Defendants'

Second[1] Set of Interrogatories to Plaintiff ASI Holding Company, Inc. d/b/a Amenity

Services, Inc. have been furnished to Joseph M. Scheyd, 1221 Airport Road, Suite

209, Destin, FL 32541 via electronic mail to Jay@jscheyd.com and

matt@jscheyd.com.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this
Court, and a true and correct copy of hereof has been furnished by electronic mail to
Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 8th day of July,
2016.

                          /s/ Darian Zamora_____
                          A. Benjamin Gordon
                          Florida Bar No.: 528617
                          Darian Zamora
                          Florida Bar No.: 114951
                          Keefe, Anchors & Gordon, P.A.
                          2113 Lewis Turner Boulevard, Suite 100
                          Ft. Walton Beach, FL  32547

---

[1] Defendants' mistakenly refer to the Interrogatories served on May 16, 2016 as the First Set, a previous
Set of Interrogatories was served and answered by the Plaintiff in this case.

Telephone:  (850) 863-1974
Facsimile:  (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.,
a Florida corporation,

      Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR ADMISSION

Comes now the Plaintiff, ASI Holding Company, Inc. ("ASI"), and responds to Defendants, Don Abreu, an individual's, and Andrew Manios, an individual's, First Request for Admission to Plaintiff as follows:

    1.     ASI lists its clients and customers on its web site.

**RESPONSE:**

ASI objects to this request on the basis that it is vague and ambiguous as to the scope of the term "clients and customers." ASI objects to this request as vague and ambiguous, as well as overly broad, on the basis that the time frame is not set forth in this request.

Subject to and without waiving the foregoing objections, this request is denied. ASI has not always listed all of its clients on its website. Moreover, ASI does not list a compilation of contact information for its clients.

2.     ASI does not list a-k of allegation 15 in its Amended Complaint as confidential and proprietary information anywhere in ASI's publication provided to its employees.

**RESPONSE:**

ASI objects to this request on the basis that it is vague and ambiguous and compound to the extent that it does not differentiate between publications and employees.

Without waiving the foregoing objections, ASI denies this request. The publications provided to its employees define confidential and proprietary information in broader terms that are inclusive of the information listed in this request.

3.     ASI is not in possession of any Non-Disclosure Agreement between Don Abreu and ASI purported to be executed in 2008.

**RESPONSE:**

ASI objects to this request to the extent that the word "purported" is used. ASI objects to this request to the extent that it calls for information in the custody and control of Don Abreu.

ASI's principal, Darrell Blanton, witnessed Don Abreu execute the Non-Disclosure Agreement, as Abreu had executed a prior Non-Disclosure Agreement, but ASI admits that ASI does not believe it is in possession, custody or control of the document at this time.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com on this 8th day of July, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email: bgordon@kaglawfirm.com
        dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.,
a Florida corporation,

       Plaintiff,                             CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## PLAINTIFF'S RESPONSES TO DEFENDANTS' SECOND REQUEST FOR
## PRODUCTION OF DOCUMENTS

       Comes now the Plaintiff, ASI Holding Company, Inc., d/b/a Amenity Services, Inc.

("ASI"), a Florida corporation, and responds to Defendants' Second Request for

Production as follows:

## GENERAL OBJECTIONS

       A.     Plaintiff makes these responses subject to reservation of the right to object

to introduction into evidence, in this or any other action, of any of the information or

material contained or referenced herein or produced hereunder on any ground, including,

but not limited to, relevancy, materiality, hearsay and authenticity.  Plaintiff makes these

responses subject to the further reservation that such answers shall not waive its rights

to object to additional discovery in the case.

       B.     Plaintiff does not intend by these responses (or by the production of

documents hereunder) to waive any claim of privilege, including work product.  If any

response is made (or documents are produced) for which any claim of privilege is

applicable, such response (or production) shall be deemed inadvertent, and not a waiver of any claim of privilege.

C.     Plaintiff makes no representation of authenticity concerning any documents produced hereunder or of the accuracy of the contents of any such documents.  Plaintiff's responses herein (or production hereunder) shall not be interpreted as supplying the complete foundation or all facts upon which it may rely in this case.

D.     Plaintiff objects to these Requests to the extent that the Requests require the production of documents protected by the attorney-client, work product or other applicable privileges.

E.     Plaintiff objects to these Requests to the extent that the Requests require the production of documents containing confidential and/or proprietary information and/or trade secrets.

F.     Plaintiff objects to the scope of the Requests presented to the extent the Requests are outside the scope of discovery, irrelevant and immaterial.

G.     Only those documents/records in the possession, custody or control of Plaintiff or those which are required to be produced by Rule 1.350, *Florida Rules of Civil Procedure* will be so produced.

H.     Plaintiff would also note that discovery is ongoing and additional documents and/or information relevant to its defense of this action may be discovered as the litigation progresses.

I.     To the extent any instructions contained in the First Request for Production of Documents requires Plaintiff to go beyond what is required by the Florida Rules of Civil Procedure, then, and in that event, Plaintiff objects to all such instructions.

J.      Plaintiff reserves the right to amend all responses.

K.      Plaintiff objects to these Requests to the extent that the Requests require supplementation because under Rule 1.280(e), *Florida Rules of Civil Procedure*, a "party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired."

## RESPONSES

1.      Please provide an executed copy of the 2008 Non-Disclosure Agreement between Don Abreu and ASI.

**RESPONSE:** ASI objects to this request on the basis that this information is within the custody and control of Don Abreu.

2.      Please provide any evidence as of the dates of your response to this Request for Production of any documents in ASI's possession in which ASI intends to use as evidence that Don Abreu either removed or in any way tampered with the alleged 2008 Non-Disclosure Agreement between Don Abreu and ASI.

**RESPONSE:** ASI objects to this request on the basis that it calls for work product and other privileged information.

All non-privileged documents, if any, will be produced.

3.      Please provide any evidence in any form which you intent to present to the court in support of your claim that Don Abreu, Andrew Manios and/or Chris Manios used ASI company computers and/or resources, including access to the ASI server and a lap top computer with ASI hardware, software, files documents or other ASI property on it.

**RESPONSE:** ASI objects to this request on the basis that it calls for work product

and other privileged information.

4.      Please provide any evidence in your possession which you believe supports your claim that Don Abreu instructed Data Doctors, Inc. to delete all of ASI's software, files and other property from a lap top computer.

**RESPONSE:** All responsive documents will be produced.

5.      Please provide any evidence in your possession which you believe supports your claim that Don Abreu [sic] deleted files and documents from ASI's server, including the 2008 Non-Disclosure Agreement.

**RESPONSE:** All responsive documents will be produced.

6.      Please provide any evidence in your possession which supports your claim that Don Abreu used ASI computers and resources to steal information belonging to ASI.

**RESPONSE:** All responsive documents will be produced.

7.      Please provide any evidence in your possession which supports your claim that Don Abreu, Andrew Manios and Chris Manios used ASI's trade secrets, including ASI's pricing sheet and information regarding its customers and clients.

**RESPONSE:** All responsive documents will be produced.

8.      Please provide any evidence in ASI's possession that supports the allegation that Don Abreu, Andrew Manios and Chris Manios secretly intended to use ASI's resources and ASI's trade secrets to compete with ASI.

**RESPONSE:** ASI objects to this request on the basis that it calls for work product and other privileged information.

All non-privileged responsive documents will be produced.

9.     Please provide all final signed and countersigned agreements between ASI and all of its service/amenity providers.

**RESPONSE:** ASI objects to this request on the basis that it is overly broad, and unduly burdensome.

ASI also objects to this request on the basis that it does not specify the time period during which this information is being sought.

ASI also objects to this request on the basis that it is irrelevant.

10.    Please provide samples of the form or brochure (reservation or physical ticket, etc.) of how the guest receives their FREE ticket.

**RESPONSE:** ASI objects to this request on the basis that it is overly broad, and unduly burdensome.

ASI also objects to this request on the basis that it does not specify the time period during which this information is being sought.

ASI also objects to this request on the basis that it is irrelevant.

11.    Please provide all marketing materials distributed by ASI to lodging/resort/hotel prospects and clients.

**RESPONSE:** ASI objects to this request on the basis that it is overly broad, and unduly burdensome.

ASI also objects to this request on the basis that it does not specify the time period during which this information is being sought.

ASI also objects to this request on the basis that it is irrelevant.

12.     Provide exact samples of all ASI's marketing materials that contracted lodging/resort/hotels issue to guests during the check in process at said lodging/resort/hotel.

**RESPONSE:** ASI objects to this request on the basis that it is overly broad, and unduly burdensome.

ASI also objects to this request on the basis that it does not specify the time period during which this information is being sought.

ASI also objects to this request on the basis that it is irrelevant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com on this 8th day of July, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
               dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*
.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

## ORDER GRANTING JOINT MOTION FOR EXTENSION OF PRE-TRIAL DEADLINE REGARDING DEPOSITION DESIGNATIONS[1]

        THIS MATTER came before the Court on the parties Joint Motion for Extension of Pre-Trial Deadline Regarding Deposition Designations. The Court, having reviewed the Motion, being advised that the parties have stipulated to the entry of this Order, and otherwise fully advised in the premises, ORDERS as follows:

        1.      The Joint Motion for Extension of Pre-Trial Deadline Regarding Deposition Designations is GRANTED.

        2.      The deadline for the parties to file their Expert Disclosures, is extended to September 16, 2016.

        3.      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this

---

[1] The Joint Motion for Extension of Pre-Trial Deadline Regarding Deposition Designations was electronically filed with the Court on July 5, 2016. Filing # 43567945.

CASE NO. 2013 CA 4103
Order Granting Joint Motion for Extension of Time of Pre-Trial
Deadline Regarding Expert Disclosures
Page 2 of 2

Order upon any *pro se* party who does not have access to nor is a registered user of the

Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 07/11/2016 14:39:45 yBvhXn6f

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                                CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on Tuesday, July 26, 2016 at 8:30 a.m., or as soon

thereafter as counsel can be heard, the undersigned will bring Defendants' Motion for Emergency

Order to Stay Non-Final Order Allowing Third Party Requests for Production from Defendants'

Customers on for hearing before the Honorable John T. Brown, Circuit Court Judge, in the

courtroom usually occupied by him at the Okaloosa County Courthouse Annex Extension, 1940

Lewis Turner Boulevard, Fort Walton Beach, Florida 32547.  Fifteen (15) minutes have been

reserved for this proceeding.   A court reporter has been requested.

PLEASE GOVERN YOURSELF ACCORDINGLY.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been electronically filed and copies furnished to bgordon@kaglaw.com; cbrown@kaglawfirm.com and mbaughn@kaglawfirm.com using the E-Portal Filing System this _12th_ day of July, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.
_____/

## JOINT MOTION FOR EXTENSION OF PRE-TRAIL DEADLINE REGARDING WITNESS LISTS

      COMES NOW Plaintiff, ASI Holding Company, Inc., and Defendants, Don Abreu, Andrew Manios, Chris Manios, and Global Amenities, LLC by and through the undersigned counsel and, moves this Court for entry of an Order Extending the deadline for disclosure of Expert and Non-Expert Witness Lists.

      1.    This matter recently came before the Court on June 13, 2015 at a Case Management Conference.

      2.    At the June 13, 2016 Case Management Conference, the case was set for a two day non-jury trial, starting on October 31, 2016.

      3.    The following day, June 14, 2016, the Court filed an Order Setting Non-Jury Trial, Pretrial Conference and Directing Mediation ("Order Setting Non-Jury Trial").

      4.    Section 4(a) of the Order Setting Non-Jury Trial, set the deadline for disclosure of expert witnesses on June 17, 2016.

5.      This Court granted the Parties Joint Motion for Extension of Time to extend the deadline for expert witness disclosures until July 18, 2016.[1]

6.      Section 4(a) of the Order Setting Non-Jury Trial set the deadline for non-expert witness disclosures on July 18, 2016.

7.      The parties hereby request from the Court a twenty (20) day extension to provide their expert and non-expert witness lists.

8.      The expert and non-expert witness lists would be due no later than Monday, August 8, 2016.

9.      All other deadlines as outlined in the Order Setting Non-Jury Trial would remain in place.

WHEREFORE, the Parties respectfully request the deadline to provide expert and non-expert witness lists to be changed to August 8, 2016.


Dated this 18th day of July, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:      bgordon@kaglawfirm.com
            dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

/s/ Joseph M. Scheyd
Joseph M. Scheyd
Florida Bar No.: 995304
1221 Airport Road, Suite 209
Destin, FL 32541
Telephone:   (850) 837-1171
Email:      emeraldcoastlaw@cox.net

*Attorney for Defendants, Don Abreu, Andrew Manios, Chris Manios, and Global Amenities, LLC*

---

[1] Joint Motion for Extension of Time was electronically filed on June 17, 2016, Filing #42923111.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

      Defendants.
_____/

## OBJECTION TO DEFENDANTS' DESIGNATION OF
## DOCUMENTS AS 'HIGHLY CONFIDENTIAL'

COMES NOW Plaintiff, ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel and, moves this Court for entry of an Order establishing that certain documents designated by Defendants as highly confidential are not entitled to such status. In support thereof, Plaintiff states as follows:

## BACKGROUND

1.     On November 6, 2015, Plaintiff served its Second Request for Production to Don Abreu, seeking "any and all contracts used to secure agreements with Lodging Providers in connection with any amenity program." A true and correct copy of the Second Request for Production is attached hereto as Exhibit "A."

2.     Defendants failed to timely respond to this request.

1

3.      On January 13, 2016, Plaintiff filed a Motion to Compel responses.[1]

4.      On February 22, 2016, this Court entered an Order Granting Plaintiff's Motion to Compel Responses to Discovery.

5.      On April 15, 2016, Defendants produced four contracts in response to Plaintiff's Second Request for Production to Abreu. These contracts were designated as "Highly Confidential."

6.      On June 1, 2016, after the deposition of Mr. Abreu, Defendants produced an additional fifteen (15) contracts.  These contracts were designated as "Highly Confidential."

## ARGUMENT

7.      On February 18, 2016, this Court entered the Parties' Stipulated Order of Confidentiality ("Stipulated Order").[2]

8.      Information marked "Highly Confidential" may only be shared with counsel and its staff, the Court, and any expert witnesses. According to the Stipulated Order of Confidentiality, the designation of "Highly Confidential" is reserved for:

> […] [C]ategories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons [listed in the Section of the Order regarding documents marked 'Confidential'] may compromise and/or jeopardize the supplying party's business interests […]

9.      According to Section IX of the Stipulated Order, the burden is on the party designating material as "Confidential" or "Highly Confidential" to show by a preponderance of the evidence that there is good cause for the material to have such protection.

---

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed on January 13, 2016. Filing #: 36541705.
[2] Stipulated Motion for Order of Confidentiality was electronically filed on February 12, 2016. Filing # 37769885.

10.     This action involves the theft of ASI's trade secrets.  By designating key documents as "Highly Confidential," the Defendants have prevented ASI from fully evaluating the extent to which it believes its trade secrets have been stolen by the Defendants.

11.     Therefore, Plaintiff respectfully requests that this Court enter an order establishing that these documents are not entitled to protection as "Highly Confidential."

WHEREFORE, Plaintiff, ASI Holding Company, Inc., respectfully request that this Court enter an Order establishing that certain documents designated by Defendants as highly confidential are not entitled to such status.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 18th day of July, 2016.

/s/ Darian Zamora_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:      bgordon@kaglawfirm.com
            dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO
## DEFENDANT DON ABREU

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Don Abreu, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

EXHIBIT "A"

B.     The terms "DEFENDANT," "YOU," "YOUR," "ABREU,"  refer to Defendant, Don Abreu and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Abreu.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.   The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## INSTRUCTIONS

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)     Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.      Please produce any and all marketing materials used by you in connection with any amenity program, including but not limited to print materials, advertising, presentations, brochures, and images from websites.

2.      Please produce any and all contracts used to secure agreements with Lodging Providers in connection with any amenity program.

3.      Please produce any and all contracts used to secure Service Providers in connection with any amenity program.

4.      Please produce a list of current and past clients that have utilized your amenity program.

5.      Please produce a list of all Lodging Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Lodging Providers became involved with your amenity program.

6.      Please produce a list of all Service Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Service Providers became involved with your amenity program.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 6th day of November, 2015.

/s/ A. Benjamin Gordon
A. Benjamin Gordon

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:      bgordon@kaglawfirm.com
            dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
# IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

       Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

    This cause having come before the Court at the June 15, 2016, hearing on Plaintiff's Motion to Compel Responses to Discovery[1], the Court having heard from counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

    1.    Plaintiff's Motion to Compel Responses to Discovery is GRANTED.

    2.    To the extent that Plaintiff and Defendants are unable to agree upon an alternative method of obtaining the requested information, a special master shall be appointed to make a ghost copy of the hard drive (the "Hardware") from the computer that Defendant states that this document originated.

    3.    The special master shall forensically copy and examine all data stored on the Hardware for the sole purpose of identifying and preserving ASI's Program Agreement in native format, showing all subsequent revisions, collected from the

---

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the clerk on April 26, 2016. Filing # 40756420.

Hardware as confidential and shall not disclose to any person except as provided in this Order.

4.      The special master shall return the Hardware to Defendants within 24 hours of receipt.

5.      Within twenty (20) days of completing the examination of the Hardware, the special master shall submit its report to the Parties.

6.      The Parties shall have twenty (20) days from receipt of the report to submit any objections to the Court.

7.      If the Parties are unable to agree upon a special master, Kenneth Leone will be appointed to act as the special master.

8.      The retainer, fees and/or costs of the Special master shall be paid in equal halves by the parties.

9.      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 07/19/2016 13:24:50 nfEVVM4L

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
### IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### ORDER GRANTING JOINT MOTION FOR EXTENSION OF PRE-TRIAL DEADLINE REGARDING WITNESS LISTS[1]

      THIS MATTER came before the Court on the parties Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists. The Court, having reviewed the Motion, being advised that the parties have stipulated to the entry of this Order, and otherwise fully advised in the premises, ORDERS as follows:

      1.      The Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists is GRANTED.

      2.      The deadline for the parties to file their Non-Expert and Expert Witness Lists, is extended to August 8, 2016.

      3.      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this

_____

[1] The Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists was electronically filed with the Court on July 18, 2016. Filing # 44054015.

Order upon any *pro se* party who does not have access to nor is a registered user of the

Florida Courts e-Filing Portal.

      DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 07/20/2016 13:02:32 GHzssM.m

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### PLAINTIFF'S NOTICE OF HEARING ON PLAINTIFF'S OBJECTION TO
### DEFENDANTS' DESIGNATION OF DOCUMENTS AS 'HIGHLY CONFIDENTIAL'[1]

**PLEASE TAKE NOTICE** that a hearing regarding Plaintiff's Objection to

Defendants' Designation of Documents as 'Highly Confidential' has been set as follows:

| | |
|---|---|
| Judge: | Honorable John T. Brown |
| Place: | Judge Brown's Chambers<br>Okaloosa County Courthouse, Fort Walton Beach, Annex |
| Time: | 11:00 a.m. CT (15 minutes have been reserved) |
| Date: | August 4, 2016 |

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

**Court Administration, ADA Liaison**
**Okaloosa County**
**1940 Lewis Turner Blvd.**
**Fort Walton Beach, FL 32547**
**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**

---

[1] Plaintiff's Objection to Defendants' Designation of Documents as 'Highly Confidential' was electronically filed with the clerk on July 18, 2016. Filing # 44067537.

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.\*\***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, <u>Jay@jscheyd.com</u> on this 27th day of July, 2016.

/s/ Darian Zamora _____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       <u>bgordon@kaglawfirm.com</u>
             <u>dzamora@kaglawfirm.com</u>

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                             CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

## PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND ORDER TO SHOW CAUSE

        Plaintiff, ASI Holding Company, Inc., ("ASI"), by and through their undersigned counsel, hereby moves for entry of an Order of Contempt and entry of an Order to Show Cause, and in support thereof state as follows:

        1.      On June 21, 2016, this Court entered its Order Granting Plaintiff's Motion to Compel Responses to Discovery, a copy of which is attached hereto as Exhibit "A."

        2.      This Order compelled the Defendants to produce complete responses to Plaintiff's First Request for Production to Defendant, Chris Manios, Third Request for Production to Defendant, Andrew Manios, and Fourth Request for Production to Defendant, Don Abreu, by July 1, 2016.

        3.      As of the date of filing of this motion, Defendants have failed to comply by failing to produce documents in response to Plaintiff's Requests for Production.

Specifically, Defendants have failed to produce all tax returns filed on behalf of Global Amenities.[1]

4.       It has long been recognized that Courts have the authority to enforce an Order by the exercise of their contempt powers.  *See Johnson v. Bednar*, 573 So.2d 822, 824 (Fla. 1991), overruled on other grounds by *Parisi v. Broward County*, 769 So.2d 359 (Fla. 2000) (trial court is afforded broad discretion in fashioning remedy in contempt proceedings).  The purpose of a civil contempt sanction is remedial and for the benefit of the moving party to compel compliance with a Court Order.  *See Chetram v. Singh*, 937 So.2d 716 (Fla. 5th DCA 2006).

5.       Accordingly, Plaintiff requests that this Court find Defendants in contempt of court, issue an Order to Show Cause, and enter any other appropriate Order, sanctions, or other relief.

6.       Plaintiff also requests reimbursement of all attorney's fees and costs incurred in pursuing this Motion.

7.       This Motion is brought in good faith, is not for purposes of delay, and will not result in unfair prejudice.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an appropriate Order of Contempt, Order to Show Cause, and any other relief as the Court deems just and proper, including attorney fees incurred.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617

---

[1] Defendants have also failed to produce all communications between the Defendants relating to ASI and its amenity program, as requested in Plaintiff's Requests for Production. Counsel for the parties have been in communication regarding more efficient ways to obtain those documents. Plaintiff reserves the right to amend this Motion to seek those documents if no alternative method of production is agreed upon by the parties.

Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:   bgordon@kaglawfirm.com
         dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com on this 27th day of July, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:   bgordon@kaglawfirm.com
         dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                                   CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
### RESPONSES TO DISCOVERY

This cause having come before the Court at the June 15, 2016, hearing on Plaintiff's Motion to Compel Responses to Discovery[1], Defendants' Objection to Requests for Production[2], and Defendants' Objection to Plaintiff's First Request for Production to Defendant, Chris Manios and Plaintiff's Third Request for Production to Defendant, Andrew Manios, and Plaintiff's Fourth Request for Production to Defendant, Don Abreu[3] (collectively, "Defendants' Objections"), the Court having heard from counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

    1.      Plaintiff's Motion to Compel Responses to Discovery is hereby GRANTED. Defendants' Objections are hereby DENIED.

---

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically file4d with the clerk on June 16, 2016. Filing # 42615031.
[2] Defendants' Objection to Requests for Production was electronically filed with the clerk on May 23, 2016. Filing # 41824511
[3] Defendants' Objection to Plaintiff's First Request for Production to Defendant, Chris Manios and Plaintiff's Third Request for Production to Defendant, Andrew Manios, and Plaintiff's Fourth Request for Production to Defendant, Don Abreu was electronically filed with the clerk on June 14, 2016. Filing # 42737911.

2.      Defendant Abreu shall have fifteen (15) days from the date of this Order to produce all responsive documents.

3.      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 06/21/2016 16:50:11 72sAKYWa

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

### PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND ORDER TO SHOW CAUSE

      Plaintiff, ASI Holding Company, Inc., ("ASI"), by and through their undersigned counsel, hereby moves for entry of an Order of Contempt and entry of an Order to Show Cause, and in support thereof state as follows:

      1.     On November 6, 2015, Plaintiff filed its Second Request for Production to Don Abreu. A true and correct copy of the Second Request for Production to Don Abreu is attached hereto as Exhibit "A."

      2.     On January 13, 2016, Plaintiff filed a Motion to Compel Responses to Discovery due to Abreu's failure to respond to its Second Request for Production to Don Abreu. A true and correct copy of the Motion to Compel Responses to Discovery is attached hereto as Exhibit "B."

      3.     On February 18, 2016, this Court entered its Order Granting Plaintiff's Motion to Compel Responses to Discovery, a copy of which is attached hereto as Exhibit "C."

4.      This Order compelled the Defendants to produce complete responses to Plaintiff's Second Request for Production to Don Abreu, by February 29, 2016.

5.      As of the date of filing of this motion, Defendants failed to fully comply by failing to produce documents in response to Plaintiff's Requests for Production. Specifically, Defendants have failed to produce all contracts and agreements with its Service Providers.

6.      It has long been recognized that Courts have the authority to enforce an Order by the exercise of their contempt powers. *See Johnson v. Bednar*, 573 So.2d 822, 824 (Fla. 1991), overruled on other grounds by *Parisi v. Broward County*, 769 So.2d 359 (Fla. 2000) (trial court is afforded broad discretion in fashioning remedy in contempt proceedings). The purpose of a civil contempt sanction is remedial and for the benefit of the moving party to compel compliance with a Court Order. *See Chetram v. Singh*, 937 So.2d 716 (Fla. 5th DCA 2006).

7.      Accordingly, Plaintiff requests that this Court find Defendants in contempt of court, issue an Order to Show Cause, and enter any other appropriate Order, sanctions, or other relief.

8.      Plaintiff also requests reimbursement of all attorney's fees and costs incurred in pursuing this Motion.

9.      This Motion is brought in good faith, is not for purposes of delay, and will not result in unfair prejudice.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an appropriate Order of Contempt, Order to Show Cause, and any other relief as the Court deems just and proper, including attorney fees incurred.

/s/ Darian Zamora

A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:            bgordon@kaglawfirm.com
                     dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com on this 27th day of July, 2016.

/s/ Darian Zamora

A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:            bgordon@kaglawfirm.com
                     dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

Case 3:16-cv-00463-MCR-GRJ   Document 1-20   Filed 09/14/16   Page 50 of 269

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                             CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO
## DEFENDANT DON ABREU

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Don Abreu, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

EXHIBIT "A"

B.     The terms "DEFENDANT," "YOU," "YOUR," "ABREU,"  refer to Defendant, Don Abreu and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Abreu.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.   The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## <u>INSTRUCTIONS</u>

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

> (1)    Date;
>
> (2)    Author;
>
> (3)    Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.      Please produce any and all marketing materials used by you in connection with any amenity program, including but not limited to print materials, advertising, presentations, brochures, and images from websites.

2.      Please produce any and all contracts used to secure agreements with Lodging Providers in connection with any amenity program.

3.      Please produce any and all contracts used to secure Service Providers in connection with any amenity program.

4.      Please produce a list of current and past clients that have utilized your amenity program.

5.      Please produce a list of all Lodging Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Lodging Providers became involved with your amenity program.

6.      Please produce a list of all Service Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Service Providers became involved with your amenity program.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 6th day of November, 2015.

/s/ A. Benjamin Gordon
A. Benjamin Gordon

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

### PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

    COMES NOW, Plaintiff, ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel pursuant to Florida Rule of Civil Procedure 1.380, and hereby requests that this Court enter an Order compelling Defendant, Don Abreu ("ABREU") to produce responses to discovery requests. In support of this Motion, ASI state as follows:

    1.    On November 6, 2015, ASI served the following discovery request upon Abreu (the "Discovery"):

        a.    Plaintiff's Second Request for Production to Defendant, Don Abreu.

               A copy of which is attached hereto as Exhibit "A."

    2.    ASI has attempted in good faith to resolve this issue.

    3.    Abreu has failed to respond to ASI's good faith attempt.

    4.    Thus, ASI respectfully requests that the Court enter an order compelling Abreu to respond to the Discovery.

    5.    If the Court grants the relief requested herein and enters the requested order compelling Abreu to respond to the Discovery, ASI respectfully requests that the

EXHIBIT "B"

Court award attorney's fees and costs incurred in obtaining said order. Fla. R. Civ. P. 1.380(a)(4).

WHEREFORE, ASI respectfully requests that the Court enter an order:

a.   Compelling Abreu to respond to the Discovery within 10 days;

b.   Awarding the ASI its attorney's fees and costs in obtaining the order compelling discovery; and

c.   Providing such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 13h day of January, 2015.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:         bgordon@kaglawfirm.com
                  dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO
## DEFENDANT DON ABREU

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Don Abreu, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.    The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

EXHIBIT "A"

B.      The terms "DEFENDANT," "YOU," "YOUR," "ABREU,"  refer to Defendant, Don Abreu and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Abreu.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.      The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.   The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## INSTRUCTIONS

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)     Date;

(2)     Author;

(3)     Addressee;

(4)    Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)    Statement of the basis upon which the privilege is claimed; and

(6)    The numbers of each specific request to which the document or thing would be responsive.

B.    If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)    The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)    The circumstances surrounding such disposition, including any authorization therefore; and

(3)    Where applicable, the person currently in possession, custody or control of such document or item.

C.    Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.    Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.    For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## DOCUMENTS TO PRODUCE

1.      Please produce any and all marketing materials used by you in connection with any amenity program, including but not limited to print materials, advertising, presentations, brochures, and images from websites.

2.      Please produce any and all contracts used to secure agreements with Lodging Providers in connection with any amenity program.

3.      Please produce any and all contracts used to secure Service Providers in connection with any amenity program.

4.      Please produce a list of current and past clients that have utilized your amenity program.

5.      Please produce a list of all Lodging Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Lodging Providers became involved with your amenity program.

6.      Please produce a list of all Service Providers you have given information to regarding your amenity program or presented the concept of your amenity program to in any way, irrespective of whether or not those Service Providers became involved with your amenity program.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and Tiffany@jscheyd.com on this 6th day of November, 2015.

/s/ A. Benjamin Gordon
A. Benjamin Gordon

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
## RESPONSES TO DISCOVERY

This cause having come before the Court at the February 4, 2016, hearing on

Plaintiff's Motion to Compel Responses to Discovery[1], the Court having heard from

counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

    1.    Plaintiff's Motion to Compel Responses to Discovery is hereby GRANTED.

    2.    Defendant Abreu shall have ten (10) days from the date of this Order to

produce all responsive documents.

    3.    The Parties have agreed to a Stipulated Order of Confidentiality.

    4.    Plaintiff is awarded Attorneys' Fees in the amount of $941.00, for bringing

forth the Motion to Compel Responses to Discovery.

    5.    Defendant Abreu is ordered to pay $941.00, to counsel for Plaintiff. The

payment of the $941.00 shall be paid in certified funds made payable to the Trust Account

of Keefe, Anchors & Gordon, P.A. and delivered to Keefe, Anchors & Gordon, P.A.'s office

_____

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the clerk on January 13, 2016. Filing # 36541705.

located at 2113 Lewis Turner Blvd., Suite 100, Fort Walton Beach, FL 32547, no later

than 4:00 p.m. CST, within ten (10) days of the date of this Order.

DONE AND ORDERED in Okaloosa County, Florida this 18th day of

_Feb._ , 2016.

John T. Brown
Circuit Court Judge

## CLERK'S CERTIFICATE OF MAILING

I HEREBY CERTIFY that a truce and correct copy of the foregoing has been furnished to all counsel of record and/or parties via regular U.S. Mail on this 29 day of February, 2016 as follows:

Darian L. Zamora
A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541

JD Peacock, II
CLERK OF COURT

By: _____
Deputy Clerk

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,

vs.                              CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation,

       Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR EMERGENCY ORDER TO STAY NON-FINAL ORDER ALLOWING THIRD PARTY REQUESTS FOR PRODUCTION FROM DEFENDANTS' CUSTOMERS

This cause having come before the Court at the July 26, 2016, hearing on Defendants'

Motion for Emergency Order to Stay Non-Final Order Allowing Third Party Requests for

Production from Defendants' Customers, the Court having heard from counsel, reviewed the file

and being otherwise fully advised, it is hereby

ORDERED that Defendant's Motion for Emergency Order to Stay Non-Final Order

Allowing Third Party Requests for Production from Defendants' Customers is hereby GRANTED

and will be further reviewed at the Case Management Conference in this matter, currently

scheduled for September 12, 2016 at 9:00 a.m. (CST).

DONE AND ORDERED in Okaloosa County, Florida.

## IN THE CIRCUIT COURT OF THE 1ˢᵗ JUDICIAL CIRCUIT,
## IN AND FOR OKALOOSA, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation
                    Plaintiff,                    **CASE NO. 2013 CA 4103**

vs.

DON ABREU, ANDREW MANIOS,
CHRISTOPHER MANIOS and
GLOBAL AMENTITIES, LLC.
                    Defendants.
_____/

## STIPULATION FOR SUBSTITUTION OF COUNSEL

The Defendants herein, Don Abreu, Andrew Manios, Christopher Manios and Global Amenities, LLC stipulate and agree that the Law Firm of Pollard PLLC, is to be substitute counsel of record, to replace the Law Firm of Joseph M. Scheyd, Jr., PA as Defendants' counsel of record in this proceeding.

Dated:  July 28, 2016                              Respectfully submitted,

Pollard PLLC                                       Joseph M. Scheyd, Jr. PA
401 E. Las Olas Blvd.                              1221 Airport Road
Suite 1400                                         Suite 209
Fort Lauderdale, Florida 33301                     Destin, Florida 32541
(954) 332-2380 Telephone                           (850) 837-1171 Telephone
E-mail: jpollard@pollardllc.com                    (850) 387-3317 Facsimile
Fla. Bar No. 83613                                 E-mail: emeraldcoast@cox.net
                                                   Fla. Bar No. 0995304


/s/ Jonathan E. Pollard                            /s/ Joseph M. Scheyd, Jr.
Jonathan E. Pollard                                Joseph M. Scheyd, Jr.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed on July 28, 2016 via the Court's electronic filing system.  All registered counsel will receive notice via the Court's electronic notification system.

<u>/s/ Jonathan Pollard</u>

IN THE CIRCUIT COURT OF THE 1st JUDICIAL CIRCUIT,
IN AND FOR OKALOOSA, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation
               Plaintiff,                **CASE NO. 2013 CA 4103**

vs.

DON ABREU, ANDREW MANIOS,
CHRISTOPHER MANIOS and
GLOBAL AMENTITIES, LLC.
               Defendants.
_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES

The law firm of Pollard PLLC hereby files this notice of appearance of counsel and designation of email addresses in accordance with Florida Rule of Judicial Administration 2.505(e). The firm has been retained to represent all Defendants in this matter. Counsel for Defendants hereby designates the following email addresses for electronic service of documents:

- Brooke Bach, Esq.
  bbach@pollardllc.com
- Jonathan Pollard, Esq.
  jpollard@pollardllc.com
  dgrant@pollardllc.com
- Nathan Saunders, Esq.
  nsaunders@pollardllc.com

Dated: July 28, 2016                  Respectfully submitted,

                                        By: s/ *Jonathan Pollard*
                                        Jonathan E. Pollard
                                        Florida Bar No.: 83613
                                        jpollard@pollardllc.com
                                        Pollard PLLC
                                        401 E. Las Olas Blvd. #1400

Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed on July 28, 2016 via the Court's electronic filing system.  All registered counsel will receive notice via the Court's electronic notification system.

/s/ Jonathan Pollard

IN THE CIRCUIT COURT OF THE 1st JUDICIAL CIRCUIT,
IN AND FOR OKALOOSA, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation
                 Plaintiff,               **CASE NO. 2013 CA 4103**

vs.

DON ABREU, ANDREW MANIOS,
CHRISTOPHER MANIOS and
GLOBAL AMENTITIES, LLC.
                 Defendants.
_____/

## DEFENDANTS' MOTION FOR CONTINUANCE

Defendants, by and through their undersigned counsel, move for a twenty (20) day continuance of these proceedings and in support state as follows:

The undersigned counsel was retained on July 27, 2016 to take over this litigation and substitute for prior defense counsel. This matter has been in litigation for more than two years. There is a significant case record already established. In similar instances, where counsel withdraws from a case, courts routinely grant the impacted party a 30-day continuance in order to secure new counsel. In the instant matter, Defendants have secured new counsel and do not seek a full 30 days. Instead, Defendants seek a twenty (20) continuance of these proceedings in order to allow counsel a reasonable opportunity to review the record and prepare for upcoming case events, including any depositions.

Defendants' request of twenty (20) days is a relatively brief continuance. Such a continuance in no way prejudices Plaintiff. If granted, after the continuance, the litigation will proceed unabated. Defendants' request is well supported by the weight of authority. *See, e.g., Buscemi v. 6060 Realty Corp.,* 654 So. 2d 197, 198 (Fla. 3rd DCA 1995) (abuse of discretion to

deny brief continuance based on change of counsel where there is no prejudice to opposing party).  *See also Yaris v. Hartley*, 128 So. 3d 825, 829 (Fla. 4th DCA 2013) (reasonable request for continuance should be granted absent prejudice to opposing party); *Rice v. NITV, LLC*, 19 So. 3d 1095, 1099 (Fla. Dist. Ct. App. 2009) (same); *Peiman v. Peiman*, 829 So. 2d 307, 309 (Fla. 5th DCA 2002) (same).

## CONCLUSION

WHEREFORE, Defendants respectfully request the Court grant a twenty (20) day continuance up to and including August 18, 2016 and staying all proceedings and case events until that time.

Dated: July 28, 2016                                         Respectfully submitted,


By: s/ *Jonathan Pollard*
Jonathan E. Pollard
Florida Bar No.: 83613
jpollard@pollardllc.com
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

*Attorney for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed on July 28, 2016 via the Court's electronic filing system.  All registered counsel will receive notice via the Court's electronic notification system.

/s/ Jonathan Pollard

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
# IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

## NOTICE POSTPONEMENT OF VIDEOTAPED DEPOSITION OF LOUIS MANIOS

To:    Joseph M. Scheyd             Jonathan E. Pollard
       1221 Airport Road, Suite 209      Pollard, PLLC
       Destin, FL  32541             401 E. Las Olas Blvd., Suite 1400
                                      Fort Lauderdale, Florida 33301

      YOU ARE HEREBY NOTIFIED that the deposition of Louis Manios, scheduled to occur on Friday, July 29, 2016 starting at 9:00 a.m. CT / 10:00 a.m. ET, has been postponed. The deposition will be rescheduled for a later date.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 28th day of July, 2016.

                              /s/ Darian Zamora
                              A. Benjamin Gordon
                              Florida Bar No.: 528617
                              Darian Zamora
                              Florida Bar No.: 114951
                              Keefe, Anchors & Gordon, P.A.
                              2113 Lewis Turner Boulevard, Suite 100
                              Ft. Walton Beach, FL  32547
                              Telephone:   (850) 863-1974
                              Facsimile:    (850) 863-1591

Email:      bgordon@kaglawfirm.com
                 dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

   Plaintiff,         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

   Defendants.

_____/

### PLAINTIFF'S AMENDED MOTION FOR CIVIL CONTEMPT
### AND ORDER TO SHOW CAUSE

   Plaintiff, ASI Holding Company, Inc., ("ASI"), by and through their undersigned counsel, hereby moves for entry of an Order of Contempt and entry of an Order to Show Cause, and in support thereof state as follows:

1. On May 31, 2016, Plaintiff filed the following discovery requests:

   a. Plaintiff's First Request for Production to Defendant, Chris Manios;

   b. Plaintiff's Third Request for Production to Defendant, Andrew Manios;

   c. Plaintiff's Fourth Request for Production to Defendant, Don Abreu, (collectively, "Plaintiff's Requests for Production"). True and correct copies of Plaintiff's Requests for Production are attached hereto as Composite Exhibit "A."

2.      On June 21, 2016, this Court entered its Order Granting Plaintiff's Motion to Compel Responses to Discovery, a copy of which is attached hereto as Exhibit "B."

3.      This Order compelled the Defendants to produce complete responses to Plaintiff's Requests for Production by July 1, 2016.

4.      As of the date of filing of this motion, Defendants have failed to comply by failing to produce documents in response to Plaintiff's Requests for Production. Specifically, Defendants have failed to produce:

    a.   Any and all tax returns filed on behalf of Global Amenities, LLC from 2011 to the Present.

    b.  Any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between the Defendants relating to:

        i.  ASI;

        ii. Global Amenities, LLC;

        iii. This lawsuit;

        iv. An Amenity Program; and

        v.  DVD Now

5.      It has long been recognized that Courts have the authority to enforce an Order by the exercise of their contempt powers.  *See Johnson v. Bednar*, 573 So.2d 822, 824 (Fla. 1991), overruled on other grounds by *Parisi v. Broward County*, 769 So.2d 359 (Fla. 2000) (trial court is afforded broad discretion in fashioning remedy in contempt proceedings).  The purpose of a civil contempt sanction is remedial and for the benefit of

the moving party to compel compliance with a Court Order.  *See Chetram v. Singh*, 937 So.2d 716 (Fla. 5th DCA 2006).

6.      Accordingly, Plaintiff requests that this Court find Defendants in contempt of court, issue an Order to Show Cause, and enter any other appropriate Order, sanctions, or other relief.

7.      Plaintiff also requests reimbursement of all attorney's fees and costs incurred in pursuing this Motion.

8.      This Motion is brought in good faith, is not for purposes of delay, and will not result in unfair prejudice.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an appropriate Order of Contempt, Order to Show Cause, and any other relief as the Court deems just and proper, including attorney fees incurred.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:  (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
                dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 28th day of July, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:          bgordon@kaglawfirm.com
                    dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO
## DEFENDANT CHRIS MANIOS

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Chris Manios, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

COMPOSITE EXHIBIT "A"

B.      The terms "DEFENDANT," "YOU," "YOUR," "MANIOS,"  refer to Defendant, Chris Manios and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Manios.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.      The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.   The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from June 1, 2011 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios. The term "Company" or "your Company" shall

refer to any amenity services companies owned or operated by you, or any amenity services companies for whom you act as an employee, contractor, or consultant.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## <u>INSTRUCTIONS</u>

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)     Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.      For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## **DOCUMENTS TO PRODUCE**

1.      Please produce all documents that evidence, describe, refer, or relate to the sale of admission tickets to any service or attraction by Global Amenities, LLC.

2.      Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Don Abreu, relating to any of the following:

      a.      ASI

      b.      Global Amenities, LLC

      c.      This lawsuit

      d.      An Amenity Program

      e.      DVD Now

3.      Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Andrew Manios, relating to any of the following:

      a.      ASI

      b.      Global Amenities, LLC

      c.      This lawsuit

      d.      An Amenity Program

      e.      DVD Now

4.     Please produce all documents that evidence, describe, refer or relate to Global Amenities, LLC's partnership with the following entities, as described in Exhibit "A."

      a.    Mariott

      b.    Hilton

      c.    Wyndham

      d.    Hyatt

      e.    Resort Quest

      f.    Brittain Resort Management

5.     Please produce any and all tax returns filed on behalf of Global Amenities, LLC from 2011 to the present.

6.     Please produce any and all monthly balance sheets and income statements for Global Amenities, LLC.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail and facsimile to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 31 day of May, 2016.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*





# Resort Quest

# Brittain Resort Management

HOME    ABOUT US    FEATURED AMENITIES    KEY PARTNERS    PRICING    CONTACT US

Address Global Amenities, LLC 3185 Grand avenue #304 Pinellas Park, FL 33782

Global Amenities 2016
All rights reserved.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                       CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

### PLAINTIFF'S THIRD REQUEST FOR PRODUCTION TO
### DEFENDANT ANDREW MANIOS

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Andrew Manios, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

### DEFINITIONS

A.     The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.     The terms "DEFENDANT," "YOU," "YOUR," "MANIOS,"  refer to Defendant, Andrew Manios and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Manios.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.   The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information. The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.     The term "PERIOD" means the time period from June 1, 2011 to the present, unless otherwise indicated.

G.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.     The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios. The term "Company" or "your Company" shall

refer to any amenity services companies owned or operated by you, or any amenity services companies for whom you act as an employee, contractor, or consultant.

I.      The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.      The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

L.      The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

M.      The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## INSTRUCTIONS

A.      If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

(1)     Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.      If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.      Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## **DOCUMENTS TO PRODUCE**

1.     Please produce all documents that evidence, describe, refer, or relate to the sale of admission tickets to any service or attraction by Global Amenities, LLC.

2.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Don Abreu, relating to any of the following:

      a.     ASI

      b.     Global Amenities, LLC

      c.     This lawsuit

      d.     An Amenity Program

      e.     DVD Now

3.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Chris Manios, relating to any of the following:

      a.     ASI

      b.     Global Amenities, LLC

      c.     This lawsuit

      d.     An Amenity Program

      e.     DVD Now

4.      Please produce all documents that evidence, describe, refer or relate to Global Amenities, LLC's partnership with the following entities, as described in Exhibit "A."

      a.      Mariott

      b.      Hilton

      c.      Wyndham

      d.      Hyatt

      e.      Resort Quest

      f.      Brittain Resort Management

5.      Please produce any and all tax returns filed on behalf of Global Amenities, LLC for 2011 to the present.

6.      Please produce any and all monthly balance sheets and income statements for Global Amenities, LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail and facsimile to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 31 day of May, 2016.

/s/ A. Benjamin Gordon
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:          bgordon@kaglawfirm.com
                    dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*





# Resort Quest

# Brittain Resort Management

HOME    ABOUT US    FEATURED AMENITIES    KEY PARTNERS    PRICING    CONTACT US

Address Global Amenities, LLC 3185 Grand avenue #304 Pinellas Park, FL 33782

Global Amenities 2016

All rights reserved.

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

## PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION TO
## DEFENDANT DON ABREU

Plaintiff, Keefe, Anchors & Gordon, P.A. ("KAG"), by and through undersigned counsel and pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby request Defendant, Don Abreu, to produce the following designated documents for inspection and copying at the law offices of Keefe, Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Fort Walton Beach, Florida 32547, or such other place as counsel may agree, within thirty (30) days from the date of service hereof.

## DEFINITIONS

A.      The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.     The terms "DEFENDANT," "YOU," "YOUR," "ABREU,"  refer to Defendant, Don Abreu and include his successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Abreu.  When a document request is relevant to less than all Defendants and/or you, the singular form of the word should be substituted as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

C.     The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your actual or constructive possession, custody or control.   The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data

compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information. The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

D.      The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

E.      The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

F.      The term "PERIOD" means the time period from June 1, 2011 to the present, unless otherwise indicated.

G.      "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

H.      The term "Defendants" shall mean Don Abreu and Andrew Manios, and include their successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of Don Abreu and Andrew Manios. The term "Company" or "your Company" shall

refer to any amenity services companies owned or operated by you, or any amenity services companies for whom you act as an employee, contractor, or consultant.

  I.  The term "PLAINTIFF" shall mean ASI Holding Company, Inc. d/b/a Amenity Services, Inc., a Florida corporation.

  J.  When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

  K.  The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

  L.  The term "Lodging Provider" shall include any and all hotels, motels, resorts, bed & breakfasts, inns, and all other places of public or private accommodation.

  M.  The term "Service Provider" shall include all entities, individuals and organizations providing services of any kind, including but not limited to, equipment rentals, DVD/movie rentals, attractions, and recreational activities.

## **INSTRUCTIONS**

  A.  If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

    (1)  Date;

(2)     Author;

(3)     Addressee;

(4)     Brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     Statement of the basis upon which the privilege is claimed; and

(6)     The numbers of each specific request to which the document or thing would be responsive.

B.      If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     The date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     The circumstances surrounding such disposition, including any authorization therefore; and

(3)     Where applicable, the person currently in possession, custody or control of such document or item.

C.      Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.      Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## **DOCUMENTS TO PRODUCE**

1.     Please produce all documents that evidence, describe, refer, or relate to the sale of admission tickets to any service or attraction by Global Amenities, LLC.

2.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Andrew Manios, relating to any of the following:

    a.     ASI

    b.     Global Amenities, LLC

    c.     This lawsuit

    d.     An Amenity Program

    e.     DVD Now

3.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Chris Manios, relating to any of the following:

    a.     ASI

    b.     Global Amenities, LLC

    c.     This lawsuit

    d.     An Amenity Program

    e.     DVD Now

4.      Please produce all documents that evidence, describe, refer or relate to Global Amenities, LLC's partnership with the following entities, as described in Exhibit "A."

        a.      Mariott

        b.      Hilton

        c.      Wyndham

        d.      Hyatt

        e.      Resort Quest

        f.      Brittain Resort Management

5.      Please produce any and all tax returns filed on behalf of Global Amenities, LLC from 2011 to the present.

6.      Please produce any and all monthly balance sheets and income statements for Global Amenities, LLC.

7.      Please produce, in native format, any and all documents obtained or received from ASI from January 1, 2008 to the present.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail and facsimile to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com on this 31 day of May, 2016.

                              /s/ A. Benjamin Gordon
                              A. Benjamin Gordon
                              Florida Bar No.: 528617
                              Darian Zamora
                              Florida Bar No.: 114951
                              Keefe, Anchors & Gordon, P.A.
                              2113 Lewis Turner Boulevard, Suite 100
                              Ft. Walton Beach, FL   32547
                              Telephone:   (850) 863-1974

Facsimile:    (850) 863-1591
Email:         bgordon@kaglawfirm.com
                  dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*





# Resort Quest

# Brittain Resort Management

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
## RESPONSES TO DISCOVERY

This cause having come before the Court at the June 15, 2016, hearing on Plaintiff's Motion to Compel Responses to Discovery[1], Defendants' Objection to Requests for Production[2], and Defendants' Objection to Plaintiff's First Request for Production to Defendant, Chris Manios and Plaintiff's Third Request for Production to Defendant, Andrew Manios, and Plaintiff's Fourth Request for Production to Defendant, Don Abreu[3] (collectively, "Defendants' Objections"), the Court having heard from counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

    1.    Plaintiff's Motion to Compel Responses to Discovery is hereby GRANTED.

Defendants' Objections are hereby DENIED.

_____

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically file4d with the clerk on June 16, 2016. Filing # 42615031.
[2] Defendants' Objection to Requests for Production was electronically filed with the clerk on May 23, 2016. Filing # 41824511
[3] Defendants' Objection to Plaintiff's First Request for Production to Defendant, Chris Manios and Plaintiff's Third Request for Production to Defendant, Andrew Manios, and Plaintiff's Fourth Request for Production to Defendant, Don Abreu was electronically filed with the clerk on June 14, 2016. Filing # 42737911.

2.      Defendant Abreu shall have fifteen (15) days from the date of this Order to produce all responsive documents.

3.      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 08/21/2016 16:50:11 72sAKYWa

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,

vs.                                CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation,

       Defendants.

_____/

## <u>WITHDRAWAL AS ATTORNEY OF RECORD</u>

      JOSEPH M. SCHEYD, JR., ESQUIRE, hereby withdraws as attorney for Defendants,

DON ABREU, an individual, and ANDREW MANIOS, an individual, CHRIS MANIOS, an

individual, and GLOBAL AMENITIES, LLC, a South Carolina corporation, and states:

     1.     Defendants have retained new counsel to represent them in this matter and a

           Stipulation for Substitution of Counsel has been filed.

     2.     All future pleadings and correspondence shall be delivered to:

Jonathan E. Pollard, Esq.
Pollard PLLC
401 E. Las Olas Blvd., Suite 1400
Ft. Lauderdale, Florida 33301
(954) 332-2380 Telephone
E-Mail: jpollard@pollardllc.com

WHEREFORE, JOSEPH M. SCHEYD, JR., ESQUIRE, hereby withdraws as attorney of record for Defendants, DON ABREU, an individual, and ANDREW MANIOS, an individual, CHRIS MANIOS, an individual, and GLOBAL AMENITIES, LLC, a South Carolina corporation, without further responsibility in representing said Defendants herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been electronically filed and copies furnished to jpollard@pollardllc.com; bgordon@kaglaw.com; dzamora@kaglawfirm.com and mbaughn@kaglawfirm.com using the E-Portal Filing System this 29ᵗʰ day of July, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.

_____/

### RESPONSE TO DEFENDANTS' MOTION FOR CONTINUANCE

        Plaintiff, ASI Holding Company, Inc., ("ASI"), by and through their undersigned counsel, hereby files this Response to Defendants' Motion for Continuance, and in support thereof states as follows:

        1.     Three years ago, in September 2013, ASI filed this lawsuit for breach of a non-disclosure agreement and theft of trade secrets by the Defendants in their operation of a competing business.

        2.     After aggressively litigating for one year, Defendants obtained an eighteen (18) month stay by belatedly asserting Andrew Manios' prior bankruptcy, of which ASI was not given notice.

        3.     After expending significant time and effort, ASI was able to obtain relief from the bankruptcy court to proceed with this litigation, in March 2016.

4.      During the pendency of this litigation, Defendants have generated revenues in excess of two (2) million dollars in their competing business.

5.      Defendants have also further delayed this case by failing to produce documents in discovery, some of which have been outstanding for nearly eight (8) months, necessitating ASI's filing multiple Motions to Compel and Motions for Contempt directed towards that discovery.

6.      Undersigned counsel appreciates the need for Defendants' new counsel to review the record and prepare for upcoming case events.   However, Defendants have been ably represented in this matter for years by Attorney Scheyd, with multiple pre-trial deadlines quickly approaching, and a trial set to occur in less than ninety (90) days.  ASI proposes a twenty (20) day stay of any new activity, on the condition that previously set deadlines and events remain in place, and that Defendants produce all outstanding discovery by no later than August 5, 2016.

WHEREFORE, and for the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for Continuance, and enter an Order granting a twenty (20) day stay of all new activity in this action, with all previously set deadlines and case events to proceed as scheduled, and any other relief as the Court deems just and proper.

Respectfully submitted this 29th day of July, 2016.

/s/ Darian Zamora_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591

Email:    bgordon@kaglawfirm.com
dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 29th day of July, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:    bgordon@kaglawfirm.com
dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

3

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                                  CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

       Defendants.

_____/

## NOTICE OF PRODUCTION FROM NON-PARTY

To:    Joseph M. Scheyd             Jonathan E. Pollard
           1221 Airport Road, Suite 209    Pollard, PLLC
           Destin, FL  32541                  401 E. Las Olas Blvd., Suite 1400
                                              Fort Lauderdale, Florida 33301

      **YOU ARE NOTIFIED** that after ten (10) days from the date of service, and if no objection is received from any party, the undersigned will issue the attached subpoena directed to Louis Manios, who is not a party and whose address is shown in the attached subpoena, to produce the items listed in Attachment "A" at the time and place specified in the subpoena.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 3rd day of August, 2016.

                                   /s/ Darian Zamora_____
                                   A. Benjamin Gordon

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.

2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

### SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NON-PARTY

THE STATE OF FLORIDA

To:    Louis Manios
       220 Paradise Cir.
       Townsville, SC 29689

       **YOU ARE HEREBY COMMANDED** to appear at the FedEx Ship Center, located in Anderson County, South Carolina, at 4106 Liberty Hwy., Anderson, SC 29621, on Friday, September 2, 2016 at 9:00 a.m. ET and to have with you at that time and place the following:

### All documents listed on Attachment "A"

These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.**  You may provide the requested documents by U.S. Mail, Facsimile or Electronic Mail. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of

preparation.  Mailing or delivering the copies to the attorney whose name appears on this subpoena will eliminate the need for your appearance at the time and place specified above.  You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.  THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)     appear as specified; or

(2)     furnish the records instead of appearing as provided above; or,

(3)     object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

Dated this _____ day of August 2016.

_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:         bgordon@kaglawfirm.com
                  dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

4

## ATTACHMENT "A"

## **DEFINITIONS**

A.    The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.    The terms "DEFENDANTS," refer to Defendants, Don Abreu, Andrew Manios, Chris Manios and Global Amenities, LLC and includes their successors or predecessors in interest and all officers attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of the Defendants..

C.    The terms "YOU" and "YOUR," refer to Louis Manios and includes your successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants, and other persons acting or purporting to act on behalf of you.

D.    The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies  thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your

5

actual or constructive possession, custody or control.  The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.  The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

E.     The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

F.     The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

G.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.      The terms "PLAINTIFF" and "ASI" and shall refer to ASI Holding Company, Inc., and includes its successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of ASI Holding Company, Inc.

J.      When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.     The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

**INSTRUCTIONS**

A.     If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

7

(1)     date;

(2)     author;

(3)     addressee;

(4)     brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     statement of the basis upon which the privilege is claimed; and

(6)     the numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     the date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     the circumstances surrounding such disposition, including any authorization therefore; and

(3)     where applicable, the person currently in possession, custody or control of such document or item.

C.     Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.     For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## **DOCUMENTS TO BE PRODUCED**

1.     Please produce documents showing the number the nights rented per unit per year for all units for whom Global Amenities, LLC provided services from January 1, 2010 onward.

2.     Please provide monthly financial statements showing the collection and disbursement of fees collected in relation to Global Amenities, LLC's programs from January 1, 2010 onward.

3.     Please produce copies of and proof of payment for all revenues generated by Global Amenities, LLC.

4.     Please provide any all documents that evidence, refer, and/or relate to Global Amenities, LLC's gross revenues from January 1, 2010 to the present.

5.     Please produce any and all documents that evidence, refer, and/or relate to Global Amenities, LLC's net profits from January 1, 2010 to the present.

6.     Please produce any and all documents that evidence, refer, and/or relate to all costs incurred by Global Amenities, LLC in connection with its amenity services program(s).

7.     Please produce all tax returns filed on behalf of Global Amenities, LLC.

8.     Please produce all financial information of any kind relating to Global Amenities, LLC, from January 1, 2010 to the present, including, but not limited to Quickbooks, ledgers, and other financial information.

9

9.     Please produce documents showing the number the nights rented per unit per year for all units for whom BC Promotions, LLC provided services from January 1, 2010 onward.

10.     Please provide monthly financial statements showing the collection and disbursement of fees collected in relation to BC Promotions, LLC's programs from January 1, 2010 onward.

11.     Please produce copies of and proof of payment for all revenues generated by BC Promotions, LLC.

12.     Please provide any all documents that evidence, refer, or relate to BC Promotions, LLC's gross revenues from January 1, 2010 to the present.

13.     Please produce any and all documents that evidence, refer, or relate to BC Promotions, LLC's net profits from January 1, 2010 to the present.

14.     Please produce any and all documents that evidence, refer, or relate to all costs incurred by BC Promotions, LLC in connection with its amenity services program(s).

15.     Please produce documents showing the number the nights rented per unit per year for all units for whom VIP Vacations provided services from January 1, 2010 onward.

16.     Please provide monthly financial statements showing the collection and disbursement of fees collected in relation to VIP Vacations' programs from January 1, 2010 onward.

17.     Please produce copies of and proof of payment for all revenues generated by VIP Vacations.

18.    Please provide any all documents that evidence, refer, or relate to VIP Vacations' gross revenues from January 1, 2010 to the present.

19.    Please produce any and all documents that evidence, refer, or relate to VIP Vacations' net profits from January 1, 2010 to the present.

20.    Please produce any and all documents that evidence, refer, or relate to all costs incurred by VIP Vacations in connection with its amenity services program(s).

21.    Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Andrew Manios, relating to any of the following:

     a.    ASI

     b.    Global Amenities, LLC

     c.    This lawsuit

     d.    An Amenity Program

     e.    DVD Now

22.    Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Chris Manios, relating to any of the following:

     a.    ASI

     b.    Global Amenities, LLC

     c.    This lawsuit

     d.    An Amenity Program

     e.    DVD Now

23.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Don Abreu relating to any of the following:

       a.     ASI

       b.     Global Amenities, LLC

       c.     This lawsuit

       d.     An Amenity Program

       e.     DVD Now

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

      Defendants.

_____/

## NOTICE OF PRODUCTION FROM NON-PARTY

To:    Joseph M. Scheyd                Jonathan E. Pollard
         1221 Airport Road, Suite 209     Pollard, PLLC
         Destin, FL  32541              401 E. Las Olas Blvd., Suite 1400
                                    Fort Lauderdale, Florida 33301

      **YOU ARE NOTIFIED** that after ten (10) days from the date of service, and if no objection is received from any party, the undersigned will issue the attached subpoena directed to Amanda Ranson, who is not a party and whose address is shown in the attached subpoena, to produce the items listed in Attachment "A" at the time and place specified in the subpoena.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 3rd day of August, 2016.

                              /s/ Darian Zamora_____
                              A. Benjamin Gordon

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.

2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

**<u>SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NON-PARTY</u>**

THE STATE OF FLORIDA

To:    Amanda Ranson
       10 Doverdale Rd.
       Greenville, SC 29615

       **YOU ARE HEREBY COMMANDED** to appear at the FedEx Ship Center, located in Greenville County, South Carolina, at 550 Woods Lake Road, Greenville, SC 29607, on Friday, September 2, 2016 at 9:00 a.m. ET and to have with you at that time and place the following:

**All documents listed on Attachment "A"**

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.** You may provide the requested documents by U.S. Mail, Facsimile or Electronic Mail. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of

3

preparation.  Mailing or delivering the copies to the attorney whose name appears on this subpoena will eliminate the need for your appearance at the time and place specified above.  You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.  THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)    appear as specified; or

(2)    furnish the records instead of appearing as provided above; or,

(3)    object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.

Dated this _____ day of August 2016.

_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:      bgordon@kaglawfirm.com
            dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

4

## ATTACHMENT "A"

## **DEFINITIONS**

A.    The term "COMMUNICATION" shall be construed in its broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting or referring to the subject or topic in question, either in whole or in part, whether by correspondence, telephone, computer, meeting, or any occasion of joint or mutual presence as well as the transfer of any document from one person to another.

B.    The terms "DEFENDANTS," refer to Defendants, Don Abreu, Andrew Manios, Chris Manios and Global Amenities, LLC and includes their successors or predecessors in interest and all officers attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of the Defendants..

C.    The terms "YOU" and "YOUR," refer to Amanda Ranson and includes your successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants, and other persons acting or purporting to act on behalf of you.

D.    The terms "DOCUMENT" or "DOCUMENTS" mean the original and all copies  thereof which are different in any way from the original (whether by interpretation, receipt stamps notation, indication of copies sent or received or otherwise) and all attached or annexed materials to any typewritten, handwritten, printed, graphic, photographic or recorded material as well as all computer data files, tapes, disks, input or outputs, and other computer-readable records or programs, transcripts, and copies, and reproductions thereof, however produced or reproduced, now or at any time in your

actual or constructive possession, custody or control.   The terms "DOCUMENT" or "DOCUMENTS" shall specifically include, but not be limited to, correspondence, emails, instant messages, cellular telephone text messages, PDA messages, telegrams, facsimiles, telexes, memoranda or records of meetings, conferences, telephone or other communications, pamphlets, books, notes, reports, studies, transcripts, indices, accounting records of any kind, including bank examination reports whether state or federal, filings, records, charts, tabulations, lists, analyses, graphs, diagrams, estimates, minutes, (including board and loan committee meetings), tapes, photographs and photographic films, sound recording tapes, phonograph records, video tapes, data compilations from which information can be obtained or can be translated into a form reasonably usable, as well as any method or electronic data processing equipment or magnetically stored information.   The terms "DOCUMENT" or "DOCUMENTS" shall include all materials discoverable under the Florida Rules of Civil Procedure, including Rule 1.351.

E.    The term "ELECTRONICALLY STORED INFORMATION" shall mean writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which information can be obtained; translated into a reasonably usable form or in the form in which the information is ordinarily maintained.

F.    The "PERSON" means any natural person, firm, partnership, association, proprietorship, joint venture, corporation, company, governmental agency, or other organization or business entity.

G.     The term "PERIOD" means the time period from January 1, 1995 to the present, unless otherwise indicated.

H.     "RELATING TO" and "RELATES TO" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

I.     The terms "PLAINTIFF" and "ASI" and shall refer to ASI Holding Company, Inc., and includes its successors or predecessors in interest and all officers, attorneys, brokers, directors, employees, agents, servants and other persons acting or purporting to act on behalf of ASI Holding Company, Inc.

J.     When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed outside the scope hereof.

K.     The words "and" and "or" shall be construed either disjunctively or conjunctive as necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

**INSTRUCTIONS**

A.     If, in answering any request for documents, you claim that the information requested is privileged or subject to protection, please expressly state the applicable privilege or protection and describe the nature of the information, communications, or information not produced in a manner that will enable Defendants to assess the applicability of the claimed privilege or protection and please provide the following identifying information:

7

(1)     date;

(2)     author;

(3)     addressee;

(4)     brief description of the subject matter and form of the document and attachments, including the number of pages;

(5)     statement of the basis upon which the privilege is claimed; and

(6)     the numbers of each specific request to which the document or thing would be responsive.

B.     If there is any document or other item described by this request which is no longer in your possession, custody or control, or is no longer in existence or assessable to you, please indicate:

(1)     the date and nature of the disposition of such document or other tangible item, including, but not limited to, whether such: (a) is missing or lost, (b) has been destroyed, or (c) has been transferred to another person;

(2)     the circumstances surrounding such disposition, including any authorization therefore; and

(3)     where applicable, the person currently in possession, custody or control of such document or item.

C.     Unless the context of any request for documents requires otherwise, references to the conjunctive include the disjunctive, and vice versa.

D.     Absent any order from the court, you shall serve a copy of your answers and objection, if any, within thirty (30) days of the date of service of these requests for documents.

E.      For each producing document(s) relevant to your responses to these requests for production, please segregate your document production by providing such produced document(s).

## **DOCUMENTS TO BE PRODUCED**

1.      Please produce documents showing the number the nights rented per unit per year for all units for whom Global Amenities, LLC provided services from January 1, 2010 onward.

2.      Please provide monthly financial statements showing the collection and disbursement of fees collected in relation to Global Amenities, LLC's programs from January 1, 2010 onward.

3.      Please produce copies of and proof of payment for all revenues generated by Global Amenities, LLC.

4.      Please provide any all documents that evidence, refer, and/or relate to Global Amenities, LLC's gross revenues from January 1, 2010 to the present.

5.      Please produce any and all documents that evidence, refer, and/or relate to Global Amenities, LLC's net profits from January 1, 2010 to the present.

6.      Please produce any and all documents that evidence, refer, and/or relate to all costs incurred by Global Amenities, LLC in connection with its amenity services program(s).

7.      Please produce all tax returns filed on behalf of Global Amenities, LLC.

8.      Please produce all financial information of any kind relating to Global Amenities, LLC, from January 1, 2010 to the present, including, but not limited to Quickbooks, ledgers, and other financial information.

9

9.     Please produce documents showing the number the nights rented per unit per year for all units for whom BC Promotions, LLC provided services from January 1, 2010 onward.

10.     Please provide monthly financial statements showing the collection and disbursement of fees collected in relation to BC Promotions, LLC's programs from January 1, 2010 onward.

11.     Please produce copies of and proof of payment for all revenues generated by BC Promotions, LLC.

12.     Please provide any all documents that evidence, refer, or relate to BC Promotions, LLC's gross revenues from January 1, 2010 to the present.

13.     Please produce any and all documents that evidence, refer, or relate to BC Promotions, LLC's net profits from January 1, 2010 to the present.

14.     Please produce any and all documents that evidence, refer, or relate to all costs incurred by BC Promotions, LLC in connection with its amenity services program(s).

15.     Please produce documents showing the number the nights rented per unit per year for all units for whom VIP Vacations provided services from January 1, 2010 onward.

16.     Please provide monthly financial statements showing the collection and disbursement of fees collected in relation to VIP Vacations' programs from January 1, 2010 onward.

17.     Please produce copies of and proof of payment for all revenues generated by VIP Vacations.

18.     Please provide any all documents that evidence, refer, or relate to VIP Vacations' gross revenues from January 1, 2010 to the present.

19.     Please produce any and all documents that evidence, refer, or relate to VIP Vacations' net profits from January 1, 2010 to the present.

20.     Please produce any and all documents that evidence, refer, or relate to all costs incurred by VIP Vacations in connection with its amenity services program(s).

21.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Andrew Manios, relating to any of the following:

        a.     ASI

        b.     Global Amenities, LLC

        c.     This lawsuit

        d.     An Amenity Program

        e.     DVD Now

22.     Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Chris Manios, relating to any of the following:

        a.     ASI

        b.     Global Amenities, LLC

        c.     This lawsuit

        d.     An Amenity Program

        e.     DVD Now

23.    Please provide any and all documents, including electronically stored information, that evidence, describe, refer and/or relate to any communications between yourself and Don Abreu relating to any of the following:

      a.    ASI

      b.    Global Amenities, LLC

      c.    This lawsuit

      d.    An Amenity Program

      e.    DVD Now

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                             CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

**PLAINTIFF'S NOTICE OF HEARING ON PLAINTIFF'S MOTIONS FOR
CIVIL <u>CONTEMPT AND ORDERS TO SHOW CAUSE</u>[1]**

      **PLEASE TAKE NOTICE** that a hearing regarding Plaintiff's Motions for Civil

Contempt and Orders to Show Cause have been set as follows**:**

      Judge:       Honorable John T. Brown

      Place:       Judge Brown's Chambers
                      Okaloosa County Courthouse, Fort Walton Beach, Annex

      Time:       8:00 a.m. CT (15 minutes have been reserved)

      Date:       August 16, 2016

**\*\*If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you to the provision
of certain assistance. Please contact:**

**Court Administration, ADA Liaison
Okaloosa County
1940 Lewis Turner Blvd.
Fort Walton Beach, FL 32547**

---

[1] Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause (Regarding First Request for Production, Third Request for Production and Fourth Request for Production), was electronically filed with the Clerk of Court July 28, 2016. Filing # 44574845. Plaintiff's Motion for Civil Contempt and Order to Show Cause (Regarding Second Request for Production), was electronically filed with the Clerk of Court on July 27, 2016. Filing # 44499048.

**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**
**at least 7 days before your scheduled court appearance, or immediately upon**
**receiving this notification if the time before the scheduled appearance is less**
**than 7 days; if you are hearing or voice impaired, call 711.\*\***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 3rd day of August, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:           bgordon@kaglawfirm.com
                    dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.
_____/

## PLAINTIFF'S AMENDED NOTICE OF HEARING ON PLAINTIFF'S MOTIONS FOR
## CIVIL CONTEMPT AND ORDERS TO SHOW CAUSE[1]

      **PLEASE TAKE NOTICE** that a hearing regarding Plaintiff's Motions for Civil

Contempt and Orders to Show Cause have been set as follows:

        Judge:          Honorable John T. Brown

        Place:          Judge Brown's Chambers
                            Okaloosa County Courthouse, Fort Walton Beach, Annex

        Time:          8:30 a.m. CT (15 minutes have been reserved)

        Date:          August 16, 2016

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

**Court Administration, ADA Liaison**
**Okaloosa County**
**1940 Lewis Turner Blvd.**
**Fort Walton Beach, FL 32547**

_____

[1] Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause (Regarding First Request for Production, Third Request for Production and Fourth Request for Production), was electronically filed with the Clerk of Court July 28, 2016. Filing # 44574845. Plaintiff's Motion for Civil Contempt and Order to Show Cause (Regarding Second Request for Production), was electronically filed with the Clerk of Court on July 27, 2016. Filing # 44499048.

**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**
**at least 7 days before your scheduled court appearance, or immediately upon**
**receiving this notification if the time before the scheduled appearance is less**
**than 7 days; if you are hearing or voice impaired, call 711.\*\***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 3rd day of August, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:          bgordon@kaglawfirm.com
                    dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.
_____/

### NOTICE POSTPONEMENT OF VIDEOTAPED DEPOSITION OF CHRIS MANIOS

To:    Joseph M. Scheyd              Jonathan E. Pollard
       1221 Airport Road, Suite 209     Pollard, PLLC
       Destin, FL  32541             401 E. Las Olas Blvd., Suite 1400
                                     Fort Lauderdale, Florida 33301

      YOU ARE HEREBY NOTIFIED that the deposition of Chris Manios, scheduled to

occur on Friday, August 5, 2016 starting at 9:00 a.m. CT / 10:00 a.m. ET, has been

postponed. The deposition will be rescheduled for a later date.

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this
Court, and a true and correct copy of hereof has been furnished by electronic mail to
Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard,
Pollard, PLLC, jpollard@pollardllc.com on this 4th day of August, 2016.

                              /s/ Darian Zamora_____
                              A. Benjamin Gordon
                              Florida Bar No.: 528617
                              Darian Zamora
                              Florida Bar No.: 114951
                              Keefe, Anchors & Gordon, P.A.

2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                                    CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY**

      COMES NOW, Plaintiff, ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel pursuant to Florida Rule of Civil Procedure 1.380, and hereby requests that this Court enter an Order compelling Defendants Andrew Manios, Chris Manios, and Don Abreu to adequately respond to Plaintiff's discovery requests. In support of this Motion, ASI states as follows:

      1.     On May 16, 2016, ASI served the following discovery requests upon Defendants (the "Discovery Requests"):

             a.     Plaintiff's First Request for Admissions to Andrew Manios. A true and correct copy of this Request is attached hereto as Exhibit "A."

             b.     Plaintiff's First Request for Admissions to Chris Manios. A true and correct copy of this Request is attached hereto as Exhibit "B."

             c.     Plaintiff's First Request for Admissions to Don Abreu (collectively, "Plaintiff's Discovery Requests"). A true and correct copy of this Request is attached hereto as Exhibit "C."

2.      The deadline for Defendants to respond to Plaintiff's Discovery Requests was June 16, 2016.

3.      To date, Defendants have not provided responses to Plaintiff's Discovery Requests.

4.      ASI has attempted in good faith to resolve this issue. See attached Exhibit "D."

5.      Thus, ASI respectfully requests that the Court enter an order compelling Defendants to respond to the Discovery.

6.      If the Court grants the relief requested herein and enters the requested order compelling Defendants to respond to the Discovery, ASI respectfully requests that the Court award attorney's fees and costs incurred in obtaining said order. Fla. R. Civ. P. 1.380(a)(4).

WHEREFORE, ASI respectfully requests that the Court enter an order:

a.      Compelling Defendants to respond to the Discovery Requests within 10 days;

b.      Awarding the ASI its attorney's fees and costs in obtaining the order compelling discovery; and

c.      Providing such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 8th day of August, 2016.

*/s/ Darian Zamora*_____
A. Benjamin Gordon

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:   bgordon@kaglawfirm.com
 dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

### PLAINTIFF, ASI HOLDING COMPANY, INC.'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ANDREW MANIOS

      Plaintiff, ASI Holding Company, Inc., by and through undersigned counsel and pursuant to Rule 1.370, *Florida Rules of Civil Procedure*, hereby requests Defendant, Don Abreu to admit or deny the truth of the following matters within thirty (30) days of the date of service of this First Request for Admissions:

### INSTRUCTIONS

      Please admit or deny the truth of the following matters pursuant to Rule 1.370 of the Florida Rules of Civil Procedure:

          A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

**EXHIBIT "A"**

## REQUESTS FOR ADMISSION

1.     Please admit that you used ASI's Program Agreement in developing a program agreement for Global Amenities, LLC.

2.     Please admit that you did not seek independent legal advice in developing a program agreement for Global Amenities, LLC.

## CERTIFICATE OF SERVICE

I HEREBY certify that the original of the foregoing has been filed with the Clerk of Court and a true and correct copy has been furnished to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 via the Florida E-Portal on this 16th day of May, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

## PLAINTIFF, ASI HOLDING COMPANY, INC.'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT CHRIS MANIOS

      Plaintiff, ASI Holding Company, Inc., by and through undersigned counsel and pursuant to Rule 1.370, *Florida Rules of Civil Procedure*, hereby requests Defendant, Don Abreu to admit or deny the truth of the following matters within thirty (30) days of the date of service of this First Request for Admissions:

### INSTRUCTIONS

      Please admit or deny the truth of the following matters pursuant to Rule 1.370 of the Florida Rules of Civil Procedure:

> A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

**EXHIBIT "B"**

## REQUESTS FOR ADMISSION

1.      Please admit that you used ASI's Program Agreement in developing a program agreement for Global Amenities, LLC.

2.      Please admit that you did not seek independent legal advice in developing a program agreement for Global Amenities, LLC.

## CERTIFICATE OF SERVICE

I HEREBY certify that the original of the foregoing has been filed with the Clerk of Court and a true and correct copy has been furnished to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 via the Florida E-Portal on this 16th day of May, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:         bgordon@kaglawfirm.com
                  dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

### PLAINTIFF, ASI HOLDING COMPANY, INC.'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT DON ABREU

Plaintiff, ASI Holding Company, Inc., by and through undersigned counsel and pursuant to Rule 1.370, *Florida Rules of Civil Procedure*, hereby requests Defendant, Don Abreu to admit or deny the truth of the following matters within thirty (30) days of the date of service of this First Request for Admissions:

### INSTRUCTIONS

Please admit or deny the truth of the following matters pursuant to Rule 1.370 of the Florida Rules of Civil Procedure:

> A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

**EXHIBIT "C"**

## REQUESTS FOR ADMISSION

1.      Please admit that you used ASI's Program Agreement in developing a program agreement for Global Amenities, LLC.

2.      Please admit that you did not seek independent legal advice in developing a program agreement for Global Amenities, LLC.

## CERTIFICATE OF SERVICE

I HEREBY certify that the original of the foregoing has been filed with the Clerk of Court and a true and correct copy has been furnished to Joseph M. Scheyd, 1221 Airport Road, Suite 209, Destin, FL 32541 via the Florida E-Portal on this 16th day of May, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*


**Keefe, Anchors & Gordon**

July 18, 2016

<u>**VIA ELECTRONIC MAIL**</u>

Mr. Joseph M. Scheyd
1221 Airport Road, Suite 209
Destin, FL 32541

     Re:    *ASI Holding Company, Inc. v. Don Abreu and Andrew Manios*
              Case No. 2013 CA 004103

Dear Jay:

Please allow this letter to serve as my good faith attempt, as required under Florida Rule of Civil Procedure 1.380(a)(4), to resolve the issue of your client's failure to adequately respond to discovery.

Your clients have not responded to Plaintiff's Requests for Admissions to Andrew Manios, Chris Manios, and Don Abreu, which were served on May 16, 2016.

Your clients have also failed to adequately respond to the 2nd Request for Production to Don Abreu which requested all contracts used to secure agreements with Service Providers. Throughout the course of discovery your clients have disclosed the existence of agreements with multiple service providers, but only one contract has been produced.

Your clients have also failed to respond to the 4th Request for Production to Abreu, 3rd Request for Production to Andrew Manios and 1st Request for Production to Chris Manios.

Please produce the remaining documents responsive to this request, no later than Wednesday, June 20.  As always, feel free to give me a call anytime with any questions or concerns.

Sincerely,

KEEFE, ANCHORS & GORDON, P.A.

Darian Zamora
dzamora@kaglawfirm.com


kaglawfirm.com
850.863.1974
850.863.1591 fax
2113 Lewis Turner Blvd, Ste 100
Fort Walton Beach, FL 32547

**EXHIBIT "D"**

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.

_____/

### PLAINTIFF'S DISCLOSURE OF NON-EXPERT WITNESSES

COMES NOW Plaintiff, ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel and pursuant to the Court's Order Setting Non-Jury Trial, Pretrial Conference and Directing Mediation dated June 14, 2016, and this Court's Order Granting Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists dated July 20, 2016, and provides the following information regarding non-expert witnesses that Plaintiff expects to call at the trial in this matter[1]:

| Name and Contact information of Non-Expert Witness | Subject Matter and Description of Expected Testimony | Expected Length of Testimony |
|---|---|---|
| Darrell Blanton<br>c/o Keefe, Anchors & Gordon, P.A.<br>2113 Lewis Turner Blvd., Suite 100<br>Fort Walton Beach, FL 32547 | Knowledge of all facts alleged by ASI, including those relating to liability and damages. | 1 Hour |

[1] Plaintiff is disclosing its expert witnesses in a separate expert disclosure being filed contemporaneously herewith.

Page 1 of 10

| | | |
|---|---|---|
| Don Abreu<br>c/o Jonathan E. Pollard<br>401 E. Olas Blvd #1400<br>Fort Lauderdale, FL 33301; and<br>Joseph M. Scheyd<br>1221 Airport Road, Suite 209<br>Destin, FL  32541 | Knowledge of all facts alleged by ASI, including those relating to liability and damages. | 1 Hour |
| Andrew Manios<br>c/o Jonathan E. Pollard<br>401 E. Olas Blvd #1400<br>Fort Lauderdale, FL 33301; and<br>Joseph M. Scheyd<br>1221 Airport Road, Suite 209<br>Destin, FL  32541 | Knowledge of all facts alleged by ASI, including those relating to liability and damages. | 1 Hours |
| Chris Manios<br>c/o Jonathan E. Pollard<br>401 E. Olas Blvd #1400<br>Fort Lauderdale, FL 33301; and<br>Joseph M. Scheyd<br>1221 Airport Road, Suite 209<br>Destin, FL  32541 | Knowledge of all facts alleged by ASI, including those relating to liability and damages. | 30 Minutes |
| Louis Manios<br>220 Paradise Cir.<br>Townsville, SC 29689 | Knowledge of facts alleged by ASI relating to damages. | 10 Minutes |
| Amanda Ranson<br>10 Doverdale Rd.<br>Greenville, SC 29615 | Knowledge of facts alleged by ASI relating to damages. | 10 Minutes |
| Sarah Black<br>1807 Hillside Drive S., Apt. A<br>North Myrtle Beach, SC 29582 | Knowledge of all facts alleged by ASI, including those relating to liability and damages. | 10 Minutes |
| Adrienne Clark<br>300 Blue Marlin Ct<br>Destin, FL 32541 | Knowledge of all facts alleged by ASI, including those relating to liability and damages. | 30 Minutes |
| Suzie Cross<br>134 Bonaire Blvd<br>Miramar Beach, FL 32550 | Knowledge of all facts alleged by ASI, including those relating to liability and damages. | 15 Minutes |

| | | |
|---|---|---|
| Ryan Olin<br>2705 Scenic Hwy 98<br>Destin, FL 32541 | Knowledge of all facts alleged by ASI, including those relating to liability and damages. | 10 Minutes |
| Jeanne Dailey<br>12815 Emerald Coast Parkway #105<br>Miramar Beach, FL 32550 | Knowledge of facts alleged by ASI related to Defendants' attempts to solicit ASI's customers. | 10 Minutes |
| John Boller<br>1325 Gulf Shores Parkway<br>Gulf Shores, AL 36542 | Knowledge of facts alleged by ASI related to Defendants' attempts to solicit ASI's customers. | 10 Minutes |
| Ron Shorey<br>43 Miracle Strip Pkwy SW<br>Fort Walton Beach, FL 32548 | Knowledge of facts alleged by ASI related to Defendants' attempts to solicit ASI's customers. | 10 Minutes |
| Tony Lucero<br>12500 Crystal Mountain Drive<br>Thompsonville, MI 49683 | Knowledge of facts alleged by ASI related to Defendants' attempts to solicit ASI's customers. | 10 Minutes |
| Marty McDaniel<br>415 Richard Jackson Blvd #400<br>Panama City Beach, FL 32407 | Knowledge of facts alleged by ASI related to Defendants' attempts to solicit ASI's customers. | 10 Minutes |
| Mike Taylor<br>10221 Emerald Coast Parkway<br>Destin, FL 32550 | Knowledge of facts alleged by ASI related to Defendants' attempts to solicit ASI's customers. | 10 Minutes |
| Kevin Fox<br>10 Portofino Dr.<br>Pensacola, FL 32561 | Knowledge of facts alleged by ASI related to Defendants' attempts to solicit ASI's customers. | 10 Minutes |
| Bar Harbor Resort, Inc.<br>c/o Dennis Lee Smith, Jr.<br>100 North Ocean Blvd.<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets. | 10 Minutes |

| | | |
|---|---|---|
| Beach Vacations, LLC<br>c/o David Love, Registered Agent<br>1016 2nd Ave S. Ste. 101<br>N. Myrtle Beach, SC 29582 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Bermuda Sands Resort<br>c/o Dennis L. Smith, Registered Agent<br>104 North Ocean Blvd.<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Brittain Resorts & Hotels, LLC<br>c/o Clay D. Brittain, III<br>1314 Professional Drive<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Grand Atlantic Resort Management<br>c/o Wesley Cooper Wellons<br>391 Waccamaw Pines Dr.<br>Myrtle Beach, SC 32579 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Hyatt Escala Lodge at Park City<br>C/o Corporation Service Company<br>10 E South Temple Ste 850<br>Salt Lake City, UT 89133 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Island Vista Holdings, LLC<br>c/o Steven C. Chapman<br>600 N. Ocean Blvd<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Litchfield Group<br>c/o Matthew R. Magee<br>1314 Professional Drive<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Magnusen Hotel Historic District<br>c/o Rashmikant Pakhania<br>2801 S. Ocean Blvd.<br>Myrtle Beach, SC 25977 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Myrtlewood Vacations, LLC<br>c/o Matthew Brittain<br>407 30th Avenue North<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Oceans One Resort<br>c/o Ray A. Booth<br>102 S. Ocean Blvd.<br>Myrtle Beach, SC 25977 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Sandcastle Resorts<br>c/o Charles D. Floyd, Sr.<br>2102 Cromley Circle | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |

| | | |
|---|---|---|
| Myrtle Beach, SC 25977 | | |
| Seaside Resorts, Inc.<br>c/o Richard Hunsucker<br>3901 North King Highway<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Wyndham Vacation Resorts, Inc.<br>3411 Silverside Road<br>#104 Rodney Building<br>Wilmington, DE 19810 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Atlantic Resort Group<br>300 Lands End Blvd<br>Myrtle Beach, SC 29572 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Beach Realty<br>120 Atlantic Ave<br>Garden City, SC 29576 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Best Western Hotels<br>6201 N 24th Pkway,<br>Phoenix, AZ  85016 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Blue Green Vacations Unlimited, Inc.<br>4960 Conference Way North, Suite 100, Boca Raton, FL 33431 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Boardwalk Beach Resort<br>9600 S. Thomas Dr.<br>Panama City Beach, FL 32408 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Charlestown Hotels<br>28 Bridgeside Blvd<br>Mt. Pleasant, SC 29464 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Coastal Vacation Resorts<br>131 Ocean Blvd. W<br>Holden Beach, NC 28462 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Condo Lux of Myrtle Beach<br>311 17th Ave S.<br>North Myrtle Beach, SC 29582 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Condo World Resort Properties<br>300 17th Ave South<br>North Myrtle Beach, SC 29582 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Creel Group<br>222 S 15th St. #312S<br>Omaha, NE 68102 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Days Inn Historic District<br>155 Meeting St.<br>Charleston, SC 29401 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |

| | | |
|---|---|---|
| Dunes Realty<br>128 Atlantic Avenue<br>Garden City Beach, SC 29576 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Dunes Beach Realty<br>13236 Ocean Highway<br>Pawleys Island, SC 29585 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Dunes Village Resort<br>5200 N. Ocean Blvd<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Elliott Realty<br>204 S. Ocean Blvd<br>North Myrtle Beach, SC 29582 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Garden City Realty<br>608 Atlantic Ave<br>Garden City Beach, SC 29576 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Hobbs Realty<br>114 Ocean Blvd. W.<br>Holden Beach, NC 28462 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Kingston Plantation<br>9760 Kings Rd. #C<br>Myrtle Beach, SC 29572 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Marina Inn Grand Dunes<br>8121 Amalfi Pl.<br>Myrtle Beach, SC 29572 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Myrtle Beach Resort Vacations<br>5905 S Kings Hwy<br>Myrtle Beach, SC 29575 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Myrtle Beach Vacation Rentals<br>1902 N. Oak St.<br>Myrtle Beach, SC 29575 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Marriott Newport Coast Villas<br>230000 Newport Coast Dr.<br>Newport Coast, CA 92657 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Palmetto Shores Resort<br>5215 Dingle Pond Rd.<br>Summerton, SC 29148 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Palmetto Vacation Rentals<br>4101 Mayfair St.<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Pirateland Family Camping Resort<br>5401 Kings Hwy<br>Myrtle Beach, SC 29575 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |

| | | |
|---|---|---|
| Quality Inn Beach Ocean Villas<br>7509 North Ocean Blvd<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Resort Rentals<br>8010 Blind Pass Road<br>St. Pete Beach, FL 33706 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Sands Resort<br>201 75th Ave<br>N. Myrtle Beach, SC 29572 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Sea Crest Oceanfront Resort<br>803 S Ocean Blvd.<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Sea Mist Oceanfront Resort<br>305 13th Ave<br>S. Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Sheraton Myrtle Beach<br>2101 N Oak St.<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Sloane Realty Vacations<br>16 Causeway Dr.<br>Ocean Isle Beach, NC 28469 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Southern Oaks Inn<br>2800 N Ponce De Leon Blvd.<br>St. Augustine, FL 32084 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Springmaid Beach Resort<br>3200 S. Ocean Blvd<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Sun N Sand Resort<br>2701 S. Ocean Blvd<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Surfside Realty<br>213 S. Ocean Blvd<br>Surfside Beach, SC 29575 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| The Reef Resort<br>2101 S Ocean Blvd<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Century 21 Thomas<br>625 Sea Mountain Hwy<br>North Myrtle Beach, SC 29582 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Tilghman Beach & Golf<br>1819 N Ocean Blvd,<br>North Myrtle Beach, SC 29582 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |

| | | |
|---|---|---|
| Treasure Island Hotel and Casino<br>3300 S. Las Vegas Blvd<br>Las Vegas, NV 89109 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Trump International Hotel<br>2000 Fashion Show Dr.<br>Las Vegas, NV 89109 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Westin Desert Willow Vistas<br>75 Willow Ridge<br>Palm Desert, CA 92260 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Wingate by Wyndham Hotel<br>117 Palm St.<br>Destin, FL 32541 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Broadway Grand Prix<br>1820 21st Avenue North<br>Myrtle Beach, SC 29577<br>(843) 839-4080 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Brookgreen Gardens<br>1931 Brookgreen Garden Dr.<br>Murrells Inlet, SC 29576<br>(843) 235-6000 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Clearwater Marine Aquarium<br>249 Windward Passage<br>Clearwater, FL 33767<br>(727) 441-1790 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Historic Tours of America<br>201 Front St. #224<br>Key West, FL 33040<br>(305) 269-3609 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Marineland Dolphin Adventures<br>9600 N. Ocean Shore Blvd.<br>St. Augustine, FL 32080<br>(904) 471-1111 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Fun Warehouse<br>2349 Dick Pond Rd.<br>Myrtle Beach, SC 2975<br>(843) 748-0302 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Paradise Adventure Golf<br>2101 S. Kings Highway<br>Myrtle Beach, SC 29577<br>(843) 444-1098 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Hollywood Wax Museum<br>1808 21st Ave. N, Unit A<br>Myrtle Beach, SC 29577 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |

| (843) 444-0091 | | |
|---|---|---|
| Inlet Adventures Mini Golf<br>3215 US-17 BUS<br>Murrells Inlet, SC 29576<br>(843) 947-6070 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Legends Theatre<br>2925 Hollywood Dr.<br>Myrtle Beach, SC 29577<br>(843) 238-2728 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Myrtle Beach Watersports<br>8201 Marina Parkway<br>Myrtle Beach, SC 29572<br>(843) 839-2999 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Blackbeards Pirate Cruise<br>4736-D Highway 17 S<br>North Myrtle Beach, SC 29582 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Myrtle Waves Waterpark<br>3000 Mr. Jon White Ave.<br>Myrtle Beach, SC 29577<br>(843) 913-9250 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Skywheel Myrtle Beach<br>1110 N. Ocean Blvd.<br>Myrtle Beach, SC 19577<br>(843) 839-9200 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Wild Water & Wheels<br>910 US-17 BUS<br>Surside Beach, SC 29575<br>(843) 238-3787 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Wonderworks<br>1313 Celebrity Circle<br>Myrtle Beach, SC 29577<br>(843) 626-9962 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Fort Menendez at Old Florida Museum<br>259 San Marco Ave.<br>St. Augustine, FL 32084<br>(904) 824-8874 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Gilmore Entertainment<br>8901 North Kings Highway<br>Myrtle Beach, SC 29572<br>(843) 913-4000 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| Medieval Times Dinner Theatre<br>2904 Fantasy Way<br>Myrtle Beach, SC 29579 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |

| | | |
|---|---|---|
| NASCAR Racing Experience<br>Myrtle Beach Speedway<br>(543) 236-0500 | Knowledge of facts alleged by ASI related to Defendants' use of ASI's trade secrets | 10 Minutes |
| All persons listed on Defendant's witness list. | | |
| All necessary impeachment/rebuttal witnesses. | | |

Plaintiff reserves the right to amend its witness list if other witnesses are identified during further discovery.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 8th day of August, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:  (850) 863-1974
Facsimile:  (850) 863-1591
Email:      bgordon@kaglawfirm.com
            dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.

_____/

## PLAINTIFF'S DISCLOSURE OF EXPERT WITNESSES

Pursuant to this Court's Order[1], Plaintiff, ASI Holding Company, Inc. ("ASI")

hereby submits this Disclosure of its Expert Witnesses as follows:

    1.      Plaintiff discloses the following expert witnesses and the subject matter on

which the expert is expected to testify.

    2.      Plaintiff hereby discloses the following witness:

        a.      Bruce Craul; 10 Harbor Blvd., Destin, FL 32541.

        b.      Bruce Craul is the Chief Operations Officer of Legendary Hospitality.

                    Mr. Craul operates the Emerald Grande, Harborwalk Village, and all

                    of its affiliated companies, in Destin, Florida. He has been in the

                    hospitality industry for over forty three years, and has served as a

                    Vice President of Operations or a Chief Operations Officer for thirty

---

[1] The Order Granting Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists was entered by Judge Brown on July 20, 2016.

two of those years. Mr. Craul also served as the Chairman of the Board for the Florida Restaurant and Lodging Association.

c.    Mr. Craul is familiar with amenity programs in the hospitality industry, as well as ASI's concepts, proprietary information, its trade secrets, and its role in the hospitality industry. Mr. Craul expects to testify that the ASI information obtained and used by Defendants is information that is unique in the industry, provides ASI with a competitive advantage from not being generally known in the industry, and constitutes proprietary information.

d.    Mr. Craul expects to testify that, based on his review of the Defendants' business activities, Defendants have engaged in the use of ASI's trade secrets and confidential and proprietary information to obtain a competitive advantage in the industry.

e.    Mr. Craul will supplement this disclosure to provide a more complete description of the facts and opinions on which he expects to testify, as outstanding information requested in discovery is received from Defendants.

3.    Plaintiff hereby discloses the following witness:

a.    Tammy S. McGaughy, CPA, CFE, CFF, of Warren Averett CPAS & Advisors; 45 Eglin Parkway N.E., Suite 301, Fort Walton Beach, FL 32548.

b.    Ms. McGaughy has been a member of the Warren Averett accounting firm since 1996 and is a Member in the Firm's Accounting

Services and Audit Divisions. She has more than 20 years of experience in the field of public accounting and specializes in compliance and internal audits. Ms. McGaughy is a certified fraud examiner, and is a member of the Association of Certified Fraud Examiners.

c.     Ms. McGaughy will testify as to the accounting methods and profits of the Defendants, including Global Amenities, LLC, and the corresponding damages to ASI.

d.     Ms. McGaughy will supplement this disclosure to provide a more complete description of the facts and opinions on which she expects to testify, as outstanding information requested in discovery is received from Defendants.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:          bgordon@kaglawfirm.com
                    dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 8th day of August, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.
_____/

**<u>PLAINTIFF'S MOTION FOR CIVIL CONTEMPT
AND ORDER TO SHOW CAUSE</u>**

    Plaintiff, ASI Holding Company, Inc., ("ASI"), by and through their undersigned

counsel, hereby moves for entry of an Order of Contempt and entry of an Order to Show

Cause, and in support thereof state as follows:

    1.      On June 14, 2016, this Court entered an Order Setting Non-Jury Trial,

Pretrial Conference and Directing Mediation ("Pre-Trial Order"). A true and correct copy

of the Pre-Trial Order is attached hereto as Exhibit "A."

    2.      Section 4 of the Pre-Trial Order states that all parties must file a list of all

non-expert witnesses with the Court at least sixty (60) days prior to the pre-trial

conference, and that all parties must file a list of all expert witnesses with the Court at

least ninety (90) days prior to the pre-trial conference.

    3.      On July 20, 2016, this Court entered an Order Granting Joint Motion for

Extension of Pre-Trial Deadline Regarding Witness Lists, which extended the deadline

for filing both expert and non-expert witness lists to August 8, 2016. A true and correct copy of this Order is attached hereto as Exhibit "B."

4.     Plaintiff timely complied with the Court's Order, and filed its expert and non-expert witness lists on August 8, 2016.

5.     Defendants did not comply with the Court's Order, and have failed to file their expert and non-expert witness lists.

6.     On August 9, 2016, Plaintiff sent a letter to Defendants' counsel offering to allow them additional time to file their expert and non-expert witness lists by 12:00, noon, August 11, 2016. A true and correct copy of that letter is attached hereto as Exhibit "C." Defendants' counsel has not responded to this letter.

7.     As of the filing of this Motion, Defendants have not filed any expert or non-expert witness lists.

8.     According to Section 4 of this Court's Pre-Trial Order, "[f]ailure to timely comply with the [Order] may result in the exclusion of said witness…at trial."

9.     It has long been recognized that Courts have the authority to enforce an Order by the exercise of their contempt powers.  *See Johnson v. Bednar*, 573 So.2d 822, 824 (Fla. 1991), overruled on other grounds by *Parisi v. Broward County*, 769 So.2d 359 (Fla. 2000) (trial court is afforded broad discretion in fashioning remedy in contempt proceedings).  The purpose of a civil contempt sanction is remedial and for the benefit of the moving party to compel compliance with a Court Order.  *See Chetram v. Singh*, 937 So.2d 716 (Fla. 5th DCA 2006).

10.     Accordingly, Plaintiff requests that this Court find Defendants in contempt of court, issue an Order to Show Cause, and enter any other appropriate Order, sanctions, or other relief.

11.     Plaintiff also requests that this Court enter an Order prohibiting Plaintiff from calling any witnesses that were not timely disclosed, including prohibiting Defendants from calling any expert witnesses.

12.     Plaintiff also requests reimbursement of all attorney's fees and costs incurred in pursuing this Motion.

13.     This Motion is brought in good faith, is not for purposes of delay, and will not result in unfair prejudice.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an appropriate Order of Contempt, Order to Show Cause, and any other relief as the Court deems just and proper, including attorney fees incurred.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 11th day of August, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

4

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
      Plaintiff,

v                               CASE NO.: 13-CA-4103

DON ABREU, et al.,
      Defendants.

_____/

**ORDER SETTING NON-JURY TRIAL, PRETRIAL CONFERENCE
AND DIRECTING MEDIATION**

Pursuant to Florida Rules of Civil Procedure 1.200(a)(2); 1.440©; and 1.200(b) the following is hereby **ORDERED:**

**1.  SCHEDULE.  For the purposes of setting time periods, the Pretrial Conference date will be September 15, 2016.**

The non-jury trial in this cause has been set for October 31, 2016 and November 1, 2016 **beginning at 9:00 a.m. for two days in the Judge's Chambers, in the Okaloosa County Courthouse Extension, Fort Walton Beach, Florida.**

**2.  CONFLICTS.  _Within 10 days of this Order_,** counsel shall notify the Court in writing if (a) inadequate time has been allowed for trial,  (b) if a scheduling conflict exists, (c) if discovery cannot be completed by the Pretrial Conference as ordered in paragraph 7 below, or (d) if alternative deadlines or case management conference(s) are needed, whereupon a Case Management Conference may be set by order of the Court.  The Court recognizes that most scheduling conflicts will resolve themselves; however, if a conflict about which the Court has been notified persists, it could later be a valid ground for a continuance.

**3.  CONTINUANCES.**  No continuance will be granted unless good cause is demonstrated in writing, signed by counsel and the parties he or she represents.  *See* Florida Rules of Judicial Administration, Rule 2.545(e).  Conflicts about which the Court has been notified pursuant to paragraph 2 above will be persuasive.  Conflicts arising after the expiration of the ten (10) days set forth in paragraph 2 above will not be persuasive.

**4.  DISCLOSURE.  _If not otherwise ordered, or expressly set forth in this Order, at least 60 days before the Pre-Trial Conference_**, each party shall file directly with the Clerk and provide the other with:

      a.  A list including the names and addresses (sufficient for service of subpoena) of all proposed non-expert witnesses.  The subject matter about which the witness has knowledge is particularly important.  The purpose of this disclosure is to enable each party to accurately respond to the Court's inquiries found in *Florida Rules of Civil Procedure 1.200(b)(1)-(6).*

EXHIBIT "A"

b.  At least 90 days before the Pretrial Conference, a list of all experts that will be called to testify at trial, together with those experts' reports so that expert discovery is completed by the time of the Pretrial Conference and the parties shall exchange the names and addresses of all experts, that will be called to testify at trial, along with the expert's specialty, the subject matter on which the expert is expected to testify, and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Please see (a) above.

c.  The designation of those witnesses whose testimony the party expects to present by deposition, with page and line designations of such testimony from the deposition transcript. If a video-recording of the deposition will be used at trial, the video portion of such testimony must be exchanged at this time.

d.  Demonstrative aids intended to be used at trial must be made available to all counsel for inspection ten (10) days before trial.

e.  (1.)   Plaintiff shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference.   Newly discovered exhibits shall be immediately provided to Defendant.

(2.)   Defendant shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference.   Newly discovered exhibits shall be immediately provided to Plaintiff.

Failure to timely comply with the above may result in the exclusion of said witness and/or use of said exhibit at trial.

**5. CONSULTATION. *At least 10 days before Pretrial Conference*,** Plaintiff's counsel shall conduct a consultation, by telephone or in person, with all counsel cooperating in order to:

a.  Discuss settlement

b.  Arrange to examine and mark for identification all trial exhibits and demonstrative aids.

c.  Review witness lists with the goal of identifying those witnesses each party reasonably anticipates will be called to testify at trial.

d.  Review the six (6) items found in Rule 1.200(b), Fla.R.Civ.P., in preparation for the Pretrial Conference.

e.  Prepare a mutual stipulation and a proposed Pretrial Order as required below.

f.

    f.      To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto.

**6. MUTUAL STIPULATION AND PROPOSED PRETRIAL ORDER. _At least three (3) working days before the Pretrial Conference_**, a Stipulation (in one document) shall be submitted directly to the Court's Chambers (**not filed with the Clerk**) either by U.S. mail or by hand delivery, **not** by facsimile. Plaintiff's counsel shall have the responsibility for drafting the Stipulation which shall contain:

    a.      A statement of the case agreed to by the parties containing:
           1. Paragraph, agreed to by the parties, describing the overall case.
           2. Paragraph from each party containing the contentions of that party.
           3. Paragraph from the Plaintiff concerning the relief sought.
           These paragraphs shall be brief and to the point. (Counsel may simply update the Statement of the Case provided for mediation if so desired.)

    b.      A list of pleadings upon which the case will go to trial.

    c.      A statement of
           1. Facts admitted by the parties
           2. Factual issues remaining to be litigated.

    d.      A statement of
           1. All matters requiring action by the Court
           2. Legal and evidentiary issues likely to arise at trial and trial briefs or memoranda with citation of authorities and arguments in support of that side's position on all disputed issues of law or disputes regarding the rules of evidence or rules of procedure.

    e.      A list of witnesses that each party reasonably anticipates will be called to testify at trial.

    f.      A list of all exhibits (a copy of the bate stamped exhibits themselves being provided to the court at this time also) and demonstrative aids to be offered at trial, noting any objections thereto and grounds for each objection. Any objections not listed will be deemed waived. **Those exhibits and aids the parties agree are admissible or acceptable for use at trial shall be marked with an asterisk.**

    g.      An indication of which party will be securing the court reporter, if any.

    h.      A statement confirming and attesting that counsel have complied with paragraphs 4 (if applicable), 5 and 11 of this Order.

    i.      A concise statement of any disagreement as to the application of rules of evidence or of the Florida Rules of Civil Procedure.

j.      A list of all motions or other matters which require action by the court.

k.      Counsel's respective estimates of the length of the trial

l.      The signatures of counsel for all parties.

Plaintiff's counsel, unless otherwise directed by the Court, will have responsibility for drafting the proposed Pretrial Order which shall contain:

a. The incorporated mutual Pretrial Stipulation.

b. The Court's rulings upon all matters requiring Court action.

**The Pretrial Order shall thereafter control the course of action.** Fla.R.Civ.P. 1.200(d).

**7.   DISCOVERY.**   The Court directs that all discovery shall be completed before the Pre Trial Conference without prior written leave of Court.

**8.   MOTIONS.**   Other than Motions in Limine, no Motions will be scheduled or heard after the Pretrial Conference absent compelling circumstances.

**9.   ATTENDANCE.**   Each party shall be  represented at the Pretrial Conference by the person who will try the case. In addition to the items in the Pretrial Stipulation, each participant must be prepared to discuss the six (6) items of *Fla.R.Civ.P. 1.200(b).   If the person attending the Pretrial Conference is not authorized to enter into binding stipulations concerning anticipated trial matters [i.e., needs to confer with the client before entering into any agreements concerning matters that will expedite the progress of the trial; See, Fla. R. Civ. P. 1.200(b)], then the party must also be present.*

**10. SETTLEMENT.    In the event this case settles, Plaintiff's counsel shall immediately notify** the undersigned Judge by written fax memorandum  (850-609-3073), <u>and</u> by phone call (850-609-5416).

**11.   MEDIATION:**

a.   This case shall be mediated no later than 90 days from the date of this Order.

b. Plaintiff's counsel shall seek agreement with all concerned as to a certified mediator and   their compensation.   If achieved, Plaintiff's counsel shall file a notice containing this information in the record.   If the parties cannot agree within ten (10) days of this Order, Plaintiff's counsel shall notify the Court which will enter an Order appointing the mediator and setting the compensation.

c. Plaintiff's attorney shall

(1) Schedule the mediation conference at a time agreeable to all concerned sufficiently in advance of the Pretrial conference, but in no event to be held later than 30 days prior to the Pretrial Conference.

(2) Confirm the date, time and place of the mediation conference by letter to all concerned.

d. Each party shall be represented at the mediation conference by the person who will try the case.  The parties **must** also be present. A corporate party **must** be represented by a managing agent.   An insured party **must** also have a representative present with **full** (not limited) authority to settle the case.   A participant who fails to attend, or leaves the mediation conference before the mediator declares the conference ended, or a party in attendance with limited authority, is subject to sanctions by the Court.  Sanctions may include taxing of fees and costs for the participants and the mediator.

e. The mediator shall provide the Court with a mediation report no later than five (5) days before the Pre-Trial Conference, unless otherwise ordered by the Court.

**DONE AND ORDERED** in Chambers at the Okaloosa County Courthouse Annex located in Fort Walton Beach, Okaloosa County, Florida.

.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 06/14/2016 13:25:14 AYri1Gak

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

## ORDER GRANTING JOINT MOTION FOR EXTENSION OF PRE-TRIAL DEADLINE REGARDING WITNESS LISTS[1]

THIS MATTER came before the Court on the parties Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists. The Court, having reviewed the Motion, being advised that the parties have stipulated to the entry of this Order, and otherwise fully advised in the premises, ORDERS as follows:

1.     The Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists is GRANTED.

2.     The deadline for the parties to file their Non-Expert and Expert Witness Lists, is extended to August 8, 2016.

3.     In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this

---

[1] The Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists was electronically filed with the Court on July 18, 2016. Filing # 44054015.

Order upon any *pro se* party who does not have access to nor is a registered user of the

Florida Courts e-Filing Portal.

     DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 07/20/2016 13:02:32 GHzssM.m


Keefe, Anchors & Gordon

August 9, 2016

**VIA ELECTRONIC MAIL**

Mr. Joseph M. Scheyd
1221 Airport Road, Suite 209
Destin, FL 32541

Mr. Jonathan E. Pollard
Pollard, PLLC
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301

Re:   *ASI Holding Company, Inc. v. Don Abreu and Andrew Manios*
      Case No. 2013 CA 004103

Dear Counsel:

As you're aware, expert and non-expert witness lists were due yesterday, August 8, 2016, pursuant to this Court's Order Setting Non-Jury Trial, filed on June 14, 2016, and Order Granting Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists, filed on July 20, 2016. Copies of these Orders are attached hereto as Exhibits "A" and "B," respectively.

As of today, we have not received any witness lists from you. As a matter of professional courtesy, we will allow you additional time to produce your witness lists by noon on Thursday, August 11, 2016. If we have not received your witness lists by that time, we will proceed with filing a Motion for Contempt.

I look forward to your response by Thursday, August 11, 2016. Please feel free to call if you would like to discuss.

Sincerely,

KEEFE, ANCHORS & GORDON, P.A.

Darian Zamora
dzamora@kaglawfirm.com

kaglawfirm.com
850.863.1974
850.863.1591 fax
2113 Lewis Turner Blvd, Ste 100
Fort Walton Beach, FL 32547

EXHIBIT "C"

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
      Plaintiff,

v                             CASE NO.: 13-CA-4103

DON ABREU, et al.,
      Defendants.

_____/

**ORDER SETTING NON-JURY TRIAL, PRETRIAL CONFERENCE
AND DIRECTING MEDIATION**

      Pursuant to Florida Rules of Civil Procedure 1.200(a)(2); 1.440©; and 1.200(b) the following is hereby **ORDERED:**

      **1. SCHEDULE. For the purposes of setting time periods, the Pretrial Conference date will be September 15, 2016.**

      The non-jury trial in this cause has been set for October 31, 2016 and November 1, 2016 **beginning at 9:00 a.m. for two days in the Judge's Chambers, in the Okaloosa County Courthouse Extension, Fort Walton Beach, Florida.**

      **2. CONFLICTS.** *__Within 10 days of this Order__*, counsel shall notify the Court in writing if (a) inadequate time has been allowed for trial,  (b) if a scheduling conflict exists, (c) if discovery cannot be completed by the Pretrial Conference as ordered in paragraph 7 below, or (d) if alternative deadlines or case management conference(s) are needed, whereupon a Case Management Conference may be set by order of the Court.   The Court recognizes that most scheduling conflicts will resolve themselves; however, if a conflict about which the Court has been notified persists, it could later be a valid ground for a continuance.

      **3. CONTINUANCES.** No continuance will be granted unless good cause is demonstrated in writing, signed by counsel and the parties he or she represents. *See* Florida Rules of Judicial Administration, Rule 2.545(e).  Conflicts about which the Court has been notified pursuant to paragraph 2 above will be persuasive.   Conflicts arising after the expiration of the ten (10) days set forth in paragraph 2 above will not be persuasive.

      **4. DISCLOSURE.** *__If not otherwise ordered, or expressly set forth in this Order, at least 60 days before the Pre-Trial Conference__* , each party shall file directly with the Clerk and provide the other with:

            a.   A list including the names and addresses (sufficient for service of subpoena) of all proposed non-expert witnesses.   The subject matter about which the witness has knowledge is particularly important.   The purpose of this disclosure is to enable each party to accurately respond to the Court's inquiries found in *Florida Rules of Civil Procedure 1.200(b)(1)-(6).*

EXHIBIT "A"

b.  At least 90 days before the Pretrial Conference, a list of all experts that will be called to testify at trial, together with those experts' reports so that expert discovery is completed by the time of the Pretrial Conference and the parties shall exchange the names and addresses of all experts, that will be called to testify at trial, along with the expert's specialty, the subject matter on which the expert is expected to testify, and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Please see (a) above.

c.  The designation of those witnesses whose testimony the party expects to present by deposition, with page and line designations of such testimony from the deposition transcript. If a video-recording of the deposition will be used at trial, the video portion of such testimony must be exchanged at this time.

d.  Demonstrative aids intended to be used at trial must be made available to all counsel for inspection ten (10) days before trial.

e.  (1.)   Plaintiff shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference.   Newly discovered exhibits shall be immediately provided to Defendant.

   (2.)   Defendant shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference.   Newly discovered exhibits shall be immediately provided to Plaintiff.

Failure to timely comply with the above may result in the exclusion of said witness and/or use of said exhibit at trial.

   **5.   CONSULTATION.  _At least 10 days before Pretrial Conference_**, Plaintiff's counsel shall conduct a consultation, by telephone or in person, with all counsel cooperating in order to:

a.  Discuss settlement

b.  Arrange to examine and mark for identification all trial exhibits and demonstrative aids.

c.  Review witness lists with the goal of identifying those witnesses each party reasonably anticipates will be called to testify at trial.

d.  Review the six (6) items found in Rule 1.200(b), Fla.R.Civ.P., in preparation for the Pretrial Conference.

e.  Prepare a mutual stipulation and a proposed Pretrial Order as required below.

f.

    f.     To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto.

**6. MUTUAL STIPULATION AND PROPOSED PRETRIAL ORDER.  *At least three (3) working days before the Pretrial Conference*,** a Stipulation (in one document) shall be submitted directly to the Court's Chambers (**not filed with the Clerk**) either by U.S. mail or by hand delivery, **not** by facsimile. Plaintiff's counsel shall have the responsibility for drafting the Stipulation which shall contain:

    a.     A statement of the case agreed to by the parties containing:
          1. Paragraph, agreed to by the parties, describing the overall case.
          2. Paragraph from each party containing the contentions of that party.
          3. Paragraph from the Plaintiff concerning the relief sought.
          These paragraphs shall be brief and to the point. (Counsel may simply update the Statement of the Case provided for mediation if so desired.)

    b.     A list of pleadings upon which the case will go to trial.

    c.     A statement of
          1. Facts admitted by the parties
          2. Factual issues remaining to be litigated.

    d.     A statement of
          1. All matters requiring action by the Court
          2. Legal and evidentiary issues likely to arise at trial and trial briefs or memoranda with citation of authorities and arguments in support of that side's position on all disputed issues of law or disputes regarding the rules of evidence or rules of procedure.

    e.     A list of witnesses that each party reasonably anticipates will be called to testify at trial.

    f.     A list of all exhibits (a copy of the bate stamped exhibits themselves being provided to the court at this time also) and demonstrative aids to be offered at trial, noting any objections thereto and grounds for each objection. Any objections not listed will be deemed waived. **Those exhibits and aids the parties agree are admissible or acceptable for use at trial shall be marked with an asterisk.**

    g.     An indication of which party will be securing the court reporter, if any.

    h.     A statement confirming and attesting that counsel have complied with paragraphs 4 (if applicable), 5 and 11 of this Order.

    i.     A concise statement of any disagreement as to the application of rules of evidence or of the Florida Rules of Civil Procedure.

j.      A list of all motions or other matters which require
        action by the court.

k.      Counsel's respective estimates of the length of the trial

l.      The signatures of counsel for all parties.

Plaintiff's counsel, unless otherwise directed by the Court, will have responsibility for drafting the proposed Pretrial Order which shall contain:

a. The incorporated mutual Pretrial Stipulation.

b. The Court's rulings upon all matters requiring Court action.

**The Pretrial Order shall thereafter control the course of action.** Fla.R.Civ.P. 1.200(d).

**7.  DISCOVERY.**   The Court directs that all discovery shall be completed before the Pre Trial Conference without prior written leave of Court.

**8.  MOTIONS.**   Other than Motions in Limine, no Motions will be scheduled or heard after the Pretrial Conference absent compelling circumstances.

**9.  ATTENDANCE.**   Each party shall be  represented at the Pretrial Conference by the person who will try the case. In addition to the items in the Pretrial Stipulation, each participant must be prepared to discuss the six (6) items of *Fla.R.Civ.P. 1.200(b).*   *If the person attending the Pretrial Conference is not authorized to enter into binding stipulations concerning anticipated trial matters [i.e., needs to confer with the client before entering into any agreements concerning matters that will expedite the progress of the trial; See, Fla. R. Civ. P. 1.200(b)], then the party must also be present.*

**10. SETTLEMENT.    In the event this case settles, Plaintiff's counsel shall immediately notify** the undersigned Judge by written fax memorandum   (850-609-3073), <u>and</u> by phone call (850-609-5416).

**11.  MEDIATION:**

a.  This case shall be mediated no later than 90 days from the date of this Order.

b. Plaintiff's counsel shall seek agreement with all concerned as to a certified mediator and   their compensation.   If achieved, Plaintiff's counsel shall file a notice containing this information in the record.   If the parties cannot agree within ten (10) days of this Order, Plaintiff's counsel shall notify the Court which will enter an Order appointing the mediator and setting the compensation.

c. Plaintiff's attorney shall

(1) Schedule the mediation conference at a time agreeable to all concerned sufficiently in advance of the Pretrial conference, but in no event to be held later than 30 days prior to the Pretrial Conference.

(2) Confirm the date, time and place of the mediation conference by letter to all concerned.

d. Each party shall be represented at the mediation conference by the person who will try the case.  The parties **must** also be present. A corporate party **must** be represented by a managing agent.  An insured party **must** also have a representative present with **full** (not limited) authority to settle the case.  A participant who fails to attend, or leaves the mediation conference before the mediator declares the conference ended, or a party in attendance with limited authority, is subject to sanctions by the Court.  Sanctions may include taxing of fees and costs for the participants and the mediator.

e. The mediator shall provide the Court with a mediation report no later than five (5) days before the Pre-Trial Conference, unless otherwise ordered by the Court.

**DONE AND ORDERED** in Chambers at the Okaloosa County Courthouse Annex located in Fort Walton Beach, Okaloosa County, Florida.

.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 06/14/2016 13:25:14 AYri1Gak

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

## ORDER GRANTING JOINT MOTION FOR EXTENSION OF PRE-TRIAL DEADLINE REGARDING WITNESS LISTS[1]

      THIS MATTER came before the Court on the parties Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists. The Court, having reviewed the Motion, being advised that the parties have stipulated to the entry of this Order, and otherwise fully advised in the premises, ORDERS as follows:

      1.     The Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists is GRANTED.

      2.     The deadline for the parties to file their Non-Expert and Expert Witness Lists, is extended to August 8, 2016.

      3.     In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this

---

[1] The Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists was electronically filed with the Court on July 18, 2016. Filing # 44054015.

Order upon any *pro se* party who does not have access to nor is a registered user of the

Florida Courts e-Filing Portal.

      DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 07/20/2016 13:02:32 GHzssM.m

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                                CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## NOTICE OF VIDEOTAPED DEPOSITION OF ANDREW MANIOS

To:    Joseph M. Scheyd               Jonathan E. Pollard
       1221 Airport Road, Suite 209    Pollard, PLLC
       Destin, FL  32541               401 E. Las Olas Blvd., Suite 1400
                                            Fort Lauderdale, Florida 33301

      You are hereby notified that, on **Thursday, September 1, 2016 at 9:00 a.m. CT /**

**10:00 a.m. ET**, the undersigned will take the video deposition[1] of Andrew Manios, upon

oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official

court reporter at the office of Keefe, Anchors & Gordon, located at 2113 Lewis Turner

Blvd., Suite 100, Fort Walton Beach, Florida 32547.

      The deposition is being taken for the purpose of discovery, for use at trial, or for

such other purposes as are being permitted under the rules of Court.

    If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact:

Okaloosa County
1940 Lewis Turner Boulevard

---

[1] The deposition will be videotaped by a representative of Daniels and Rackard Reporting.

Fort Walton Beach, FL 32547
Phone (850) 609-4700  Fax (850) 652-7725
ADA.Okaloosa@flcourts1.gov

at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), a true and correct copy of the foregoing has been electronically filed and the following attorneys of record listed above this 15th day of August 2016.

/s/ Darian Zamora_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:         bgordon@kaglawfirm.com
                dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

## NOTICE OF VIDEOTAPED DEPOSITION OF DON ABREU

To:   Joseph M. Scheyd              Jonathan E. Pollard
       1221 Airport Road, Suite 209     Pollard, PLLC
       Destin, FL  32541               401 E. Las Olas Blvd., Suite 1400
                                      Fort Lauderdale, Florida 33301

You are hereby notified that, on **Wednesday, August 31, 2016 at 9:00 a.m. CT /
10:00 a.m. ET**, the undersigned will take the video deposition[1] of Andrew Manios, upon
oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official
court reporter at the office of Keefe, Anchors & Gordon, located at 2113 Lewis Turner
Blvd., Suite 100, Fort Walton Beach, Florida 32547.

The deposition is being taken for the purpose of discovery, for use at trial, or for
such other purposes as are being permitted under the rules of Court.

If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact:

Okaloosa County
1940 Lewis Turner Boulevard

---

[1]The deposition will be videotaped by a representative of Daniels and Rackard Reporting.

Fort Walton Beach, FL 32547
Phone (850) 609-4700  Fax (850) 652-7725
ADA.Okaloosa@flcourts1.gov

at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), a true and correct copy of the foregoing has been electronically filed and the following attorneys of record listed above this 15th day of August 2016.

/s/ Darian Zamora_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:         bgordon@kaglawfirm.com
                 dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                                CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on Friday, September 16, 2016 at 4:15 p.m. (CST), or as soon thereafter as counsel can be heard, the undersigned will bring on for hearing his Withdrawal As Attorney of Record and the related Stipulation for Substitution of Counsel and Motion to Withdraw on for hearing before the Honorable John T. Brown, Circuit Court Judge, in the courtroom usually occupied by him at the Okaloosa County Courthouse Annex Extension, 1940 Lewis Turner Boulevard, Fort Walton Beach, Florida 32547. Fifteen (15) minutes have been reserved for this proceeding. A court reporter has been requested.

PLEASE GOVERN YOURSELF ACCORDINGLY.

4.      This Motion is not sought for the purposes of delay.

WHEREFORE, the undersigned, JOSEPH M. SCHEYD, JR., respectfully request this honorable court grant his motion to withdrawal as counsel of record in the subject case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com and mbaughn@kaglawfirm.com and jpollard@pollardllc.com using the E-Portal Filing System this 18th day of August, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.

_____/

**PLAINTIFF'S NOTICE OF HEARING ON MOTION FOR
CIVIL CONTEMPT AND ORDER TO SHOW CAUSE[1]**

      **PLEASE TAKE NOTICE** that a hearing regarding Plaintiff's Motions for Civil

Contempt and Order to Show Cause have been set as follows:

      Judge:        Honorable John T. Brown

      Place:        Judge Brown's Chambers
                      Okaloosa County Courthouse, Fort Walton Beach, Annex

      Time:        4:30 p.m. CT (15 minutes have been reserved)

      Date:        September 16, 2016

**\*\*If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you to the provision
of certain assistance. Please contact:**

**Court Administration, ADA Liaison
Okaloosa County
1940 Lewis Turner Blvd.
Fort Walton Beach, FL 32547**

_____

[1] Plaintiff's Motion for Civil Contempt and Order to Show Cause was electronically filed with the Clerk of Court on August 11, 2016. Filing # 45134872.

**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.\*\***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 18th day of August, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:          bgordon@kaglawfirm.com
                    dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.

_____/

## ORER GRANTING PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND ORDER TO SHOW CAUSE AND PLAINTIFF'S AMENDED MOTION FOR CIVIL CONTEMPT AND ORDER TO SHOW CAUSE

THIS MATTER came before the Court on Plaintiff's Motion for Civil Contempt and Order to Show Cause[1] and Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause.[2] The Court, having reviewed the Motions and being otherwise fully advised in the premises, ORDERS as follows:

1.     Plaintiff's Motion for Civil Contempt and Order to Show Cause is GRANTED.

2.     Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause is GRANTED.

---

[1] Plaintiff's Motion for Civil Contempt and Order to Show Cause was electronically filed with this Court on 7/27/2016. Filing # 44499048.
[2] Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause was electronically filed with this Court on 7/28/2016. Filing # 44574845.

3.      Defendant Don Abreu has failed to comply with this Court's Order Granting Motion to Compel Responses to Discovery, which was entered on February 18, 2016.

4.      The Order Granting Plaintiff's Motion to Compel Responses to Discovery ordered Defendant Don Abreu to fully respond to Plaintiff's Second Request for Production to Don Abreu.

5.      The deadline for Defendant Don Abreu to fully respond to Plaintiff's Second Request for Production to Don Abreu, pursuant to the Court's Order, was February 28, 2016.

6.      To date, Defendant Don Abreu has failed to provide a complete response to Plaintiff's Second Request for Production to Don Abreu.

7.      Defendant Abreu's conduct constitutes contempt.

8.      The Defendants, Don Abreu, Andrew Manios, and Chris Manios, have failed to comply with this Court's Order Granting Plaintiff's Motion to Compel Responses to Discovery, which was entered on June 21, 2016.

9.      The Order Granting Plaintiff's Motion to Compel Responses to Discovery ordered Defendants to fully respond to the following discovery requests:

   a.  Plaintiff's First Request for Production to Defendant, Chris Manios;

   b.  Plaintiff's Third Request for Production to Defendant, Andrew Manios;

   c.  Plaintiff's Fourth Request for Production to Defendant, Don Abreu (collectively, the "Plaintiff's Discovery Requests").

10.     The deadline for the Defendants to fully respond to Plaintiff's Discovery Requests, pursuant to the Order, was July 1, 2016.

11.    To date, the Defendants have failed to provide a complete response to Plaintiff's Discovery Requests.

12.    The conduct of Defendant Don Abreu, Defendant Andrew Manios, and Defendant Chris Manios constitutes contempt of the Court's Order.

13.    Defendants shall have until August 26, 2016, to produce all documents responsive to Plaintiff's Discovery Requests. A complete response must include, but shall not be limited to:

    a.  Every tax return filed on behalf of Global Amenities, LLC, from the date of its inception to the present, including all schedules and worksheets.

    b.  All documents that evidence, describe, refer and/or relate to any communications between the Defendants, Don Abreu, Chris Manios, and Andrew Manios, related to:

        i.  ASI

        ii.  Global Amenities, LLC

        iii.  This lawsuit

        iv.  An Amenity Program

        v.  DVD Now

    c.  Any and all monthly balance sheets and income statements for Global Amenities, LLC.

14.    Plaintiff is awarded its attorneys' fees and costs associated with bringing its Motion for Civil Contempt and Show cause and its Amended Motion for Civil Contempt and Order to Show Cause and Motions to Compel Responses to Discovery. This Court reserved jurisdiction to determine the reasonable amount of said fees and costs upon proper notice and hearing

15.     Failure to produce discovery subject to this Order within ten days will result in coercive sanctions against Defendants totaling $100 per day, beginning on August 30, 2016. If compliance is not obtained by August 29, 2016, upon Plaintiff's request, the Court will conduct a hearing to evaluate additional coercive sanctions, including but not limited to the striking of Defendants' pleadings.

16.     In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 08/22/2016 14:23:57 VuVLU3xZ

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.
_____/

### AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF DON ABREU

To:    Joseph M. Scheyd                Jonathan E. Pollard
       1221 Airport Road, Suite 209     Pollard, PLLC
       Destin, FL  32541              401 E. Las Olas Blvd., Suite 1400
                                   Fort Lauderdale, Florida 33301

You are hereby notified that, on **Thursday, September 1, 2016 at 9:00 a.m. CT /**

**10:00 a.m. ET**, the undersigned will take the video deposition[1] of Don Abreu, upon oral

examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court

reporter at the office of Keefe, Anchors & Gordon, located at 2113 Lewis Turner Blvd.,

Suite 100, Fort Walton Beach, Florida 32547.

      The deposition is being taken for the purpose of discovery, for use at trial, or for

such other purposes as are being permitted under the rules of Court.

      If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact:

Okaloosa County
1940 Lewis Turner Boulevard

_____

[1] The deposition will be videotaped by a representative of Daniels and Rackard Reporting.

Fort Walton Beach, FL 32547
Phone (850) 609-4700  Fax (850) 652-7725
ADA.Okaloosa@flcourts1.gov

at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), a true and correct copy of the foregoing has been electronically filed and the following attorneys of record listed above this 22nd day of August 2016.

/s/ Darian Zamora_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:         bgordon@kaglawfirm.com
                 dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                                 CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

### NOTICE OF VIDEOTAPED DEPOSITION OF AMANDA RANSON

To:    Joseph M. Scheyd              Jonathan E. Pollard
        1221 Airport Road, Suite 209      Pollard, PLLC
        Destin, FL  32541              401 E. Las Olas Blvd., Suite 1400
                                         Fort Lauderdale, Florida 33301

You are hereby notified that, on **Wednesday, September 14, 2016 at 1:00 p.m.**

**CT / 2:00 p.m. ET**, the undersigned will take the video deposition[1] of Amanda Ranson,

upon oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an

official court reporter at The Point, located at 33 Market Point Drive, Suite 2031,

Greenville, SC 2960.

The deposition is being taken for the purpose of discovery, for use at trial, or for

such other purposes as are being permitted under the rules of Court.

If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact:

Okaloosa County
1940 Lewis Turner Boulevard

_____

[1]The deposition will be videotaped by a representative of U.S. Legal Support.

Fort Walton Beach, FL 32547
Phone (850) 609-4700  Fax (850) 652-7725
ADA.Okaloosa@flcourts1.gov

at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), a true and correct copy of the foregoing has been electronically filed and the following attorneys of record listed above this 22nd day of August 2016.

/s/ Darian Zamora_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
# IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

## NOTICE OF VIDEOTAPED DEPOSITION OF CHRIS MANIOS

To:    Joseph M. Scheyd                Jonathan E. Pollard
        1221 Airport Road, Suite 209     Pollard, PLLC
        Destin, FL  32541               401 E. Las Olas Blvd., Suite 1400
                                      Fort Lauderdale, Florida 33301

You are hereby notified that, on **Tuesday, September 13, 2016 at 9:00 a.m. CT /**

**10:00 a.m. ET**, the undersigned will take the video deposition[1] of Chris Manios, upon oral

examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court

reporter at The Point, located at 33 Market Point Drive, Suite 2031, Greenville, SC 2960.

The deposition is being taken for the purpose of discovery, for use at trial, or for

such other purposes as are being permitted under the rules of Court.

If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact:

Okaloosa County
1940 Lewis Turner Boulevard
Fort Walton Beach, FL 32547

_____

[1]The deposition will be videotaped by a representative of U.S. Legal Support.

Phone (850) 609-4700  Fax (850) 652-7725
ADA.Okaloosa@flcourts1.gov

at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), a true and correct copy of the foregoing has been electronically filed and the following attorneys of record listed above this 22nd day of August 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:         bgordon@kaglawfirm.com
                dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                      CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

        Defendants.

_____/

**<u>NOTICE OF VIDEOTAPED DEPOSITION OF LOUIS MANIOS</u>**

To:    Joseph M. Scheyd             Jonathan E. Pollard
         1221 Airport Road, Suite 209    Pollard, PLLC
         Destin, FL  32541                401 E. Las Olas Blvd., Suite 1400
                                      Fort Lauderdale, Florida 33301

You are hereby notified that, on **Wednesday, September 14, 2016 at 9:00 a.m.**

**CT / 10:00 a.m. ET**, the undersigned will take the video deposition[1] of Louis Manios, upon

oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official

court reporter at The Point, located at 33 Market Point Drive, Suite 2031, Greenville, SC

2960.

The deposition is being taken for the purpose of discovery, for use at trial, or for

such other purposes as are being permitted under the rules of Court.

If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact:

Okaloosa County
1940 Lewis Turner Boulevard

---

[1]The deposition will be videotaped by a representative of U.S. Legal Support.

Fort Walton Beach, FL 32547
Phone (850) 609-4700  Fax (850) 652-7725
ADA.Okaloosa@flcourts1.gov

at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), a true and correct copy of the foregoing has been electronically filed and the following attorneys of record listed above this 22nd day of August 2016.

/s/ Darian Zamora_____
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:         bgordon@kaglawfirm.com
                dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### NOTICE OF VIDEOTAPED DEPOSITION OF SARAH BLACK

To:    Joseph M. Scheyd           Jonathan E. Pollard
       1221 Airport Road, Suite 209    Pollard, PLLC
       Destin, FL  32541              401 E. Las Olas Blvd., Suite 1400
                                      Fort Lauderdale, Florida 33301

You are hereby notified that, on **Thursday, September 15, 2016 at 9:00 a.m. CT / 10:00 a.m. ET**, the undersigned will take the video deposition[1] of Sarah Black, upon oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court reporter at the office of A. William Roberts, Jr. & Associates, Parkway Business Center, 1293 Professional Drive, Suite D, Myrtle Beach, SC 29577.

The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are being permitted under the rules of Court.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:

Okaloosa County
1940 Lewis Turner Boulevard

_____

[1]The deposition will be videotaped by a representative of U.S. Legal Support.

Fort Walton Beach, FL 32547
Phone (850) 609-4700  Fax (850) 652-7725
ADA.Okaloosa@flcourts1.gov

at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), a true and correct copy of the foregoing has been electronically filed and the following attorneys of record listed above this 22nd day of August 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:   bgordon@kaglawfirm.com
dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                                 CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.

_____/

## ORDER APPOINTING SPECIAL MASTER

Upon consideration of this Court's prior Order Granting Plaintiff's Motion to Compel[1], dated July 19, 2016, and being otherwise fully advised in the premises, it is hereby ORDERED:

1.      Mr. Kenneth Leone will serve as a Special Master to effect the preservation and orderly discovery of all Program Agreements and/or contracts with customers, including all prior versions, edits, and metadata.

2.      Defendants must deliver all hard drives ("Hardware") containing the relevant information, by mail or hand delivery, to Keefe, Anchors, and Gordon, P.A., 2113 Lewis Turner Blvd., Suite 100, Fort Walton Beach, FL 32547, no later than Thursday, September 15, 2016. The hard drives will be retrieved by the Special master on September 16, 2016.

---

[1] Order Granting Plaintiff's Motion to Compel was entered on July 19, 2016. Filing # 44130273.

3.      The Special Master shall examine and return the Hardware pursuant to the Court's prior Order Granting Plaintiff's Motion to Compel.

4.      Plaintiff and Defendants shall each pay a retainer in the amount of $5,000.00 to be made payable to Kenneth Leone, and delivered to 30 Poquito Rd., Shalimar, FL 32579, no later than Friday, September 2, 2016 unless Defendant's Attorney objects in writing and schedules a hearing on said object to be heard prior to 5:00pm on September 7, 2016.

**5.**      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.      DONE AND ORDERED in Okaloosa County, Florida

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 08/24/2016 12:59:42 OYaMgNNw

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation,

        Defendants.
_____/

### DEFENDANTS' MOTION TO SHORTEN PLAINTIFF'S TIME TO
### RESPOND TO DEFENDANTS' THIRD REQUEST FOR
### <u>PRODUCTION AND THIRD SET OF INTERROGATORIES</u>

Defendants, by and through undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.340(a) and 1.350(b)hereby request that this Court enter an order shortening Plaintiff's time to respond to discovery requests from thirty (30) to twenty-three (23) days, and in support thereof state:

1. Per this Court's June 14, 2016 Order Setting a Non-Jury Trial, Pre-Trial Conference, and Directing Mediation (attached hereto as Exhibit "A"), the discovery cut-off date is September 15, 2016.

2. On July 28, 2016, the undersigned filed his Notice of Appearance (attached hereto as Exhibit "B").

3. Since that date, Defendants have worked to resolve discovery issues pertaining to responses owed by the parties and to determine what information is necessary to adequately and completely litigate the issues in this matter.

4. On August 23, 2016, Defendants propounded their Third Requests for Production and Third Set of Interrogatories to Plaintiffs (attached hereto as Exhibit "C") via facsimile.

5. The responses sought are necessary to adequately litigate this matter.

6. This Court is vested with the authority to shorten the amount of time a party may respond to Interrogatories and Requests for Production. Fla. R. Civ. P. 1.340(a); Fla. R. Civ. P. 1.350(b).

7. Rather than seek an extension of the discovery cut-off, Defendants request a seven (7) day reduction to Plaintiff's time to respond. This reduction does not prejudice Plaintiff and serves judicial economy. *See Bank of New York Mellon v. Clark*, 183 So. 3d 1271, 1272 (Fla. 1st DCA 2016) ("All involved, judges and litigants, have a solemn responsibility to ensure that inexcusable delays in civil legal proceedings do not occur.").

WHEREFORE, Defendants respectfully request that this Court enter an Order shortening Plaintiff's time to respond from thirty (30) to twenty-three (23) days, rendering responses due by the discovery cut-off date of September 15, 2016.


Dated: August 24, 2016

Respectfully submitted,
By: /s/ Jonathan Pollard
Jonathan E. Pollard
Florida Bar No. 83613
jpollard@pollardllc.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was filed on August 24, 2016 via the Court's electronic filing system. Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541 will receive notice via the Court's electronic notification system.

<u>/s/ Jonathan Pollard</u>
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

# Exhibit "A"

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
     Plaintiff,

v                             CASE NO.: 13-CA-4103

DON ABREU, et al.,
     Defendants.
_____/

**ORDER SETTING NON-JURY TRIAL, PRETRIAL CONFERENCE
AND DIRECTING MEDIATION**

     Pursuant to Florida Rules of Civil Procedure 1.200(a)(2); 1.440©; and 1.200(b) the following is hereby **ORDERED:**

     **1. SCHEDULE. For the purposes of setting time periods, the Pretrial Conference date will be September 15, 2016.**

     The non-jury trial in this cause has been set for October 31, 2016 and November 1, 2016 **beginning at 9:00 a.m. for two days in the Judge's Chambers, in the Okaloosa County Courthouse Extension, Fort Walton Beach, Florida.**

     **2. CONFLICTS.** *__Within 10 days of this Order__*, counsel shall notify the Court in writing if (a) inadequate time has been allowed for trial,  (b) if a scheduling conflict exists, (c) if discovery cannot be completed by the Pretrial Conference as ordered in paragraph 7 below, or (d) if alternative deadlines or case management conference(s) are needed, whereupon a Case Management Conference may be set by order of the Court.  The Court recognizes that most scheduling conflicts will resolve themselves; however, if a conflict about which the Court has been notified persists, it could later be a valid ground for a continuance.

     **3. CONTINUANCES.**  No continuance will be granted unless good cause is demonstrated in writing, signed by counsel and the parties he or she represents.  *See* Florida Rules of Judicial Administration, Rule 2.545(e).  Conflicts about which the Court has been notified pursuant to paragraph 2 above will be persuasive.  Conflicts arising after the expiration of the ten (10) days set forth in paragraph 2 above will not be persuasive.

     **4. DISCLOSURE.** *__If not otherwise ordered, or expressly set forth in this Order, at least 60 days before the Pre-Trial Conference__* , each party shall file directly with the Clerk and provide the other with:

          a.   A list including the names and addresses (sufficient for service of subpoena) of all proposed non-expert witnesses.  The subject matter about which the witness has knowledge is particularly important.  The purpose of this disclosure is to enable each party to accurately respond to the Court's inquiries found in *Florida Rules of Civil Procedure 1.200(b)(1)-(6).*

b.  At least 90 days before the Pretrial Conference, a list of all experts that will be called to testify at trial, together with those experts' reports so that expert discovery is completed by the time of the Pretrial Conference and the parties shall exchange the names and addresses of all experts, that will be called to testify at trial, along with the expert's specialty, the subject matter on which the expert is expected to testify, and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Please see (a) above.

c.  The designation of those witnesses whose testimony the party expects to present by deposition, with page and line designations of such testimony from the deposition transcript. If a video-recording of the deposition will be used at trial, the video portion of such testimony must be exchanged at this time.

d.  Demonstrative aids intended to be used at trial must be made available to all counsel for inspection ten (10) days before trial.

e.  (1.)  Plaintiff shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference.   Newly discovered exhibits shall be immediately provided to Defendant.

(2.)  Defendant shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference.   Newly discovered exhibits shall be immediately provided to Plaintiff.

Failure to timely comply with the above may result in the exclusion of said witness and/or use of said exhibit at trial.

**5.  CONSULTATION.  *At least 10 days before Pretrial Conference*,** Plaintiff's counsel shall conduct a consultation, by telephone or in person, with all counsel cooperating in order to:

a.  Discuss settlement

b.  Arrange to examine and mark for identification all trial exhibits and demonstrative aids.

c.  Review witness lists with the goal of identifying those witnesses each party reasonably anticipates will be called to testify at trial.

d.  Review the six (6) items found in Rule 1.200(b), Fla.R.Civ.P., in preparation for the Pretrial Conference.

e.  Prepare a mutual stipulation and a proposed Pretrial Order as required below.

f.

f.    To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto.

**6. MUTUAL STIPULATION AND PROPOSED PRETRIAL ORDER.** _**At least three (3) working days before the Pretrial Conference**_, a Stipulation (in one document) shall be submitted directly to the Court's Chambers (**not filed with the Clerk**) either by U.S. mail or by hand delivery, **not** by facsimile. Plaintiff's counsel shall have the responsibility for drafting the Stipulation which shall contain:

a.    A statement of the case agreed to by the parties containing:
      1. Paragraph, agreed to by the parties, describing the overall case.
      2. Paragraph from each party containing the contentions of that party.
      3. Paragraph from the Plaintiff concerning the relief sought.
      These paragraphs shall be brief and to the point. (Counsel may simply update the Statement of the Case provided for mediation if so desired.)

b.    A list of pleadings upon which the case will go to trial.

c.    A statement of
      1. Facts admitted by the parties
      2. Factual issues remaining to be litigated.

d.    A statement of
      1. All matters requiring action by the Court
      2. Legal and evidentiary issues likely to arise at trial and trial briefs or memoranda with citation of authorities and arguments in support of that side's position on all disputed issues of law or disputes regarding the rules of evidence or rules of procedure.

e.    A list of witnesses that each party reasonably anticipates will be called to testify at trial.

f.    A list of all exhibits (a copy of the bate stamped exhibits themselves being provided to the court at this time also) and demonstrative aids to be offered at trial, noting any objections thereto and grounds for each objection. Any objections not listed will be deemed waived. **Those exhibits and aids the parties agree are admissible or acceptable for use at trial shall be marked with an asterisk.**

g.    An indication of which party will be securing the court reporter, if any.

h.    A statement confirming and attesting that counsel have complied with paragraphs 4 (if applicable), 5 and 11 of this Order.

i.    A concise statement of any disagreement as to the application of rules of evidence or of the Florida Rules of Civil Procedure.

j.   A list of all motions or other matters which require action by the court.

k.   Counsel's respective estimates of the length of the trial

l.   The signatures of counsel for all parties.

Plaintiff's counsel, unless otherwise directed by the Court, will have responsibility for drafting the proposed Pretrial Order which shall contain:

a. The incorporated mutual Pretrial Stipulation.

b. The Court's rulings upon all matters requiring Court action.

**The Pretrial Order shall thereafter control the course of action.** Fla.R.Civ.P. 1.200(d).

**7.   DISCOVERY.**   The Court directs that all discovery shall be completed before the Pre Trial Conference without prior written leave of Court.

**8.   MOTIONS.**   Other than Motions in Limine, no Motions will be scheduled or heard after the Pretrial Conference absent compelling circumstances.

**9.   ATTENDANCE.**   Each party shall be  represented at the Pretrial Conference by the person who will try the case. In addition to the items in the Pretrial Stipulation, each participant must be prepared to discuss the six (6) items of *Fla.R.Civ.P. 1.200(b)*.   *If the person attending the Pretrial Conference is not authorized to enter into binding stipulations concerning anticipated trial matters [i.e., needs to confer with the client before entering into any agreements concerning matters that will expedite the progress of the trial; See, Fla. R. Civ. P. 1.200(b)], then the party must also be present.*

**10. SETTLEMENT.    In the event this case settles, Plaintiff's counsel shall immediately notify** the undersigned Judge by written fax memorandum   (850-609-3073), and by phone call (850-609-5416).

**11.   MEDIATION:**

a.   This case shall be mediated no later than 90 days from the date of this Order.

b. Plaintiff's counsel shall seek agreement with all concerned as to a certified mediator and   their compensation.   If achieved, Plaintiff's counsel shall file a notice containing this information in the record.   If the parties cannot agree within ten (10) days of this Order, Plaintiff's counsel shall notify the Court which will enter an Order appointing the mediator and setting the compensation.

c. Plaintiff's attorney shall

(1) Schedule the mediation conference at a time agreeable to all concerned sufficiently in advance of the Pretrial conference, but in no event to be held later than 30 days prior to the Pretrial Conference.

(2) Confirm the date, time and place of the mediation conference by letter to all concerned.

d. Each party shall be represented at the mediation conference by the person who will try the case.  The parties **must** also be present. A corporate party **must** be represented by a managing agent.   An insured party **must** also have a representative present with **full** (not limited) authority to settle the case.   A participant who fails to attend, or leaves the mediation conference before the mediator declares the conference ended, or a party in attendance with limited authority, is subject to sanctions by the Court.  Sanctions may include taxing of fees and costs for the participants and the mediator.

e. The mediator shall provide the Court with a mediation report no later than five (5) days before the Pre-Trial Conference, unless otherwise ordered by the Court.


**DONE AND ORDERED** in Chambers at the Okaloosa County Courthouse Annex located in Fort Walton Beach, Okaloosa County, Florida.
.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 06/14/2016 13:25:14 AYri1Gak

# Exhibit "B"

**IN THE CIRCUIT COURT OF THE 1st JUDICIAL CIRCUIT,
IN AND FOR OKALOOSA, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation

          Plaintiff,        **CASE NO. 2013 CA 4103**

vs.

DON ABREU, ANDREW MANIOS,
CHRISTOPHER MANIOS and
GLOBAL AMENTITIES, LLC.

          Defendants.

_____/

**NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES**

The law firm of Pollard PLLC hereby files this notice of appearance of counsel and designation of email addresses in accordance with Florida Rule of Judicial Administration 2.505(e). The firm has been retained to represent all Defendants in this matter. Counsel for Defendants hereby designates the following email addresses for electronic service of documents:

- Brooke Bach, Esq.
  bbach@pollardllc.com
- Jonathan Pollard, Esq.
  jpollard@pollardllc.com
  dgrant@pollardllc.com
- Nathan Saunders, Esq.
  nsaunders@pollardllc.com

        Dated: July 28, 2016        Respectfully submitted,

                                      By: s/ *Jonathan Pollard*
                                      Jonathan E. Pollard
                                      Florida Bar No.: 83613
                                      jpollard@pollardllc.com
                                      Pollard PLLC
                                        401 E. Las Olas Blvd. #1400

Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed on July 28, 2016 via the Court's electronic filing system. All registered counsel will receive notice via the Court's electronic notification system.

/s/ Jonathan Pollard

# **Exhibit "C"**

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.,
a Florida corporation,

        Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation,

        Defendants.

_____/

**DEFENDANTS' THIRD SET OF INTERROGATORIES AND THIRD REQUEST
FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Florida Rules of Civil Procedure 1.340 and 1.350, provide answers to the interrogatories and produce all materials responses to the requests for production to the undersigned attorney at the office of Pollard PLLC, 401 East Las Olas Boulevard, #1400, Fort Lauderdale, Florida 33301 by September 15, 2016.

## DOCUMENT REQUESTS

Produce:

1.  All communications between Defendants and Plaintiff, its agents, and/or its employees, from January 1, 2008 through the present.

2.  All materials not previously produced that are listed in Paragraph 15 of Plaintiff's First Amended Complaint, from January 1, 2008 through the present.

3.  All documents and things, paper and electronic, related to DVD kiosks distributed, owned, leased, managed, operated, and/or maintained by Plaintiff, from January 1, 2008 through the present.

4.  All documents and things, paper and electronic, related to marketing, advertising, solicitation and promotion of Plaintiff's business in South Carolina, from January 1, 2008 through the present.

5.  Every version of Plaintiff's organizational charts that were in effect from January 1, 2008 through the present.

6.  All financial statements prepared by or for Plaintiff including, balance sheets, income statements, and statements of cash flows, from January 1, 2008 through the present.

7.  All non-privileged documentation related to trade secret litigation and/or non-disclosure agreement litigation, excluding the above styled matter, to which Plaintiff is/was a party, from January 1, 2008 through the present.

8.  All communications, paper and electronic, between Don Abreu and Plaintiff's current, former, and potential clients, from January 1, 2008 through the present.

9.  All training materials, paper and electronic, provided by Plaintiff to property management companies, from January 1, 2008 through the present.

10. All training materials, paper and electronic, provided by Plaintiff to service providers, from January 1, 2008 through the present.

11. All training materials, paper and electronic, provided by Plaintiff to its employees and agents, from January 1, 2008 through the present.

12. All documents and things, paper and/or electronic, that evidence the actual or potential economic value of the alleged trade secrets.

13. All documents and things, paper and/or electronic that evidence that damages were incurred by Plaintiff as a result of the alleged actions described in Plaintiff's First Amended Complaint.

## INTERROGATORIES

**INTERROGATORY No. 1**: Set forth, in detail, the "improper means" by which Defendants are alleged to have acquired Plaintiff's trade secrets and identify all materials and information that support that allegation.

**INTERROGATORY No. 2**: Describe in detail, the economic value, whether actual or potential, derived from ASI's alleged trade secrets being not generally known to and not generally ascertainable by other persons who can obtain economic value from its disclosure.

4

**INTERROGATORY No. 3**: Set forth, in detail, all efforts taken to maintain the secrecy of ASI's alleged trade secrets, from January 1, 2008 through the present.

**INTERROGATORY No. 4**: Describe, in detail, the formulas, items, materials, methods, patterns, processes, programs, methods, and/or techniques that Defendants allegedly disclosed in violation of ASI's non-disclosure agreement. Your answer must include when and how each disclosure was made.

**INTERROGATORY No. 5**: Set forth, in detail, the basis for Plaintiff's contention in paragraph 16 of its First Amended Complaint that "[t]he most valuable assets a company such as ASI has are its Trade Secrets."

**INTERROGATORY No. 6**: Set forth, in detail, the value of damages alleged to have been incurred by Plaintiff as a result of the actions described in Plaintiff's First Amended Complaint.

Dated: August 23, 2016                         Respectfully submitted,

                                               /s/ *Jonathan Pollard*

                                               Jonathan E. Pollard
                                               Florida Bar No.: 83613
                                               Pollard PLLC
                                               401 E. Las Olas Blvd #1400
                                               Fort Lauderdale, FL 33301
                                               Telephone: (954) 332-2380
                                               Facsimile: (866) 594 5731
                                               jpollard@pollardllc.com
                                               *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by facsimile number 850-863-1591 and e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547;  Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net,  1221 Airport Road, Suite 209, Destin, FL 32541, on this 23rd day of August, 2016.

*/s/ Jonathan Pollard*
Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731
jpollard@pollardllc.com
*Attorney for Defendants*

**<u>Verification</u>**

I, _____, a representative of ASI HOLDING CORPORATION INC., being first duly sworn in accordance with the law, do hereby depose and state that I have read the responses to "DEFENDANT'S THIRD SET OF INTERROGATORIES TO PLAINTIFF" and that the responses are true and correct and within my personal knowledge.

STATE OF _____)

                    )ss:

COUNTY OF _____)

    The foregoing instrument was sworn to and subscribed before me this _____ day of _____, 2016, by _____, who is personally known to me or who has produced _____ as identification.

Notary Public [Signature]

[Printed Name of Notary Public]

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                      CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

       Defendants.

_____/

## SECOND AMENDED NOTICE OF VIDEOTAPED DEPOSITION
## OF ANDREW MANIOS

To:    Joseph M. Scheyd             Jonathan E. Pollard
        1221 Airport Road, Suite 209    Pollard, PLLC
        Destin, FL  32541             401 E. Las Olas Blvd., Suite 1400
                                    Fort Lauderdale, Florida 33301

You are hereby notified that, on **Thursday, September 1, 2016 at 9:00 a.m. CT / 10:00 a.m. ET**, the undersigned will take the video deposition[1] of Andrew Manios, upon oral examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court reporter at the office of Keefe, Anchors & Gordon, located at 2113 Lewis Turner Blvd., Suite 100, Fort Walton Beach, Florida 32547.

The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are being permitted under the rules of Court.

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:

_____

[1]The deposition will be videotaped by a representative of Daniels and Rackard Reporting.

Okaloosa County
1940 Lewis Turner Boulevard
Fort Walton Beach, FL 32547
Phone (850) 609-4700  Fax (850) 652-7725
ADA.Okaloosa@flcourts1.gov

at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), a true and correct copy of the foregoing has been electronically filed and the following attorneys of record listed above this 24th day of August 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                                   CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### SECOND AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF DON ABREU

To:    Joseph M. Scheyd              Jonathan E. Pollard
        1221 Airport Road, Suite 209    Pollard, PLLC
        Destin, FL  32541              401 E. Las Olas Blvd., Suite 1400
                                            Fort Lauderdale, Florida 33301

        You are hereby notified that, on **Wednesday, August 31, 2016 at 9:00 a.m. CT /**

**10:00 a.m. ET**, the undersigned will take the video deposition[1] of Don Abreu, upon oral

examination under Rule 1.310, *Florida Rules of Civil Procedure*, before an official court

reporter at the office of Keefe, Anchors & Gordon, located at 2113 Lewis Turner Blvd.,

Suite 100, Fort Walton Beach, Florida 32547.

        The deposition is being taken for the purpose of discovery, for use at trial, or for

such other purposes as are being permitted under the rules of Court.

        If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of
certain assistance. Please contact:

                    Okaloosa County
               1940 Lewis Turner Boulevard

---

[1]The deposition will be videotaped by a representative of Daniels and Rackard Reporting.

Fort Walton Beach, FL 32547
Phone (850) 609-4700  Fax (850) 652-7725
ADA.Okaloosa@flcourts1.gov

at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), a true and correct copy of the foregoing has been electronically filed and the following attorneys of record listed above this 24th day of August 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL  32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email:        bgordon@kaglawfirm.com
              dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

2

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

       Defendants.

_____/

## PLAINTIFF'S NOTICE OF HEARING ON THE COURT'S DETERMINE OF REASONABLE AMOUNT OF ATTORNEYS' FEES AND COSTS PURSUANT TO THE ORDER GRANTING PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND ORDER TO SHOW CAUSE AND PLAINTIFF'S AMENDED MOTION FOR CIVIL CONTEMPT AND ORDER TO SHOW CAUSE[1]

       **PLEASE TAKE NOTICE** that a hearing regarding the Court's determine of reasonable amount of attorneys' fees and costs pursuant to the Order Granting Plaintiff's Motion for Civil Contempt and Order to Show Cause and Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause entered on August 22, 2016, has been set as follows**:**

       Judge:        Honorable John T. Brown

       Place:         Judge Brown's Chambers
                       Okaloosa County Courthouse, Fort Walton Beach, Annex

       Time:         1:30 p.m. CT (15 minutes have been reserved)

---

[1] The Order Granting Plaintiff's Motion for Civil Contempt and Order to Show Cause and Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause was electronically filed with the Clerk of Court on August 22, 2016. Filing # 45519591.

Date:          September 7, 2016

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

**Court Administration, ADA Liaison**
**Okaloosa County**
**1940 Lewis Turner Blvd.**
**Fort Walton Beach, FL 32547**
**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.\*\***

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 24th day of August, 2016.

> /s/ Darian Zamora_____
> A. Benjamin Gordon
> Florida Bar No.: 528617
> Darian Zamora
> Florida Bar No.: 114951
> Keefe, Anchors & Gordon, P.A.
> 2113 Lewis Turner Boulevard, Suite 100
> Ft. Walton Beach, FL   32547
> Telephone:   (850) 863-1974
> Facsimile:    (850) 863-1591
> Email:          bgordon@kaglawfirm.com
>                    dzamora@kaglawfirm.com
>
> *Attorneys for ASI Holding Company, Inc.*

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.
_____/

## PLAINTIFF'S NOTICE OF HEARING ON PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY[1]

**PLEASE TAKE NOTICE** that a hearing regarding Plaintiff's Motion to Compel

Responses to Discovery have been set as follows:

| | |
|---|---|
| Judge: | Honorable John T. Brown |
| Place: | Judge Brown's Chambers<br>Okaloosa County Courthouse, Fort Walton Beach, Annex |
| Time: | 9:00 a.m. CT (15 minutes have been reserved) |
| Date: | September 8, 2016 |

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

**Court Administration, ADA Liaison**
**Okaloosa County**
**1940 Lewis Turner Blvd.**
**Fort Walton Beach, FL 32547**

_____

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the Clerk of Court on August 8, 2016. Filing # 44943234.

**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.\*\***

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, <u>Jay@jscheyd.com</u> and <u>matt@jscheyd.com and</u> Jonathan E. Pollard, Pollard, PLLC, <u>jpollard@pollardllc.com</u> on this 24th day of August, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        <u>bgordon@kaglawfirm.com</u>
              <u>dzamora@kaglawfirm.com</u>

*Attorneys for ASI Holding Company, Inc.*

IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

vs.                                CASE NO.: 13 CA 4103

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

### **MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

The undersigned attorney, **JOSEPH M. SCHEYD, JR,** consistent with the rule

regulating the Florida Bar 4-1.16(B), moves to withdraw as counsel for Defendants, DON

ABREU, an individual, and ANDREW MANIOS, an individual, CHRIS MANIOS, an

individual, and GLOBAL AMENITIES, LLC, a South Carolina limited liability company, in the

subject case and states:

    1.     Counsel for Defendants believes that Defendants' desired tact in the subject case

is not consistent with the undersigned's advice and recommendations and, therefore, is

imprudent.

    2.     Defendants have not fulfilled their financial obligations to the undersigned an the

continued representation of Defendants will result in an unreasonable financial burden on the

undersigned.

    3.     Both the undersigned and the Defendants have agreed to the withdrawal of the

undersigned.

4.     This Motion is not sought for the purposes of delay.

WHEREFORE, the undersigned, JOSEPH M. SCHEYD, JR., respectfully request this honorable court grant his motion to withdraw as counsel of record in the subject case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been electronically filed and copies furnished to bgordon@kaglaw.com; dzamora@kaglawfirm.com and mbaughn@kaglawfirm.com and jpollard@pollardllc.com using the E-Portal Filing System this _25-th_ day of August, 2016.

JOSEPH M. SCHEYD, JR., ESQUIRE
1221 Airport Road, Suite 209
Destin, Florida 32541
(850) 837-1171
Fla. Bar No.: 995304
Attorney for Defendants
Emeraldcoastlaw@cox.net
Matt@jscheyd.com

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.
_____/

### NOTICE POSTPONEMENT OF VIDEOTAPED DEPOSITION OF ANDREW MANIOS

To:    Joseph M. Scheyd               Jonathan E. Pollard
        1221 Airport Road, Suite 209     Pollard, PLLC
        Destin, FL  32541              401 E. Las Olas Blvd., Suite 1400
                                       Fort Lauderdale, Florida 33301

YOU ARE HEREBY NOTIFIED that the deposition of Andrew Manios, scheduled

to occur on Thursday, September 1, 2016 starting at 9:00 a.m. CT / 10:00 a.m. ET, has

been postponed. The deposition will be rescheduled for a later date.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this
Court, and a true and correct copy of hereof has been furnished by electronic mail to
Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard,
Pollard, PLLC, jpollard@pollardllc.com on this 29th day of August, 2016.

                               /s/ Darian Zamora_____
                               A. Benjamin Gordon
                               Florida Bar No.: 528617
                               Darian Zamora
                               Florida Bar No.: 114951
                               Keefe, Anchors & Gordon, P.A.

2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

# IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
# IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                               CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

       Defendants.
_____/

## NOTICE POSTPONEMENT OF VIDEOTAPED DEPOSITION OF DON ABREU

To:    Joseph M. Scheyd               Jonathan E. Pollard
       1221 Airport Road, Suite 209    Pollard, PLLC
       Destin, FL  32541              401 E. Las Olas Blvd., Suite 1400
                                            Fort Lauderdale, Florida 33301

YOU ARE HEREBY NOTIFIED that the deposition of Don Abreu, scheduled to

occur on Wednesday, August 31, 2016 starting at 9:00 a.m. CT / 10:00 a.m. ET, has been

postponed. The deposition will be rescheduled for a later date.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this
Court, and a true and correct copy of hereof has been furnished by electronic mail to
Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard,
Pollard, PLLC, jpollard@pollardllc.com on this 29th day of August, 2016.

                                   /s/ Darian Zamora_____
                                   A. Benjamin Gordon
                                   Florida Bar No.: 528617
                                   Darian Zamora
                                   Florida Bar No.: 114951
                                   Keefe, Anchors & Gordon, P.A.

2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
### IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.
_____/

### MOTION FOR PROTECTIVE ORDER

NOW COMES the Plaintiff, ASI Holding Company, Inc. ("ASI"), by and through its undersigned counsel, and files this Motion for Protective Order pursuant to Rule 1.280(c)(4), *Florida Rules of Civil Procedure*, and in support states as follows:

### INTRODUCTION

Plaintiff, ASI Holding Company, Inc., ("ASI") filed this action for theft of trade secrets and breach of Non-Disclosure Agreements based on the Defendants' use of Plaintiff's confidential information for their own benefit and disclosure of Plaintiff's confidential information to third parties. This Motion seeks the entry of a Protective Order prohibiting Defendants from seeking additional discovery until the Court rules on Plaintiff's Motion for Order to Show Cause and to Strike Defendants' Pleadings, or in the alternative, until Defendants have fully complied with all pending discovery, including discovery that the Defendants have been ordered by this Court to produce. This Motion further seeks protection from Defendants' untimely and improper requests for discovery.

Plaintiff is entitled to this relief because: (A) Defendants are in contempt of this Court's Order Granting Plaintiff's Motions for Civil Contempt and Plaintiff has filed a Motion seeking to strike Defendants' pleadings for repeated civil contempt; (B) Plaintiff should not be required to respond to any additional discovery until Defendants have fully complied with all of Plaintiff's outstanding discovery requests; (C) Defendants have sought untimely written discovery, in violation of Florida law and this Court's Scheduling Order; (D) Defendants have unilaterally set depositions of ten witnesses within the last two weeks of the discovery period, with less than three days-notice to the Plaintiff; and (E) due to Defendants' failure to timely produce discovery, Plaintiff must postpone the depositions of Defendants, which are scheduled to occur in the next few days.  As such, Plaintiff respectfully requests that this Court enter an appropriate Protective Order, prohibiting Defendants from seeking further discovery of Plaintiff or any other non-party.

## BACKGROUND

Throughout the course of this litigation, Defendants have continuously failed to respond to discovery and comply with critical deadlines in this case, necessitating the filing of multiple Motions to Compel and Motions for Contempt. To date, Plaintiff has filed four Motions to Compel, three Motions for Contempt, and a Motion for Order to Show Cause and to Strike pleadings for Repeated Civil Contempt. Plaintiff has been and continues to be prejudiced by the Defendants willful failure to comply with discovery and this Court's Orders.  To date, Defendants have failed to produce documents in response to several of the Plaintiff's discovery requests, despite being under Court Orders to do so, and having been found in contempt for their repeated failure to do so. Contemporaneously herewith, Plaintiff files a Motion for Order to Show Cause and To Strike Pleadings for

Repeated Civil Contempt, which addresses the extent of Defendants' contemptuous conduct in greater detail.

Even in light of the Defendants own failure to properly respond to discovery, Defendants have attempted to seek discovery from Plaintiff without adequate notice. On August 19, 2016, less than 30 days prior to the discovery cut-off, Defendants' counsel sent a letter to Plaintiff purporting to seek supplemental responses to Defendants' First and Second Requests for Production, and First and Second Sets of Interrogatories. A true and correct copy of this letter is attached hereto as Exhibit "A." This letter is merely an attempt to seek additional discovery without complying with the 30 day period proscribed by Florida's Rules of Civil Procedure.  Moreover, Plaintiff previously timely responded to each of the Defendants' requests, some of which date back to 2014, and Defendants have failed to raise any concerns regarding this discovery until the final moments of the discovery period.

Moreover, on August 23, 2016, approximately three weeks prior to the discovery cut-off deadline, Defendants filed their Third Requests for Production and Third Set of Interrogatories to Plaintiff.  The response deadline for such discovery falls after the close of discovery.  So, Defendants then filed a Motion to Shorten Plaintiff's Time to Respond to Defendants' Third Request for Production and Third Set of Interrogatories.  Defendants have had years to seek this discovery.  Having only themselves to blame for not timely seeking discovery, Defendants cannot now seek to prejudice Plaintiff by serving untimely discovery and denying Plaintiff adequate time to respond, as provided for in the Rules of Civil Procedure and this Court's Scheduling Order.

On August 24, 2016, Defendants counsel sent a letter seeking to take the

depositions of ten individuals in the following three weeks. Plaintiff's counsel informed Defendants' counsel that there were only five (5) business days between August 24 and the discovery cut-off date on which the parties were not already scheduled to take depositions or attend hearings in this matter. In response, Defendants' counsel proposed that the parties take depositions (many of whom are nonparties and employees of ASI) on weekends, and even suggested that the parties forego attending the Case Management Conference, which is currently scheduled to take place on September 12, 2016. Plaintiff's counsel responded that it would work in good faith to schedule all of the requested depositions prior to the discovery cut-off, and that it had reached out to the witnesses to determine their availability. Two days later, on August 26, 2016, Defendants' counsel purported to unilaterally set these witnesses for deposition, without subpoenas, and requested that those individuals produce documents at their depositions, many of which were scheduled to occur less than 15 days later.

## ARGUMENT

### A. Defendants are in Contempt of this Court's Order Granting Plaintiff's Motions for Civil Contempt.

Defendants are currently in contempt of this Court's Order Granting Plaintiffs Motion for Civil Contempt and Order to Show Cause and Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause. That Order found the Defendants in contempt of two of this Court's prior Orders and ordered Defendants to produce documents that have been outstanding since as early as November 2015, by no later than Friday, August 26, 2016. According to the Order, if compliance is not obtained by August 29, 2016, upon Plaintiff's request, the Court will conduct a hearing to evaluate additional coercive sanctions, *including but not limited to the striking of Defendants' pleadings*. A true and

correct copy of this Order is attached hereto as Exhibit "B."

To date, Defendants have not produced any documents responsive to the outstanding discovery requests or the Court's Contempt Order. As such, Plaintiff has filed a Motion for Order to Show Cause and to Strike Pleadings for Repeated Civil Contempt. Given the Defendants' repeated contemptuous conduct, this Court is entitled to sanction Defendants by striking their pleadings and allowing this matter to proceed to trial solely on the issue of damages. Therefore, Plaintiff should not be required to respond to any of Defendants' untimely discovery requests until this Court decides whether to strike Defendants' pleadings.

### B. Plaintiff Should Not Be Required to Respond to Any Additional Discovery Until Defendants Have Fully Complied With All of Plaintiff's Outstanding Discovery and Deposition Requests.

Due to the Defendants' contemptuous conduct, Plaintiff is without critical documents that the Defendants have been ordered to produce no later than Friday, August 26, 2016.  Until such documents are produced, Plaintiff is prejudiced in being able to conduct depositions, which Plaintiff previously sought of Defendants and their witnesses.  Therefore, with the discovery deadline less than 30 days away, Plaintiff should not be required to respond to any further discovery requests or produce witnesses for deposition, until the Defendants are in full compliance with this Court's orders compelling Defendants to produce documents and until previously requested depositions of Defendants are completed.

### C. Defendants Have Sought Untimely Written Discovery.

On August 19, 2016, less than 30 days prior to the discovery cut-off, Defendants' counsel sent a letter to Plaintiff purporting to seek supplemental responses to Defendants'

First and Second Requests for Production, and First and Second Sets of Interrogatories. This letter is merely an attempt to seek additional discovery without complying with the 30 day period proscribed by Florida's Rules of Civil Procedure.

Given the fact that Plaintiff provided detailed timely responses to each of these requests, it is Plaintiff's position that any so-called objections to these responses have been waived. In addition, Defendants' letter actually attempts to modify prior discovery requests to seek *additional* information, not sought at the time the requests were originally provided to Plaintiff. Plaintiff should not be required to provide supplemental responses to Defendants, as the Defendants' requests are untimely and not in compliance with the Rules of Civil procedure.

Further, on August 23, 2016, approximately three weeks prior to the discovery cut-off deadline, Defendants filed their Third Requests for Production and Third Set of Interrogatories to Plaintiff. This discovery is untimely, and Plaintiff should not be required to respond at this late date, much less in the abbreviated period sought by Defendants.

Ironically, with less than 30 days notice, this discovery from Defendants seeks the very same type of information that is outstanding from Defendants, for which the Defendants are currently in contempt.  Notably, Defendants' attorney argued to this Court that *several months* had been an inadequate amount of time for Defendants to comply with those requests seeking documents over a 5-year period.   (Hr'g Tr., Aug. 16, 2016, 7:16-8:24).  Now, Defendants demand that Plaintiff produce those same documents over an *8-year period, in less than 30 days*.

It is clear that, in addition to the untimely nature of these requests, the Defendants' requests have not been made in good faith, and Plaintiff should not be required to comply

with these requests until Defendants have produced all outstanding discovery.

**D. Defendants Have Unilaterally Set the Depositions of Ten Witnesses With Less Than Three Days-Notice to the Plaintiff.**

On August 24, 2016, Defendants counsel sent a letter seeking to take the depositions of ten individuals over only 5 available days before the discovery deadline. Defendants' counsel proposed that the parties take depositions on weekends, and even suggested that the parties forego attending the Case Management Conference, which is currently scheduled to take place on September 12, 2016. Plaintiff's counsel responded that Plaintiff would work in good faith to schedule all of the requested depositions prior to the discovery cut-off, and that undersigned counsel had reached out to the witnesses to determine their availability. Two days later, on August 26, 2016, Defendants' counsel purported to unilaterally set these witnesses for deposition, without subpoenas. Defendants' counsel, in violation of Florida law, also requested that those individuals produce documents at their depositions, many of which were scheduled to occur less than 15 days later.

Plaintiff should not be required to produce these witnesses for deposition, due to the untimely nature of Defendants' requests and Defendants' failure to make a good faith attempt to coordinate these depositions with Plaintiff's counsel. In addition, many of the potential deponents are non-party employees of ASI, for whom subpoenas have not been issued. Although Defendants have taken the position that they are not required to subpoena Plaintiff's employees, it is well-settled in Florida that it is necessary to subpoena a non-party witness unless such witness is an officer, director, or managing agent of the corporation that is a party to the case. *See Zeus, LLC v. The Cadle Co.*, 929 So.2d 1108 (Fla. 4th DCA 2006) (where respondent did not demonstrate that witness was an officer,

director, or managing agent of the corporation, she could not simply be noticed for deposition without a subpoena). Therefore, Plaintiff and its non-party witnesses should not be required to participate in the unilaterally set depositions, as currently scheduled, due to the Defendants failure to make any good faith effort to coordinate these depositions with the Plaintiff.

In addition, Defendants have not given sufficient notice for any of the depositions it seeks. Under Rule 1.310, *Florida Rules of Civil Procedure*, "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." Under the circumstances, providing the Plaintiff with only two weeks-notice of ten depositions, to occur in the last two weeks of the discovery period, is unreasonable. Moreover, subsection 5 of this rule also states that "[t]he notice to a party deponent may be accompanied by a request made in compliance with Rule 1.350 for the production of documents at the taking of the deposition.  The procedure of Rule 1.350 shall apply to the request." Fla. R. Civ. P. 1.310(5). Rule 1.350 clearly states that the party to whom a request for documents is served shall serve a written response "within 30 days after service of a request." Fla. R. Civ. P. 1.350(b). Therefore, by unilaterally setting these depositions and seeking documents from the witnesses with approximately two weeks-notice, Defendants are attempting to circumvent the Rules of Civil Procedure.  Plaintiff and its non-party witnesses should not be required to attend these depositions and/or produce the requested documents at the depositions.

Moreover, Defendants' continued failure to produce outstanding discovery, leaves Plaintiff unable to adequately prepare its own witnesses for their depositions. Therefore, Plaintiff should not be required to proceed with these depositions without first receiving

the documents which have been outstanding from Defendants since 2015.

### E. Due to Defendants' Failure to Produce Discovery, Plaintiff Must Postpone the Depositions of Defendants.

Finally, due to the Defendants' failure to timely produce discovery, Plaintiff must postpone the depositions of the Defendants, which are scheduled to take place within the next three days. Plaintiff has gone above and beyond to attempt to obtain outstanding discovery from Defendants in advance of these depositions by filing multiple Motions to Compel and Motions for Contempt. However, Defendants remain in contempt of this Court's Orders compelling production of those documents, and Defendant is still awaiting what the Defendants have represented will be "tens of thousands of documents" only 48 hours prior to the deposition of one of the Defendants. *See* Aug. 16, 2016, Hr. Tr. 7:16-20. Without these critical documents, Plaintiff will not be able to adequately prepare for the depositions of the Defendants. Given that Plaintiff will be forced to postpone the depositions of the Defendants, Defendants should not be permitted to take the depositions of Plaintiff and other non-party witnesses, while Plaintiff remains unable to depose the Defendants themselves.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an appropriate Protective Order as requested herein, protecting Plaintiff from any obligation to respond to the Defendants' Third Request for Production and Third Set of Interrogatories, protecting Plaintiff and its non-party witnesses from any obligation to participate in improperly noticed depositions, and protecting Plaintiff from all further discovery, until the Defendants produce all outstanding discovery and/or this Court rules on Plaintiff's Motion for Order to Show Cause and to Strike Pleadings for Repeated Civil Contempt, and any other relief as the Court deems just and proper, including attorney's

fees incurred bringing this motion.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 29th day of August, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:       bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

10



# POLLARD PLLC

Jonathan E. Pollard     401 E. Las Olas Blvd. #1400     Fort Lauderdale, FL 33301     954-332-2380
www.pollardllc.com

August 19, 2016

Darian Zamora
Keefe, Anchors & Gordon
2113 Lewis Turner Blvd. #100
Fort Walton Beach, FL 32547

### Re: ASI v. Global Amenities; Defendants' Outstanding Discovery Requests

Darian,

There are several outstanding responses to Defendants' discovery.  This email is an attempt to iron out discovery responses owed to Defendants prior to filing a motion to compel.

Due to the pendency of the discovery cut-off (9/15/16), we need all responses by no later than Friday, August 26, 2016.  We do not believe this to be an issue as many of the outstanding requests date back to spring 2014.

At the onset, Defendants note that the "general objections" found throughout Plaintiff's responses are improper.  *See* Fla. R. Civ. P. 1.350 ("For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated. If an objection is made to part of an item or category, the part shall be specified.").

### Plaintiff's Responses to Defendants' First RP (dated 2-4-14) Nos. 1-5 and Responses to Defendants' First Set of Interrogatories (dated 5-6-14) Nos. 4-7

These responses stated that responsive materials/answers would be provided following the entry of a confidentiality order. As we know, such an order was issued on 6-3-14.  To our knowledge, no responsive materials have been filed in light of the order. Please provide us with supplemental responses that reflect both the passage of time and the Court's 6-3-14 order by August 26, 2016.

### Materials Listed on the 5-7-14 Privilege Log

This privilege log listed 11 documents claimed to fall under the umbrella of "Proprietary, Confidential Information and/or Trade Secret" privileges.  These materials should have been produced following the grant of the 6-3-14 order. To the best of our knowledge, only two of the items listed (1/19/11 emails sent from Abreu's work email to his personal email) have been subsequently provided.  Please provide us with all materials listed on the log, excepting the aforementioned emails, by August 26, 2016.

<u>**Plaintiff's Responses to Defendants' Second Request for Production (dated 7-8-16)**</u>

Defendants request a privilege log for Nos. 2, 3, and 8, by August 26, 2016.

*Plaintiff's Response to No. 1*, seeking "an executed copy of the 2008 Non-Disclosure agreement b/w Abreu and ASI," was objected to "on the basis that this information is within the custody and control of Don Abreu." This objection is improper. Defendant requests that if Plaintiff does not possess the requested material to so state. Otherwise, please provide responsive materials by August 26, 2016.

*Plaintiff's Response to No. 2*, seeking "documents in ASI's possession . . . which ASI intends to use as evidence that Don Abreu either removed or in any way tampered with the alleged 2008 Non-Disclosure Agreement between Don Abreu and ASI" objected on privilege grounds (addressed above) and stated that "[a]ll non-privileged documents, if any, will be produced." If all responsive non-privileged documents have been produced, please so state.  If not, please provide responsive materials by August 26, 2016.

*Plaintiff's Responses to Nos. 4-7* state that "[a]ll responsive documents will be produced." If all responsive documents have been produced, please so state. If not, please provide responsive materials by August 26, 2016.

*Plaintiff's Response to No. 8* seeking "any evidence in ASI's possession that supports the allegation that Don Abreu, Andrew Manios, and Chris Manios secretly intended to use ASI's resources and ASI's trade secrets to compete with ASI" claimed "work-product and other privilege[]" (again, addressed above) and that "[a]ll non-privileged responsive documents will be produced." If all non-privileged responsive documents have been produced, please so state. If not, please provide responsive materials by August 26, 2016.

*Plaintiff's Responses to Nos. 9-12* provided boilerplate objections that the requests are "overly broad, and unduly burdensome . . . does not specify the time period during which the information is being sought . . . [and] on the basis that it is irrelevant."  Below, please see revised versions of Nos. 9-12. Red font indicates further tailoring by Defendants, a strike through (~~example~~) indicates a change in term.

> *Request No. 9*: "Please provide all final signed and countersigned agreements between ASI and all of its service/amenity providers from January 1, 2010 through the present."

> *Request No. 10*: "Please provide all materials provided by ASI to clients that are designed to be used by clients' guests, including forms, brochures, reservations, physical tickets, and marketing materials, ~~samples of the form or brochure (reservation or physical ticket, etc) ho who the guest receives their FREE ticket,~~ from January 1, 2010 through the present."

> *Request No. 11*: "Please provide all marketing materials distributed by ASI to clients and prospective clients ~~lodging/resort/hotel prospects and clients,~~ from January 1, 2010 through the present."

~~*Request No. 12*: "Provide exact samples of all ASI's marketing materials that contracted lodging/resort/hotels issue to guests during the check in process at said lodging hotel resort/hotel."~~

**<u>Plaintiff's Responses to Defendants' Second Set of Interrogatories</u>**

Defendants request better responses to the below listed Interrogatories by August 26, 2016.

1. *Seeking a detailed list of the ASI customers which you believe Don Abreu obtained from ASI subsequent to his departure from ASI.*
    a. Please detail whether ASI's clients, former clients, and prospective clients "included" in Plaintiff's response comprise the totality of "ASI customers which you believe Don Abreu obtained subsequent to his departure from ASI."

2. *Seeking detailed description of how GALLC has competed with ASI.*
    a. Please set forth, in detail, \ ASI's "confidential information and business concepts" used by Don Abreu to create his "competing amenity program."
    b. Please set forth, in detail, how Don Abreu used ASI's confidential information to "run his own amenity program."
    c. Please list the page and line of Don Abreu's depo referenced in this response.

3. *Seeking a list of customers of ASI which ASI has lost to GALLC*
    a. Plaintiff's answer instructs Defendants to "[p]lease refer to ASI's response to Interrogatory #1." Defendants seek clarification.  This answer suggests that each entity listed in Plaintiff's response to Interrogatory No. 1 have left ASI in favor of GALLC or opted to enter into a relationship with GALLC rather than ASI. If this is Plaintiff's position, please so state. Otherwise, please list customers, both current, former, and prospective, which ASI believes it has "lost" to GALLC.

4. *Seeking a "list of trade secrets ASI believes to be stolen or compromised by each of the Defendants"*
    a. Please set forth a detailed list of the "intellectual property, concept data, client list and contact, pricing models, marketing materials, contracts and pricing forms" that Defendant Abreu "stole."
    b. Please provide a **complete** list the trade secrets Defendants Andrew and Chris Manios "gained from meetings and negotiations with ASI" and, to the best of your ability, "information disclosed by Abreu to replicate the ASI concepts and portions thereof."

5. *Seeking a list of all lodging, resort, and hotel clients contracted by ASI, including the complete primary contact info for each client and physical address.*
    a. Plaintiff objects as the Interrogatory allegedly seeks:
        i. "[P]roprietary information" that is "not relevant." Defendants believe that this contact info, reflective of ASI's business practices, market placement, and company structure, are highly relevant to this action seeking damages for violations of non-disclosure agreements and use of trade secrets.

      ii.  "[O]verly broad and unduly burdensome because it is not narrowly tailored to the specific issues of this case." This Interrogatory is plainly within the broad ambit of discovery under Fla. R. Civ. P. 1.280, as the discovery sought is not privileged and is highly relevant to Defendants' contention that, even assuming an NDA or trade secret was infringed upon, Plaintiff has incurred no damage.

     iii.  "[V]ague and ambiguous . . . because [it] does not specify the time period during which the information is being requested." To that end, Plaintiffs objection is well-taken. Please confine this Interrogatory as seeking information spanning from January 1, 2010 through the present.

6. *Seeking a list of any and all lodging, resort and hotel clients that ASI believes GALLC "stole" from ASI, including the complete contact info and primary contact for each client.*

    a.  Plaintiff's response again instructs Defendants to "[p]lease refer to ASI's response to Interrogatory #1." Defendants seek clarification. This answer suggests that each entity listed in Plaintiff's response to Interrogatory No. 1 have been "stolen" from ASI by GALLC. If this is Plaintiff's position, please so state. Otherwise, please list lodging, resort and hotel clients, both current, former, and prospective, which ASI believes GALLC "stole" from ASI.

7. *Seeking a list off all service providers contracted with ASI, including contact information.*

    a.  Plaintiff proffers the same response seen in its response to Interrogatory No. 5. Please refer to Defendants' above response to these objections.

8. *Seeking a list of any and all service/amenity providers ASI believes GALLC "stole" form ASI.*

    a.  Plaintiff's response again instructs Defendants to "[p]lease refer to ASI's response to Interrogatory #1." Defendants seek clarification. This answer suggests that each entity listed in Plaintiff's response to Interrogatory No. 1 have left ASI in favor of GALLC or opted to enter into a relationship with GALLC rather than ASI. If this is Plaintiff's position, please so state. Otherwise, please list service/amenity providers, both current, former, and prospective, which ASI believes GALLC "stole" from ASI.

9. *Seeking a detailed description of how many complimentary or "free" admission to each contracted service/amenity provider the lodging/resort/hotel guests receive each day for their reservation stay from ASI.*

    a.  Plaintiffs object stating this Interrogatory is:

      i.  "[O]verly broad and unduly burdensome to the extent that it would require a catalogue of individual relationships with every single lodging/resort/hotel guest, which vary and many of which are not relevant to this action." Regardless of its voluminous nature, this Interrogatory is highly relevant. The mechanisms by which Plaintiff's clients are provided with amenity services are plainly relevant to a determination of whether Plaintiff has an actionable case. Please provide a complete list, beginning on January 1, 2010 and continuing through the present day.

10. *Seeking a detailed description of the process which ASI utilizes for lodging/resort/hotel guests to redeem their admission into the contracted service/amenity provider.*
   a. Plaintiffs object stating the Interrogatory:
      i. "[Is] overly broad and unduly burdensome."
      ii. [S]eeks information that is not relevant . . .because [it] does not specify the time period during which the information is being requested."   Defendant agrees to limit the time of this Interrogatory to January 1, 2010 through the present.
   b. As to Plaintiff's post-objection response that "some services require activation through ASI's call center. Others just have to show a card or a text from ASI's mobile platform" please set forth a detailed description of how the process works for each instance, including a description of guest interactions with the call center,  ASI's mobile platform, and the process of "show[ing] a card[.]"

11. *Seeking a mathematical/financial formula ASI utilizes to determine how much to charge a lodging/resort/hotel client for an ASI amenity program.*
   a. Plaintiff objects, stating this Interrogatory is:
      i. "[O]verly broad and ambiguous because it does not specify the time period during which the information is being requested." Again, please limit the time period to January 1, 2010 through the present.
   b. Plaintiff's response describes the process using vague lay-terms. As initially requested, Defendant seeks a **price formula**.  If no formula exists, please so state.

12. *Seeking a description of how the contracted lodging/resort/hotel charges their guests for the ASI amenity program.*
   a. Plaintiff objects to the lack of a time period on this request. January 1, 2010 through the present is sufficient.
   b. Please elaborate on **all** of the "different ways" the fee may be added to the bill.
   c. Please elaborate on the difference between incorporating ASI's fee into a "resort fee"; an "administration fee"; "other 'fees'"; and "the nightly room rate[.]"
   d. Please describe the relationship between fees and "occupancy[.]"

13. *Seeking a detailed description of the mathematical formula and/or process that is utilized by the contracted lodging/resort/hotel client to pay ASI for their amenity program.*
   a. Plaintiff objects to the lack of a time period on this request. January 1, 2010 through the present is sufficient.
   b. Please set forth, as requested, formulas and/or processes utilized by the contracted lodging/resort/hotel client to pay ASI, including a description of the "multiple variables"
   c. Please describe the process "Lodging providers select[ion of] services" and the "fee [paid] based on the services selected."

14. *Seeking a mathematical/financial formula utilized by ASI to determine how much to pay a service/amenity provider for their complimentary or "free" admission.*
   a. Plaintiff objects to the lack of a time period on this request. January 1, 2010 through the present is sufficient.
   b. Plaintiff fails to properly answer this Interrogatory as no formula is provided.

15. *Seeking a description of the formula and/or process that is utilized by ASI for paying their contracted service/amenity provider for their admission tickets.*
    a. Plaintiff objects to the lack of a time period on this request. January 1, 2010 through the present is sufficient.
    b. Plaintiff fails to properly answer this Interrogatory as no formula is provided.
    c. Please describe the variations "based on the service or amenity being utilized."

16. *Seeking a detailed description of the process of how the guest of the contracted lodging/resort/hotel redeems their FREE ticket at each contracted service/amenity provider.*
    a. Again, objections to lack of time frame are well-taken. This Interrogatory is limited to January 1, 2010 through the present.
    b. Absent explanation, Defendant cannot weight on Plaintiff's boilerplate objections that this Interrogatory is "overly broad and unduly burdensome".
    c. Please provide context and greater explanation for the statement that "some services require activation through ASI's call centers. Others just have to show a card or a text form ASI's mobile platform." For further clarification sought by Defendant, please refer to Defendants response to Plaintiff's Response to Interrogatory No. 10.

Regards,

Jonathan Pollard, Esq.
Counsel for Defendants

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

      Defendants.

_____/

## ORER GRANTING PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND ORDER TO SHOW CAUSE AND PLAINTIFF'S AMENDED MOTION FOR CIVIL CONTEMPT AND ORDER TO SHOW CAUSE

THIS MATTER came before the Court on Plaintiff's Motion for Civil Contempt and Order to Show Cause[1] and Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause.[2] The Court, having reviewed the Motions and being otherwise fully advised in the premises, ORDERS as follows:

1.     Plaintiff's Motion for Civil Contempt and Order to Show Cause is GRANTED.

2.     Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause is GRANTED.

_____

[1] Plaintiff's Motion for Civil Contempt and Order to Show Cause was electronically filed with this Court on 7/27/2016. Filing # 44499048.
[2] Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause was electronically filed with this Court on 7/28/2016. Filing # 44574845.

EXHIBIT "B"

3.      Defendant Don Abreu has failed to comply with this Court's Order Granting Motion to Compel Responses to Discovery, which was entered on February 18, 2016.

4.      The Order Granting Plaintiff's Motion to Compel Responses to Discovery ordered Defendant Don Abreu to fully respond to Plaintiff's Second Request for Production to Don Abreu.

5.      The deadline for Defendant Don Abreu to fully respond to Plaintiff's Second Request for Production to Don Abreu, pursuant to the Court's Order, was February 28, 2016.

6.      To date, Defendant Don Abreu has failed to provide a complete response to Plaintiff's Second Request for Production to Don Abreu.

7.      Defendant Abreu's conduct constitutes contempt.

8.      The Defendants, Don Abreu, Andrew Manios, and Chris Manios, have failed to comply with this Court's Order Granting Plaintiff's Motion to Compel Responses to Discovery, which was entered on June 21, 2016.

9.      The Order Granting Plaintiff's Motion to Compel Responses to Discovery ordered Defendants to fully respond to the following discovery requests:

   a.  Plaintiff's First Request for Production to Defendant, Chris Manios;

   b.  Plaintiff's Third Request for Production to Defendant, Andrew Manios;

   c.  Plaintiff's Fourth Request for Production to Defendant, Don Abreu (collectively, the "Plaintiff's Discovery Requests").

10.     The deadline for the Defendants to fully respond to Plaintiff's Discovery Requests, pursuant to the Order, was July 1, 2016.

11.     To date, the Defendants have failed to provide a complete response to Plaintiff's Discovery Requests.

12.     The conduct of Defendant Don Abreu, Defendant Andrew Manios, and Defendant Chris Manios constitutes contempt of the Court's Order.

13.     Defendants shall have until August 26, 2016, to produce all documents responsive to Plaintiff's Discovery Requests. A complete response must include, but shall not be limited to:

    a.   Every tax return filed on behalf of Global Amenities, LLC, from the date of its inception to the present, including all schedules and worksheets.

    b.  All documents that evidence, describe, refer and/or relate to any communications between the Defendants, Don Abreu, Chris Manios, and Andrew Manios, related to:

        i.  ASI

        ii.  Global Amenities, LLC

        iii.  This lawsuit

        iv.  An Amenity Program

        v.  DVD Now

    c.  Any and all monthly balance sheets and income statements for Global Amenities, LLC.

14.     Plaintiff is awarded its attorneys' fees and costs associated with bringing its Motion for Civil Contempt and Show cause and its Amended Motion for Civil Contempt and Order to Show Cause and Motions to Compel Responses to Discovery. This Court reserved jurisdiction to determine the reasonable amount of said fees and costs upon proper notice and hearing

15.    Failure to produce discovery subject to this Order within ten days will result in coercive sanctions against Defendants totaling $100 per day, beginning on August 30, 2016. If compliance is not obtained by August 29, 2016, upon Plaintiff's request, the Court will conduct a hearing to evaluate additional coercive sanctions, including but not limited to the striking of Defendants' pleadings.

16.    In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 08/22/2016 14:23:57 VuVLU3xZ