Filing # 45829483 E-Filed 08/29/2016 06:58:09 PM

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

      Defendants.

_____/

CASE NO. 2013 CA 4103

### PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND
### TO STRIKE PLEADINGS FOR REPEATED CIVIL CONTEMPT

Plaintiff, ASI Holding Company, Inc., ("ASI"), by and through its undersigned counsel, hereby moves for entry of an Order to Show Cause and to strike Defendants' pleadings for repeated civil contempt and refusal to comply with the Rules governing this action, and in support states as follows:

### INTRODUCTION

Plaintiff, ASI Holding Company, Inc., ("ASI") filed this action for theft of trade secrets and breach of Non-Disclosure Agreements based on the Defendants' use of Plaintiff's confidential information for Defendants' own benefit. This Motion seeks the entry of an Order to Show Cause, for the contempt sanction of striking Defendants' pleadings thereby finding liability in Plaintiff's favor, and an order directing the parties to proceed to trial solely on the issue of damages. Plaintiff is entitled to this relief because: (A) Defendants have repeatedly failed to respond to Plaintiff's requests for discovery and

willfully disobeyed court orders, requiring Plaintiff to file numerous motions to compel and motions for civil contempt; (B) Defendants have been personally involved in contemptuous conduct; (C) Defendants' conduct has prejudiced Plaintiff by causing undue burden and expense and by depriving Plaintiff of evidence for trial; and (D) Defendants' counsel has not offered reasonable justification for the repeat non-compliance, and in fact, has no intention of participating in the trial of this matter on October 31 and November 1, 2016. As such, Plaintiff respectfully requests that this Court enter an appropriate Order to Show Cause and Order sanctioning the Defendants by striking the Defendants' pleadings.

## BACKGROUND

Plaintiff ASI filed this action in September 2013, for breach of a non-disclosure agreement and theft of trade secrets by its former vice president Don Abreu and co-conspirator Andrew Manios.[1] Plaintiff diligently prosecuted this case until August 2014. One week before Plaintiff was to depose Defendants Don Abreu and Andrew Manios, the Defendants avoided the depositions by asserting (for the first time) that Manios had *previously* filed for bankruptcy and *previously* obtained a discharge from the bankruptcy court without any notice to ASI. Defendants participated in the litigation for nearly a year previously, but knowingly and intentionally delayed raising this issue until the eve of their depositions.

Due to the potential bankruptcy issues belatedly raised by Defendants, this litigation remained under a stay for nearly eighteen (18) months. During that time, Plaintiff retained counsel in South Carolina and expended considerable time and resources to

---

[1] The Complaint was amended in May 2016 to add Chris Manios and Global Amenities, LLC as Defendants.

2

obtain an Order from the bankruptcy Court allowing Plaintiff to prosecute this case against Andrew Manios. That Order was entered in early 2016.  During this delay, the Defendants generated millions of dollars in revenue using Plaintiff's proprietary information.

Once the bankruptcy court allowed Plaintiff to proceed, Plaintiff made significant efforts to obtain discovery from Defendants. However, Defendants have continuously failed to respond to discovery and comply with critical deadlines in this case, necessitating the filing of multiple motions to compel and motions for contempt. Plaintiff has made the following efforts to obtain discovery from Defendants, with which Defendants failed to comply:

- **Defendant's Refusal to Comply with November 6, 2015 Requests for Production**:
  - On November 6, 2015, Plaintiff served its Second Request for Production to Don Abreu. This request sought marketing materials and contracts used to secure lodging providers and service providers in connection with the Defendants' amenity program. This request also sought the identities of all service providers and lodging providers to whom Defendants had presented their amenity program. *Defendant Abreu did not even attempt to provide any response or objection to this Request.  He merely ignored it.*
  - Plaintiff's counsel attempted in good faith to resolve the issue. *Still, Defendant blatantly continued to ignore the Rules requiring a response and did not provide any information.*
  - On January 13, 2016, Plaintiff filed a Motion to Compel responses to this discovery.

3

- o   On January 28, 2016, Don Abreu made a limited production of documents, which included marketing materials, one contract with a service provider, and one template amenity program agreement. *Defendant Abreu represented that he had produced all documents responsive to the relevant requests, but objected to the remainder of the requests.*

- o   On February 18, 2016, the Court overruled Defendant Abreu's objections and entered an Order Granting Plaintiff's Motion, which compelled Defendant to produce complete responses by February 29, 2016. A true and correct copy of this Order is attached hereto as Exhibit "A."

- o   In violation of the deadline imposed by the Court, on March 1, 2016, Defendant belatedly provided supplemental responses to Plaintiff's Second Request for Production.  *Defendant again represented that he had produced all documents responsive to the requests.*

- o   Throughout the course of subsequent discovery, it became apparent that Defendant's responses were still wholly insufficient.  *In fact, ASI became aware of over twenty lodging providers and service providers for which Defendant failed to produce contracts, even after being ordered by the Court to produce those documents.*

- o   On May 31, 2016, Plaintiff's counsel sent yet another good faith letter to Defendants' counsel, requesting that the remaining documents be produced. A true and correct copy of the letter is attached hereto as Exhibit "B."

4

- o  On June 1, 2016, Defendants' counsel produced additional documents, *and again represented that its production was fully responsive to Plaintiff's requests*.

- o  After carefully searching through the documents produced, and comparing those documents to the deposition testimony of the Defendants, it became apparent that *Defendant had, yet again, failed to produce all documents responsive to Plaintiff's Request.* Specifically, Defendant failed to produce contracts entered into with various service providers, including, but not limited to, DVDNow.

- o  On July 27, 2016, Plaintiff filed a Motion for Civil Contempt and Order to Show Cause due to Defendant's continued failure to adequately respond to discovery.

- o  On August 22, 2016, this Court entered an Order Granting Plaintiff's Motion for Civil Contempt, ordering Defendant to produce the requested documents by August 29, 2016. A true and correct copy of the Order is attached hereto as Exhibit "C."

- o  *As of the filing of this Motion, Plaintiff has not received any additional documents responsive to this request.* Defendant remains in contempt of this Court's Contempt Order.

- o  Plaintiff is scheduled to take the depositions of Don Abreu and Andrew Manios over the next few days.  Plaintiff's counsel and Plaintiff were prepared to receive and review these documents over the last weekend to be prepared for these depositions.  However, without these documents,

Plaintiff is severely prejudiced in being able to conduct meaningful discovery and to timely litigate this case.  Plaintiff is left with no option other than to again delay and re-schedule the Defendants' depositions, which will be impossible with the approaching discovery deadline only two weeks away.

o   After three years of litigation, Defendants' intentional misconduct should not force ASI to further delay resolution of this matter, while Defendants generate millions of dollars with the information they misappropriated from ASI.

- **Defendants' Refusal to Produce Communications with Non-Parties**:

    o   On May 22, 2014, Plaintiff filed its First Request for Production to Andrew Manios, and its First Request for Production to Don Abreu. In this discovery, Plaintiff requested, *inter alia*, any and all documents related to any communications between Defendants and non-parties related to the subject matter of this case.

    o   *Both Manios and Abreu responded that they did not possess any documents responsive to this request.*

    o   *Contrary to Defendants' prior position, Andrew Manios admitted to having reviewed such communications before the first attempt to take his deposition.*  *See* A. Manios Dep. Tr. 42:14-43:8. Throughout the course of discovery, it became apparent that Defendants had extensive communications with non-parties that would be responsive to this request. Yet, Defendants did not produce any such information.

6

o On May 2, 2016, Plaintiff filed Notices of Non-Party Production to non-parties identified during the course of this litigation, seeking, *inter alia*, all communications with Defendants relating to its amenity program. Defendants objected to these Non-Party requests.

o On June 21, 2016, this Court entered an Order Overruling in Part and Sustaining in Part Defendants Objections to the non-party discovery, and allowing ASI to seek these communications with third parties.

o On July 6, 2016, Defendants filed a Petition Writ of Certiorari seeking to quash this Court's Order. After having refused to produce the information previously sought by ASI, Defendants' Petition falsely represents that ASI never sought the information by arguing that Plaintiff "could have requested production of [Defendants'] communications to its customers from [Defendants]." This matter remains pending before the First District Court of Appeal, and ASI remains under a stay as to this third party discovery, which further prejudices ASI with added expense and delay.

o Still, to date, Defendants have not produced any documents related to communications between the Defendants and non-parties.

- **Defendants' Refusal to Comply with April 25 Requests for Production:**

o On April 25, 2016, Plaintiff served its Third Request for Production to Don Abreu and its Second Request for Production to Andrew Manios. These requests sought, *inter alia*, financial documents relating to Defendants' company.

o On May 23, 2016, Defendants filed an objection to this discovery.

7

- o On June 10, 2016, Plaintiff filed a Motion to Compel Responses to this discovery.

- o On June 21, 2016, this Court entered an Order Granting Plaintiff's Motion to Compel, overruling Defendants' objections, and ordering the Defendants to produce all responsive documents within fifteen (15) days – July 6, 2016.

- o In violation of the deadline imposed by the Court, Defendants did not produce any responsive documents until July 22, 2016, over three weeks *after* the deadline imposed by the Court.  Even now, it is unclear as to whether Defendants have produced all requested financial information.

- **Defendants' Refusal to Comply with May 31 Requests for Production**:

  - o On May 31, 2016, Plaintiff filed its First Request for Production to Chris Manios, Third Request for Production to Andrew Manios, and Fourth Request for Production to Don Abreu. This request sought, *inter alia*, all tax returns filed on behalf of Global Amenities, LLC within the relevant time frame, and all communications between the Defendants related to ASI or their own amenity program.

  - o On June 14, 2015, Defendants filed an objection to this discovery.

  - o On June 21, 2016, this Court entered its Order Granting Plaintiff's Motion to Compel Responses to Discovery and denying each of the Defendants' objections. A true and correct copy of this Order is attached hereto as Exhibit "D." This Order compelled Defendants to produce complete responses to this discovery by July 1, 2016.

- *In violation of this Court's Order, Defendants did not produce any documents responsive to this request.*

- On July 28, 2016, Plaintiff filed a Motion for Civil Contempt and Order to Show Cause necessitated by Defendants' failure to comply with the Court's Order to produce the requested documents.

- On August 22, 2016, this Court entered its Order Granting Plaintiff's Motion for Civil Contempt and Order to Show Cause. A true and correct copy of this Order is attached hereto as Exhibit "C."   This Order compelled the Defendants to produce all documents responsive to Plaintiff's Discovery Requests by August 29, 2016.

- *To date, in violation of this Court's Contempt Order, Defendants still have not produced any documents in response to these requests.* Thus, Defendants remain in contempt of this Court's Order.

- **Defendants' Refusal to Respond to Requests for Admissions**:

  - On May 16, 2016, Plaintiff filed its First Set of Requests for Admissions to Chris Manios, Andrew Manios, and Don Abreu.

  - Defendants simply ignored this request and did not provide any response.

  - On August 8, 2016, Plaintiff filed a Motion to Compel Responses to Discovery due to Defendants' failure to adequately respond to this discovery (collectively, "Plaintiff's Requests for Admissions").

  - A hearing on Plaintiff's Motion to Compel Responses to Discovery is set for September 8, 2016.

9

- o  To date, Defendants have not produced their responses to Plaintiff. However, Defendants' counsel (or those working for Defendants' counsel) has indicated that counsel is in possession of the responses to these requests, but will not agree to produce the responses unless Plaintiff stipulates to an order *denying* its Motion to Compel and foregoing the recovery of any attorneys' fees.

- **Defendants' Violations of Pre-Trial Order:**
  - o  On June 14, 2016, this Court entered an Order Setting Non-Jury Trial, Pre-Trial Conference and Directing Mediation.  A true and correct copy of the Order Setting Non-Jury Trial is attached hereto as Exhibit "E." Pursuant to Section 4 of that Order, all parties must file a list of all non-expert witnesses with the Court at least sixty (60) days prior to the pre-trial conference, and all parties must file a list of all expert witnesses with the Court at least ninety (90) days prior to the pre-trial conference.
  - o  On July 20, 2016, this Court entered an Order Granting the Parties' Joint Motion for Extension of Pre-Trial Deadlines Regarding Witness Lists, which extended the deadline for filing both expert and non-expert witness lists to August 8, 2016. A true and correct copy of this Order is attached hereto as Exhibit "F."
  - o  *Defendants failed to provide any list of either fact witnesses or expert witnesses, as ordered by the Court.*
  - o  On August 9, 2016, Plaintiff's counsel sent a letter to Defendants' counsel offering to allow Defendants additional time to file their expert and non-

expert witness lists by August 11, 2016. A true and correct copy of that letter is attached hereto as Exhibit "G." *Defendants did not even acknowledge, much less respond, to this letter and still have not identified any witnesses for trial.*

o   On August 11, 2016, Plaintiff filed a Motion for Civil Contempt and Order to Show Cause due to Defendants' failure to comply with the Court's Order to timely file witness lists. This Motion is currently set for hearing on September 16, 2016.

o   Moreover, pursuant to Section 4, the Court ordered that Plaintiff and Defendant provide a list of all potential exhibits with copies of same to opposing counsel within 30 days of the Pretrial Conference.   Plaintiff complied with the Court's direction and provided its exhibit list and exhibits to Defendants.  *To date, in violation of this Order, Defendants still have not produced an exhibit list to Plaintiff.*

o   ASI will be severely prejudiced if Defendants attempt to bring undisclosed witnesses or exhibits to trial or if Defendants seek to further delay this trial by claiming a need to belatedly submit evidence for trial, without any time to allow meaningful discovery.

Defendants' conduct has been and continues to be in direct contempt of this Court's orders and the Rules of Civil Procedure.  To protect the authority of this Court and to prevent further prejudice to ASI, the Court is left with no meaningful remedy other than to strike Defendants' pleadings, enter an order of liability in ASI's favor, and order that the trial of this matter proceed solely as to the amount of damages.

## ARGUMENT

It has long been recognized that Courts have the authority to enforce an Order by the exercise of their contempt powers. *See Johnson v. Bednar*, 573 So.2d 822, 824 (Fla. 1991), overruled on other grounds by *Parisi v. Broward County*, 769 So.2d 359 (Fla. 2000) (trial court is afforded broad discretion in fashioning remedy in contempt proceedings). If a party fails to obey an order to provide discovery, the Court may make an order striking pleadings. *See* Fla. R. Civ. P. 1.380(b)(2)(C). In *Kozel v. Ostendorf*, the Supreme Court of Florida discussed the importance of swift administration of justice and attorneys adhering to procedural requirements, as well as grounds for sanctions for discovery infractions. The Supreme Court identified several factors for a Court to consider when deciding on appropriate sanctions for a party's contemptuous conduct:

(1)     whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;

(2)     whether the attorney has previously been sanctioned;

(3)     whether the client was personally involved in the act of disobedience;

(4)     whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;

(5)     whether the attorney offered reasonable justification for noncompliance; and

(6)     whether the delay created significant problems of judicial administration.

*Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993). "*Kozel* applies when the trial court dismisses a case or claim, enters a default, *or strikes pleadings as a sanction*." *Griffith v. Ramzey's A Plus. Inc.*, 186 So.3d 629 (Fla. 5th DCA 2016) (emphasis added).

Under the standard set forth in *Kozel*, this Court is entitled to strike Defendants' pleadings as a sanction for its continuous contemptuous conduct.  Also, according to Paragraph 15 of this Court's recent Order of Contempt, "[i]f compliance is not obtained by August 29, 2016, upon Plaintiff's request, the Court will conduct a hearing to evaluate additional coercive sanctions, *including but not limited to the striking of Defendants' pleadings*." (emphasis added).  As set forth below, each of the *Kozel* factors warrant the striking of Defendants' pleadings, finding liability in favor of Plaintiff, and ordering that this matter proceed to trial solely on the amount of damages to be awarded.

### A. Defendants' Disobedience Was Willful and Contumacious in Repeatedly Failing to Comply with Court Orders and Rules of Civil Procedure.

Over more than two years of litigation, Defendants have shown a complete disregard for this Court's authority.  Defendants have simply ignored discovery, requiring multiple motions to compel to obtain even an acknowledgment that Defendants were served with discovery.  Once ordered to comply, Defendants continued to not comply or only partially complied, yet represented that they had fully complied.  Once the misleading and partial responses were discovered, Defendants have required additional motions to compel and for contempt to obtain full compliance.  Even then, Defendants have willfully and deliberately disobeyed this Court's Orders on multiple occasions. This Court has found the Defendants to be in contempt of two of its Orders, and there is a pending Motion for Civil Contempt due to Defendants' failure to comply with this Court's Pre-Trial Order.

The Court has given the Defendants ample opportunity to remedy these issues, but Defendants refuse to do so.  Now, on the eve of the discovery deadline with a trial approaching, it will be egregiously unfair and prejudicial to Plaintiff to allow this contempt to continue.  Based on Defendants repeated and continuing contumacious conduct, the

13

Court should strike the Defendants' pleadings, make a finding of liability in favor of Plaintiff, and order that the trial of this matter proceed solely on the amount of damages.

### B. The Defendants Have Been Personally Involved in Contemptuous Conduct.

The Defendants have been personally involved in multiple discovery infractions throughout the course of this litigation. In addition to wholly failing to comply with this Court's Orders compelling production of discovery, the Defendants have also supplied the Plaintiff with incomplete production, while representing that such production constitutes all responsive documents. On numerous occasions, the Plaintiff has prepared for and participated in crucial litigation events while under the impression that the Defendants had produced all documents responsive to its requests. Only after Plaintiff incurred the time and expense of preparing for such events, it was discovered that the Defendants had actually withheld substantial relevant documents necessary to the prosecution of this case.

Defendants have admitted to knowingly withholding documents and have falsely testified that documents had been produced, which were not produced. By way of example:

1.  On February 28, 2016, this Court compelled Defendant Abreu to produce all contracts between the Defendants and its customers, including lodging providers, and service providers. On March 1, 2016, Defendant produced some documents and represented to Plaintiff that all responsive documents had been produced. Notwithstanding that representation, *Defendant still did not produce all the documents ordered by the Court.* On June 1, 2016, Defendant produced more responsive documents and, again, represented that all responsive documents had been produced. However, *this production was also incomplete*, necessitating the filing of Plaintiff's Motion for Civil Contempt and Order to Show Cause, which this Court granted on August 22, 2016.

14

2.     At this deposition, Don Abreu testified that he had produced a copy
of an ASI employee manual that he had in his possession. However,
no such document was produced. Plaintiff's counsel requested an
explanation by Monday, August 29, 2016, but Defendants still have
not provided the document that Abreu falsely testified had been
produced. *See* D. Abreu Dep. Tr. 25:9-16; 162:24-163:3.

3.     At his deposition, Don Abreu also testified that there were additional
documents requested in discovery that he had not produced. *See*
D. Abreu Dep. Tr. 214:16-215:13. This statement was false, based
on the subsequent testimony of Andrew Manios.

4.     Andrew Manios testified that he had in his possession documents
that were responsive to discovery, that he knew the Court had
ordered their production, and that he knew Defendants had not
produced the documents. *See* A. Manios Dep. Tr. 42:14-43:8.

It is clear that Defendants themselves have repeatedly engaged, and are
continuing to engage, in contemptuous conduct, which has prejudiced Plaintiff and
delayed this matter.

### C. Defendants' Conduct Has Prejudiced Plaintiff by Causing Undue Burden and Expense.

Throughout the course of this litigation, Defendants' refusal to comply with
discovery and other critical deadlines in this case has caused Plaintiff to file four Motions
to Compel, three Motions for Civil Contempt, and the instant Motion, not to mention
countless good faith letters and excessive time and resources dealing with Defendants'
counsel to obtain even the most basic information. This case has been pending for nearly
3 years. The discovery deadline is only two weeks away. A trial date is set in 60 days.
Yet, Defendants remain in violation of Court orders and refuse to provide the discovery
to which Plaintiff is entitled. Even with respect to the Requests for Admissions, for which
responses are nearly two months past due, Defendants' counsel has asserted that they

have these responses in their possession, but will not produce them until ASI agrees to a stipulated order *denying* Plaintiff's Motion to Compel said responses.

With trial approaching, Plaintiff is left without meaningful and relevant discovery, which this Court ordered the Defendants to produce months ago.  Even if Defendants were to plead for yet another chance, the prejudice to ASI has already occurred.  It will be unfair for Defendants to have intentionally thwarted this Court's orders in a deliberate strategy to place Plaintiff in a position of choosing between being forced to proceed to a trial by ambush without full discovery or to further delay resolution of this matter, which has been pending for years.  Every month this trial is delayed, Defendants make tens of thousands, if not hundreds of thousands, of dollars off of the proprietary information stolen from ASI.  The Defendants should not be excused of this misconduct by being given yet another chance to the detriment of ASI.  The damage is done, and the Defendants' pleadings should be stricken.

### D. Counsel for Defendants Has Not Offered Reasonable Justification for the Repeat Non-Compliance and Has No Intention of Participating in the Trial of this Matter.

Counsel for Defendants has not offered reasonable justification for Defendants' repeat noncompliance with the Orders of this Court.  The Defendants have been represented by the same attorney throughout the course of this litigation.  Recently, Defendants retained a second attorney, who purports to now be primary counsel for Defendants and the lead trial attorney. Although Defendants' counsel has claimed that he is diligently searching for documents responsive to Plaintiff's outstanding requests, Defendants have not produced any responsive documents to date, including Defendants' current contracts and tax returns, which are easily identifiable and obviously within their

16

possession and control.  There is no justification for having not produced this information.

Moreover, Defendants' initial attorney, who remains counsel of record until further order

of this Court, represented that such information would be timely provided, even if it meant

providing the applicable hard drives to Plaintiff to search.  But, the second attorney has

withdrawn those overtures and still refuses to produce the documents.

        This contemptuous conduct is all part of a deliberate strategy to delay this trial.

Defendants' second attorney already filed a motion to stay, which was denied.  While

Defendants' counsel has lead the Court to believe that he will try this case as currently

scheduled, Defendants' counsel has intentionally withheld from notifying this Court that

he is under another Court's Order to participate in a two-week trial also set to commence

on October 31, 2016 in Miami-Dade County, which is the same date that the trial of this

matter is to begin.  A true and correct copy of the pertinent court docket is attached hereto

as Exhibit "H."  Counsel for Defendants was aware at the time he filed his Notice of

Appearance in the instant case that he would not be able to participate in the trial of this

matter, as scheduled.  Defendants' repeated failure to respond to discovery and critical

deadlines in this matter is nothing more than an effort to delay this case and attempt to

force the Plaintiff to postpone trial in this matter, in large part because of a scheduling

conflict that Defendants' attorney had when he appeared as counsel of record.

### CONCLUSION

        Under *Kozel*, this Court is entitled to sanction Defendants by striking their

pleadings. Defendants and their counsel acted willfully in refusing to comply with multiple

Court orders for the purpose of delaying this matter. The Defendants themselves have

personally taken part in the disobedience at issue by continually failing to produce

17

discovery and making incomplete productions of documents. This delay has prejudiced and will continue to prejudice Plaintiff.  Accordingly, Plaintiff requests that this Court enter an order to show cause; find the Defendants in contempt; enter an order striking the Defendants' pleadings; enter a finding a liability in favor of Plaintiff; order that this matter proceed to trial solely on the amount of damages; and for such other relief as this Court deems just and proper. Plaintiff also requests reimbursement of all attorney's fees and costs incurred in pursuing this Motion.  This Motion is brought in good faith, is not for purposes of delay, and will not result in unfair prejudice.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an appropriate Order as requested herein, and any other relief as the Court deems just and proper, including attorney fees incurred.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:        bgordon@kaglawfirm.com
             dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 29th day of August, 2016.

/s/ Darian Zamora
A. Benjamin Gordon

18

Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:          bgordon@kaglawfirm.com
                    dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## <u>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY</u>

    This cause having come before the Court at the February 4, 2016, hearing on Plaintiff's Motion to Compel Responses to Discovery[1], the Court having heard from counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

    1.    Plaintiff's Motion to Compel Responses to Discovery is hereby GRANTED.

    2.    Defendant Abreu shall have ten (10) days from the date of this Order to produce all responsive documents.

    3.    The Parties have agreed to a Stipulated Order of Confidentiality.

    4.    Plaintiff is awarded Attorneys' Fees in the amount of $941.00, for bringing forth the Motion to Compel Responses to Discovery.

    5.    Defendant Abreu is ordered to pay $941.00, to counsel for Plaintiff. The payment of the $941.00 shall be paid in certified funds made payable to the Trust Account of Keefe, Anchors & Gordon, P.A. and delivered to Keefe, Anchors & Gordon, P.A.'s office

---

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the clerk on January 13, 2016. Filing # 36541705.

EXHIBIT "A"

CASE NO. 2013 CA 4103
Order Granting Plaintiff's Motion to
Compel Responses to Discovery
Page 2 of 2

located at 2113 Lewis Turner Blvd., Suite 100, Fort Walton Beach, FL 32547, no later

than 4:00 p.m. CST, within ten (10) days of the date of this Order.

DONE AND ORDERED in Okaloosa County, Florida this _18th_ day of

_Feb._, 2016.

John T. Brown
Circuit Court Judge

### CLERK'S CERTIFICATE OF MAILING

I HEREBY CERTIFY that a truce and correct copy of the foregoing has been
furnished to all counsel of record and/or parties via regular U.S. Mail on this _23_ day
of February, 2016 as follows:

Darian L. Zamora
A. Benjamin Gordon
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Blvd., Suite 100
Fort Walton Beach, FL 32547

Jay Scheyd
Joseph M. Scheyd, Esq.
1221 Airport Rd, Ste. 209
Destin, FL 32541

JD Peacock, II
CLERK OF COURT

By: _Kathryn Brun_
Deputy Clerk

 **Keefe, Anchors & Gordon**

May 31, 2016

**VIA ELECTRONIC MAIL**

Mr. Joseph M. Scheyd
1221 Airport Road, Suite 209
Destin, FL 32541

> Re:   *ASI Holding Company, Inc. v. Don Abreu and Andrew Manios*
>       Case No. 2013 CA 004103

Dear Jay:

Please allow this letter to serve as my good faith attempt, as required under Florida Rule of Civil Procedure 1.380(a)(4), to resolve the issue of your client's failure to adequately respond to discovery.

On November 6, 2015, we served Don Abreu with a Second Request for Production (the "Discovery"). Specifically, this Discovery requested, *inter alia*, "any and all contracts used to secure" Service Providers and Lodging Providers, "in connection with any amenity program." Your client produced only four contracts in response to this request. This response is inadequate, because your client admits to having contracted with at least 13 Lodging and Service Providers in connection with its amenity program.

Please produce the documents responsive to this request, no later than Friday, June 3. As always, feel free to give me a call anytime with any questions or concerns.

Sincerely,

KEEFE, ANCHORS & GORDON, P.A.

Darian Zamora
dzamora@kaglawfirm.com

kaglawfirm.com
850.863.1974
850.863.1591 fax

2113 Lewis Turner Blvd, Ste 100
Fort Walton Beach, FL 32547

EXHIBIT "B"

Filing # 45519591 E-Filed 08/22/2016 03:29:36 PM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

      Defendants.

_____/

**ORER GRANTING PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND ORDER TO**
**SHOW CAUSE AND PLAINTIFF'S AMENDED MOTION FOR CIVIL**
**CONTEMPT AND ORDER TO SHOW CAUSE**

THIS MATTER came before the Court on Plaintiff's Motion for Civil Contempt and Order to Show Cause[1] and Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause.[2] The Court, having reviewed the Motions and being otherwise fully advised in the premises, ORDERS as follows:

    1.    Plaintiff's Motion for Civil Contempt and Order to Show Cause is GRANTED.

    2.    Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause is GRANTED.

---

[1] Plaintiff's Motion for Civil Contempt and Order to Show Cause was electronically filed with this Court on 7/27/2016. Filing # 44499048.
[2] Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause was electronically filed with this Court on 7/28/2016. Filing # 44574845.

EXHIBIT "C"

3.      Defendant Don Abreu has failed to comply with this Court's Order Granting Motion to Compel Responses to Discovery, which was entered on February 18, 2016.

4.      The Order Granting Plaintiff's Motion to Compel Responses to Discovery ordered Defendant Don Abreu to fully respond to Plaintiff's Second Request for Production to Don Abreu.

5.      The deadline for Defendant Don Abreu to fully respond to Plaintiff's Second Request for Production to Don Abreu, pursuant to the Court's Order, was February 28, 2016.

6.      To date, Defendant Don Abreu has failed to provide a complete response to Plaintiff's Second Request for Production to Don Abreu.

7.      Defendant Abreu's conduct constitutes contempt.

8.      The Defendants, Don Abreu, Andrew Manios, and Chris Manios, have failed to comply with this Court's Order Granting Plaintiff's Motion to Compel Responses to Discovery, which was entered on June 21, 2016.

9.      The Order Granting Plaintiff's Motion to Compel Responses to Discovery ordered Defendants to fully respond to the following discovery requests:

        a. Plaintiff's First Request for Production to Defendant, Chris Manios;

        b. Plaintiff's Third Request for Production to Defendant, Andrew Manios;

        c. Plaintiff's Fourth Request for Production to Defendant, Don Abreu (collectively, the "Plaintiff's Discovery Requests").

10.     The deadline for the Defendants to fully respond to Plaintiff's Discovery Requests, pursuant to the Order, was July 1, 2016.

11.    To date, the Defendants have failed to provide a complete response to Plaintiff's Discovery Requests.

12.    The conduct of Defendant Don Abreu, Defendant Andrew Manios, and Defendant Chris Manios constitutes contempt of the Court's Order.

13.    Defendants shall have until August 26, 2016, to produce all documents responsive to Plaintiff's Discovery Requests. A complete response must include, but shall not be limited to:

   a.  Every tax return filed on behalf of Global Amenities, LLC, from the date of its inception to the present, including all schedules and worksheets.

   b.  All documents that evidence, describe, refer and/or relate to any communications between the Defendants, Don Abreu, Chris Manios, and Andrew Manios, related to:

      i.  ASI

      ii.  Global Amenities, LLC

      iii.  This lawsuit

      iv.  An Amenity Program

      v.  DVD Now

   c.  Any and all monthly balance sheets and income statements for Global Amenities, LLC.

14.    Plaintiff is awarded its attorneys' fees and costs associated with bringing its Motion for Civil Contempt and Show cause and its Amended Motion for Civil Contempt and Order to Show Cause and Motions to Compel Responses to Discovery. This Court reserved jurisdiction to determine the reasonable amount of said fees and costs upon proper notice and hearing

15.     Failure to produce discovery subject to this Order within ten days will result in coercive sanctions against Defendants totaling $100 per day, beginning on August 30, 2016. If compliance is not obtained by August 29, 2016, upon Plaintiff's request, the Court will conduct a hearing to evaluate additional coercive sanctions, including but not limited to the striking of Defendants' pleadings.

16.     In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 08/22/2016 14:23:57 VuVLU3xZ

Filing # 43055579 E-Filed 06/21/2016 05:52:53 PM

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
## RESPONSES TO DISCOVERY

This cause having come before the Court at the June 15, 2016, hearing on Plaintiff's Motion to Compel Responses to Discovery[1], Defendants' Objection to Requests for Production[2], and Defendants' Objection to Plaintiff's First Request for Production to Defendant, Chris Manios and Plaintiff's Third Request for Production to Defendant, Andrew Manios, and Plaintiff's Fourth Request for Production to Defendant, Don Abreu[3] (collectively, "Defendants' Objections"), the Court having heard from counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

1.    Plaintiff's Motion to Compel Responses to Discovery is hereby GRANTED. Defendants' Objections are hereby DENIED.

---

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically file4d with the clerk on June 16, 2016. Filing # 42615031.
[2] Defendants' Objection to Requests for Production was electronically filed with the clerk on May 23, 2016. Filing # 41824511
[3] Defendants' Objection to Plaintiff's First Request for Production to Defendant, Chris Manios and Plaintiff's Third Request for Production to Defendant, Andrew Manios, and Plaintiff's Fourth Request for Production to Defendant, Don Abreu was electronically filed with the clerk on June 14, 2016. Filing # 42737911.

EXHIBIT "D"

CASE NO. 2013 CA 4103
Order Granting Plaintiff's Motion to
Compel Responses to Discovery
Page 2 of 2

2.      Defendant Abreu shall have fifteen (15) days from the date of this Order to produce all responsive documents.

3.      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 06/21/2016 16:50 11 72sAKYWa

Filing # 42726230 E-Filed 06/14/2016 02:50:10 PM

### IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
### IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
    Plaintiff,

v                         CASE NO.: 13-CA-4103

DON ABREU, et al.,
    Defendants.
_____/

### ORDER SETTING NON-JURY TRIAL, PRETRIAL CONFERENCE
### AND DIRECTING MEDIATION

Pursuant to Florida Rules of Civil Procedure 1.200(a)(2); 1.440©; and 1.200(b) the following is hereby **ORDERED:**

**1. SCHEDULE.   For the purposes of setting time periods, the Pretrial Conference date will be September 15, 2016.**

The non-jury trial in this cause has been set for October 31, 2016 and November 1, 2016 **beginning at 9:00 a.m. for two days in the Judge's Chambers, in the Okaloosa County Courthouse Extension, Fort Walton Beach, Florida.**

**2.   CONFLICTS.   _Within 10 days of this Order_**, counsel shall notify the Court in writing if (a) inadequate time has been allowed for trial,   (b) if a scheduling conflict exists, (c) if discovery cannot be completed by the Pretrial Conference as ordered in paragraph 7 below, or (d) if alternative deadlines or case management conference(s) are needed, whereupon a Case Management Conference may be set by order of the Court.   The Court recognizes that most scheduling conflicts will resolve themselves; however, if a conflict about which the Court has been notified persists, it could later be a valid ground for a continuance.

**3.   CONTINUANCES.**   No continuance will be granted unless good cause is demonstrated in writing, signed by counsel and the parties he or she represents.   *See* Florida Rules of Judicial Administration, Rule 2.545(e).   Conflicts about which the Court has been notified pursuant to paragraph 2 above will be persuasive.   Conflicts arising after the expiration of the ten (10) days set forth in paragraph 2 above will not be persuasive.

**4.   DISCLOSURE.   _If not otherwise ordered, or expressly set forth in this Order, at least 60 days before the Pre-Trial Conference_** , each party shall file directly with the Clerk and provide the other with:

        a.    A list including the names and addresses (sufficient for service of subpoena) of all proposed non-expert witnesses.   The subject matter about which the witness has knowledge is particularly important.   The purpose of this disclosure is to enable each party to accurately respond to the Court's inquiries found in *Florida Rules of Civil Procedure 1.200(b)(1)-(6).*

EXHIBIT "E"

b. At least 90 days before the Pretrial Conference, a list of all experts that will be called to testify at trial, together with those experts' reports so that expert discovery is completed by the time of the Pretrial Conference and the parties shall exchange the names and addresses of all experts, that will be called to testify at trial, along with the expert's specialty, the subject matter on which the expert is expected to testify, and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Please see (a) above.

c. The designation of those witnesses whose testimony the party expects to present by deposition, with page and line designations of such testimony from the deposition transcript. If a video-recording of the deposition will be used at trial, the video portion of such testimony must be exchanged at this time.

d. Demonstrative aids intended to be used at trial must be made available to all counsel for inspection ten (10) days before trial.

e. (1.) Plaintiff shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference. Newly discovered exhibits shall be immediately provided to Defendant.

(2.) Defendant shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference. Newly discovered exhibits shall be immediately provided to Plaintiff.

Failure to timely comply with the above may result in the exclusion of said witness and/or use of said exhibit at trial.

**5. CONSULTATION.** *At least 10 days before Pretrial Conference*, Plaintiff's counsel shall conduct a consultation, by telephone or in person, with all counsel cooperating in order to:

a. Discuss settlement

b. Arrange to examine and mark for identification all trial exhibits and demonstrative aids.

c. Review witness lists with the goal of identifying those witnesses each party reasonably anticipates will be called to testify at trial.

d. Review the six (6) items found in Rule 1.200(b), Fla.R.Civ.P., in preparation for the Pretrial Conference.

e. Prepare a mutual stipulation and a proposed Pretrial Order as required below.

f.

    f.     To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto.

**6. MUTUAL STIPULATION AND PROPOSED PRETRIAL ORDER.** ***At least three (3) working days before the Pretrial Conference***, a Stipulation (in one document) shall be submitted directly to the Court's Chambers (**not filed with the Clerk**) either by U.S. mail or by hand delivery, **not** by facsimile. Plaintiff's counsel shall have the responsibility for drafting the Stipulation which shall contain:

    a.     A statement of the case agreed to by the parties containing:
        1. Paragraph, agreed to by the parties, describing the overall case.
        2. Paragraph from each party containing the contentions of that party.
        3. Paragraph from the Plaintiff concerning the relief sought.
        These paragraphs shall be brief and to the point. (Counsel may simply update the Statement of the Case provided for mediation if so desired.)

    b.     A list of pleadings upon which the case will go to trial.

    c.     A statement of
        1. Facts admitted by the parties
        2. Factual issues remaining to be litigated.

    d.     A statement of
        1. All matters requiring action by the Court
        2. Legal and evidentiary issues likely to arise at trial and trial briefs or memoranda with citation of authorities and arguments in support of that side's position on all disputed issues of law or disputes regarding the rules of evidence or rules of procedure.

    e.     A list of witnesses that each party reasonably anticipates will be called to testify at trial.

    f.     A list of all exhibits (a copy of the bate stamped exhibits themselves being provided to the court at this time also) and demonstrative aids to be offered at trial, noting any objections thereto and grounds for each objection. Any objections not listed will be deemed waived. **Those exhibits and aids the parties agree are admissible or acceptable for use at trial shall be marked with an asterisk.**

    g.     An indication of which party will be securing the court reporter, if any.

    h.     A statement confirming and attesting that counsel have complied with paragraphs 4 (if applicable), 5 and 11 of this Order.

    i.     A concise statement of any disagreement as to the application of rules of evidence or of the Florida Rules of Civil Procedure.

j.      A list of all motions or other matters which require
        action by the court.

k.      Counsel's respective estimates of the length of the trial

l.      The signatures of counsel for all parties.

Plaintiff's counsel, unless otherwise directed by the Court, will have responsibility for drafting the proposed Pretrial Order which shall contain:

a. The incorporated mutual Pretrial Stipulation.

b. The Court's rulings upon all matters requiring Court action.

**The Pretrial Order shall thereafter control the course of action.** Fla.R.Civ.P. 1.200(d).

7.   **DISCOVERY.**  The Court directs that all discovery shall be completed before the Pre Trial Conference without prior written leave of Court.

8.   **MOTIONS.**  Other than Motions in Limine, no Motions will be scheduled or heard after the Pretrial Conference absent compelling circumstances.

9.   **ATTENDANCE.**  Each party shall be  represented at the Pretrial Conference by the person who will try the case. In addition to the items in the Pretrial Stipulation, each participant must be prepared to discuss the six (6) items of *Fla.R.Civ.P. 1.200(b).   If the person attending the Pretrial Conference is not authorized to enter into binding stipulations concerning anticipated trial matters [i.e., needs to confer with the client before entering into any agreements concerning matters that will expedite the progress of the trial; See, Fla. R. Civ. P. 1.200(b)],* then the party must also be present.

10. **SETTLEMENT.    In the event this case settles, Plaintiff's counsel shall immediately notify** the undersigned Judge by written fax memorandum  (850-609-3073), and by phone call (850-609-5416).

11.  **MEDIATION:**

a.  This case shall be mediated no later than 90 days from the date of this Order.

b. Plaintiff's counsel shall seek agreement with all concerned as to a certified mediator and  their compensation.  If achieved, Plaintiff's counsel shall file a notice containing this information in the record.  If the parties cannot agree within ten (10) days of this Order, Plaintiff's counsel shall notify the Court which will enter an Order appointing the mediator and setting the compensation.
c. Plaintiff's attorney shall
(1) Schedule the mediation conference at a time agreeable to all concerned sufficiently in advance of the Pretrial conference, but in no event to be held later than 30 days prior to the Pretrial Conference.
(2) Confirm the date, time and place of the mediation conference by letter to all concerned.

d. Each party shall be represented at the mediation conference by the person who will try the case. The parties **must** also be present. A corporate party **must** be represented by a managing agent. An insured party **must** also have a representative present with **full** (not limited) authority to settle the case. A participant who fails to attend, or leaves the mediation conference before the mediator declares the conference ended, or a party in attendance with limited authority, is subject to sanctions by the Court. Sanctions may include taxing of fees and costs for the participants and the mediator.

e. The mediator shall provide the Court with a mediation report no later than five (5) days before the Pre-Trial Conference, unless otherwise ordered by the Court.

**DONE AND ORDERED** in Chambers at the Okaloosa County Courthouse Annex located in Fort Walton Beach, Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 06/14/2016 13 25 14 AYrk1Gak

Filing # 44203931 E-Filed 07/20/2016 02:07:39 PM

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.
_____/

### ORDER GRANTING JOINT MOTION FOR EXTENSION OF PRE-TRIAL DEADLINE REGARDING WITNESS LISTS[1]

      THIS MATTER came before the Court on the parties Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists. The Court, having reviewed the Motion, being advised that the parties have stipulated to the entry of this Order, and otherwise fully advised in the premises, ORDERS as follows:

      1.    The Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists is GRANTED.

      2.    The deadline for the parties to file their Non-Expert and Expert Witness Lists, is extended to August 8, 2016.

      3.    In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this

---

[1] The Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists was electronically filed with the Court on July 18, 2016. Filing # 44054015.

EXHIBIT "F"

CASE NO. 2013 CA 4103
Order Granting Joint Motion for Extension of Time of Pre-Trial
Deadline Regarding Witness Lists
Page 2 of 2

Order upon any *pro se* party who does not have access to nor is a registered user of the

Florida Courts e-Filing Portal.

   DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 07/20/2016 13:02:32 GHzssM m

 Keefe, Anchors & Gordon

August 9, 2016

**VIA ELECTRONIC MAIL**

Mr. Joseph M. Scheyd
1221 Airport Road, Suite 209
Destin, FL  32541

Mr. Jonathan E. Pollard
Pollard, PLLC
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, Florida 33301

Re:    *ASI Holding Company, Inc. v. Don Abreu and Andrew Manios*
       Case No. 2013 CA 004103

Dear Counsel:

As you're aware, expert and non-expert witness lists were due yesterday, August 8, 2016, pursuant to this Court's Order Setting Non-Jury Trial, filed on June 14, 2016, and Order Granting Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists, filed on July 20, 2016. Copies of these Orders are attached hereto as Exhibits "A" and "B," respectively.

As of today, we have not received any witness lists from you. As a matter of professional courtesy, we will allow you additional time to produce your witness lists by noon on Thursday, August 11, 2016. If we have not received your witness lists by that time, we will proceed with filing a Motion for Contempt.

I look forward to your response by Thursday, August 11, 2016.  Please feel free to call if you would like to discuss.

Sincerely,

KEEFE, ANCHORS & GORDON, P.A.


Darian Zamora
dzamora@kaglawfirm.com


kaglawfirm.com
850.863.1974
850.863.1591 fax
2113 Lewis Turner Blvd, Ste 100
Fort Walton Beach, FL 32547

EXHIBIT "G"

Filing # 42726230 E-Filed 06/14/2016 02:50:10 PM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
     Plaintiff,

v.                            CASE NO.: 13-CA-4103

DON ABREU, et al.,
     Defendants.
_____/

**ORDER SETTING NON-JURY TRIAL, PRETRIAL CONFERENCE
AND DIRECTING MEDIATION**

Pursuant to Florida Rules of Civil Procedure 1.200(a)(2); 1.440©; and 1.200(b) the following is hereby **ORDERED:**

**1.  SCHEDULE.   For the purposes of setting time periods, the Pretrial Conference date will be September 15, 2016.**

The non-jury trial in this cause has been set for October 31, 2016 and November 1, 2016 **beginning at 9:00 a.m. for two days in the Judge's Chambers, in the Okaloosa County Courthouse Extension, Fort Walton Beach, Florida.**

**2.  CONFLICTS.   _Within 10 days of this Order_**, counsel shall notify the Court in writing if (a) inadequate time has been allowed for trial,   (b) if a scheduling conflict exists, (c) if discovery cannot be completed by the Pretrial Conference as ordered in paragraph 7 below, or (d) if alternative deadlines or case management conference(s) are needed, whereupon a Case Management Conference may be set by order of the Court.   The Court recognizes that most scheduling conflicts will resolve themselves; however, if a conflict about which the Court has been notified persists, it could later be a valid ground for a continuance.

**3.  CONTINUANCES.**   No continuance will be granted unless good cause is demonstrated in writing, signed by counsel and the parties he or she represents.   _See_ Florida Rules of Judicial Administration, Rule 2.545(e).   Conflicts about which the Court has been notified pursuant to paragraph 2 above will be persuasive.   Conflicts arising after the expiration of the ten (10) days set forth in paragraph 2 above will not be persuasive.

**4.  DISCLOSURE.   _If not otherwise ordered, or expressly set forth in this Order, at least 60 days before the Pre-Trial Conference_** , each party shall file directly with the Clerk and provide the other with:

          a.   A list including the names and addresses (sufficient for service of subpoena) of all proposed non-expert witnesses.   The subject matter about which the witness has knowledge is particularly important.   The purpose of this disclosure is to enable each party to accurately respond to the Court's inquiries found in _Florida Rules of Civil Procedure 1.200(b)(1)-(6)._

EXHIBIT "A"

  b. At least 90 days before the Pretrial Conference, a list of all experts that will be called to testify at trial, together with those experts' reports so that expert discovery is completed by the time of the Pretrial Conference and the parties shall exchange the names and addresses of all experts, that will be called to testify at trial, along with the expert's specialty, the subject matter on which the expert is expected to testify, and the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. Please see (a) above.

  c. The designation of those witnesses whose testimony the party expects to present by deposition, with page and line designations of such testimony from the deposition transcript. If a video-recording of the deposition will be used at trial, the video portion of such testimony must be exchanged at this time.

  d. Demonstrative aids intended to be used at trial must be made available to all counsel for inspection ten (10) days before trial.

  e. (1.) Plaintiff shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference. Newly discovered exhibits shall be immediately provided to Defendant.

    (2.) Defendant shall provide a list of all potential exhibits with copies of same to opposing counsel unless otherwise stipulated within 30 days of the Pretrial Conference. Newly discovered exhibits shall be immediately provided to Plaintiff.

Failure to timely comply with the above may result in the exclusion of said witness and/or use of said exhibit at trial.

  **5. CONSULTATION.** *At least 10 days before Pretrial Conference*, Plaintiff's counsel shall conduct a consultation, by telephone or in person, with all counsel cooperating in order to:

  a. Discuss settlement

  b. Arrange to examine and mark for identification all trial exhibits and demonstrative aids.

  c. Review witness lists with the goal of identifying those witnesses each party reasonably anticipates will be called to testify at trial.

  d. Review the six (6) items found in Rule 1.200(b), Fla.R.Civ.P., in preparation for the Pretrial Conference.

  e. Prepare a mutual stipulation and a proposed Pretrial Order as required below.

  f.

f.      To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto.

**6. MUTUAL STIPULATION AND PROPOSED PRETRIAL ORDER.**  *__At least three (3)__ __working days before the Pretrial Conference__*, a Stipulation (in one document) shall be submitted directly to the Court's Chambers (**not filed with the Clerk**) either by U.S. mail or by hand delivery, **not** by facsimile. Plaintiff's counsel shall have the responsibility for drafting the Stipulation which shall contain:

a.      A statement of the case agreed to by the parties containing:
        1. Paragraph, agreed to by the parties, describing the overall case.
        2. Paragraph from each party containing the contentions of that party.
        3. Paragraph from the Plaintiff concerning the relief sought.
        These paragraphs shall be brief and to the point. (Counsel may simply update the Statement of the Case provided for mediation if so desired.)

b.      A list of pleadings upon which the case will go to trial.

c.      A statement of
        1. Facts admitted by the parties
        2. Factual issues remaining to be litigated.

d.      A statement of
        1. All matters requiring action by the Court
        2. Legal and evidentiary issues likely to arise at trial and trial briefs or memoranda with citation of authorities and arguments in support of that side's position on all disputed issues of law or disputes regarding the rules of evidence or rules of procedure.

e.      A list of witnesses that each party reasonably anticipates will be called to testify at trial.

f.      A list of all exhibits (a copy of the bate stamped exhibits themselves being provided to the court at this time also) and demonstrative aids to be offered at trial, noting any objections thereto and grounds for each objection. Any objections not listed will be deemed waived.  **Those exhibits and aids the parties agree are admissible or acceptable for use at trial shall be marked with an asterisk.**

g.      An indication of which party will be securing the court reporter, if any.

h.      A statement confirming and attesting that counsel have complied with paragraphs 4 (if applicable), 5 and 11 of this Order.

i.      A concise statement of any disagreement as to the application of rules of evidence or of the Florida Rules of Civil Procedure.

      j.     A list of all motions or other matters which require action by the court.

      k.     Counsel's respective estimates of the length of the trial

      l.     The signatures of counsel for all parties.

Plaintiff's counsel, unless otherwise directed by the Court, will have responsibility for drafting the proposed Pretrial Order which shall contain:

      a. The incorporated mutual Pretrial Stipulation.

      b. The Court's rulings upon all matters requiring Court action.

**The Pretrial Order shall thereafter control the course of action.** Fla.R.Civ.P. 1.200(d).

    **7.   DISCOVERY.**  The Court directs that all discovery shall be completed before the Pre Trial Conference without prior written leave of Court.

    **8.   MOTIONS.**  Other than Motions in Limine, no Motions will be scheduled or heard after the Pretrial Conference absent compelling circumstances.

    **9.   ATTENDANCE.**  Each party shall be represented at the Pretrial Conference by the person who will try the case. In addition to the items in the Pretrial Stipulation, each participant must be prepared to discuss the six (6) items of *Fla.R.Civ.P. 1.200(b).   If the person attending the Pretrial Conference is not authorized to enter into binding stipulations concerning anticipated trial matters [i.e., needs to confer with the client before entering into any agreements concerning matters that will expedite the progress of the trial; See, Fla. R. Civ. P. 1.200(b)], then the party must also be present.*

    **10. SETTLEMENT.    In the event this case settles, Plaintiff's counsel shall immediately notify** the undersigned Judge by written fax memorandum  (850-609-3073), **and** by phone call (850-609-5416).

    **11.  MEDIATION:**

      a.  This case shall be mediated no later than 90 days from the date of this Order.

      b. Plaintiff's counsel shall seek agreement with all concerned as to a certified mediator and  their compensation.  If achieved, Plaintiff's counsel shall file a notice containing this information in the record.  If the parties cannot agree within ten (10) days of this Order, Plaintiff's counsel shall notify the Court which will enter an Order appointing the mediator and setting the compensation.

      c. Plaintiff's attorney shall

(1) Schedule the mediation conference at a time agreeable to all concerned sufficiently in advance of the Pretrial conference, but in no event to be held later than 30 days prior to the Pretrial Conference.

(2) Confirm the date, time and place of the mediation conference by letter to all concerned.

d. Each party shall be represented at the mediation conference by the person who will try the case. The parties **must** also be present. A corporate party **must** be represented by a managing agent. An insured party **must** also have a representative present with **full** (not limited) authority to settle the case. A participant who fails to attend, or leaves the mediation conference before the mediator declares the conference ended, or a party in attendance with limited authority, is subject to sanctions by the Court. Sanctions may include taxing of fees and costs for the participants and the mediator.

e. The mediator shall provide the Court with a mediation report no later than five (5) days before the Pre-Trial Conference, unless otherwise ordered by the Court.

**DONE AND ORDERED** in Chambers at the Okaloosa County Courthouse Annex located in Fort Walton Beach, Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 06/14/2016 13:25:14 AYH1GaK

Filing # 44203931 E-Filed 07/20/2016 02:07:39 PM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                              CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,

      Defendants.

_____/

## ORDER GRANTING JOINT MOTION FOR EXTENSION OF PRE-TRIAL DEADLINE REGARDING WITNESS LISTS[1]

      THIS MATTER came before the Court on the parties Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists. The Court, having reviewed the Motion, being advised that the parties have stipulated to the entry of this Order, and otherwise fully advised in the premises, ORDERS as follows:

      1.    The Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists is GRANTED.

      2.    The deadline for the parties to file their Non-Expert and Expert Witness Lists, is extended to August 8, 2016.

      3.    In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this

---

[1] The Joint Motion for Extension of Pre-Trial Deadline Regarding Witness Lists was electronically filed with the Court on July 18, 2016. Filing # 44054015.

EXHIBIT "B"

Order upon any *pro se* party who does not have access to nor is a registered user of the

Florida Courts e-Filing Portal.

     DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 07/20/2016 13:02:32 GHzssM m

EGT,MEDIATION,REF_PTN,REF_PTRL

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:15-cv-22499-MGC

Martini v. Zelcer et al
Assigned to: Judge Marcia G. Cooke
Referred to: Magistrate Judge Edwin G. Torres
Cause: 12:1441 Federal Mortgage Foreclosure

Date Filed: 07/02/2015
Jury Demand: Defendant
Nature of Suit: 220 Real Property:
Foreclosure
Jurisdiction: Diversity

**Plaintiff**

**Brent R Martini**

represented by **Glen Matthew Lindsay**
McGlinchey Stafford
1400
One East Broward Blvd
Fort Lauderdale, FL 33301
(954) 356-2501
Fax: (954) 573-2067
Email: glindsay@mcglinchey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Edgar Pollard**
Pollard PLLC
401 E. Las Olas Blvd.
#1400
Fort Lauderdale, FL 33301
954-332-2380
Email: jpollard@pollardllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Mark New , II**
McGlinchey Stafford
10407 Centurion Parkway North
Suite 200
Jacksonville, FL 32256
(904) 224-4499
Fax: 904-212-1491
Email: mnew@mcglinchey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathan Mazique Saunders**
Jonathan Pollard, LLC
401 East Las Olas Blvd
Suite 1400
Fort Lauderdale, FL 33301
954-332-2380
Fax: 866-594-5731

EXHIBIT "H"

Email: nsaunders@pollardllc.com
*ATTORNEY TO BE NOTICED*

**Randy Richard Dow**
McGlinchey Stafford
1 East Broward Blvd.
Suite 1400
Ft. Lauderdale, FL 33301
954 356 2501
Fax: 954 252 3806
Email: rdow@mcglinchey.com
*TERMINATED: 01/05/2016*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Henry Zelcer**
*Any and all unknown parties, claiming by,*
*through, under and against the herein*
*named individual defendant(s) who are not*
*known to be dead or alive whether said*
*unknown parties may claim an interest as*
*spouses, heirs, devisees, grantees, or other*
*claimant*
*also known as*
Henry Sol Zelcer

represented by **Scott Alan Weires**
Murdoch, Weires & Neuman, PLLC
14 Southeast 4th Street
Suite 36
Boca Raton, FL 33432
561-347-8700
Fax: 561-409-2341
Email: sweires@mwnlegal.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Spouse of Henry Zelcer**
*also known as*
Henry Sol Zelcer

**Defendant**

**Leon Zelcer**

represented by **Scott Alan Weires**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Spouse of Leon Zelcer**

represented by **Scott Alan Weires**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blue Condominium Association, Inc.**

represented by **David Walter Krempa**
Miami Dade State Attorney's Office
601 NW 1st Court
12th Floor
Miami, FL 33136
305-766-1499

Email: dkrempa@algpl.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Tenant 1**

**Defendant**

**Unknown Tenant 2**

**Defendant**

**John W. Salmon**
Salmon Mediation Services, Inc.
19 W Flagler Street
Suite 410
Miami, FL 33130
305-371-5490

**Counter Claimant**

**Henry Zelcer**
*Any and all unknown parties, claiming by,
through, under and against the herein
named individual defendant(s) who are not
known to be dead or alive whether said
unknown parties may claim an interest as
spouses, heirs, devisees, grantees, or other
claimant*

represented by **Scott Alan Weires**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Brent R Martini**

represented by **Glen Matthew Lindsay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Edgar Pollard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicholas Mark New , II**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nathan Mazique Saunders**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Randy Richard Dow**
(See above for address)
*TERMINATED: 01/05/2016*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/02/2015 | 1 | COMPLAINT *For Mortgage Foreclosure* against All Defendants. Filing fees $ 400.00 receipt number 113C-7880577, filed by Brent R Martini. (Attachments: # 1 Civil Cover Sheet, # 2 Summon(s), # 3 Summon(s), # 4 Summon(s), # 5 Summon(s), # 6 Summon(s), # 7 Summon(s), # 8 Summon(s))(Lindsay, Glen) (Entered: 07/02/2015) |
| 07/02/2015 | 2 | Judge Assignment to Judge Marcia G. Cooke (jas) (Entered: 07/02/2015) |
| 07/02/2015 | 3 | Clerks Notice pursuant to 28 USC 636(c). Parties are hereby notified that the U.S. Magistrate Judge Edwin G. Torres is available to handle any or all proceedings in this case. If agreed, parties should complete and file the attached form. (jas) (Entered: 07/02/2015) |
| 07/02/2015 | 4 | Summons Issued as to Henry Zelcer, Blue Condominium Association, Inc., Unknown Spouse of Henry Zelcer, Leon Zelcer, Unknown Spouse of Leon Zelcer, Unknown Tenant 1, Unknown Tenant 2 (jas) (Entered: 07/02/2015) |
| 07/17/2015 | 5 | ORDER REFERRING CASE to Magistrate Judge Edwin G. Torres for Pretrial Non-Dispositive Matters Signed by Judge Marcia G. Cooke on 7/17/2015. (tm) (Entered: 07/17/2015) |
| 07/17/2015 | 6 | Order Requiring Joint Scheduling Report Signed by Judge Marcia G. Cooke on 7/17/2015. (tm) (Entered: 07/17/2015) |
| 07/17/2015 | 7 | Notice of Court Practice re Joint Motions Signed by Judge Marcia G. Cooke on 7/17/2015. (tm) (Entered: 07/17/2015) |
| 07/17/2015 | 8 | ORDER EXPEDITING SERVICE. Expedited Service Deadline 9/15/2015. (tm) (Entered: 07/17/2015) |
| 07/23/2015 | 9 | ANSWER and Affirmative Defenses to Complaint by Blue Condominium Association, Inc.. Attorney David Walter Krempa added to party Blue Condominium Association, Inc. (pty:dft). (Krempa, David) (Entered: 07/23/2015) |
| 08/06/2015 | 10 | ANSWER and Affirmative Defenses to Complaint with Jury Demand , COUNTERCLAIM against Brent R Martini by Henry Zelcer. Attorney Scott Alan Weires added to party Henry Zelcer(pty:dft). (Weires, Scott) (Entered: 08/06/2015) |
| 08/17/2015 | 11 | MOTION to Dismiss (10 in 1:15-cv-22499-MGC, 10 in 1:15-cv-22499-MGC) Answer to Complaint, Counterclaim *and Compel Arbitration, or, In the Alternative, to Compel Arbitration and Stay Proceedings* by Brent R Martini. Responses due by 9/3/2015 (Attachments: # 1 Exhibit A, # 2 Exhibit B)Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Lindsay, Glen) (Entered: 08/17/2015) |
| 08/18/2015 | 12 | RESPONSE TO ORDER TO SHOW CAUSE re (15 in 1:15-cv-22776-MGC, 15 in 1:15-cv-22776-MGC) Create Case Association, Order to Show Cause by Henry Zelcer. Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Weires, Scott) (Entered: 08/18/2015) |
| 08/19/2015 | 13 | ANSWER and Affirmative Defenses to Complaint with Jury Demand by Unknown Spouse of Leon Zelcer, Leon Zelcer. Attorney Scott Alan Weires added to party Unknown Spouse of Leon Zelcer(pty:dft), Attorney Scott Alan Weires added to party Leon Zelcer(pty:dft). Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Weires, Scott) (Entered: 08/19/2015) |
| 08/24/2015 | 14 | MOTION for Leave to File *Reply to Response to Show Cause Order* by Brent R Martini. |

|  |  | Attorney Nathan Mazique Saunders added to party Brent R Martini(pty:cd), Attorney Nathan Mazique Saunders added to party Brent R Martini(pty:pla). Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Saunders, Nathan) (Entered: 08/24/2015) |
| 08/27/2015 | 15 | MOTION for Extension of Time To confer regarding the Joint Scheduling Report re 6 Order Requiring Joint Scheduling Report by Brent R Martini. Responses due by 9/14/2015 (Saunders, Nathan) (Entered: 08/27/2015) |
| 08/27/2015 | 16 | ENDORSED ORDER granting (14) Plaintiff's Motion for Leave to Reply to Response to Order to Show Cause. Plaintiff's Reply shall comport with Local Rule 7.1 and shall not exceed ten (10) pages. Signed by Judge Marcia G. Cooke on 8/27/2015. Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC (abi) (Entered: 08/27/2015) |
| 09/02/2015 | 17 | NOTICE of Attorney Appearance by Randy Richard Dow on behalf of Brent R Martini. Attorney Randy Richard Dow added to party Brent R Martini(pty:cd), Attorney Randy Richard Dow added to party Brent R Martini(pty:pla). (Dow, Randy) (Entered: 09/02/2015) |
| 09/03/2015 | 18 | REPLY to 12 Response to Order to Show Cause by Brent R Martini. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Pollard, Jonathan) (Entered: 09/03/2015) |
| 09/03/2015 | 19 | RESPONSE in Opposition re (16 in 1:15-cv-22776-MGC, 11 in 1:15-cv-22499-MGC) MOTION to Dismiss (10 in 1:15-cv-22499-MGC, 10 in 1:15-cv-22499-MGC) Answer to Complaint, Counterclaim *and Compel Arbitration, or, In the Alternative, to Compel Arbitration and Stay Proceedings* filed by Henry Zelcer. Replies due by 9/14/2015. Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Neuman, Eric) (Entered: 09/03/2015) |
| 09/10/2015 | 20 | REPLY to Response to Motion re (11 in 1:15-cv-22499-MGC) MOTION to Dismiss (10 in 1:15-cv-22499-MGC, 10 in 1:15-cv-22499-MGC) Answer to Complaint, Counterclaim *and Compel Arbitration, or, In the Alternative, to Compel Arbitration and Stay Proceedings* filed by Brent R Martini. (Attachments: # 1 Exhibit A - Martini Declaration)Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Saunders, Nathan) (Entered: 09/10/2015) |
| 09/29/2015 | 21 | ENDORSED ORDER DENYING 11 Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaim and Compel Arbitration, or, in the Alternative, to Compel Arbitration and Stay Proceedings. I find that Plaintiff/Counter-Defendant Brent R. Martini has waived any right he may have had to arbitration by filing his own lawsuit in federal court, thereby substantially invoking the litigation machinery. Signed by Judge Marcia G. Cooke on 9/29/2015. (abi) (Entered: 09/29/2015) |
| 09/29/2015 | 22 | ENDORSED ORDER granting 15 Plaintiff/Counter-Defendant's Motion for Extension of Time. Parties shall have through and including October 7, 2015 by which to file their Joint Scheduling Report. Failure to timely do so may result in sanctions, including, but not limited to, dismissal of this action for failure to comply with this Court's Order. Signed by Judge Marcia G. Cooke on 9/29/2015. (abi) (Entered: 09/29/2015) |
| 09/30/2015 |  | Set/Reset Deadlines/Hearings as per DE 22 : -Joint Scheduling Report due by 10/7/2015 (lk) (Entered: 09/30/2015) |
| 10/07/2015 | 23 | SCHEDULING REPORT - **Rule 16.1** by Brent R Martini (Attachments: # 1 Exhibit A - Proposed Pretrial Deadlines, # 2 Exhibit B - Referral to Magistrate Judge)(Saunders, Nathan) (Entered: 10/07/2015) |
| 10/09/2015 | 24 | ANSWER to Counterclaim *with Affirmative Defenses* by Brent R Martini. (Saunders, Nathan) (Entered: 10/09/2015) |
| 10/26/2015 | 25 | ORDER SETTING CIVIL TRIAL DATE AND PRETRIAL DEADLINES: ( Jury Trial set |

| | | |
|---|---|---|
| | | for 10/31/2016 09:30 AM in Miami Division before Judge Marcia G. Cooke., Calendar Call set for 10/26/2016 03:00 PM in Miami Division before Judge Marcia G. Cooke., Expert Discovery due by 6/2/2016., Fact Discovery due by 5/13/2016., Joinder of Parties due by 11/2/2015., Final proposed jury instructions and verdict form Deadline 10/21/2016., Dispositive Motions due by 5/20/2016., Daubert and Markman Motions due by 7/1/2016., Pretrial Stipulation due by 9/16/2016.), ORDER REFERRING CASE to Mediation. Mediation Deadline 5/31/2016. Signed by Judge Marcia G. Cooke on 10/26/2015. (tm) (Entered: 10/26/2015) |
| 11/10/2015 | 26 | NOTICE of Mediator Selection: John W. Salmon, Esq. selected. Filed/Added by Brent R Martini, John W. Salmon. (Attachments: # 1 Text of Proposed Order Proposed Order) (Saunders, Nathan) (Entered: 11/10/2015) |
| 11/12/2015 | 27 | ENDORSED ORDER Scheduling Mediation. The mediation conference in this matter shall be held with John W. Salmon, Esq. on May 4, 2016 at 1:00 p.m., at 19 West Flagler Street, Suite 620, Miami, Florida 33130. This date shall not be rescheduled outside of the deadline for mediation set forth in the scheduling order without leave of Court. Failure to comply with this Order may result in sanctions. Within five days following the mediation conference, the Mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), was continued with the consent of the parties, or whether the mediator declared an impasse. Signed by Judge Marcia G. Cooke on 11/12/2015. (abi) (Entered: 11/12/2015) |
| 11/13/2015 | | Set/Reset Deadlines/Hearings as per DE 27 : Mediation Hearing set for 5/4/2016 01:00 PM (lk) (Entered: 11/13/2015) |
| 12/02/2015 | 28 | MOTION to Withdraw as Attorney *for Plaintiff/Counter-Defendant* by Randy Dow. by Brent R Martini. Responses due by 12/21/2015 (Attachments: # 1 Exhibit Client Consent, # 2 Text of Proposed Order)Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Dow, Randy) (Entered: 12/02/2015) |
| 01/05/2016 | 29 | ORDER granting 28 Motion to Withdraw as Attorney. Attorney Randy Richard Dow terminated as counsel of record for Plaintiff. The law firm of McGlinchey Stafford is hereby relieved of any further responsibility for the representation of Martini in this action. Jonathan E. Pollard, Esq. with Jonathan Pollard, PLLC will remain as counsel of record for Plaintiff in this consolidated action. Docket Order Signed by Magistrate Judge Edwin G. Torres on 1/5/2016. (EGT) (Entered: 01/05/2016) |
| 01/06/2016 | | Attorney Nathan Mazique Saunders terminated as per DE 29 . (lk) (Entered: 01/06/2016) |
| 03/21/2016 | 30 | Notice of Mediation Hearing before Mediator, John W. Salmon filed by John W. Salmon. Mediation Hearing set for 5/4/2016 01:00 PM Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Salmon, John) (Entered: 03/21/2016) |
| 05/05/2016 | | Attorney Nathan Mazique Saunders representing Martini, Brent R (Plaintiff) Activated. (Saunders, Nathan) (Entered: 05/05/2016) |
| 05/05/2016 | 31 | Joint MOTION for Extension of Time to Complete Discovery by Brent R Martini. (Saunders, Nathan) (Entered: 05/05/2016) |
| 05/06/2016 | 32 | ENDORSED ORDER denying 31 Joint Unopposed Motion to Modify Scheduling Order. The deadlines set forth in my 25 Order Setting Civil Trial Date and Pretrial Deadlines shall remain in effect and continue to govern in this case. Parties may jointly agree to conduct discovery beyond the discovery deadline. However, any agreement to do so shall be at the parties' own convenience and without Court intervention. The Magistrate Judge will not entertain discovery issues after the discovery deadline. Signed by Judge Marcia G. Cooke on 5/6/2016. (abi) (Entered: 05/06/2016) |

| 05/09/2016 | 33 | MEDIATION REPORT by John W. Salmon. Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Salmon, John) (Entered: 05/09/2016) |
|---|---|---|
| 05/20/2016 | 34 | Statement of: Material Undisputed Facts in Support of Summary Judgment by Brent R Martini (Attachments: # 1 Exhibit A - 2007 RSC GL, # 2 Exhibit B - Zelcer RFA Responses, # 3 Exhibit C - RSC Consolidated P&L's, # 4 Exhibit D - 2008 RSC GL, # 5 Exhibit E - 2008 Capital Agreement, # 6 Exhibit F - Martini Declaration, # 7 Exhibit G - 2009 RSC GL, # 8 Exhibit H - 2009 Capital Agreement, # 9 Exhibit I - 2010 RSC GL, # 10 Exhibit J - 2010 Capital Agreement, # 11 Exhibit K - 2011 RSC GL, # 12 Exhibit L - Martini-Zelcer Note, # 13 Exhibit M - 2012 RSC GL, # 14 Exhibit N - E-Mail 1, # 15 Exhibit O - E-Mail 2, # 16 Exhibit P - E-Mail 3, # 17 Exhibit Q - E-Mail 4, # 18 Exhibit R - Amendment to Mortgage, # 19 Exhibit S - First Warning Letter, # 20 Exhibit T - Second Warning Letter, # 21 Exhibit U - Final Warning Letter, # 22 Exhibit V - Warranty Deed) (Saunders, Nathan) (Entered: 05/20/2016) |
| 05/20/2016 | 35 | Plaintiff's MOTION for Summary Judgment by Brent R Martini. Responses due by 6/6/2016 (Saunders, Nathan) (Entered: 05/20/2016) |
| 06/10/2016 | 36 | RESPONSE in Opposition re (35 in 1:15-cv-22499-MGC) Plaintiff's MOTION for Summary Judgment filed by Henry Zelcer, Leon Zelcer. Replies due by 6/20/2016. Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Weires, Scott) (Entered: 06/10/2016) |
| 06/10/2016 | 37 | AFFIDAVIT in Opposition re (35 in 1:15-cv-22499-MGC) Plaintiff's MOTION for Summary Judgment filed by Henry Zelcer, Leon Zelcer. Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Weires, Scott) (Entered: 06/10/2016) |
| 06/20/2016 | 38 | REPLY to Response to Motion re 35 Plaintiff's MOTION for Summary Judgment filed by Brent R Martini. (Pollard, Jonathan) (Entered: 06/20/2016) |
| 06/21/2016 | 39 | Defendant's MOTION for Leave to File *Response to Material Facts, Instanter* by Henry Zelcer. (Attachments: # 1 Exhibit Defendant's Response to Material Facts, # 2 Text of Proposed Order)Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Weires, Scott) (Entered: 06/21/2016) |
| 06/21/2016 | 40 | ENDORSED ORDER granting (39) Defendant Zelcer's Motion for Leave to File Counterstatement of Material Facts *Instanter*. Defendant Henry Zelcer shall separately file his Response to Statement of Material Facts on or before June 22, 2016. As Defendant Zelcer simply responds to Plaintiff's Statement of Material Facts, but does not assert any material facts of his own, no further reply is warranted by Plaintiff. Signed by Judge Marcia G. Cooke on 6/21/2016. Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC (abi) (Entered: 06/21/2016) |
| 06/21/2016 | 41 | Statement of: Material Facts by Henry Zelcer re (27 in 1:15-cv-22776-MGC) Response in Opposition to Motion, Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Weires, Scott) (Entered: 06/21/2016) |
| 06/21/2016 | 42 | RESPONSE/REPLY to 34 Statement of material facts by Henry Zelcer. See image at DE 41 (lk) (Entered: 06/22/2016) |
| 06/22/2016 | 43 | Clerks Notice to Filer re 41 Statement. **Wrong Event Selected**; ERROR - The Filer selected the wrong event. The document was re-docketed by the Clerk, see [de#42]. It is not necessary to refile this document. (lk) (Entered: 06/22/2016) |
| 06/23/2016 | 44 | Plaintiff's MOTION for Reconsideration re 40 Order on Motion for Leave to File,, by Brent R Martini. (Pollard, Jonathan) (Entered: 06/23/2016) |
| 06/24/2016 | 45 | RESPONSE in Opposition re (44 in 1:15-cv-22499-MGC) Plaintiff's MOTION for Reconsideration re (40) Order on Motion for Leave to File,, filed by Henry Zelcer. Replies |

| | | due by 7/5/2016. Associated Cases: 1:15-cv-22499-MGC, 1:15-cv-22776-MGC(Weires, Scott) (Entered: 06/24/2016) |
|---|---|---|
| 06/24/2016 | 46 | ENDORSED ORDER DENYING (44) Plaintiff's Motion for Reconsideration of Defendant's Motion to File Counterstatement of Material Facts. Signed by Judge Marcia G. Cooke on 6/24/2016. (abi) (Entered: 06/24/2016) |

Filing # 45929394 E-Filed 08/31/2016 03:14:13 PM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation.

      Defendants.

_____/

## DEFENDANTS' MOTION TO COMPEL DEPOSITION TESTIMONY

Defendants, by and through undersigned counsel, hereby move this Court for entry of an

Order compelling Plaintiff, ASI HOLDING COMPANY INC., d/b/a Amenity Services, Inc., d/b/a

Xplorie, to produce the following individuals and entity for deposition:

1. This matter has been pending before this Court since 2013.

2. On June 14, 2016, this Court entered an Order Setting Non-Jury Trial, Pretrial Conference,
   and Directing Mediation, which, absent an order from this Court stating otherwise, cuts off
   discovery on September 15, 2016.

3. On July 28, 2016, the undersigned filed his Notice of Appearance in the above-styled
   matter.

4. Since that date, the undersigned has made repeated good faith attempts to facilitate the timely completion of outstanding discovery in compliance with the looming discovery cut-off.

5. On August 22, 2016, in furtherance of those good faith efforts, Defendants confirmed with Plaintiff's counsel that Defendants Don Abreu (who lives in Arizona) and Andrew Manios (who lives in California) would travel to the Law Offices of Keefe, Anchors & Gordon in Okaloosa County, Florida, to be deposed. Defendants agreed to this even though it was the second deposition for each Defendant in less than four (4) months.

6. On August 24, 2016, Defendants reached out to Plaintiff to coordinate the scheduling of several high-ranking employees of Plaintiff, its corporate representative, and its experts (correspondence attached hereto as Exhibit "A"; *see* p. 5). Plaintiff's counsel immediately recognized that there were "only 5 days between this coming Monday [8/29/16] and the cut-off deadline on which we are not already scheduled to take depositions and/or attend hearings in this matter." *Id.* Despite acknowledging that there were few days prior to the discovery cut-off on which no case events were scheduled, Plaintiff's counsel proceeded to stonewall efforts to schedule the depositions as follows:

   a. First, Plaintiff stated that there was simply not enough time to conduct the requested depositions. In light of the time constraints, Defendants proposed taking two depositions each day for a five (5) day period. Defendants further suggested that both Parties agree, if necessary, to stay past 5:00 p.m. and/or conduct depositions on Saturday, September 10, 2016. *Id.* at p. 3.

b.  Next, Plaintiff inquired how Defendants proposed to work around hearings scheduled for September 7, 8, and 12 of 2016. *Id.* Defendants provided numerous solutions including:

    i.  Altering the start time of the September 7th hearing (pertaining to attorney's fees) or the depositions;

    ii.  Resolving the matters underlying the September 8th hearing (pertaining to outstanding discovery requests); and

    iii.  With regard to the September 12th hearing (allegedly pertaining to case management), Defendants reached out to the office of Defendants' First Attorney of Record and this Court's Judicial Assistant: neither could locate a record of the hearing being scheduled. Nonetheless, Defendants suggested delaying the "case management conference" (scheduled to take place a mere four (4) days before this Matter's Pre-Trial Conference) so that valuable deposition testimony could be taken.

7.  On August 25, 2016, Plaintiff confirmed that Mr. Blanton and Plaintiff's experts Mr. Craul and Ms. McGaughy would be available to be deposed on the requested dates. (Attached hereto as Exhibit "B"). Plaintiff's counsel made no mention of the other witnesses sought. Defendants sent a follow up email inquiring as the availability of the other witnesses. *Id.* The email was ignored.

8.  The pending discovery cut-off, coupled with Plaintiff's refusal to quickly, clearly, and efficiently communicate with Defendants regarding deposition dates, forced Defendants to set their depositions.

9.  At the end of business Friday, August 26, 2016, after receiving no further communications from Plaintiff's counsel regarding deposition dates, the undersigned noticed the depositions duces tecum of the following material witnesses:

    a.  Darrell Blanton, Plaintiff's founder;

    b.  Matthew Loney, current President of Plaintiff;

    c.  Steven Schmidt, Plaintiff's current Officer and Secretary;

    d.  Adrian Jordan, Plaintiff's current Director of Operations;

    e.  Adrienne Clark, Plaintiff's current Vice President of Communications;

    f.  Plaintiff's designated corporate representative pursuant to Florida Rule of Civil Procedure 1.310(b)(6);

    g.  Jamie Levarn, Plaintiff's current Manager of Information Systems and Plaintiff's employee for the last thirteen (13) years;

    h.  Susie Cross, Plaintiff's current Sales Manager;

    i.  Bruce Craul, Plaintiff's designated expert witness; and

    j.  Tammy McGaughy, Plaintiff's designated expert witness.

    *See* Composite Exhibit "C" (deposition notices filed on 8/26/16).

10. Plaintiff has suggested that a subpoena is required to depose witnesses other than Mr. Blanton, Mr. Craul, and Ms. McGaughy (whom Plaintiff agreed to produce).  Plaintiff is incorrect. *See Plantation-Simon Inc. v. Bahloul*, 596 So. 2d 1159, 1161–62 (Fla. 4th DCA 1992) ("Nothing we said . . . can remotely be interpreted to hold that a party cannot name

an officer, director or managing agent of an organizational party for a deposition and compel his attendance by simple notice.") (interpreting precedent that absent subpoena, non-party is not required to appear at deposition)

11. The requested depositions of Plaintiff's officers, directors, managing agents, high ranking officials, corporate representative, and experts are necessary components of Defendants' defense and Defendants will suffer undue prejudice if the depositions are not permitted to proceed.

**WHEREFORE**, Defendants respectfully request that this Court enter an order compelling Plaintiff to produce the following witnesses in accordance with the Notices of Depositions attached hereto as Composite Exhibit "C" and awarding Defendants attorney fees and costs associated with obtaining the order compelling the production of the aforementioned witnesses, and any other relief this Court deems just and proper.

Dated: August 31st, 2016

Respectfully submitted,

/s/ *Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731

*ASI Holding Company Inc. v. Abreu, et. al.*
Case No. 2013 CA 4103
Page 6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 31th day of August, 2016.

*/s/ Jonathan Pollard*
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

# Exhibit "A"

**Deaken Shuler**

| | |
|---|---|
| **From:** | Deaken Shuler |
| **Sent:** | Wednesday, August 24, 2016 7:10 PM |
| **To:** | 'Darian Zamora' |
| **Cc:** | Mackenzie Baughn; Denise Grant; Kia Johnson |
| **Subject:** | RE: ASI v Global Amenities; depo dates |
| **Attachments:** | 8-24-16 Proposed Order Denying Motion to Compel.docx |

Darian,

Our position was not that employees of our clients needed to be subpoenaed to appear at a deposition. After speaking with Mr. Pollard about this, I believe you are referring to our request that you subpoena Louis Manios. Mr. Louis Manios is a third-party accountant for Global Amenities, not an employee.

Of the individuals for whom no dates have been provided, two are experts. The rest are high-ranking ASI officials — two are officers, one an information systems manager (with 13 years of service to the company), one a sales manager, another a director, and one the acting ASI president.  We do not need subpoenas for any of them.

Regarding the September 7 hearing, please see our proposed agreed order attached.

As for September 12, the need for an as-yet unscheduled "case management conference" just three days before the pre-trial conference (which also represents the discovery cut-off) is far outweighed by the need for adequate discovery.

Again, I'm thankful for your help on this; I know there have been a flurry of emails and I appreciate your prompt responses to these pressing issues.


Deaken


**From:** Darian Zamora [mailto:dzamora@kaglawfirm.com]
**Sent:** Wednesday, August 24, 2016 4:44 PM
**To:** Deaken Shuler <dshuler@pollardllc.com>
**Cc:** Mackenzie Baughn <mbaughn@kaglawfirm.com>; Denise Grant <dgrant@pollardllc.com>; Kia Johnson <kjohnson@kaglawfirm.com>
**Subject:** RE: ASI v Global Amenities; depo dates

Deaken:

We will make Mr. Blanton available for his deposition on the 6th. We are waiting to hear back from Mr. Craul and Ms. McGaughy as to their availabilities on the 7th and the 12th. As you have taken the position that ASI is required to subpoena the Defendants' employees and agents for deposition, we trust you will be subpoenaing the remaining witnesses.

We will work around those hearings, as you suggested, and make ourselves available after-hours, if necessary. However, to the extent that this would require that any non-parties be available for deposition after business hours, we cannot guarantee their appearance on certain dates or after hours.

1

With regard to the hearing on September 8, we will determine whether or not that hearing must go forward when we receive the requested discovery. If the hearing goes forward as scheduled, we can begin the depositions immediately following the hearing.

With regard to September 12th, Judge Brown previously ordered a Case Management Conference to occur at 9:00 a.m.  Mr. Scheyd was tasked with preparing the notice for that hearing.  We will speak with Judge Brown's judicial assistant today, to inquire as to whether that case management conference will go forward, and we will work around that hearing, if necessary.

Thank you,

Darian


**From:** Deaken Shuler [mailto:dshuler@pollardllc.com]
**Sent:** Wednesday, August 24, 2016 11:33 AM
**To:** Darian Zamora <dzamora@kaglawfirm.com>
**Cc:** Mackenzie Baughn <mbaughn@kaglawfirm.com>; Denise Grant <dgrant@pollardllc.com>
**Subject:** RE: ASI v Global Amenities; depo dates

Darian,

We will have the b(6) Notice to you by the end of the day.

As to the upcoming hearings:

**Sept. 7**  (1:30)— Hearing on disputed attorneys' fees. We should start the morning depo 30 minutes early. The 1:30 hearing is only 15 minutes and the court is barely a half mile from your offices. We can start the 9/7 afternoon depo at 2:30 so you have a chance to lunch, although that naturally means we may need to extend the depo a little past 5:00. Alternatively, we could move this hearing to be heard on 9/15 along with the pre-trial conference and Mr. Scheyd's withdrawal.

**Sept. 8** (9:00) – Hearing on outstanding Requests for Admission to Defendants Abreu, Andrew Manios, and Chris Manios. If I have these to you by today can we agree to cancel the hearing?

**Sept. 12 –** There is nothing currently calendared, either with our office or the Court.

Finally, are you open to moving the location for the 9-13 depo of Chris Manios from South Carolina to your offices, as mentioned in my 8/23 email?

Thanks for working with us on this.

Deaken

**From:** Darian Zamora [mailto:dzamora@kaglawfirm.com]
**Sent:** Wednesday, August 24, 2016 11:20 AM
**To:** Deaken Shuler <dshuler@pollardllc.com>
**Cc:** Mackenzie Baughn <mbaughn@kaglawfirm.com>; Denise Grant <dgrant@pollardllc.com>
**Subject:** Re: ASI v Global Amenities; depo dates

Deaken:

Thank you for the clarification. I want to point out that we have hearing set in this matter on the 7th, 8th and 12th. How do you propose that we work around those hearings?

Also, with respect to the b(6) deposition, please provide us with subject matter areas so we can identify the correct individual.

Thank you,
Darian

Sent from my iPhone

On Aug 24, 2016, at 10:03 AM, Deaken Shuler <dshuler@pollardllc.com> wrote:

> How about this:
>
> 9-6: Blanton/Loney
> 9-7: Levarn/Craul
> 9-8: Clarke/Cross
> 9-9 Schmidt/(b)6
> 9-12: Jordan/McGaughy.
>
> It's impossible to tell at this point whether there will be spill-over. If needed, we pick up in the morning where we left off the previous day. If we get to the end of the day on September 9 and are backlogged, we work Saturday, September 9.
>
> We shoot for 9:00 am and 2:00 pm start times.
>
>
> Deaken Z. Shuler
>
> <image001.png>
>
>
>
> **From:** Darian Zamora [mailto:dzamora@kaglawfirm.com]
> **Sent:** Wednesday, August 24, 2016 10:09 AM
> **To:** Deaken Shuler <dshuler@pollardllc.com>
> **Cc:** Mackenzie Baughn <mbaughn@kaglawfirm.com>; Denise Grant <dgrant@pollardllc.com>
> **Subject:** Re: ASI v Global Amenities; depo dates
>
> Deaken:
>
> Please confirm that you are seeking 7 full days of depositions. If so, please let me know when you would propose that we schedule those depositions between now and the discovery cut off deadline. It is my understanding that there are less than 7 days between now and September 15th on which we are not already scheduled to take depositions in this matter.
>
> Thank you,
> Darian
>
> Sent from my iPhone

3

On Aug 24, 2016, at 9:05 AM, Deaken Shuler <dshuler@pollardllc.com> wrote:

> Darian,
>
> Ms. Clarke, Ms. Cross, Mr. Jordan, Mr. Schmidt, (b)6 rep, Ms. McGaughy can all  be scheduled on the same day- depos, with no more than two depos scheduled on the same day.
>
> We would like full days scheduled for Mr. Blanton, Mr. Loney, Ms. Levarn and Mr. Craul.
>
> Deaken
>
> **From:** Darian Zamora [mailto:dzamora@kaglawfirm.com]
> **Sent:** Wednesday, August 24, 2016 8:47 AM
> **To:** Deaken Shuler <dshuler@pollardllc.com>
> **Cc:** Mackenzie Baughn <mbaughn@kaglawfirm.com>; Denise Grant <dgrant@pollardllc.com>
> **Subject:** Re: ASI v Global Amenities; depo dates
>
> Deaken:
>
> We will do everything we can to work with you to schedule these depositions in good faith. However, you have requested the depositions of ten individuals, and there are approximately five full days between now and the discovery cut off deadline on which we are not already scheduled to take depositions or attend hearings in this matter. Even assuming that we will make ourselves available each and every one of those days, I still cannot schedule ten full day depositions between now and September 15th. Can you please let me know which individuals you would be comfortable scheduling for deposition on the same day, and which individuals you are requesting a full day for?
>
> Sent from my iPhone
>
> On Aug 24, 2016, at 7:38 AM, Deaken Shuler <dshuler@pollardllc.com> wrote:
>
>> We can't be sure, as not much information has been produced regarding these individuals.
>>
>> We believe we can get each of them done in a few hours, but reserve our right to go longer.
>>
>> **From:** Darian Zamora [mailto:dzamora@kaglawfirm.com]
>> **Sent:** Wednesday, August 24, 2016 8:32 AM
>> **To:** Deaken Shuler <dshuler@pollardllc.com>
>> **Cc:** Mackenzie Baughn <mbaughn@kaglawfirm.com>; Denise Grant <dgrant@pollardllc.com>
>> **Subject:** Re: ASI v Global Amenities; depo dates
>>
>> Please advise how long you believe each witness' deposition will take. There are only 5 days between this coming Monday and the cut-off deadline on which we are not already scheduled to take depositions and/or attend hearings in this matter.

4

Sent from my iPhone

On Aug 24, 2016, at 7:28 AM, Deaken Shuler <dshuler@pollardllc.com> wrote:

Darian,

Please advise when you or someone at your firm is available for Defendants to depose:

- ASI agents/employees:
    - Darrell Blanton
    - Adrienne Clarke
    - Susie Cross
    - Adrian Jordan
    - Jamie Levarn
    - Matthew Loney
    - Steven Schmidt

- ASI's designated corporate representative

- Plaintiff's experts:
    - Bruce Craul
    - Tammy McGaughy

Thanks,


Deaken Z. Shuler

<image001.png>

401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Office: 954-712-7408
Fax: 866- 594-5731
www.pollardllc.com

# Exhibit "B"

**Deaken Shuler**

---

| | |
|---|---|
| **From:** | Deaken Shuler |
| **Sent:** | Thursday, August 25, 2016 3:55 PM |
| **To:** | 'Darian Zamora' |
| **Cc:** | Denise Grant; Mackenzie Baughn; Kia Johnson; Elena Lawniczak |
| **Subject:** | RE: ASI v. Abreu et. al. |

Fantastic, thanks.

Any movement on the other depos or our proposed agreed order regarding the Motion to Compel Responses to Requests for Admissions?

**From:** Darian Zamora [mailto:dzamora@kaglawfirm.com]
**Sent:** Thursday, August 25, 2016 1:37 PM
**To:** Deaken Shuler <dshuler@pollardllc.com>
**Cc:** Denise Grant <dgrant@pollardllc.com>; Mackenzie Baughn <mbaughn@kaglawfirm.com>; Kia Johnson <kjohnson@kaglawfirm.com>; Elena Lawniczak <elawniczak@kaglawfirm.com>
**Subject:** ASI v. Abreu et. al.

Deaken:

I have confirmed with Mr. Blanton, Mr. Craul, and Ms. McGaughy that they will be available for their depositions at our offices on the days and times you have requested (September 6, 7, and 12 respectively).

Thank you,

Darian Zamora
dzamora@kaglawfirm.com

 Keefe, Anchors & Gordon

Keefe, Anchors and Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Fort Walton Beach, FL 32547
Phone: (850) 863-1974 (direct number)
Fax: (850) 863-1591
www.kaglawfirm.com

The information contained in this e-mail is confidential and may be subject to the attorney client privilege or may constitute privileged work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the agent or employee responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this e-mail in error, please notify us by telephone or return e-mail immediately. Thank you.

1

# Exhibit "C"

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

           Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation.

           Defendants.
_____/

**NOTICE OF TAKING DEPOSITION DUCES TECUM**
[Pursuant to Florida Rule of Civil Procedure 1.310]

    **PLEASE TAKE NOTICE** that the undersigned counsel will take the deposition of the below named entity on the date, hour, and location and to have with him the items listed on the duces tecum.

| NAME | DATE & TIME | LOCATION |
|------|-------------|----------|
| Adrian Jordan | September 12, 2016<br>10:00 a.m. C.S.T. | Daniels & Rackard Reporting<br>1817 Lewis Turner Blvd. Ste. F<br>Ft. Walton Beach, FL 32547 |

    The deposition will be taken upon oral examination before Daniels & Rackard Reporting, or any other person authorized by law to administer an oath and will be recorded by stenographic means.  The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Florida Rules of Civil Procedure in such cases.

## DUCES TECUM (DOCUMENTS TO BE PRODUCED)
### ("Documents" includes paper and electronic data)

1.  All versions of your CV and/or resume, from January 1, 2008 through the present.

2.  All documents and things which, in whole or in part, set out your job descriptions, job duties, and job responsibilities at the time of the events which are the subjects of this lawsuit and, if different, your current job description, duties, and responsibilities.

3.  All documents and things reflecting your communications with or about Defendants. This includes emails, letters, and all other correspondence, sent by you, received by you, or cc'd to you, from January 1, 2008 through the present.

4.  All documents and things which you used, in whole or in part, to prepare for this deposition, including the testimony you expect to provide in response to this Notice of Taking Deposition Duces Tecum.

Dated: August 26, 2016

Respectfully submitted,

/s/ *Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731
jpollard@pollardllc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541, on this 26th day of August, 2016.

/s/ Jonathan Pollard
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

In accordance with the Americans with Disabilities Act of 1990 (ADA), persons needing a special accommodation to participate in this proceeding should contact the ADA coordinator at Pollard PLLC, 401 E. Las Olas Blvd. #1400, Fort Lauderdale, FL 33301.

cc:      Daniels & Rackard Reporting
          E-mail E-TRAN to: jpollard@pollardllc.com

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

           Plaintiff,                      CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation.

           Defendants.

_____/

**NOTICE OF TAKING DEPOSITION DUCES TECUM**
[Pursuant to Florida Rule of Civil Procedure 1.310]

      **PLEASE TAKE NOTICE** that the undersigned counsel will take the deposition of the below named entity on the date, hour, and location indicated and to have with her the items listed on the duces tecum.

| **NAME** | **DATE & TIME** | **LOCATION** |
|---|---|---|
| Adrienne Clark | September 8, 2016<br>9:00 a.m. C.S.T. | Daniels & Rackard Reporting<br>1817 Lewis Turner Blvd. Ste. F<br>Ft. Walton Beach, FL 32547 |

      The deposition will be taken upon oral examination before Daniels & Rackard Reporting or any other person authorized by law to administer an oath and will be recorded by stenographic means.  The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Florida Rules of Civil Procedure in such cases.

## DUCES TECUM (DOCUMENTS TO BE PRODUCED)
### ("Documents" includes paper and electronic data)

1.  All versions of your resume, from January 1, 2008 through the present.

2.  All documents and things which, in whole or in part, set out your job descriptions, job duties, and job responsibilities at the time of the events which are the subjects of this lawsuit and, if different, your current job description, duties, and responsibilities.

3.  All documents and things reflecting your communications with or about Defendants. This includes emails, letters, and all other correspondence, sent by you, received by you, or cc'd to you, from January 1, 2008 through the present.

4.  All documents and things which you used, in whole or in part, to prepare for this deposition, including the testimony you expect to provide in response to this Notice of Taking Deposition Duces Tecum.

Dated: August 26, 2016

Respectfully submitted,

/s/ *Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731
jpollard@pollardllc.com

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 26th day of August, 2016.

          /s/ Jonathan Pollard
          Jonathan E. Pollard
          Florida Bar No. 83613
          Pollard PLLC
          401 E. Las Olas Blvd. #1400
          Fort Lauderdale, FL 33301
          Telephone: 954-332-2380
          Facsimile: 866-594-5731

In accordance with the Americans with Disabilities Act of 1990 (ADA), persons needing a special accommodation to participate in this proceeding should contact the ADA coordinator at Pollard PLLC, 401 E. Las Olas Blvd. #1400, Fort Lauderdale, FL 33301.

cc:  Daniels & Rackard Reporting
    E-mail E-TRAN to: jpollard@pollardllc.com

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,
Plaintiff,

CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC, a South Carolina corporation.
Defendants.

_____/

**NOTICE OF TAKING DEPOSITION DUCES TECUM**
[Pursuant to Florida Rule of Civil Procedure 1.310]

**PLEASE TAKE NOTICE** that the undersigned counsel will take the deposition of Plaintiff's below named expert on the date, hour, and location indicated and to have with him the items listed on the Duces Tecum:

| NAME | DATE & TIME | LOCATION |
|------|-------------|----------|
| Bruce Craul | September 7, 2016 | Law Offices of Keefe, Anchors & Gordon |
| | 2:30p.m. C.S.T. | 2113 Lewis Turner Blvd. Ste. 100 Ft. Walton Beach, FL 32547 |

The deposition will be taken upon oral examination before Daniels & Rackard Reporting, or any other person authorized by law to administer an oath and will be recorded by stenographic means.  The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Florida Rules of Civil Procedure in such cases.

## DUCES TECUM (DOCUMENTS TO BE PRODUCED)
### ("Documents" includes paper and electronic data)

1. Your current CV and/or resume.

2. All reports drafted by you or at your direction regarding the above styled case.

3. All documents and things that were used or referenced by you when forming your opinions in the above styled case.

4. All non-privileged documents and things used by you to prepare to proffer expert testimony in the above-styled matter, including those related to:

   a. Plaintiff's alleged proprietary information and trade secrets;

   b. Defendants business activities;

   c. Information and materials allegedly obtained or used by Defendants that provide(d) Plaintiff with a competitive advantage from not being generally known;

   d. Defendants' alleged use of Plaintiff's trade secrets and confidential and proprietary information.

Dated: August 26, 2016

Respectfully submitted,

/s/ *Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731
jpollard@pollardllc.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 26th day of August, 2016.

/s/ Jonathan Pollard
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

In accordance with the Americans with Disabilities Act of 1990 (ADA), persons needing a special accommodation to participate in this proceeding should contact the ADA coordinator at Pollard PLLC, 401 E. Las Olas Blvd. #1400, Fort Lauderdale, FL 33301.

cc:     Daniels & Rackard Reporting
        E-mail E-TRAN to: jpollard@pollardllc.com

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,
Plaintiff,                                            CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation,
Defendants.
_____/

**NOTICE OF TAKING DEPOSITION DUCES TECUM**
[Pursuant to Florida Rule of Civil Procedure 1.310]

     **PLEASE TAKE NOTICE** that the undersigned counsel will take the deposition of Plaintiff's below named expert on the date, hour, and location indicated and to have with her the items listed on the Duces Tecum:

| **NAME** | **DATE & TIME** | **LOCATION** |
| --- | --- | --- |
| Tammy McGaughy | September 12, 2016 2:00 p.m. C.S.T. | Law Offices of Keefe, Anchors & Gordon 2113 Lewis Turner Blvd., Ste. 100 Ft. Walton Beach, FL 32547 |

     The deposition will be taken upon oral examination before Daniels & Rackard Reporting, or any other person authorized by law to administer an oath by stenographic means. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Florida Rules of Civil Procedure in such cases.

## DUCES TECUM (DOCUMENTS TO BE PRODUCED)
### ("Documents" includes paper and electronic data)

1. Your current CV and/or resume.

2. Reports drafted by you or at your direction regarding the above styled case.

3. All documents and things setting forth or describing the nature and/or scope of your assignment in this case.

4. All documents and things that were used or referenced by you when forming your opinions about the above styled case.

5. All documents and things used by you to prepare to proffer expert testimony in the above styled matter related to:

   a. Defendants accounting methods and profits
   b. Damages incurred by Plaintiffs as a result of subject matter of this litigation.


Dated: August 26, 2016


Respectfully submitted,

/s/ Jonathan Pollard

Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731
jpollard@pollardllc.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 26th day of August, 2016.

/s/ Jonathan Pollard
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

In accordance with the Americans with Disabilities Act of 1990 (ADA), persons needing a special accommodation to participate in this proceeding should contact the ADA coordinator at Pollard PLLC, 401 E. Las Olas Blvd. #1400, Fort Lauderdale, FL 33301.

cc:     Daniels & Rackard Reporting
        E-mail E-TRAN to: jpollard@pollardllc.com

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                           CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation,

        Defendants.
_____/

<u>**NOTICE OF TAKING DEPOSITION**</u>
[Pursuant to Florida Rule of Civil Procedure 1.310]

    **PLEASE TAKE NOTICE** that the undersigned counsel will take the deposition of the below named entity on the date, hour, and location indicated and to have with him the items listed on the duces tecum.

| <u>**NAME**</u> | <u>**DATE & TIME**</u> | <u>**LOCATION**</u> |
|---|---|---|
| Jamie Levarn | September 7, 2016<br>9:00 a.m. C.S.T. | Daniels & Rackard Reporting<br>1817 Lewis Turner Blvd. Ste. F<br>Ft. Walton Beach, FL 32547 |

    The deposition will be taken upon oral examination before Daniels & Rackard Reporting or any other person authorized by law to administer an oath and will be recorded by stenographic means. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Florida Rules of Civil Procedure in such cases.

## DUCES TECUM (DOCUMENTS TO BE PRODUCED)
### ("Documents" includes paper and electronic data)

1. All versions of your resume, from January 1, 2008 through the present.

2. All documents and things which, in whole or in part, set out your job descriptions, job duties, and job responsibilities at the time of the events which are the subjects of this lawsuit and, if different, your current job description, duties, and responsibilities.

3. All documents and things reflecting your communications with or about Defendants. This includes emails, letters, and all other correspondence, sent by you, received by you, or cc'd to you, from January 1, 2008 through the present.

4. All documents and things which you used, in whole or in part, to prepare for this deposition, including the testimony you expect to provide in response to this Notice of Taking Deposition Duces Tecum.

Dated: August 25, 2016

Respectfully submitted,

/s/ *Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731
jpollard@pollardllc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541, on this 25th day of August, 2016.

/s/ Jonathan Pollard
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

In accordance with the Americans with Disabilities Act of 1990 (ADA), persons needing a special accommodation to participate in this proceeding should contact the ADA coordinator at Pollard PLLC, 401 E. Las Olas Blvd. #1400, Fort Lauderdale, FL 33301.

cc:    Daniels & Rackard Reporting
       E-mail E-TRAN to: jpollard@pollardllc.com

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

            Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation,

            Defendants.
_____/

**NOTICE OF TAKING DEPOSITION**
[Pursuant to Florida Rule of Civil Procedure 1.310]

     **PLEASE TAKE NOTICE** that the undersigned counsel will take the deposition of the below named individual on the date, hour, and location indicated and to have with him the items listed on the duces tecum.

| NAME | DATE & TIME | LOCATION |
|---|---|---|
| Steven Schmidt | September 9, 2016<br>9:00 a.m. C.S.T. | Daniels & Rackard Reporting<br>1817 Lewis Turner Blvd. Ste. F<br>Ft. Walton Beach, FL 32547 |

     The deposition will be taken upon oral examination before Daniels & Rackard Reporting or any other person authorized by law to administer an oath and will be recorded by stenographic means. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Florida Rules of Civil Procedure in such cases.

## DUCES TECUM (DOCUMENTS TO BE PRODUCED)
### ("Documents" includes paper and electronic data)

1. All versions of your resume, from January 1, 2008 through the present.

2. All documents and things which, in whole or in part, set out your job descriptions, job duties, and job responsibilities at the time of the events which are the subjects of this lawsuit and, if different, your current job description, duties, and responsibilities.

3. All documents reflecting your communications with or about Defendants. This includes emails, letters, and all other correspondence, sent by you, received by you, or cc'd to you, from January 1, 2008 through the present.

4. All documents and things which you used, in whole or in part, to prepare for this deposition, including the testimony you expect to provide in response to this Notice of Taking Deposition Duces Tecum.

Dated: August 25, 2016

Respectfully submitted,

/s/ Jonathan Pollard

Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731
jpollard@pollardllc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 25th day of August, 2016.

/s/ Jonathan Pollard
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

In accordance with the Americans with Disabilities Act of 1990 (ADA), persons needing a special accommodation to participate in this proceeding should contact the ADA coordinator at Pollard PLLC, 401 E. Las Olas Blvd. #1400, Fort Lauderdale, FL 33301.

cc:     Daniels & Rackard Reporting
        E-mail E-TRAN to: jpollard@pollardllc.com

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                       CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation.

        Defendants.

_____/

**NOTICE OF TAKING DEPOSITION DUCES TECUM**
[Pursuant to Florida Rule of Civil Procedure 1.310]

    **PLEASE TAKE NOTICE** that the undersigned counsel will take the deposition of the below named entity on the date, hour, and location indicated and to have with her the items listed on the duces tecum.

| **NAME** | **DATE & TIME** | **LOCATION** |
| --- | --- | --- |
| Susie Cross | September 8, 2016<br>2:00 p.m. C.S.T. | Daniels & Rackard Reporting<br>1817 Lewis Turner Blvd. Ste. F<br>Ft. Walton Beach, FL 32547 |

    The deposition will be taken upon oral examination before Daniels & Rackard Reporting or any other person authorized by law to administer an oath and will be recorded by stenographic means. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Florida Rules of Civil Procedure in such cases.

## DUCES TECUM (DOCUMENTS TO BE PRODUCED)
### ("Documents" includes paper and electronic data)

1. All versions of your CV and/or resume, from January 1, 2008 through the present.

2. All documents and things which, in whole or in part, set out your job descriptions, job duties, and job responsibilities at the time of the events which are the subjects of this lawsuit and, if different, your current job description, duties, and responsibilities.

3. All documents reflecting your communications with or about Defendants. This includes emails, letters, and all other correspondence, sent by you, received by you, or cc'd to you, from January 1, 2008 through the present.

4. All documents and things which you used, in whole or in part, to prepare for this deposition, including the testimony you expect to provide in response to this Notice of Taking Deposition Duces Tecum.

Dated: August 26, 2016

Respectfully submitted,

/s/ *Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731
jpollard@pollardllc.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547;  and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 26th day of August, 2016.

                                      /s/ Jonathan Pollard
                                      Jonathan E. Pollard
                                      Florida Bar No. 83613
                                      Pollard PLLC
                                      401 E. Las Olas Blvd. #1400
                                      Fort Lauderdale, FL 33301
                                      Telephone: 954-332-2380
                                      Facsimile: 866-594-5731

In accordance with the Americans with Disabilities Act of 1990 (ADA), persons needing a special accommodation to participate in this proceeding should contact the ADA coordinator at Pollard PLLC, 401 E. Las Olas Blvd. #1400, Fort Lauderdale, FL 33301.

cc:     Daniels & Rackard Reporting
          E-mail E-TRAN to: jpollard@pollardllc.com

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

               Plaintiff,                      CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation.

               Defendants.

_____/

**NOTICE OF TAKING DEPOSITION DUCES TECUM**
[Pursuant to Florida Rule of Civil Procedure 1.310]
[This deposition will be recorded by video]

      **PLEASE TAKE NOTICE** that the undersigned counsel will take the deposition of the below named individual on the date, hour, and location indicated and to have with him the items listed on the duces tecum.

| NAME | DATE & TIME | LOCATION |
|---|---|---|
| Darrell Blanton | September 6, 2016 | Law Offices of Keefe, Anchors & Gordon |
| | 9:00 a.m. C.S.T. | 2113 Lewis Turner Blvd. Ste. 100 Ft. Walton Beach, FL 32547 |

      The deposition will be taken upon oral examination before Daniels & Rackard Reporting, a representative of which will record the deposition by video and stenographic means. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Florida Rules of Civil Procedure in such cases.

## DUCES TECUM (DOCUMENTS TO BE PRODUCED)
### ("Documents" includes paper and electronic data)

1.  All versions of your resume, from January 1, 2008 through the present.

2.  All documents and things which, in whole or in part, set out your job descriptions, job duties, and job responsibilities at the time of the events which are the subjects of this lawsuit and, if different, your current job description, duties, and responsibilities.

3.  All documents reflecting your communications with or about Defendants. This includes emails, letters, and all other correspondence, sent by you, received by you, or cc'd to you, from January 1, 2008 through the present.

4.  All documents and things which you used, in whole or in part, to prepare for this deposition, including the testimony you expect to provide in response to this Notice of Taking Deposition Duces Tecum.

Dated: August 26, 2016

                                        Respectfully submitted,

                                        /s/ *Jonathan Pollard*

                                        Jonathan E. Pollard
                                        Florida Bar No.: 83613
                                        Pollard PLLC
                                        401 E. Las Olas Blvd #1400
                                        Fort Lauderdale, FL 33301
                                        Telephone: (954) 332-2380
                                        Facsimile: (866) 594 5731
                                        jpollard@pollardllc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541,  on this 26th day of August, 2016.

/s/ Jonathan Pollard
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

In accordance with the Americans with Disabilities Act of 1990 (ADA), persons needing a special accommodation to participate in this proceeding should contact the ADA coordinator at Pollard PLLC, 401 E. Las Olas Blvd. #1400, Fort Lauderdale, FL 33301.

cc:     Daniels & Rackard Reporting
        E-mail E-TRAN to: jpollard@pollardllc.com

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,
Plaintiff,                                                     CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation,
Defendants.

_____/

**NOTICE OF TAKING DEPOSITION**
[Pursuant to Florida Rule of Civil Procedure 1.310]
[This deposition will be audio and/or video recorded]

    **PLEASE TAKE NOTICE** that the undersigned counsel will take the deposition of the below named individual on the date, hour, and location indicated and to have with him the items listed on the duces tecum.

| **NAME** | **DATE & TIME** | **LOCATION** |
|---|---|---|
| Matthew Loney | September 6, 2016<br>2:00 p.m. C.S.T. | Daniels & Rackard Reporting<br>1817 Lewis Turner Blvd. Ste. F<br>Ft. Walton Beach, FL 32547 |

    The deposition will be taken upon oral examination before Daniels & Rackard Reporting, a representative of which will be videotaping the deposition. The deposition will also be recorded by means of stenography. The deposition is being taken for the purpose of discovery, for use at trial, or both of the foregoing, or for such other purposes as are permitted under the Florida Rules of Civil Procedure in such cases.

### DUCES TECUM (DOCUMENTS TO BE PRODUCED)
**("Documents" includes paper and electronic data)**

1.  All versions of your resume, from January 1, 2008 through the present.

2.  All documents and things which, in whole or in part, set out your current job descriptions, job duties, and job responsibilities.

3.  All documents reflecting communication with or about Defendants. This includes emails, letters, and all other correspondence, sent by you, received by you, or cc'd to you, from January 1, 2008 through the present.

4.  All documents and things which you used, in whole or in part, to prepare for this deposition, including the testimony you expect to provide in response to this Notice of Taking Deposition Duces Tecum.

Dated: August 26, 2016

                                        Respectfully submitted,

                                        /s/ *Jonathan Pollard*

                                        Jonathan E. Pollard
                                        Florida Bar No.: 83613
                                        Pollard PLLC
                                        401 E. Las Olas Blvd #1400
                                        Fort Lauderdale, FL 33301
                                        Telephone: (954) 332-2380
                                        Facsimile: (866) 594 5731
                                        jpollard@pollardllc.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 26th day of August, 2016.

/s/ Jonathan Pollard
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

In accordance with the Americans with Disabilities Act of 1990 (ADA), persons needing a special accommodation to participate in this proceeding should contact the ADA coordinator at Pollard PLLC, 401 E. Las Olas Blvd. #1400, Fort Lauderdale, FL 33301.

cc:     Daniels & Rackard Reporting
        E-mail E-TRAN to: jpollard@pollardllc.com

Filing # 45929394 E-Filed 08/31/2016 03:14:13 PM

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation.

      Defendants.

_____/


## DEFENDANTS' MOTION TO COMPEL DOCUMENTS FROM DEFENDANTS' FIRST ATTORNEY OF RECORD

Defendants, by and through undersigned counsel, hereby move this Court for entry of an Order compelling Defendants' first attorney of record, Joseph Scheyd to immediately produce the below described documents without delay and in support thereof states as follows:

1. This matter has been pending since 2013.

2. On July 28, 2016, the undersigned filed a Notice of Appearance. From that date through the present, Mr. Scheyd also has remained counsel of record in this matter.

3. In the course of assuming the representation, the undersigned counsel reached out to Mr. Scheyd and requested that Mr. Scheyd provide the undersigned with a copy of the entire case record.

4. In response to this request, Mr. Scheyd sent a single bankers' box of documents that were thrown together in no apparent order. Those documents reflected only a fraction of the record.

5. In relevant part, Mr. Scheyd did not provide the undersigned with – among other pertinent documents – (1) copies of communications between him and opposing counsel and (2) copies of communications between him and the Defendants.

6. These documents are pertinent to the case. Here are some examples: First, the docket in this case reveals Mr. Scheyd filed various notices related to discovery. Many of the

1

underlying discovery documents were served, not filed and, as such, cannot be retrieved from the public case record (either electronically or via court courier service).

7.  Second, in certain instances it appears that Plaintiff made or should have made supplemental discovery responses. Such responses would have been provided via email and not necessarily filed with the Court. Again, Defendants' counsel is in the dark because the undersigned does not have the full record of correspondence.

8.  Third, there may have been proposals for settlement or other pertinent documents that were exchanged via email but not filed. Again, Defendants' counsel has no way of knowing this.

9.  With respect to correspondence between Defendants and Mr. Scheyd: This dispute has been pending for three years. There should be three years worth of exchanges between Defendants and Mr. Scheyd, containing a litany of information pertinent to the Defense of this matter. The ability to review such materials may potentially assist the undersigned in preparing the case for trial, which is imminent.

10. Also, as it presently stands, Plaintiff is seeking to strike Defendants' pleadings as an ultimate sanction for alleged discovery abuses. It is the undersigned's contention that the Defendants themselves have not acted in bad faith in the discovery process, but instead, have simply followed the instructions of their counsel, Mr. Scheyd. Correspondence between Mr. Scheyd and the Defendants will be necessary to substantiate this contention.

11. On August 17, the undersigned's office contacted Mr. Scheyd to request the communications indicated above.

12. Mr. Scheyd responded by indicating that he was leaving the country and otherwise busy and that the request was overly burdensome.

13. On August 30, the undersigned counsel contacted Mr. Scheyd and renewed that request, explaining that time was of the essence.

14. Mr. Scheyd responded by stating that he wanted the clients to pay their bill. He said nothing else regarding the documents.

15. Regardless of whether Mr. Scheyd asserts a charging or retaining lien in connection with fees purportedly owed to him by the Defendants in this matter, Mr. Scheyd has an obligation to furnish the undersigned counsel with the requested documents. His refusal to do so materially prejudices the Defendants in this matter and, as such, contravenes Florida Bar Rules. See Florida Bar Ethics Opinion 88-11.

**WHEREFORE**, Defendants respectfully request that this Court enter an order compelling Defendants' First Attorney of Record, Joseph Scheyd, to produce:

*ASI Holding Company Inc. v. Abreu, et. al.*
Case No. 2013 CA 4103

Dated: August 31st, 2016

Respectfully submitted,

/s/ *Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 31st day of August, 2016.

/s/ *Jonathan Pollard*
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

3

Filing # 45946274 E-Filed 08/31/2016 05:56:01 PM

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                      CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

      Defendants.
_____/

## PLAINTIFF'S NOTICE OF EVIDENTIARY HEARINGS
## ON OUTSTANDING MOTIONS

**PLEASE TAKE NOTICE** that an evidentiary hearing regarding the following

motions:

1.      Plaintiff's Motion for Order to Show Cause and to Strike Pleadings for Repeated Civil Contempt[1];

2.      Plaintiff's Motion for Protective Order[2];

3.      The Court's Determination of Reasonable Amount of Attorneys' Fees and Costs Pursuant to the Order Granting Plaintiff's Motion for Civil Contempt and Order to Show Cause and Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause[3];

---

[1] Plaintiff's Motion for Order to Show Cause and to Strike Pleadings for Repeated Civil Contempt was electronically filed with the Clerk of Court on August 29, 2016. Filing # 45829483.
[2] The Plaintiff's Motion for Protective Order was electronically filed with the Clerk of Court on August 29, 2016. Filing # 45829483.
[3] The Order Granting Plaintiff's Motion for Civil Contempt and Order to Show Cause and Plaintiff's Amended Motion for Civil Contempt and Order to Show Cause was electronically filed with the Clerk of Court on August 22, 2016. Filing # 45519591.

4.      Plaintiff's Motion to Compel Responses to Discovery[4];

5.      Case Management Conference[5]

6.      Plaintiff's Motion for Civil Contempt and Order to Show Cause[6]

7.      Defendants' Motion to Shorten Plaintiff's Time to Respond to Defendant's Third Request for Production and Third Set of Interrogatories[7];

8.      Defendants' Motion to Compel Discovery Responses from Plaintiff[8];

9.      Defendants' Motion to Compel Deposition Testimony[9];

10.     Defendants' Motion to Compel Documents from Defendants' First Attorney of Record[10];

have been set as follows:

| | |
|---|---|
| Judge: | Honorable John T. Brown |
| Place: | Judge Brown's Chambers<br>Okaloosa County Courthouse, Fort Walton Beach, Annex |
| Time: | 9:00 a.m. CT (1 ½ hours have been reserved) |
| Date: | September 8, 2016 |

**\*\*If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Please contact:**

**Court Administration, ADA Liaison**
**Okaloosa County**

---

[4] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the Clerk of Court on August 8, 2016. Filing # 44943234.

[5] Order Granting Defendant's Motion for Emergency Order to Stay Non-Final Order Allowing Third Party Requests for Production from Defendants' Customers was electronically filed with the Clerk of Court on July 28, 2016. Filing # 44535660.

[6] Plaintiff's Motion for Civil Contempt and Order to Show Cause was electronically filed with the Clerk of Court on August 11, 2016. Filing # 45134872.

[7] Motion to Shorten Plaintiff's Time to Respond to Defendant's Third Request for Production and Third Set of Interrogatories was electronically filed with the Clerk of Court on August 24, 2016. Filing # 45609878.

[8] Defendants' Motion to Compel Discovery Responses from Plaintiff was electronically filed with the Clerk of Court on August 31, 2016. Filing # 45929394.

[9] Defendants' Motion to Compel Deposition Testimony was electronically filed with the Clerk of Court on August 31, 2016. Filing # 45929394.

[10] Defendants' Motion to Compel Documents from Defendants' First Attorney of Record was electronically filed with the Clerk of Court on August 31, 2016. Filing # 45929394.

**1940 Lewis Turner Blvd.**
**Fort Walton Beach, FL 32547**
**Phone (850) 609-4700 Fax (850) 652-7725**
**ADA.Okaloosa@flcourts1.gov**

**at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.\*\***

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 31st day of August, 2016.

/s/ Darian Zamora
A. Benjamin Gordon
Florida Bar No.: 528617
Darian Zamora
Florida Bar No.: 114951
Keefe, Anchors & Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Ft. Walton Beach, FL   32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email:   bgordon@kaglawfirm.com
dzamora@kaglawfirm.com

*Attorneys for ASI Holding Company, Inc.*

3

Filing # 45902827 E-Filed 09/07/2016 03:27:59 PM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.,
d/b/a Xplorie,
a Florida corporation,

        Plaintiff,                            CASE NO. 2013 CA 4103

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation,

        Defendants.

_____/

## DEFENDANTS' OBJECTION TO THE APPOINTMENT OF A SPECIAL MASTER

Defendants, by and through undersigned counsel, hereby object to the provision of its "hardware" for inspection for all Program Agreements and/or contracts with customers, including all prior versions, edits, and metadata, by Special Master Kenneth Leone, and in support thereof states as follows:

1. On June 15, 2015, a hearing before this Court was conducted on Plaintiff's Motion to Compel Responses to Discovery.[1]

2. On June 27, 2016, Plaintiff emailed Defendants a proposed Order Granting Plaintiff's Motion to Compel (email attached hereto as Exhibit "A").

---

[1] Plaintiff's Motion to Compel Responses to Discovery was e-filed on April 26, 2016. Filing # 40756420.

3. Defendants responded to Plaintiff's email by stating that the hard drive inspection proposed by the Order should be "limited to [a search for] the native format of [Plaintiff]'s contract used by [D]efendants" and that such a "limitation should be included in the order." *Id.*

4. Plaintiff agreed to revise and limit the Order accordingly. *Id.*

5. The resulting Order Granting Plaintiff's Motion to Compel, filed July 19, 2016 (attached hereto as Exhibit "B"), stated that the Special Master "shall forensically copy and examine all data stored on the Hardware **for the sole purpose of identifying and preserving ASI's Program Agreement in native format**, showing all subsequent revisions, collected from the hardware as confidential and shall not disclose to any person except as provided in this Order." (emphasis supplied).

6. On July 29, 2016, one day after the undersigned made his first appearance, Plaintiff sent an email stating the First Attorney of Record "had indicated he was going to provide us with those hard drives to inspect ourselves . . .  If that is not your position, please let us know if you would like to suggest a special master . . . otherwise we will be appointing Kenneth Leone **as the special master to inspect your client's hard drives, pursuant to the attached [ July 29th, 2016] Order** (email attached hereto as Exhibit "C"). (emphasis supplied).

7. The Order Appointing Special Master (attached hereto as Exhibit "D") filed on August 24, 2016 allows for the inspection of a far greater range of data than Exhibit B. It states that the Special Master will serve to "effect the preservation and orderly discovery of **all Program Agreements and/or contracts with customers, including all prior versions, edits, and metadata**." (emphasis supplied).

8.  As the scope of the Order Appointing a Special Master exceeds that contemplated by the

Parties' initial order, Defendants hereby object.

Dated: September 7, 2016

Respectfully submitted,

/s/ Jonathan Pollard

Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731

cc: Judicial Assistant

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by e-mail to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 7th day of September, 2016.

/s/ Jonathan Pollard
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

# Exhibit "A"

| | |
|---|---|
| **Subject:** | RE: 06-16-16 ORDER GRANTING PLAINTIFF'S MOTION TO COMPELv3 |
| **Date:** | Friday, July 15, 2016 at 2:07:04 PM Central Daylight Time |
| **From:** | Darian Zamora |
| **To:** | Joseph Scheyd, matt@jscheyd.com |
| **CC:** | Mackenzie Baughn |
| **Attachments:** | 06-16-16 ORDER GRANTING PLAINTIFF'S MOTION TO COMPELv4.docx |

Jay:

I made that revision (attached) and Mackenzie is going to submit it to the court. I assume this is the only revision you wished to make, however, if there is anything else you wish to revise, please submit a copy to us and to the Court.

Thank you,
Darian


**From:** Joseph Scheyd [mailto:emeraldcoastlaw@cox.net]
**Sent:** Friday, July 08, 2016 7:20 AM
**To:** Darian Zamora <dzamora@kaglawfirm.com>
**Subject:** Re: 06-16-16 ORDER GRANTING PLAINTIFF'S MOTION TO COMPELv3

My understanding was the inspection of the hard drive was limited to the native format of ASI's contract used by defendants. That limitation should be included in the order.

Jay

Sent from jay scheyd's ipad

On Jul 7, 2016, at 3:33 PM, Darian Zamora <dzamora@kaglawfirm.com> wrote:

> Jay:
>
> Just following up on the below e-mail.
>
> Thank you,
>
> Darian Zamora
> dzamora@kaglawfirm.com
>
> <image003.jpg>
>
> Keefe, Anchors and Gordon, P.A.
> 2113 Lewis Turner Boulevard, Suite 100
> Fort Walton Beach, FL 32547
> Phone: (850) 863-1974 (direct number)
> Fax: (850) 863-1591
> www.kaglawfirm.com
>
> The information contained in this e-mail is confidential and may be subject to the

attorney client privilege or may constitute privileged work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the agent or employee responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this e-mail in error, please notify us by telephone or return e-mail immediately. Thank you.

**From:** Darian Zamora
**Sent:** Monday, June 27, 2016 1:48 PM
**To:** 'jscheyd@jscheyd.com' <jscheyd@jscheyd.com>; emeraldcoastlaw@cox.net; 'matt@jscheyd.com' <matt@jscheyd.com>
**Cc:** Mackenzie Baughn <mbaughn@kaglawfirm.com>
**Subject:** 06-16-16 ORDER GRANTING PLAINTIFF'S MOTION TO COMPELv3

Jay:

Attached hereto is a revised version of the proposed order granting Plaintiff's Motion to compel (regarding native format documents).  I realized that nothing in the prior proposed order addressed how the costs of the special master would be distributed among the parties.  This proposed order would split the costs evenly between Plaintiff and Defendants.

Please let me know if you have another plan for distributing the cost of a special master, if we end up needing one.

Thank you,

Darian Zamora
dzamora@kaglawfirm.com

<image001.jpg>

Keefe, Anchors and Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Fort Walton Beach, FL 32547
Phone: (850) 863-1974 (direct number)
Fax: (850) 863-1591
www.kaglawfirm.com

The information contained in this e-mail is confidential and may be subject to the attorney client privilege or may constitute privileged work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the agent or employee responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this e-mail in error, please notify us by telephone or return e-mail immediately. Thank you.

<06-16-16 ORDER GRANTING PLAINTIFF'S MOTION TO COMPELv3.docx>

# Exhibit "B"

Filing # 44130273 E-Filed 07/19/2016 02:59:07 PM

## IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
## IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

This cause having come before the Court at the June 15, 2016, hearing on Plaintiff's Motion to Compel Responses to Discovery[1], the Court having heard from counsel, reviewed the file, and been otherwise fully advised, it is hereby ORDERED:

1.    Plaintiff's Motion to Compel Responses to Discovery is GRANTED.

2.    To the extent that Plaintiff and Defendants are unable to agree upon an alternative method of obtaining the requested information, a special master shall be appointed to make a ghost copy of the hard drive (the "Hardware") from the computer that Defendant states that this document originated.

3.    The special master shall forensically copy and examine all data stored on the Hardware for the sole purpose of identifying and preserving ASI's Program Agreement in native format, showing all subsequent revisions, collected from the

---

[1] Plaintiff's Motion to Compel Responses to Discovery was electronically filed with the clerk on April 26, 2016. Filing # 40756420.

CASE NO. 2013 CA 4103
Order Granting Plaintiff's Motion to Compel
Page 2 of 2

Hardware as confidential and shall not disclose to any person except as provided in this Order.

4.      The special master shall return the Hardware to Defendants within 24 hours of receipt.

5.      Within twenty (20) days of completing the examination of the Hardware, the special master shall submit its report to the Parties.

6.      The Parties shall have twenty (20) days from receipt of the report to submit any objections to the Court.

7.      If the Parties are unable to agree upon a special master, Kenneth Leone will be appointed to act as the special master.

8.      The retainer, fees and/or costs of the Special master shall be paid in equal halves by the parties.

9.      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.

DONE AND ORDERED in Okaloosa County, Florida.

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 07/19/2016 13.24.50 nfEVVM4L

# Exhibit "C"

| From: | Darian Zamora |
|---|---|
| To: | Jonathan Pollard; Jay Scheyd |
| Cc: | Brooke Bach; Nathan Saunders; Mackenzie Baughn; Ben Gordon |
| Subject: | ASI v. Don Abreu et al. - Case No. 2013 CA 4103 |
| Attachments: | 0135 ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL.pdf |

Mr. Pollard:

Attached hereto is an Order entered in relation to the production of your client's hard drives for inspection. Mr. Scheyd had indicated that he was going to provide us with those hard drives to inspect ourselves. Please confirm whether that is your position as well.

If that is not your position, please let us know if you would like to suggest a special master for us to consider. Otherwise, we will proceed with appointing Kenneth Leone as the special master to inspect your client's hard drives, pursuant to the attached Order. Please provide us with a response no later than Thursday, August 4.

Thank you,

Darian Zamora
dzamora@kaglawfirm.com



Keefe, Anchors and Gordon, P.A.
2113 Lewis Turner Boulevard, Suite 100
Fort Walton Beach, FL 32547
Phone: (850) 863-1974 (direct number)
Fax: (850) 863-1591
www.kaglawfirm.com

The information contained in this e-mail is confidential and may be subject to the attorney client privilege or may constitute privileged work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the agent or employee responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you receive this e-mail in error, please notify us by telephone or return e-mail immediately. Thank you.

# Exhibit "D"

Filing # 45631596 E-Filed 08/24/2016 02:23:13 PM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

      Plaintiff,                         CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

      Defendants.

_____/

## ORDER APPOINTING SPECIAL MASTER

Upon consideration of this Court's prior Order Granting Plaintiff's Motion to Compel[1], dated July 19, 2016, and being otherwise fully advised in the premises, it is hereby ORDERED:

1.    Mr. Kenneth Leone will serve as a Special Master to effect the preservation and orderly discovery of all Program Agreements and/or contracts with customers, including all prior versions, edits, and metadata.

2.    Defendants must deliver all hard drives ("Hardware") containing the relevant information, by mail or hand delivery, to Keefe, Anchors, and Gordon, P.A., 2113 Lewis Turner Blvd., Suite 100, Fort Walton Beach, FL 32547, no later than Thursday, September 15, 2016. The hard drives will be retrieved by the Special master on September 16, 2016.

_____

[1] Order Granting Plaintiff's Motion to Compel was entered on July 19, 2016. Filing # 44130273.

Page **1** of **1**

3.      The Special Master shall examine and return the Hardware pursuant to the Court's prior Order Granting Plaintiff's Motion to Compel.

4.      Plaintiff and Defendants shall each pay a retainer in the amount of $5,000.00 to be made payable to Kenneth Leone, and delivered to 30 Poquito Rd., Shalimar, FL 32579, no later than Friday, September 2, 2016 unless Defendant's Attorney objects in writing and schedules a hearing on said object to be heard prior to 5:00pm on September 7, 2016.

5.      In cases where in one party is unrepresented (*pro se*), it is the responsibility of the sole attorney in the case to serve within five business days this Order upon any *pro se* party who does not have access to nor is a registered user of the Florida Courts e-Filing Portal.      DONE AND ORDERED in Okaloosa County, Florida

eSigned by CIRCUIT COURT JUDGE JOHN T BROWN  in 01 JUDGE BROWN 08/24/2016 12:59:42 OYaMgNNw

Filing # 45902827 E-Filed 09/07/2016 03:27:59 PM

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.,
d/b/a Xplorie,
a Florida Corporation,

        CASE NO. 2013 CA 4103

      Plaintiff,

v.

DON ABREU; and
ANDREW MANIOS; and
CHRIS MANIOS; and
GLOBAL AMENITIES, LLC,
a South Carolina corporation,

      Defendants.

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
ORDER TO SHOW CAUSE AND TO STRIKE PLEADINGS FOR
<u>REPEATED CIVIL CONTEMPT</u>**

      Defendants, by and through undersigned counsel, hereby file this Response in Opposition to Plaintiff's Motion for Order to Show Cause and to Strike Pleadings for Repeated Civil Contempt, and in support thereof state as follows:

1.  This matter has been pending since 2013.

2.  On July 28, 2016, the undersigned filed his notice of appearance.

3.  Within one month of the undersigned's first appearance, Defendants:

    a.  propounded Interrogatories and Requests for Production;

    b.  set depositions of Plaintiff's agents, employees, corporate representative, and experts;

    c.   coordinated depositions of Defendants Don Abreu and Andrew Manios[1] with Plaintiff; and

    d.   retained a document review entity to collect, tabulate, and analyze what amounts to *every intra-office email and client interaction* from the company's inception in 2011 to present day.

4.   The behavior of neither Defendants nor the undersigned is indicative of contumacious and willful disregard for this Court's orders. *See Clark v. Lake City Police Dep't*, 723 So. 2d 901, 903 (Fla. 1st DCA 1999)("Absent evidence of a willful failure to comply or extensive prejudice to the opposition [striking pleadings for failure to comply with discovery] constitutes an abuse of discretion.") (citation omitted); *Oluwabukola Olawove v. Olufisayo Arubola*, No. 1D15-3774, 2016 WL 4437709, at *1 (Fla. 1st DCA Aug. 22, 2016) ("[T]he severe sanction of striking pleadings. . . must be supported by an express finding in the order 'that the party's conduct was willful and contumacious.'") (citation omitted).

5.   Accordingly, Plaintiff's Motion is improper and should be denied.

## ARGUMENT

6.   Plaintiff's motion must be denied because it failed to satisfy the six-prong test for determining the propriety of severe sanctions laid out in *Kozel v. Ostendorf*, 629 So. 2d 817, 818 (Fla. 1993). *See also Griffith v. Ramzey's A Plus Inc.*, 186 So. 3d 629 *1 (Fla. 5th DCA 2016) (recognizing that the *Kozel* test applies to the striking of pleadings).

7.   All of the *Kozel* prongs must be weighed when determining whether to strike pleadings. Plaintiff's motion notably omits two: whether the undersigned has previously been

---

[1] Defendants agreed to for these depositions to take place at Plaintiff's counsel's office, even though the party deponents live in San Diego, California and Phoenix, Arizona, respectively and even though depositions for each had taken place within the previous three and a half months.

sanctioned (he has not); and whether the delay created significant problems of judicial

administration (it has not). *Kozel*, 629 So. 2d at 818.

8. The remaining *Kozel* factors are each insufficient to justify the striking of Defendants'

pleadings.

### A. THE UNDERSIGNED'S "DISOBEDIENCE" WAS NOT "WILLFUL, DELIBERATE, OR CONTUMACIOUS" NOR WAS IT THE AN "ACT OF NEGLIGENCE OR INEXPERIENCE."

9. As stated by the undersigned during the August 16, 2016 hearing on Plaintiff's Motions

for Order to Show Cause and for Civil Contempt, "[s]ince assuming representation in this

case, we have been working with the clients to get a handle on exactly what is due, exactly

what is owing, and to collect and amass all of these documents, but this is a tremendous

undertaking." (*See* Hr'g Tr. 7 August 16, 2016, attached hereto as "Exhibit A").

10. Simply put, any delays in providing outstanding discovery to Plaintiff are the result of the

circuitous route this case has taken.

11. In addition to convoluted discovery practice, both Plaintiff and Defendants' First Counsel

of Record have stymied information exchange (*see* Defendants' three Motions to Compel

filed on August 31, 2016, two of which are directed to Plaintiff and the third to Defendants'

first counsel of record).

### B. DEFENDANTS HAVE NOT BEEN "PERSONALLY INVOLVED IN THE ACT[S] OR DISOBEDIENCE" GIVING RISE TO PLAINTIFF'S MOTION TO STRIKE PLEADINGS.

12. As stated by the undersigned during the August 16, 2016 hearing on Plaintiff's Motions

for Order to Show Cause and for Civil Contempt, "[Defendants] were not fully advised of

what they needed to produce, when they needed to produce it, and how they needed to

produce it . . . I respectfully submit that any attorney who's been involved in cases that are

3

document [intensive] where there's 10,000 documents knows that you can't simply leave it up to your client to sort this out and pull it all together." (Ex. A, p. 7).

13. Punishing Defendants for their failure to be properly guided through the first three years of this litigation is inequitable and improper under Florida law. *Ham v. Dunmire*, 891 So. 2d 492, 497 (Fla. 2004) ("We reiterate that the interests of justice in this state will not tolerate the imposition of sanctions that punish litigants too harshly for the failures of counsel."); *Clark*, 723 So. 2d at 903 ("It has also been found to be an abuse of discretion to strike pleadings where a litigant is punished for the failure of counsel.") (citation omitted).

### C. THE DELAY HAS NOT "PREJUDICED THE [PLAINTIFF] THROUGH UNDUE EXPENSE, LOSS OF EVIDENCE, OR IN ANY OTHER FASHION."

14. "A court's determination of the sanction to impose depends both on the circumstances of the case and what, if any prejudice the opposing party has suffered." *Morris v. Muniz*, 189 So. 3d 348, 350 (Fla. 1st DCA 2016).

15. The circumstances surrounding the discovery in this matter has been documented. Plaintiff has not been prejudiced and Defendants have not attempted to circumvent discovery since the undersigned took on this case on July 28, 2016.

16. Indeed, during the August 16 hearing, Defendants were unequivocal: "[As a] practical reality . . . we're not going to be able to get them everything within ten days. It's going to take a little bit longer than that . . . I'm simply . . . trying to be pragmatic and forthcoming[.]" (Ex. A, p. 8.).

4

*ASI v. Abreu, et al*
Case No. 2013 CA 4103

## D. THE UNDERSIGNED HAS PROVIDED REASONABLE JUSTIFICATION FOR NONCOMPLIANCE WITH DISCOVERY.

17. Plaintiff seeks virtually every email that has been exchanged between Defendants from 2011 through the present. Upon information and belief, this massive undertaking did not begin until after the undersigned's first appearance on July 28, 2016.

18. In light of the circumstances surrounding this case — including the lack of culpability attributable to lay Defendants, the sheer scope of the outstanding discovery requests, and Defendants' good-faith effort to resolve the discovery issues — the justification for noncompliance with various discovery orders is more than reasonable.

**WHEREFORE**, Defendants respectfully this request to deny Plaintiff's Motion for Order to Show Cause and to Strike Pleadings for Repeated Civil Contempt.

Dated: September 7, 2016

Respectfully submitted,

*/s/ Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No.: 83613
Pollard PLLC
401 E. Las Olas Blvd #1400
Fort Lauderdale, FL 33301
Telephone: (954) 332-2380
Facsimile: (866) 594 5731
jpollard@pollardllc.com

5

*ASI v. Abreu, et al*
Case No. 2013 CA 4103

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy hereof has been furnished by electronic service to: Darian Zamora, Esq., dzamora@kaglawfirm.com, and Benjamin Gordon, Esq., bgordon@kaglawfirm.com of Keefe Anchors & Gordon, P.A., 2113 Lewis Turner Boulevard, Suite 100, Ft. Walton Beach, FL 32547; and Joseph M. Scheyd, Esq., emeraldcoastlaw@cox.net, 1221 Airport Road, Suite 209, Destin, FL 32541 on this 7th day of September, 2016.

*/s/ Jonathan Pollard*
Jonathan E. Pollard
Florida Bar No. 83613
Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

6

```
 1    IN THE CIRCUIT COURT IN AND FOR OKALOOSA COUNTY, FLORIDA

 2

 3    ASI HOLDING COMPANY, INC.,
      d/b/a Amenity Services, Inc.
 4    a Florida Corporation,

 5              Plaintiff,

 6         versus                    No. 2013-CA-4103

 7    DON ABREU, an individual, and
      ANDREW MANIOS, an individual,

 8
                Defendants.
 9    _____

10              TRANSCRIPT OF PROCEEDINGS

11           BEFORE HONORABLE JOHN T. BROWN

12    _____

13

14    DATE TAKEN:    August 16, 2016

15    TIME:          8:30 a.m. to 9:00

16    PLACE:         Okaloosa County Courthouse Annex Extension
                     1940 Lewis Turner Boulevard
17                   Fort Walton Beach, Florida 32547

18    _____

19

20

21              CANDACE ALLISON
                Freelance Court Reporter
                Daniels & Rackard Reporting
22      1817 Lewis Turner Boulevard, Suite F
          Fort Walton Beach, Florida 32547
23        (850)864-DEPO   EMAIL: depos@cox.net
                WEBSITE: getdepos.com
24

25
```

Exhibit "A"

| 1 | APPEARANCES |
|---|---|
| 2 | |
| 3 | |
| 4 | DARIAN ZAMORA, ESQUIRE<br>Keefe, Anchors & Gordon, P.A. |
| 5 | 2113 Lewis Turner Boulevard, Suite 100<br>Fort Walton Beach, Florida 32547 |
| 6 | ATTORNEY FOR PLAINTIFF |
| 7 | A. BENJAMIN GORDON |
| 8 | Keefe, Anchors & Gordon, P.A.<br>2113 Lewis Turner Boulevard, Suite 100 |
| 9 | Fort Walton Beach, Florida 32547<br>ATTORNEY FOR PLAINTIFF |
| 10 | |
| 11 | JONATHAN E. POLLARD, ESQUIRE |
| 12 | Pollard, PLLC<br>401 E Las Olas Boulevard # 1400 |
| 13 | Fort Lauderdale, Florida 33301<br>ATTORNEY FOR DEFENDANT – VIA TELEPHONE |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

Exhibit "A"

1      THE COURT:  Good morning.  I'm here with

2   Mr. Gordon and Ms. Zamora and also the court reporter.

3   First, a couple of little housekeeping matters.  Please

4   make sure that everybody keeps Mr. Scheyd in the loop,

5   at least as far as notices and service of pleadings

6   because until he's let out, he's still of record.

7      Ms. Zamora, did you ever provide me with a

8   proposed order arising from the August 4th hearing?

9      MS. ZAMORA:  Your Honor, I'm sorry, I did not.

10      THE COURT:  Okay.

11      MS. ZAMORA:  I will this week.

12      THE COURT:  If you can get that to me today --

13      MS. ZAMORA:  Today?  Absolutely.

14      THE COURT:  Mr. Pollard, I know that at the

15   August 4th hearing we spoke about you speaking with

16   Mr. Scheyd.  Did you get a chance to talk to him and

17   try to get up to speed?

18      MR. POLLARD:  Yes.  We've gotten a bunch of

19   documents from him.  We've received case information.

20   We are fairly up to speed at this point, much more so

21   than we were two weeks ago on August 4th.

22      THE COURT:  Okay.  Thank you.  We are here on the

23   plaintiff's motions -- it's plural -- for civil

24   contempt and orders to show cause.  Ms. Zamora?

25      MS. ZAMORA:  Thank you, Your Honor.  We are here

Exhibit "A"

1    on two motions for a contempt.  This is regarding

2    discovery that's been outstanding since November 2015

3    and also May 2016.  The first motion for contempt,

4    which is Filing No. 44499048, and that one was filed on

5    July 27th.  That deals with the second request for

6    production to Don Abreu and that was filed in

7    November of 2015.  That request sought all of Abreu's

8    contracts with service providers related to his amenity

9    program, and we filed a motion to compel on that in

10   January of 2016.

11        This Court entered an order compelling Abreu to

12   produce all responsive documents by February 29, 2016.

13   And since then, Mr. Abreu has produced some contracts

14   with service providers.  But it's become clear,

15   throughout the course of discovery, that not all of the

16   contracts have been produced.  For example,

17   specifically both Abreu and Manios testified during

18   their depositions that they have agreements with a

19   service provider called DVD Now, and they've also

20   produced financial documents showing revenues that

21   they've received from that service provider.  And it's

22   clear that DVD Now is a substantial part of their

23   business.  So on July 18th, I sent a good faith letter

24   to counsel specifically requesting any agreements with

25   DVD Now.  And when I did not receive any, we filed the

Exhibit "A"

1    motion for contempt on July 27th.

2         Now, the second motion for contempt is actually

3    the amended motion for contempt, that's Filing No.

4    44574845 and that was filed on July 8th.  That deals

5    with three separate requests for production filed in

6    May 2016.  They are all identical but the names of them

7    are -- the first request for production was to Chris

8    Manios.  The third request for production was to Andrew

9    Manios and the fourth request for production was to Don

10   Abreu.  Again, they are identical.  They only have

11   different numbers because the defendants were added to

12   the case at different times.  And those requests sought

13   all communications between the defendants -- between

14   the defendants themselves regarding their amenity

15   program, ASI's amenity program, or DVD Now.  And it

16   also sought all tax returns filed on behalf of the

17   company, Global Amenities, from 2011 to the present.

18        And to date, we have not received any

19   communications from any of the defendants, and we have

20   not received any tax returns.  The defendants had

21   initially objected to this discovery, and we came to a

22   hearing on June 15th on that objection.  And on

23   June 21st, the Court entered an order compelling the

24   defendants to produce all of the responsive documents

25   and overruling their objection.

Exhibit "A"

1         The defendants take the position that prior

2      counsel did not adequately inform them of the

3      obligation to produce these documents.  However, we

4      have filed excerpts of the deposition of the transcript

5      of Andrew Manios -- and I have them here with me today

6      if you would like a copy -- in which Manios admits that

7      he reviewed some of the requested communications in

8      preparation for his deposition and that he was aware

9      that he was under a court order to produce those

10     documents.  And during that deposition, Mr. Scheyd also

11     stated on the record that there were tens of thousands

12     of documents to sort through and that Don Abreu had

13     informed him that they would produce those documents

14     within a week.

15         Now, that deposition took place over a month ago,

16     and the defendants were aware at that time that there

17     was a substantial number of documents to produce and

18     that they were under a Court order to produce them and

19     yet, we still have not received any of those documents,

20     not the tax returns, not, you know, any of the

21     communications whatsoever, not even those that

22     Mr. Manios specifically, you know, reviewed in

23     preparation for his deposition.

24         So, Your Honor, we believe it's clear that the

25     defendants have failed to comply with the order, and

Exhibit "A"

1    we'd ask that you find the defendants in contempt and

2    order them to produce all responsive documents within

3    ten days of this date and to pay ASI reasonable

4    attorneys' fees for bringing the motions.

5         THE COURT:  Okay.  Thank you.  Mr. Pollard?

6         MR. POLLARD:  Yes, sir, Your Honor.  First, I will

7    state as an officer of the court, it is indeed my

8    position that my clients were not fully advised of what

9    they needed to produce, when they needed to produce it,

10   and how they needed to produce it.  Counsel has

11   referenced certain deposition excerpts that she has

12   filed.  Those deposition excerpts merely reflect that

13   one of my clients said he has reviewed some documents,

14   he's aware some documents are due, and he's working on

15   getting them all together.

16       I respectfully submit that any attorney who's been

17   involved in cases that are document incentive where

18   there's 10,000 documents knows that you can't simply

19   leave it up to your client to sort this out and pull it

20   all together.  This is a tremendous undertaking.  So,

21   one, our position is that our clients were not properly

22   advised of all of their obligations and

23   responsibilities.  Since assuming representation in

24   this case, we have been working with the clients to get

25   a handle on exactly what is due, exactly what is owing,

Exhibit "A"

1    and to collect and amass all of these documents, but

2    that is a tremendous undertaking.

3        I reached out to opposing counsel yesterday, and I

4    explained that, you know, we understand what they're

5    entitled to.  We're working on getting it to them, and

6    it's simply a matter of, you know, practical reality

7    that we're not going to be able to get them everything

8    within ten days.  It's going to take a little bit

9    longer than that.  I've been involved in many of the

10   these types of cases, and I understand the time frame

11   that it takes to collect multiple email custodian

12   licenses, have the data processed, uploaded, reviewed,

13   et cetera, and that is what we are looking at here.

14       And to be very clear, the plaintiff has sought and

15   apparently been granted every email between the

16   defendants for the entire history of their company,

17   that's essentially what we have to produce here.  The

18   plaintiffs have requested and we have been ordered to

19   produce every piece of communication between the

20   defendants from 2011 to the present day, minus anything

21   privileged, that is a tremendous undertaking and it's

22   not something that we can produce in a course of ten

23   days.  I'm simply, you know, trying to be pragmatic and

24   forthcoming about that.

25       I sent correspondence to opposing counsel

Exhibit "A"

| | |
|---|---|
| 1 | yesterday in which I said, look, we are happy to pay a |
| 2 | contempt fee, putting aside the fact that the original |
| 3 | order compelling this from a couple of weeks back only |
| 4 | compelled one of the defendants to produce documents. |
| 5 | It didn't, as written, compel the other two defendants |
| 6 | to do anything.  But putting that aside, I proffered to |
| 7 | opposing counsel yesterday that we'd be willing to pay |
| 8 | a contempt fee and just agree to a sort of, you know, |
| 9 | global peace for the next twenty to thirty days to let |
| 10 | us get all this stuff produced.  And they turned down |
| 11 | my offer to pay $1,800 in a contempt fee and just have |
| 12 | twenty to thirty days, global peace, for us to try to |
| 13 | get this all produced.  So I don't know what else to |
| 14 | say. |
| 15 | THE COURT:  Okay.  Ms. Zamora, I understand the |
| 16 | November of 2015 request for production.  The second |
| 17 | request for production was done in July of this year or |
| 18 | it was done -- when was it originally sought? |
| 19 | MS. ZAMORA:  No, Your Honor.  The second -- the |
| 20 | other one that we're here on was from May 2016. |
| 21 | THE COURT:  Of this year? |
| 22 | MS. ZAMORA:  Yes. |
| 23 | THE COURT:  Okay.  I know that we're scheduled for |
| 24 | trial on October 31st and November 2nd.  The pretrial |
| 25 | conference is September 15th.  I have a feeling that |

Exhibit "A"

 1      we're -- if we haven't -- we've probably passed a lot

 2      of time periods that are in that order as far as

 3      requirements to disclose.  I have concerns about what

 4      happens on the trial date even if the documents are

 5      produced.  I guess you really don't know until you

 6      receive the information.  So the plaintiff's motion for

 7      contempt is granted.  The motion for civil contempt --

 8      the defendants are held in contempt.  The Court does

 9      reserve jurisdiction to determine entitlement in the

10      amount of fees, if the two of you can't agree on that.

11      The defendants will produce all of those documents

12      within ten days from today.  What happens if they

13      don't, Ms. Zamora?

14          MS. ZAMORA:  Your Honor, we would ask that if they

15      are not able to produce the documents within ten days,

16      that there be some kind of a per day force of sanction

17      of, maybe, $100, you know, until they're able to

18      produce them.  And then I was, you know -- in the

19      order, we could put something that if we don't get them

20      within a certain time frame, we could come back to the

21      Court for a hearing on further course of sanctions,

22      possibly striking pleadings, or something like that.

23          THE COURT:  Okay.  Mr. Pollard, as far as the $100

24      per day after the ten days --

25          MR. POLLARD:  Your Honor, again, I submit that

Exhibit "A"

| | |
|---|---|
| 1 | they have asked for every single document in the |
| 2 | history of this company and between these three |
| 3 | defendants since 2011.  And in spite of using my best |
| 4 | efforts and putting all hands on deck, we simply will |
| 5 | not be able to get this all within ten days.  I think |
| 6 | the quickest we will be able to get this is twenty |
| 7 | days. |
| 8 | THE COURT:  Okay.  And, Mr. Pollard, for one |
| 9 | thing, let me just -- and I don't know if I've ever met |
| 10 | you before; but, you know, from the first hearing and |
| 11 | also this hearing, you come across very reasonable in |
| 12 | what you are stating.  If you were the sole attorney in |
| 13 | this, well, I don't think we'd be here probably if you |
| 14 | would have been the attorney from the very beginning. |
| 15 | From the way that you come across, it just doesn't seem |
| 16 | that way. |
| 17 | The problem is that we still have Mr. Scheyd that |
| 18 | had represented your clients and still does.  And if |
| 19 | Mr. Scheyd was making these arguments, then there just |
| 20 | wouldn't be a lot of traction there.  And I can't |
| 21 | disregard his representation of them up to this point, |
| 22 | that was why I asked the time periods.  November of |
| 23 | 2015 and May of 2016 is enough time for your clients to |
| 24 | have gotten that together.  If they got misadvice from |
| 25 | Mr. Scheyd, that's between your client and Mr. Scheyd. |

Exhibit "A"

1    I've got to make sure that the docket moves forward.

2    I'd entered the order scheduling this back in -- let's

3    see --

4         MR. POLLARD:  Yes, sir, Your honor.

5         THE COURT:  -- June.

6         MR. POLLARD:  I understand, Your Honor.  And I

7    totally appreciate it and $100 a day is reasonable.  I

8    understand.  I think that's reasonable, and I don't

9    have a problem with that.

10        THE COURT:  Okay.  So, Ms. Zamora, if you will

11   prepare that.  As far as the -- again, I'm concerned

12   about the trial and how that works.  What date do

13   you -- I mean, basically it's at any date after that

14   that you wish to set it for a hearing again.  If you

15   don't believe you have the documents, you can do that

16   and say we haven't received them.  The course of

17   sanctions doesn't mean that you are told from doing

18   that.  Okay?

19        MS. ZAMORA:  Okay.  Thank you, Your Honor.

20        THE COURT:  So if you will prepare that proposed

21   order, let Mr. Pollard look at it.  If the two of you

22   can't agree -- Mr. Pollard, if you will do a red line

23   of that back to the Court and to opposing counsel, then

24   I will look at that and then decide and sign it.  Okay?

25        MR. POLLARD:  Yes, sir, Your Honor.

Exhibit "A"

1          THE COURT:  Thank you.  Thanks, Mr. Pollard.

2          MR. POLLARD:  Thank you very much.  Have a good

3    day.

4          THE COURT:  You too.  Thanks, y'all.

5          MS. ZAMORA:  Thank you, Your Honor.

6          (Whereupon, the proceedings were concluded.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit "A"

1    REPORTER'S COURT CERTIFICATE

2

3    STATE OF FLORIDA

4    COUNTY OF OKALOOSA

5

6

7            I, Candace Allison, Freelance Court Reporter,

8    certify that I was authorized to and did

9    stenographically report the foregoing proceedings and

10   that this transcript is a true record of same.

11

12

13

14

15            DATED this _____ day of _____, 2016.

16

17            _____

18            CANDACE ALLISON

19

20

21

22

23

24

25

Exhibit "A"

Filing # 45964287 E-Filed 09/01/2016 11:14:10 AM

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                          CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

       Defendants.

_____/

**NOTICE OF FILING**
**VERIFICATION OF DARRELL BLANTON**

       Plaintiff, ASI Holding Company, Inc., by and through undersigned counsel, files the

attached Verification of Darrell Blanton.

                                     /s/ A. Benjamin Gordon
                                     **A. Benjamin Gordon**
                                     Florida Bar No.: 528617
                                     **Darian Zamora**
                                     Florida Bar No.: 114951
                                     Keefe, Anchors & Gordon, P.A.
                                     2113 Lewis Turner Boulevard, Suite 100
                                     Fort Walton Beach, Florida   32547
                                     Telephone:   (850) 863-1974
                                     Facsimile:    (850) 863-1591
                                     Email: bgordon@kaglawfirm.com
                                                  dzamora@kaglawfirm.com

                                   *Attorneys for ASI Holding Company, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original hereof has been filed with the Clerk of this Court, and a true and correct copy of hereof has been furnished by electronic mail to Joseph M. Scheyd, Jay@jscheyd.com and matt@jscheyd.com and Jonathan E. Pollard, Pollard, PLLC, jpollard@pollardllc.com on this 1st day of September, 2016.

> /s/ A. Benjamin Gordon
> **A. Benjamin Gordon**
> Florida Bar No.: 528617
> **Darian Zamora**
> Florida Bar No.: 114951
> Keefe, Anchors & Gordon, P.A.
> 2113 Lewis Turner Boulevard, Suite 100
> Fort Walton Beach, Florida   32547
> Telephone:   (850) 863-1974
> Facsimile:    (850) 863-1591
> Email: bgordon@kaglawfirm.com
>             dzamora@kaglawfirm.com
>
> *Attorneys for ASI Holding Company, Inc.*

2

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA**

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

       Plaintiff,                        CASE NO. 2013 CA 4103

v.

DON ABREU, an individual, and
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

       Defendants.

_____/

## VERIFICATION

       I, Darrell Blanton, as the President and authorized representative of ASI Holding

Company, Inc., hereby declare, under penalty of perjury, that I have read the foregoing

Motion for Civil contempt, Order to Show Cause, and Sanctions, and that the facts stated

therein are true to the best of my knowledge and belief.

                                        Darrell Blanton
                                        ASI Holding Company, Inc.

STATE OF FLORIDA
COUNTY OF OKALOOSA

       BEFORE ME, the undersigned authority as an officer duly authorized in the state
and county to administer oaths and take acknowledgments, personally appeared, Darrell
Blanton, as the President and authorized representative of ASI Holding Company, Inc.,
who is personally know to me, who, after being duly sworn, executed the forgoing and
acknowledged before me that said instrument was executed for the purposes therein
expressed.

       WITNESS my hand and official seal in the county and state last aforesaid on this
31st day of August , 2016.

SEAL



Notary Public

Julie Anne Pletz

Printed Name

My Commission Expires: 6/17

JULIE ANNE PLETZ
MY COMMISSION #FF026578
EXPIRES June 11, 2017
(407) 398-0153    FloridaNotaryService.com

2