UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ASI HOLDING COMPANY, INC.,
d/b/a/ Amenity Services, Inc.
a Florida corporation,

        Plaintiff,

v.                                      Case No: 3:16-cv-463/MCR/CRJ

DON ABREU, an individual,
ANDREW MANIOS, an individual,
CHRIS MANIOS, an individual, and
GLOBAL AMENITIES, LLC, a South
Carolina corporation.

        Defendants.
_____/

## ORDER

Plaintiff ASI Holding Company, Inc. ("ASI") filed suit in Circuit Court for Okaloosa County, Florida against Don Abreu, Andrew Manios, Chris Manios, and Global Amenities, LLC ("Global") alleging breach of non-disclosure agreements and theft of trade secrets. ECF No. 1, Exh. 3. Defendants removed the action to this Court under federal question jurisdiction. ECF No. 2. ASI has filed Motions to Remand and/or for Abstention, ECF No. 3 and ECF No. 17. Having fully reviewed the arguments and filings, the Court finds that ASI's Motions should be granted.

Case No: 3:16-cv-463/MCR/CRJ

**Background**

ASI's suit stems from alleged theft of trade secrets and breach of non-disclosure agreements by the Defendants. After three years of litigation in state court, the state court struck the Defendants' pleadings for willful and deliberate contempt of court, following a hearing on September 8, 2016.[1] The court's order was filed on September 15, 2016. Shortly after the hearing, on September 13, 2016, Global Amenities filed for Chapter 11 bankruptcy in the Bankruptcy Court for the District of South Carolina. Defendants then filed a notice of removal to this Court on September 14, 2016, pursuant to 28 U.S.C. § 1452(a) and Federal Rules of Bankruptcy Procedure 9027(a). ASI filed a motion with the Bankruptcy Court to lift the automatic stay on the state law claims pursuant to 11 U.S.C. § 362(d)(1). The Bankruptcy Court found that there was "no stay of any proceeding pending against the individual defendants," only the corporate defendant. ECF No. 3, Exh. B. ASI filed its first Motion to Remand and/or Abstain as to the three Individual Defendants with this Court on October 3, 2016. ECF No. 3. The Bankruptcy Court lifted the automatic stay on November 7, 2016. ECF No. 9. ASI filed its Motion to Remand and/or Abstain as to Global Amenities on November 11, 2016. ECF No. 17. On

---

[1] Specifically, the trial judge found that "in the totality of what I've heard and the exhibits that have come in, the Court finds that the -- that it was willful or deliberate and actually both willful and deliberate disregard of the Court's authority that the defendants knew about, and that's all of the defendants." ECF No. 3, Exh. E at 87.

Case No: 3:16-cv-463/MCR/CRJ

December 1, 2016, Global Amenities filed its response to the Motion to Remand and/or Abstain, ECF No. 20, as well as a Motion to Transfer the case to the Bankruptcy Court for the District of South Carolina, ECF No. 19.

**Standard of Review**

"Federal courts are courts of limited jurisdiction." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279 (11th Cir. 2001). On a motion to remand, "the removing party bears the burden of establishing jurisdiction." *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996). Due to the limited jurisdiction of federal courts, "removal statutes are construed narrowly" and "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

**Discussion**

As a threshold matter, 28 U.S.C. § 1452(a) permits removal of an action if the federal court "has jurisdiction of such claim or cause of action under section 1334 of this title." Accordingly, the Court's first task is to determine whether jurisdiction over this action exists under § 1344. Section 1334(b) provides that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under Title 11." Accordingly, this statute confers jurisdiction on district courts for civil proceedings that (1) arise under Title 11, (2) arise in a case under Title 11, or (3) are related to a case under Title 11. 28 U.S.C. § 1334. It is not necessary, however, to distinguish between these

categories for the purposes of determining jurisdiction so long as the matter is "related to" the bankruptcy proceeding. *See Matter of Lemco Gypsum, Inc*., 910 F.2d 784, 787 (11th Cir. 1990) (adopting the "related to" test for jurisdiction); *see also Cont'l Nat'l Bank of Miami v. Sanchez*, 170 F.3d 1340, 1345 (11th Cir. 1999) (noting that the "related to" test is described as "the minimum for bankruptcy jurisdiction."). A civil proceeding is related to the bankruptcy proceeding when "the outcome of [the civil] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Lemco Gypsum*, 910 F.2d at 788 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

The Court finds that the complaint in this case is sufficiently related to the pending bankruptcy proceeding to permit the Court to exercise jurisdiction under § 1334. The Plaintiff seeks damages from the individual Defendants and Global Amenities for breach of non-disclosure agreements and theft of trade secrets. The Individual Defendants have alleged that the debtor, Global Amenities, has filed bankruptcy due to the state court proceedings. Because the civil proceedings are related to Global Amenities' bankruptcy, the Court has jurisdiction under § 1334 and thus removal falls within § 1452(a).

**A. Mandatory Abstention**

For cases that have been removed to federal court under § 1452(a), § 1452(b) provides that the federal court "may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). These "equitable grounds" may include the factors listed in § 1334(c)(2) for mandatory abstention. *See Christo v. Padgett*, 223 F.3d 1324, 1331 (11th Cir. 2000) (stating that the factors of § 1334(c)(2) may apply to cases removed under § 1452(a)). Section 1334(c)(2) provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Stated otherwise, courts "shall abstain from hearing such [a] proceeding" if: (1) a party timely so moves; (2) the case is based on state rather than federal law; (3) the case does not arise under Title 11 and does not arise in a case under Title 11; (4) the action could not have been commenced in federal court absent § 1334; (5) an action has been commenced in state court; and (6) the action can be timely adjudicated in state court. *Christo*, 223 F.3d at 1331. Plaintiff argues that the requirements for mandatory abstention are met and that remand is required as to the Individual Defendants and Global Amenities. Defendants argue that two of the factors are not met, specifically that the action cannot be timely adjudicated, and that the action

Case No: 3:16-cv-463/MCR/CRJ

could not have been commenced in federal court absent § 1334.[2]  The court disagrees.

### 1. Timely Adjudicated

Defendants maintain the state court case cannot be timely adjudicated because the state court order was filed after removal, i.e., after the state court was deprived of jurisdiction and, thus, that mandatory abstention is not required.[3]  ASI argues, however, that mandatory abstention is required because the state court in which the case was initially filed has ruled on the motion to strike Defendants' pleadings, leaving only a damages determination that can be timely adjudicated.  The court agrees with ASI.

In regard to the validity of the state court order, 28 U.S.C. § 1446(d) states that after a copy of the notice of removal is filed with a state court "the [s]tate court shall proceed no further unless and until the case is remanded."  This prohibition generally means that any state action post-remand is void; however, "courts have held that the 'proceed no further' language [of 28 U.S.C. § 1446(d)] does not bar

---

[2] The remaining factors for mandatory abstention, although not at issue, have been satisfied.  ASI's motion to remand was timely, the action includes state law claims only, the action does not arise under Title 11 or a case under Title 11, and the action has been commenced in state court.

[3] Defendants also argue that the state court case would not be timely adjudicated because Defendants intend to appeal the state court order, and an appeal would likely take a protracted period of time.  The court finds this argument wholly unpersuasive.  The fact that Defendants have a right to appeal the state court order says nothing about the appellate court's ability to handle the case in a timely manner.

Case No: 3:16-cv-463/MCR/CRJ

state courts from performing ministerial acts that do not affect the merits of the dispute between the parties." 16 Moore's Federal Practice ¶ 107.31(2) (3d ed. 2015). As explained by the Sixth Circuit, there is "no reason to believe that Congress intended for the state courts in removed cases to be forever paralyzed from taking ministerial steps that do not affect the adjudication of the parties' dispute." *Lawrence v. Chancery Ct. of Tenn.*, 188 F.3d 687, 692-93 (6th Cir. 1999). For instance, in *Pebble Creek Homes, LLC v. Upstream Images, LLC*, 547 F. Supp. 2d 1214 (D. Utah 2007), the state court filed a post-remand order memorializing a "firm ruling from the bench and on the record" and no objections to the proposed order had been filed. *Id.* at 1218. The district court interpreted the order as an "essentially clerical task [that] in no way affected the merits of the already-adjudicated issue disputed by the parties." *Id*. In holding that the state court order did not violate § 1446(d), the district court reasoned that "[t]o hold otherwise would enable defendants to effectively nullify dispositive rulings made at state court hearings by rushing to remove the case before the administrative entrance of the written version of the decision."[4]  *Id.* at 1219.

---

[4] In contrast, where a state court order was filed a year after the court's in-court ruling, despite pending objections, the Eastern District Court of Michigan held that the state court order was not purely ministerial. *Preferred Rehab., Inc. v. Allstate Ins. Co.*, Case No. 09-cv-11409, 2010 WL 3488673 at *6 (E.D. Mich. 2010); *see also Carter v. Ledraplastic SPA*, 313 F. Supp. 2d 736, 738 (M.D. Tenn. 2004) (concluding that a post-remand state court order consolidating cases in an attempt to resolve an administrative oversight was in violation of § 1446(d)).

Case No: 3:16-cv-463/MCR/CRJ

In this case, the state court order, although filed the day after removal, was merely a ministerial act that memorialized the court's pre-removal ruling from the bench on the Plaintiff's motion to strike.  The transcript of proceedings from the state court hearing on September 8, 2016 reads, "the Court does strike the defendant's pleadings.  The court enters – will enter a judgment as to liability against the defendants and will go to trial just on the damages only." ECF No. 3, Exh. E at 89.  Thus, the post-removal order in this case is precisely the type of ministerial act that courts have found does not violate § 1446(d).  The only remaining issue for the state court to decide is damages.[5]  Considering the status of the state law claims and the state court's familiarity with the case, the Court is satisfied, that the case will be timely adjudicated in Okaloosa County.[6]

### 2. Jurisdiction

Defendants argue that there is an independent basis for federal jurisdiction given that the parties are diverse, and that there is federal question jurisdiction under the copyright preemption statute, 17 U.S.C. § 301(a).  The Court disagrees.

---

[5] In analyzing whether a case can be timely adjudicated, courts consider: "(1) backlog of the state court and federal court calendar; (2) status of the proceeding in state court at time of removal; (3) status of the bankruptcy case; (4) the complexity of the issues to be resolved; (5) whether the parties consent to the bankruptcy court entering judgment in the non-core case; (6) whether a jury demand has been made; and (7) whether the bankruptcy case is a reorganization or liquidation." *Lennar Corp. v. Briarwood Capital LLC*, 430 B.R. 253, 265 (Bankr. S.D. Fla. 2010).

[6] Defendants also argue that damages will be difficult to calculate, however, this factor alone does not outweigh the state court's familiarity with this case.

Case No: 3:16-cv-463/MCR/CRJ

### a. Diversity Jurisdiction

A district court has original jurisdiction over cases between citizens of different states in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). In this case, the parties are clearly of diverse citizenship. The only jurisdictional issue is the amount in controversy. In determining the amount in controversy, a court looks first to the face of the complaint. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). If the amount in controversy is "not facially apparent from the complaint, then the court should look to the notice of removal," along with any other relevant evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The burden, however, is on the party alleging jurisdiction[7] to justify its allegations by a preponderance of the evidence.[8] *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). Where the amount in controversy is not readily apparent, the Eleventh Circuit has cautioned courts against engaging in "conjecture,

---

[7] Here, Defendants are arguing in favor of jurisdiction and thus the burden falls on them. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1218 (11th Cir. 2007) (noting that, as the party seeking removal, the defendant had failed to meet its burden of establishing amount in controversy).

[8] Previous Eleventh Circuit case law, that has since been superseded by statute, held that "when a state court complaint explicitly seeks an amount of damages less than the jurisdictional amount, removal to federal court is allowed only if the removing defendant can establish to a 'legal certainty' that the amount in controversy exceeds the jurisdictional threshold." *Wilt v. Depositors Ins. Co.*, No. 6:13-CV-1502-ORL-36, 2013 WL 6195768, at *5 (M.D. Fla. Nov. 26, 2013) (citing to *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994), *superseded by statute*, 28 U.S.C. § 1446(c)(2)).

Case No: 3:16-cv-463/MCR/CRJ

speculation, or [judicial] star gazing" to decide the matter. *Pretka*, 608 F.3d at 754; Evans *v. Zurich Am. Ins. Co.*, Case No. 3:12-cv-489/MCR/EMT, 2012 WL 6061061, at *1 (N.D. Fla. Dec. 5, 2012) ("[I]f the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, the court must remand the matter.").

ASI's state court complaint alleges damages "in excess of $15,000 dollars." ECF No. 1, Exh. 3 at 1. In Defendants' response in opposition to remand, Defendants state only that diversity jurisdiction is met because the parties are diverse, mentioning nothing about the amount in controversy. Rather than cite an amount, Defendants argue that diversity jurisdiction exists because ASI stated in footnote 1 of its Motion to Remand that the "only arguable independent basis for subject matter jurisdiction of the claims would have been diversity of citizenship." ECF No. 3, at 10. Reciting this statement alone, however, does not show that the amount in controversy exceeds $75,000. Moreover, while ASI's damages may be "in excess of $15,000," as alleged in the state court complaint, this statement alone provides no basis for this court to determine that the jurisdictional amount for diversity under § 1332 has been satisfied. Additionally, the Court's examination of the record has not revealed an amount in controversy. The Court finds that Defendants have failed to meet their burden.

Case No: 3:16-cv-463/MCR/CRJ

### b. Copyright Jurisdiction

Section 301(a) of the Copyright Act preempts the following state-law claims:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103.

17 U.S.C. § 301(a). In determining whether the copyright preemption doctrine applies, courts must ask "(1) whether the particular work falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103 (the subject matter requirement); and (2) whether the claim seeks to vindicate rights that are equivalent to one of the bundle of exclusive rights of a copyright holder protected by 17 U.S.C. § 106 (the general scope requirement)." *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 864 n.5 (11th Cir. 2008). The Eleventh Circuit has adopted the "extra element" test first used by the Second Circuit to address whether a state law claim is "equivalent to" one of the copyright rights under 17 U.S.C. § 106. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549 (11th Cir. 1996). In *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir. 1992), the Second Circuit explained that a state law claim would not be preempted by federal copyright law if the state law cause of action required an extra element not required for a copyright claim. *Id.* at 716. The "extra element" must make the state law claim

"qualitatively different from a copyright infringement claim." *Bateman*, 79 F.3d at 1549.

Defendant argues that Plaintiff's state law claims are preempted by federal copyright law.  The court disagrees.  First, Count I of ASI's Complaint alleges that Defendants breached non-disclosure agreements.  "This is essentially a breach of contract claim." *Pharmerica, Inc. v. Arledge*, No. 8:07-cv-486-T-26, 2007 WL 865510, at *5 (M.D. Fla. Mar. 21, 2007).  In considering whether contract claims satisfy the "extra element" test, the Eleventh Circuit has noted that "claims involving two-party contracts are not preempted because contracts do not create exclusive rights, but rather affect only their parties." *Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys.*, L.L.C., 596 F.3d 1313, 1326 (11th Cir. 2010).  In other words, the extra element is satisfied because the parties are required to show the existence of a contract. *Id.*  Thus, in the case of a simple two-party breach of contract claim, not involving a "copyright right," the breach of contract claim is not preempted.  *See Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1318 (11th Cir. 2001).  ASI's claim for breach of a non-disclosure agreement raises a contract claim that is not preempted by the Copyright Act.

Plaintiff's claim under Florida's trade secret statute also satisfies the "extra element" test.  *Bateman*, 79 F.3d at 1549.  Generally, state trade secret statutes require a plaintiff to "prove the existence and breach of a confidential relationship

Case No: 3:16-cv-463/MCR/CRJ

in order to prevail." *Id.*  Florida's law is no different. *See* Chp. 688, Fla. Stat.[9]  "[A] defendant's breach of duty is the gravamen of such trade secret claims, and supplies the 'extra element' that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely upon copying." *Bateman*, 79 F.3d at 1549.  Thus, ASI's trade secret claim is not preempted by the Copyright Act.

The Court is satisfied that this case will be "timely adjudicated" in Okaloosa County Court and that the case could not have been originally filed in federal court. Thus, mandatory abstention and remand to state court are required.

## B.  Permissive Abstention[10]

Under the permissive abstention doctrine, a district court may "abstain[ ] from hearing a particular proceeding arising under title 11 or arising in or arising in or related to case under title 11,]" where doing so would be "in the interest of justice, or in the interest of comity with state courts or respect for state law."  28 U.S.C.

---

[9] Section 688.002 defines misappropriation as the "[d]isclosure or use of a trade secret of another without express or implied consent by a person who . . . [a]t the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was:
  a. Derived from or through a person who had utilized improper means to acquire it;
  b. Acquired under circumstances *giving rise to a duty* to maintain its secrecy or limit its use; or
  c. Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use." Fla. Stat. § 688.002 (emphasis added).

[10] Although the Court need not consider ASI's arguments relating to permissive abstention under 28 U.S.C. § 1334(c)(1) in light of its finding that mandatory abstention is required, the Court will briefly address the relevant factors.

§ 1334(c)(1).  Courts have considered the following factors in deciding whether they should abstain from hearing a proceeding:

> (1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action.

*In re United Container LLC*, 284 B.R. 162, 176 (Bankr. S.D. Fla. 2002).  Defendants primarily argue that the factor aimed at avoiding case-splitting weighs in their favor because any state court decisions would duplicate the decisions of the bankruptcy court and lead to inconsistencies.  As of October 27, 2016, however, the Bankruptcy Court for the District of South Carolina dismissed without prejudice Global Amenities' Complaint for Declaratory and Injunctive Relief against ASI; thus, there are no longer any pending issues in the Bankruptcy Court that would duplicate those of the state court.  *In re: Global Amenities, LLC*, Case No. 16-04635-hb (Bankr. S.C. Oct. 27, 2016).  Additionally, as the Court has previously found in this Order, the

Case No: 3:16-cv-463/MCR/CRJ

state court order was valid, leaving only a damages determination for the state court. While a damages determination would likely affect the administration of Defendant's estate in the Bankruptcy Court, it would not be duplicative of the Bankruptcy Court proceedings. Moreover, ASI has now filed a motion adding Global Amenities to the Motion to Remand, so that the state court proceedings would be in a position to resolve the damages issue as to all four Defendants. ECF No. 17.

Several of the other factors also weigh in favor of permissive abstention. First, Defendants' obvious forum shopping strongly weighs in favor of abstention. *See* ECF No. 13, Exh. A. Second, state law issues clearly predominate. Also, as noted previously, there is no jurisdictional basis other than § 1334 for this Court's jurisdiction. Additionally, the comity factor weighs in favor of remand considering the amount of time expended by the state court and the parties litigating the case over the last three years. Under the final factor, the prejudice to ASI also weighs strongly in favor of abstention because ASI would undoubtedly have to incur significant expenses having to litigate the remaining issues in this case before a new judge. The only factor weighing against permissive abstention is the closely related nature of the bankruptcy proceeding to the state law claims. However, there is nothing to suggest that remand of the state law claims would hinder the Bankruptcy Court in South Carolina from efficiently administering Global Amenities'

bankruptcy case.  Based on the Court's review of the factors, permissive abstention is proper.

Accordingly, the Court finds that remand is mandatory under 28 U.S.C. § 1334(c)(2) and alternatively appropriate under 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b).  Plaintiff's Motions for Abstention and/or Remand, ECF No. 3 and ECF No. 17, are **GRANTED**.  This matter is **REMANDED** to the Circuit Court of Okaloosa County.  Defendant Global Amenities' Motion to Transfer is **DENIED** as moot.  ECF No. 19.  The Clerk of this Court is directed to close the file in this case after entry of this Order.

**DONE and ORDERED** this 3rd day of December, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**